UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| MORTON A. BENDER, *et al.*, | ) | |
| Plaintiffs, | ) ) ) | |
| v. | ) ) | Civil Action No. 06-92 (RMC) |
| CAROLYN D. JORDAN, *et al.*, | ) ) ) | |
| Defendants. | ) ) | |

## SCHEDULING ORDER

As agreed during the scheduling conference held in open Court on February 10, 2006, it is hereby **ORDERED** that:

1. Defendants' answer shall be filed by February 15, 2006. Defendants' Motion to Dismiss shall be filed by February 22, 2006. Plaintiff's opposition shall be filed by March 15, 2006. A motion for extension of time to file a motion, opposition, or reply will be denied except upon a showing of good cause. The page limitations for briefs referenced in LCvR 7(e) are to be strictly followed by the parties.

2. A motions hearing is scheduled for March 24, 2006, at 2:15 p.m., at which time the Court will hear argument on Defendants' Motion to Dismiss.

3. A preliminary injunction hearing is scheduled for April 21, 2006, at 10:30 a.m., to be continued on April 28, 2006, at 10:45 a.m.

4. Discovery shall commence immediately.

5. The parties together are limited to a maximum of twenty (20) depositions.

6. Each party is limited to a maximum of twenty-five (25) interrogatories, including discrete subparts. Responses to all interrogatories shall be made twenty-one (21) days after service.

7. Each party is limited to a maximum of twenty-five (25) requests for admissions, including discrete subparts. Responses to all requests for admissions shall be made thirty (21) days after service.

8. Discovery material shall not be filed with the Court unless so ordered. *See* LCvR 5.2(a).

9. Counsel are expected to conduct themselves in a civil, polite, and professional manner at all times, particularly during discovery. Counsel are referred to LCvR 26.2 and expected to conform fully with its directives. Moreover, counsel are required, under both Fed. R. Civ. P. 26(f) and LCvR 7.1(m), to confer in good faith in an effort to resolve any discovery dispute before bringing it to the Court's attention. In the event that counsel are unable to resolve a dispute, counsel shall contact chambers to arrange for a telephone conference with the Court. Counsel shall not file discovery motions without a prior telephone conference with the Court and opposing counsel.

10. Counsel are expected to evaluate their respective cases for settlement purposes. Submission to alternative dispute resolution, *e.g.*, mediation or neutral evaluation, is encouraged and available by request of the Court at any time, as is a settlement conference before a Magistrate Judge. If the case settles, in whole or in part, Plaintiff's counsel shall advise this Court by promptly filing a stipulation.

11. This schedule shall not be modified, even where all parties consent, except upon a showing of good cause and by leave of the Court. *See* Fed. R. Civ. P. 16(b); LCvR 16.4(b).

    **SO ORDERED.**

Date: February 13, 2006                              /s/
                                              ROSEMARY M. COLLYER
                                              United States District Judge