IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MORTON A. BENDER, et al. )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>CAROLYN D. JORDAN, et al. )<br>)<br>Defendant. )<br>) | Civil Action No. 1:06cv00092 |

## ANSWER

COMES NOW, Defendant Michael Cobb (hereinafter referred to as "Defendant") and alleges upon knowledge as to itself, and upon information and belief as to all other matters, as follows:

1. The allegations in paragraph 1 call for a legal conclusion, and therefore, are denied.

2. The allegations in paragraph 2 call for a legal conclusion, and therefore, are denied.

3. Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations set forth in paragraph 3, and therefore, denies the same.

4. Defendant admits the allegations set forth in paragraph 4.

5. Defendant admits the allegations set forth in paragraph 5.

6. Defendant admits the allegations set forth in paragraph 6.

7. Defendant admits the allegations set forth in paragraph 7.

8. Defendant admits the allegations set forth in paragraph 8.

9. Defendant admits the allegations set forth in paragraph 9.

10. Paragraph 10 is not directed to defendant and so, therefore, defendant is not required to respond.

- 2 -

11. Defendant admits the allegations set forth in paragraph 11.

12. Defendant admits that the bank's fiscal year ends on December 31 of each year and that the Board of Directors voted to amend Article II, Section 2 of the Bank's bylaws to set the date of the Bank's annual meeting.  Defendant further admits that the annual meeting was not scheduled to take place before April 20, 2005.  Defendant denies the remaining allegations set forth in paragraph 12.

13. Defendant admits that Mr. Bender sent a letter to the Bank's corporate secretary dated April 26, 2005.  Defendant further admits that Bender sent a letter to shareholders dated May 2, 2005.  Defendant denies the remaining allegations set forth in paragraph 13.

14. Defendant admits that a letter was sent to shareholders dated May 4, 2005.  Defendant denies the remaining allegations set forth in paragraph 14.

15.  Defendant admits that the OTS sent a letter on May 10, 2005 suggesting that the Bank adjourn the shareholders meeting.  Defendant further admits that the annual shareholders meeting was convened on May 11, 2005.  Defendant denies the remaining allegations set forth in paragraph 15.

16. Defendant admits that the Bank issued a press release on May 31, 2005, stating that the meeting would not be reconvened on June 8, 2005.  Defendant denies the remaining allegations contained in paragraph 16.

17. Defendant admits the allegations set forth in paragraph 17.

18. Defendant admits the allegations set forth in paragraph 18.

19. Defendant admits that Bender sent a letter to shareholders on or about October 3, 2005.  Defendant denies the remaining allegations set forth in paragraph 19.

- 3 -

20. Defendant admits that an October 4, 2005 letter was sent to the shareholders containing the Bank's proxy materials with appendices and a letter titled "Update to our Shareholders." Defendant denies the remaining allegations set forth in paragraph 20.

21. Defendant admits the allegations set forth in paragraph 21.

22. Defendant admits the allegations set forth in paragraph 22.

23. Defendant admits that Catherine McPhail and A. Gilbert Douglas sent a letter to shareholders of IFSB dated October 21, 2005. Defendant denies the remaining allegations set forth in paragraph 23.

24. Defendant denies the allegations set forth in paragraph 24.

25. Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations set forth in paragraph 25, and therefore, denies the same.

26. Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegation that the 13D filed by Thompson states that the purpose of his stock purchases was "for investment purposes." Defendant denies the remaining allegations set forth in paragraph 26.

27. Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations set forth in paragraph 27, and therefore, denies the same.

28. Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations set forth in paragraph 28, and therefore, denies the same.

29. Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations set forth in paragraph 29, and therefore, denies the same.

30. Defendant denies the allegations contained in paragraph 30.

128962v5

31. Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations set forth in paragraph 31, and therefore, denies the same.

32. Defendant admits that the Shareholders' meeting was scheduled to start at 11 a.m. on October 26, 2005. Defendant further admits that the start of the Shareholders' Meeting was postponed until 3 p.m. Defendant denies all of the remaining allegations contained in paragraph 32.

33. Defendant denies all of the allegations set forth in paragraph 33.

34. Defendant admits that the Shareholders' Meeting reconvened at 3 p.m. Defendant further admits that Bender made a proxy challenge. Defendant denies the remaining allegations set forth in paragraph 34.

35. Defendant denies all of the allegations set forth in paragraph 35.

36. Defendant denies all of the allegations set forth in paragraph 36.

37. Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations that the IIEO told counsel for Bender that the shares/proxies held by IFSB Management were voted before the close of the Shareholders' Meeting, and therefore, denies the same. Defendant denies the remaining allegations set forth in paragraph 37.

38. Defendant denies all of the allegations set forth in paragraph 38.

39. Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations set forth in paragraph 39, and therefore, denies the same.

## COUNT I

### (VIOLATIONS OF SECTION 13(d) OF THE EXCHANGE ACT - DIRECTOR DEFENDANTS AND DEFENDANT BATTIES)

40. Defendant incorporates by reference its responses to paragraphs 1 through 39 set forth fully herein.

41. To the extent the allegations of this Paragraph refer to statutes or regulations, those statutes or regulations speak for themselves, and any characterizations thereof are denied. Defendant refers to the statute or regulation as the best evidence of its contents.

42. To the extent the allegations of this Paragraph refer to statutes or regulations, those statutes or regulations speak for themselves, and any characterizations thereof are denied. Defendant refers to the statute or regulation as the best evidence of its contents.

43. To the extent the allegations of this Paragraph refer to statutes or regulations, those statutes or regulations speak for themselves, and any characterizations thereof are denied. Defendant refers to the statute or regulation as the best evidence of its contents.

44. To the extent the allegations of this Paragraph refer to statutes or regulations, those statutes or regulations speak for themselves, and any characterizations thereof are denied. Defendant refers to the statute or regulation as the best evidence of its contents.

45. To the extent the allegations of this Paragraph refer to statutes or regulations, those statutes or regulations speak for themselves, and any characterizations thereof are denied. Defendant refers to the statute or regulation as the best evidence of its contents.

46. Defendant denies all of the allegations set forth in paragraph 46.

128962v5

47. Defendant denies all of the allegations set forth in paragraph 47.

48. Defendant denies all of the allegations set forth in paragraph 48.

49. Defendant denies all of the allegations set forth in paragraph 49.

## COUNT II

### (VIOLATIONS OF SECTION 14(a) OF THE EXCHANGE ACT and 12 C.F.R. § 569 – DIRECTOR DEFENDANTS AND DEFENDANT BATTIES

50. Defendant incorporates by reference its responses to paragraphs 1 through 49 set forth fully herein.

51. To the extent the allegations of this Paragraph refer to statutes or regulations, those statutes or regulations speak for themselves, and any characterizations thereof are denied. Defendant refers to the statute or regulation as the best evidence of its contents.

52. To the extent the allegations of this Paragraph refer to statutes or regulations, those statutes or regulations speak for themselves, and any characterizations thereof are denied. Defendant refers to the statute or regulation as the best evidence of its contents.

53. Defendant admits that Proxy Materials were submitted to IFSB shareholders on behalf of IFSB Management. Defendant denies the remaining allegations set forth in paragraph 53.

54. Defendant admits that the Bank's Proxy Materials included a letter sent to shareholders, and that it was signed. Defendant further admits that the Update states, "here is Bender's plan as disclosed in Amendment 18 to his Schedule 13D...;" and that the "Majority Directors" are "directors other than the three directors whose

elections were primarily attributable to the nomination and/or vote of Morton Bender." Defendant denies all of the remaining allegations set forth in Paragraph 54.

55. Defendant denies each and every allegations set forth in paragraph 55, and all subparts thereto.

56. Defendant denies all of the allegations set forth in paragraph 56.

57. Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations that Thompson increased his shareholdings in IFSB by 98,000 shares in the 45 days immediately prior to the September 26, 2005 Record Date, which increased his ownership in IFSB to 7.2%. Defendant denies the remaining allegations set forth in paragraph 57.

58. Defendant denies all of the allegations set forth in paragraph 58.

59. Defendant denies all of the allegations set forth in paragraph 59.

60. Defendant admits that an attachment entitled "Morton Bender's Background" was attached to a May 4th letter. Defendant denies all of the remaining allegations set forth in paragraph 60.

61. Defendant denies all of the allegations set forth in paragraph 61.

62. Defendant denies all of the allegations set forth in paragraph 62.

63. Defendant denies all of the allegations set forth in paragraph 63.

64. Defendant denies all of the allegations set forth in paragraph 64.

65. Defendant denies all of the allegations set forth in paragraph 65.

## COUNT III

### (OTHER VIOLATIONS TAINTING ELECTION OF MANAGEMENT NOMINEES – DIRECTOR DEFENDANTS AND DEFENDANT BATTIES)

- 8 -

66. Defendant incorporates by reference its responses to paragraphs 1 through 65 set forth fully herein.

67. Defendant denies all of the allegations set forth in paragraph 67.

68. The allegations in paragraph 68 call for a legal conclusion, and therefore, are denied.

69. Defendant denies all of the allegations set forth in paragraph 69.

## COUNT IV

**(BREACH OF FIDUCIARY DUTY BY DIRECTOR DEFENDANTS AND BATTIES AND CONSPIRACY TO BREACH FIDUCIARY DUTY)**

70. Defendant incorporates by reference its responses to paragraphs 1 through 69 set forth fully herein.

71. The allegations in paragraph 71 call for a legal conclusion, and therefore, are denied.

72. Defendant denies all of the allegations set forth in paragraph 72.

73. Defendant denies all of the allegations set forth in paragraph 73.

74. Defendant denies all of the allegations set forth in paragraph 74.

75. Defendant denies all of the allegations set forth in paragraph 75.

76. Defendant denies all of the allegations set forth in paragraph 76.

77. Defendant denies all of the allegations set forth in paragraph 77.

## COUNT V

**(DEFAMATION AND AIDING AND ABETTING DEFAMATION BY DEFENDANT BATTIES)**

128962v5

- 9 -

78. Defendant incorporates by reference its responses to paragraphs 1 through 77 set forth fully herein.

79. Allegations in paragraph 79 are not made as against this Defendant and so Defendant is not obligated to respond to the allegations set forth in paragraph 79. To the extent these allegations are made against this Defendant, Defendant denies all allegations set forth in paragraph 79.

80. Allegations in paragraph 80 are not made as against this Defendant and so Defendant is not obligated to respond to the allegations set forth in paragraph 80. To the extent these allegations are made against this Defendant, Defendant denies all allegations set forth in paragraph 80.

81. Allegations in paragraph 81 are not made as against this Defendant and so Defendant is not obligated to respond to the allegations set forth in paragraph 81. To the extent these allegations are made against this Defendant, Defendant denies all allegations set forth in paragraph 81.

82. Allegations in paragraph 82 are not made as against this Defendant and so Defendant is not obligated to respond to the allegations set forth in paragraph 82. To the extent these allegations are made against this Defendant, Defendant denies all allegations set forth in paragraph 82.

83. Allegations in paragraph 83 are not made as against this Defendant and so Defendant is not obligated to respond to the allegations set forth in paragraph 83. To the extent these allegations are made against this Defendant, Defendant denies all allegations set forth in paragraph 83.

**COUNT VI**

128962v5

**(DECLARATORY JUDGMENT THAT IFSB BE RESTRAINED FROM INDEMNIFYING THE OTHER DEFENDANTS FOR COSTS AND ATTORNEYS FEES FOR THIS ACTION)**

84. Defendant incorporates by reference its responses to paragraphs 1 through 83 set forth fully herein.

85. Allegations in paragraph 85 are not made as against this Defendant and so Defendant is not obligated to respond to the allegations set forth in paragraph 85.  To the extent these allegations are made against this Defendant, Defendant denies all allegations set forth in paragraph 85.

86. Allegations in paragraph 86 are not made as against this Defendant and so Defendant is not obligated to respond to the allegations set forth in paragraph 86.  To the extent these allegations are made against this Defendant, Defendant denies all allegations set forth in paragraph 86.

87. Allegations in paragraph 87 are not made as against this Defendant and so Defendant is not obligated to respond to the allegations set forth in paragraph 87.  To the extent these allegations are made against this Defendant, Defendant denies all allegations set forth in paragraph 87.

**AFFIRMATIVE DEFENSES**

FIRST AFFIRMATIVE DEFENSE

128962v5

Plaintiffs fail to state a claim against Defendant upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

Plaintiffs have no standing or capacity to bring some or all of the claims raised in this suit.

## THIRD AFFIRMATIVE DEFENSE

Plaintiffs have not suffered, and will not suffer, any injury to a legally protected or cognizable interest by reason of the conduct of Defendant as alleged in the Complaint.

## FOURTH AFFIRMATIVE DEFENSE

To the extent Plaintiffs obtain recovery in any other case predicated on the same factual allegations, plaintiff is barred from seeking recovery against Defendant based on the Complaint pursuant to the doctrines of res judicata and collateral estoppel, and the prohibition on double recovery for the same injury.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiffs' claims against Defendant are barred because Defendant has complied with all applicable regulations of the federal and state governments.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiffs' claims against Defendant are barred, in whole or in part, by the applicable statutes of limitations and repose, and by the doctrines of laches, estoppel and waiver.

## SEVENTH AFFIRMATIVE DEFENSE

Defendant's statements or actions were not the proximate cause or cause in fact of any injury to or alleged loss by Plaintiffs.

## EIGHTH AFFIRMATIVE DEFENSE

To the extent that Plaintiffs attempt to seek equitable relief against Defendant, it is not entitled to such relief because it has an adequate remedy at law.

## NINTH AFFIRMATIVE DEFENSE

Plaintiffs' claims for injunctive relief against Defendant are barred by the doctrines of *in pari delicto* and/or unclean hands.

## TENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims against Defendant are barred, in whole or in part, due to its failure to join indispensable parties, or failure to bring a derivative claim under F.R.C.P. § 23.1.

## ELEVENTH AFFIRMATIVE DEFENSE

- 11 -

128962v5

- 12 -

Plaintiffs' claims against Defendant are barred, in whole or in part, because it has suffered no damages as a result of the matters alleged in the Complaint.

### TWELFTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, because any injuries sustained by plaintiff were the result of its own conduct or the intervening or superceding conduct of third parties.

### THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiffs fail to allege facts or a cause of action against Defendant sufficient to support a claim for compensatory damages, attorneys' fees and/or legal fees, or any other relief.

Dated February 15, 2006

SHOOK, HARDY & BACON L.L.P.

_____

Peter E. Strand
Hamilton Square
600 14th Street, N.W., Suite 800
Washington, D.C. 20005-2004

Attorney For Defendant Carolyn Jordan, et al.

128962v5

## CERTIFICATE OF SERVICE

I hereby certify that on the 15th day of February, 2006, a true and complete copy of the forgoing Answer was mailed via first class mail to the following:

>Dale A. Cooter, Esq.
>Cooter, Mangold, Tompert and Wayson, L.L.P.
>5301 Wisconsin Ave, NW
>Suite 500
>Washington, D.C.  20015
>T: (202)537-0700
>F: (202)364-3664
>*Attorneys for Plaintiffs*

_____/s/_____
Peter E. Strand

128962v5