**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| MORTON A. BENDER, et al. | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | Civil Action No. 1:06cv00092 |
| CAROLYN D. JORDAN, et al. | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS'
MOTION TO DISMISS COUNTS I, II, III, AND IV OF PLAINTIFFS' COMPLAINT**

Pursuant to FED. R. CIV. P. 12(b)(6), Defendants Carolyn D. Jordan, David Wilmot, Michael J. Cobb, William B. Fitzgerald, and Eugene K. Youngentob ("Director Defendants"), and Thomas L. Batties ("Defendant Batties") submit the following Memorandum of Points and Authorities in Support of Defendants' Motion to Dismiss Counts I, II, III, and IV of Plaintiffs' Complaint for failure to state a claim upon which relief can be granted. A proposed form of Order is attached to this Memorandum for the Court's Convenience. In addition, a Notice of Filing of Bulky Documents is attached as Exhibit "A."

I.       **INTRODUCTION**

As this Court is aware, Plaintiffs and Defendants have a long history. The most recent series of events that make up the allegations in the Complaint stem from Independence Federal Savings Bank's ("IFSB") October 26, 2005 Annual Shareholders' Meeting in which the election of several Board Members took place. Plaintiffs and Defendants had different nominees. After a shareholder vote, Defendants' Nominees ("The Management Nominees") prevailed over Plaintiffs' Nominees ("Bender Nominees"). Unhappy with the result, Plaintiffs filed the present

129312v4

lawsuit seeking monetary and injunctive relief from Defendants,[1] based on the following six counts:

**Count I**:  Violations of Section 13(d) of the Securities and Exchange Act of 1934;

**Count II**: Violations of Section 14(a) of the Securities and Exchange Act of 1934;

**Count III**: Violations of corporate by-laws and Robert's Rules of Order;

**Count IV**: Breach of Fiduciary Duty;

**Count V**: Defamation and Aiding and Abetting Defamation; and

**Count VI**: Declaratory Judgment that Defendants are not entitled to advance payment of expenses or indemnification from the Bank.

II.     **12(b)(6) Legal Standard**

A 12(b)(6) motion to dismiss for failure to state a claim "tests the legal sufficiency of a complaint."  *Ashford v. District of Columbia*, 306 F. Supp. 2d 8, 11 (D.D.C. 2004).  Indeed, "[t]he threshold inquiry in resolving a motion to dismiss is not whether the plaintiff will ultimately prevail, but whether he or she is entitled to offer evidence to support his or her claims."  *Johnson v. District of Columbia*, No. 04-936 (RMC), 2005 WL 1903551, *2 (D.D.C. July 20, 2005).  Though "[t]he Court must accept as true all of the plaintiff's well-pled factual allegations and draw all reasonable inferences in favor of the plaintiff," *Ashford*, 306 F. Supp. 2d at 11, "it does ***not need to accept*** as true any of the plaintiff's legal conclusions," *id*., and "need

---

[1]     The allegations in Counts I, II, III, and IV are brought against Defendant Directors and Defendant Batties.  Count V is brought against Defendant Batties only.  Count VI is brought against IFSB, who is considered by Plaintiffs as a "nominal Defendant."  See February 9, 2006 Transcript, at 4:13-14, attached as Exhibit "B."

not accept inferences drawn by the plaintiff if such inferences are unsupported by the facts set out in the complaint." *See Johnson,* 2005 WL 1903551 at *2 (internal citations omitted).

III.    **COUNT I SHOULD BE DISMISSED PURSUANT TO RULE 12(b)(6)**

A.    **Introduction**

In their complaint, Plaintiffs seek monetary damages and injunctive relief against Defendant Batties and Defendant Directors for violations of Section 13(d) of the Securities and Exchange Act of 1934.  ("Section 13(d)").  *See* Complaint at ¶ 47, attached as Exhibit "C." Section 13(d) requires shareholders to file reports when they have acquired a certain percentage of outstanding stock.  15 U.S.C.A. § 78m(d) (2002).  Plaintiffs allege that Defendants "failed to file a 13D...setting forth their specific plans and intentions with respect to IFSB, including but not limited to the details of the undisclosed agreement among the Director Defendants and Defendant Batties to seek to acquire" certain shares.  *See* Complaint at ¶ 47.

Count I of Plaintiffs' Complaint fails to state a claim upon which relief may be granted because Plaintiffs do not have a private right of action for alleged violations of Section 13(d).

B.    **Plaintiffs do not Have a Private Right of Action for Violations of Section 13(d)**

This Circuit has recognized that Section 13(d) of the Exchange Act merely "requires information to be disclosed as prescribed by the Commission.  It does not purport to create federal rights in favor of identifiable private parties, or to proscribe any conduct as unlawful, or void." *See Berman v. Metzger*, No. 80-0394, 1981 WL 1596, *2 (D.D.C. Feb. 9, 1981) (internal citations omitted).  Accordingly, individual shareholders cannot bring a private right of action for damages under Section 13(d).  *Id.* at *1-3 (determining there is <u>no</u> private right of action for damages under Section 13(d)).

This Circuit has demonstrated a restrictive view of causes of action available under Section 13(d), such that a private right of action for injunctive relief is available, if at all, only to an issuer of securities. *Woodward & Lothrop, Inc. v. Baron*, No. 84-0513, 1984 WL 861, *2 (D.D.C. June 19, 1984). In an even more restrictive view, the Court in *Metzger* held that shareholders failed to state a claim for damages under Section 13(d) and noted that, in light of the Supreme Court's increasingly restrictive rulings on 13(d), "some courts have refused to allow even injunctive relief directly under Section 13(d)). *See also Berg v. First Am. Bankshares, Inc.*, No. 83-3887, 1985 WL 2232, *8 (D.D.C. Apr. 17, 1985) (reasoning that, because no private right of action for damages exists under 13(d), none exists under 13(e) either); *Indep. Fed. Savings Bank v. Bender*, 332 F. Supp. 2d 203, 213 n.11 (D.D.C. 2004) (though other courts allow issuers of securities to pursue a private right of action under 13(d), this court noted that, in this Circuit, the question is open "as to whether *an issuer of securities* pursuant to Section 12 of the Exchange Act has standing to sue for relief under Section 13(d)").[2]  Furthermore, this Circuit has never sanctioned, and never likely will sanction, a private right of action by individual shareholders for injunctive relief under Section 13(d).  Because there is no private right of action under Section 13(d), Plaintiffs – who are **not** the "issuer of securities," **not** even a class consisting of all shareholders, but merely two individual shareholders acting as one– cannot state a claim under Section 13(d).  Accordingly, Count I of Plaintiffs' Complaint should be dismissed.

IV.    **COUNT II SHOULD BE DISMISSED PURSUANT TO RULE 12(b)(6)**

A.    **Introduction**

---

[2]    This demonstrated restrictive approach, coupled with a diligent and thorough review of this Circuit's case law revealing **no cases** allowing individual shareholders to pursue a private right of action for injunctive relief under Section 13(d), suggests that no private right of action for injunctive relief under section 13(d) exists in this Circuit.

In Count II of their Complaint, Plaintiffs seek monetary damages and injunctive relief against Defendant Directors and Defendant Batties for violations of Section 14(a) of the Securities Exchange Act of 1934, which governs the solicitation of proxy statements. ("Section 14(a)"). *See* Complaint at ¶ 63. Plaintiffs allege that Defendants' Proxy Materials contain "false and misleading statements, or omissions of material fact" that "are intended to mislead the shareholders," and deprive shareholders of "information necessary to ensure a fair vote at the Shareholders' Meeting." *See* Complaint at ¶¶ 55, 56, 64. Plaintiffs' allegations stem from three different communications: 1) the Proxy Materials disseminated by Defendant Directors; 2) a May 4, 2005 letter entitled "Committee to Save Independence Federal Savings Bank; and 3) an October 21, 2005 Letter written by Catherine McPhail and A. Gilbert Douglas.

Count II of Plaintiffs' Complaint fails to state a claim upon which relief may be granted because Plaintiffs cannot bring a direct non-class action claim without alleging reliance by other shareholders.

B.    **Elements of a Section 14(a) Claim**

Pursuant to 15 U.S.C. § 78n(a), the SEC promulgated Rule 14a-9, which states in pertinent part that:

> No solicitation subject to this regulation shall be made by means of any proxy statement ... written or oral, containing any statement which, at the time and in the light of the circumstances under which it is made, is false or misleading with respect to any material fact, or which omits to state any material fact necessary in order to make the statements therein not false or misleading....

17 C.F.R. § 240.14a-9(a). In order for plaintiffs to state a claim under section 14(a), plaintiffs must set forth well-pleaded allegations showing: 1) a proxy statement contained a material misrepresentation or omission; 2) the material misrepresentation caused the plaintiff injury; and 3) that the proxy solicitation was an essential link in the accomplishment of the transaction.

*Atlantic Coast Airlines Holdings, Inc. v. Mesa Air Group*, 295 F. Supp. 2d 75, 81-82 (D.D.C. 2003).

      C.      **Plaintiffs Must Allege Reliance on Allegedly Misleading Proxy Statements**

In order to show that the proxy solicitation was an essential link in the accomplishment of the transaction, the Complaint must allege shareholder reliance. *Cowin v. Bresler*, 741 F.2d 410, 427 (D.C. Cir. 1984). A plaintiff bringing a claim directly, as opposed to derivatively, under Section 14(a) does not have to show his own individual reliance in order to have standing where he claims injury as a consequence of the deception of others. *Id.* at 427-28. A cause of action brought by a non-relying Plaintiff must allege reliance by other shareholders, however. *Id.* This rule makes sense in this case. Plaintiffs could not have been misled by what they claim were misrepresentations in the Proxy Materials. Instead, they claim to have been injured by such representations in that they prevented the "Bender nominees" from being "fairly considered." *See* Complaint at ¶ 64. Plaintiffs must both plead and prove that other shareholders were misled in order to establish their injury. Of course, since the October 2005 meeting no other shareholder has brought suit alleging reliance on the allegedly misleading Proxy Materials. As such, Plaintiffs are left to soldier on alone.

A non-relying shareholder pursuing a class action, alleging violations of Section 14(a), must show "constructive reliance" in order to state a claim. *Mills v. Electric Auto-Lite Co.*, 396 U.S. 375 (1970).[3] Such a presumption does not apply outside of the class action context, however. *Berg*, 1985 WL at * 7.

---

[3]     In *Mills*, the Supreme Court adopted a "constructive reliance" principle to be applied in certain situations where a non-relying plaintiff alleges proxy solicitation violations under Section 14(a):

> Where there has been a finding of materiality, a shareholder has made a sufficient showing of causal relationship between the violation and the injury for which he seeks redress if, as here, he proves that the proxy solicitation itself, rather than the particular defect in the solicitation materials, was an essential link in the accomplishment of the transaction.

129312v4

When a non-relying plaintiff brings a direct action that is not a class action, he or she must allege that other shareholders relied upon the allegedly misleading proxy statements in order to state a claim upon which relief can be granted. *Id*. The reason for the difference between a direct action and a class action is set out in *Berg*. In that case, Plaintiff shareholders brought an action challenging a merger approval that allegedly resulted after the dissemination of misleading proxy materials. *Id*. at *1. Plaintiffs did not allege their own reliance on the allegedly misleading proxy statement, but rather, that other Plaintiffs were misled. *Id*. at *7. In granting defendants' motion to dismiss (or in the alternative, motion for summary judgment), the Court differentiated between class action cases and direct, individual actions:

> In *Mills*, *Chris-Craft*, and *Herbst*, the named plaintiffs in a class action suit sought to base their section 14(a) claim upon the reliance of other members of the plaintiff class. In contrast, in the instant suit, plaintiffs seek to somehow base their claim upon the totally speculative and presumed reliance of other individuals who are not named, not plaintiffs in the suit, not members of a class seeking relief in a class action, and, perhaps, who do not even exist. *Plaintiffs boldly assert that those unnamed and unidentified individuals who did vote for the merger must have been deceived simply by virtue of the fact that they did vote affirmatively*.

Id. at * 7.

D.     **Plaintiffs Have not Alleged Reliance on Allegedly Misleading Proxy Materials**

The instant case is similar to *Berg*. Plaintiffs have not alleged that they relied upon the allegedly misleading proxy materials. Further, Plaintiffs have not alleged in their Complaint that

---

*Id*. at 385, 622, 602. This principle has been applied in the context of class action suits "in order to avoid the difficult burden of proving actual reliance by other shareholders." *Berg v. First American Bankshares, Inc.*, No. 83-3887, 1985 WL 2232 (D.D.C. April 17, 1985), at *6. *See e.g.*, *Chris-Craft Industries, Inc. v. Piper Aircraft Corp.*, 480 F.2d 341 (2d. Cir. 1973), *cert. denied* 414 U.S. 910 (1973), *on remand* 384 F. Supp. 507 (S.D.N.Y. 1974), *aff'd in part, rev'd in part, vacated in part*, 516 F.2d 172 (2d Cir. 1975), *rev'd* 430 U.S. 1 (1977), *reh. denied* 430 U.S. 976 (1977); *Herbst v. ITT Corp.*, 495 F.2d 1308, 1316 (2d Cir. 1974).

any other shareholder in fact relied upon the allegedly misleading proxy materials.[4]    Rather, Plaintiffs claim that the "Proxy materials are intended to mislead the shareholders...," and that "Plaintiffs (and other shareholders and the investing public) have been, are being, and will continue to be irreparably harmed, in that they are left without material information...regarding the true interests and purposes of the Director Defendants and Defendant Batties...." *See* Complaint at ¶¶ 56, 64.  Plaintiffs allege no facts in their Complaint, however, showing that other shareholders relied upon the allegedly misleading proxy statements in deciding how to vote.  Reliance is presumed, in direct contradiction to the holding in *Berg*.  *Id*.  Nothing in Plaintiffs' complaint even "speculates" or "presumes" any reliance by other shareholders. Furthermore, it is not enough for Plaintiffs to allege that other shareholders were deceived simply by virtue of the fact that they voted for the Management Directors, and against Plaintiffs' nominees.  *Id*.  Reliance is the linchpin and Plaintiffs have simply failed to allege such reliance in their Complaint.  Accordingly, Plaintiffs fail to state a claim upon which relief can be granted and their Count II claims should be dismissed.

## V.    COUNT III SHOULD BE DISMISSED PURSUANT TO RULE 12(b)(6)

### A.    Introduction

In their Complaint, Plaintiffs seek injunctive relief against Defendant Batties and Defendant Directors for violating certain corporate by-laws, as well as Robert's Rules of Order. *See* Complaint at ¶ 67.  Specifically, Plaintiffs allege that Defendants violated the by-laws and Robert's Rules of Order by "failing and refusing to conduct the election in a fair manner," thereby depriving "Plaintiffs and the other shareholders of a fair vote for the election of

---

[4]    Plaintiffs cannot allege reliance by *any* shareholder.  Plaintiffs must show reliance by a shareholder whose votes had a "decisive effect" on the outcome.  *Virginia Bankshares, Inc. v. Sandberg*, 501 U.S. 1083 (1990) (citations omitted).  Although not at issue at this stage, Plaintiffs must prove reliance by a shareholder whose votes were sufficient to change the election results.  Plaintiffs cannot do this.

directors." *See* Complaint at ¶ 69. Count III fails to state a claim upon which relief can be granted because Plaintiffs are required to bring alleged by-law violations derivatively.

> **B.     A Cause of Action for By-law Violations Must be Brought Derivatively**

Although there is no case law directly on point, allegations for violating by-laws or Robert's Rules of Order is a question involving improper management.[5] Claims seeking money damages and injunctive relief for "improper management" belong to the corporation and not to the shareholders. *Cowin v. Bresler*, 741 F.2d 410, 414 (D.D.C. 1984). This conclusion is supported by "both case law and sound public policy." *Id*. When an injury "'falls equally upon all stockholders' then an individual stockholder may not recover for the injury to his stock alone, but must seek recovery derivatively on behalf of the corporation."[6] *Id*. (citations omitted). Compelling a shareholder to bring an action alleging violations of corporate by-laws fosters the purpose behind requiring shareholders to bring a derivative action: preventing mass litigation by individual shareholders and preventing an individual shareholder from benefiting at the expense of fellow shareholders. *Id*.

Plaintiffs bring individual claims against Defendant Batties and Defendant Directors. Plaintiffs have not alleged, however, an individual injury resulting from the alleged violations of the by-laws or Roberts Rules of Order. Plaintiffs allege that the by-law violations committed by Defendants "deprived Plaintiffs ***and the other shareholders*** of a fair vote for the election of directors." *See* Complaint at ¶ 69. Therefore, because Plaintiffs claims should have been

---

[5]     After a diligent search, the only federal D.C. case found where plaintiffs alleged violations of corporate by-laws involved a derivative claim. *See Mayflower Hotel Stockholders Protective Committee v. Mayflower Hotel Corp.*, 173 F.2d 416 (D.C. Cir. 1949).

[6]     For a more complete analysis of derivative actions, see section VI of this Brief.

brought derivatively, Count III of Plaintiffs claims fail to state a claim upon which relief can be granted.[7]  Accordingly, Count III of Plaintiffs Complaint should be dismissed.

VI.    **COUNT IV SHOULD BE DISMISSED PURSUANT TO RULE 12(b)(6)**

A.    **Introduction**

In their complaint, Plaintiffs seek monetary damages against Defendant Batties and Defendant Directors for breaching their fiduciary duty by: 1) providing misleading and incomplete information to the shareholders; 2) failing to properly conduct the shareholders meeting; and 3) failing to properly count the votes for the election of Directors.  *See* Complaint, at ¶ 72.  Count IV of Plaintiffs' Complaint fails to state a claim upon which relief can be granted because Plaintiffs are required to bring breach of fiduciary duty claims derivatively.

B.    **A Cause of Action for Breach of Fiduciary Duty Must be Brought Derivatively**

In order to state a claim for breach of fiduciary duty, a shareholder must do so derivatively.  *Burman v. Phoenix Worldwide Indus., Inc.*, 384 F. Supp. 2d 316, 338  (D.D.C. 2005); *Cowin v. Bresler*, 741 F.2d 410, 414 (D.D.C. 1984).[8]  No shareholder suffers a harm "independent of that visited upon the corporation and the other shareholders."  *Cowin*, 741 F.2d at 414.  Because each shareholder "has been injured in proportion to his or her equity ownership, 'each will be made whole if the corporation obtains compensation or restitution from the

---

[7]    This Court has already expressed doubt as to whether Plaintiffs can maintain a derivative action on behalf of the shareholders.  *See* January 15, 2004 Memorandum of Opinion, attached as Exhibit "D."  ("It is unlikely that Mr. and Mrs. Bender can fairly and adequately represent all shareholders in a derivative suit.").  Plaintiffs latest 13D filing further illustrates that the Plaintiffs are unlikely to be able to maintain a derivative action on behalf of the bank.  *See* Schedule 13D, attached as Exhibit "E."  ("Bender seeks to have the ability to take all of the following additional control actions with respect to Independence: proffer and seek the election of his own director nominees in opposition to management nominees...Request the voluntary resignation of certain directors and executive officers of Independence...").  Clearly, Plaintiffs' intentions are contrary to the interests of the other shareholders.

[8]    The Court in *Cowin* applied Delaware substantive law because the Corporation was incorporated in Delaware.  *Cowin*, 741 F.2d at 414 n.4.  The Court in *Burman* recognized, however, that *Cowin* was also the substantive law of D.C.  *Burman*, 384 F. Supp. 2d at 338.

wrongdoer.'" *Id*. (citations omitted). In addition, requiring a shareholder to bring a derivative action prevents multitudinous litigation and prevents an individual shareholder from benefiting at the expense of fellow shareholders. *Id*.

There are two exceptions to this general rule, however. *Burman*, 384 F. Supp. 2d. at 338. Neither applies here. First, a shareholder can maintain an individual action when either "the allegedly wrongful conduct violates a duty to the complaining shareholder independent of the fiduciary duties owed that party along with all other shareholders, or where the conduct causes an injury to the shareholder distinct from any injury to the corporation itself." *Id*. (citations omitted). For instance, a shareholder may bring an individual claim when the shareholder's relationship to the corporation has been injured in a capacity other than that of a shareholder, such as a creditor. *Cowin*, 741 F.2d at 414. The first exception involves a situation where a shareholder's right to recovery has nothing to do with his status as a shareholder. *Id*.

Second, a shareholder may maintain an individual action when there are wrongs "affecting ... the stockholders and not the corporation." Plaintiffs' allegations do not fall within either "special injury" exception articulated above. On the face of the complaint, there are no allegations that Defendants breached any duty owed directly to Plaintiffs, nor are there any allegations that the conduct affected the Plaintiffs and not the Corporation.

C.    **Plaintiffs Fail to Bring a Derivative Claim or Allege "Special Injury"**

Plaintiffs bring individual claims against Defendant Batties and Defendant Directors. They did not bring a derivative claim as required by *Burman* when alleging a breach of fiduciary duty. *Burman*, 384 F. Supp. 2d. at 338. Furthermore, Plaintiffs' failed to allege any "special injury" that would permit them to bring an independent cause of action. Plaintiffs allege that "the injury suffered by Plaintiffs is an injury not suffered by the corporation or the other shareholders, and Plaintiffs' entire investment has been put at risk." *See* Complaint at ¶ 76.

129312v4

These allegations are mere inferences unsupported by the facts set out in Plaintiffs' Complaint. Such inferences are not enough to state a claim upon which relief can be granted. *Johnson*, 2005 WL 1903551 at *2. In their allegations describing the alleged breach of fiduciary duty by Defendants, however, plaintiffs set forth no facts alleging any wrongful conduct that falls within either exception. Plaintiffs merely conclude that the Defendants "provided incomplete and misleading information *to the shareholders* to defeat the Bender Nominees, and have failed to properly conduct *the Shareholders' Meeting* and properly count the votes for the election of Directors." *See* Complaint at ¶ 72. Plaintiffs further allege that Defendants' "sole purpose in engaging in the above-described violations of the federal securities and banking laws, as well as IFSB By-laws and procedures, was to prevent any control of IFSB from passing to Plaintiffs." *See* Complaint at ¶ 76. Because nothing in Plaintiffs' Complaint set forth facts alleging Plaintiffs suffered a "special injury," Count IV of Plaintiffs' Complaint fails to state a claim upon which relief can be granted. Accordingly, Count IV should be dismissed.

VII.    **Conclusion**

WHEREFORE, for the reasons set forth above, Counts I, II, III, and IV of Plaintiffs Complaint fail to state a claim upon which relief can be granted, and therefore, should be dismissed.

Respectfully Submitted,

Dated February 22, 2006

SHOOK, HARDY & BACON L.L.P.

_____/s/_____
Peter E. Strand
Hamilton Square
600 14th Street, N.W., Suite 800
Washington, D.C. 20005-2004

- 12 -

129312v4

Attorney For Defendant Carolyn Jordan, et al.

129312v4

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| MORTON A. BENDER, et al. | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | )    Civil Action No. 1:06cv00092 |
| CAROLYN D. JORDAN, et al. | ) |
| | ) |
| Defendant. | ) |
| | ) |

**<u>ORDER</u>**

It is hereby **ORDERED** that Defendants MEMORANDUM OF POINTS AND
AUTHORITIES IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS:

COUNT I is **GRANTED**

COUNT II is **GRANTED**

COUNT III is **GRANTED**

COUNT IV is **GRANTED**.

Dated: _____                          _____

                                            Judge Collyer

- 14 -

129312v4

## CERTIFICATE OF SERVICE

I hereby certify that on the 22nd day of February, 2006, a true and complete copy of the forgoing **Memorandum of Points and Authorities in Support of Defendants' Motion to Dismiss Counts I, II, III, and IV of Plaintiffs' Complaint** was sent electronically to the following:

        Dale A. Cooter, Esq.
        Cooter, Mangold, Tompert and Wayson, L.L.P.
        5301 Wisconsin Ave, NW
        Suite 500
        Washington, D.C.  20015
        T: (202)537-0700
        F: (202)364-3664
        *Attorneys for Plaintiffs*


        Haig V. Kalbian
        888 17th Street, N.W., Suite 1000
        The Brawner Building
        Washington, D.C. 20006
        *Attorney For Defendant Independence Federal Savings Bank*



              _____/s/_____
                  Peter E. Strand