IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MORTON A. BENDER, et al. | ) |
| Plaintiff, | ) ) ) |
| vs. | ) )  Civil Action No. 1:06cv00092 |
| CAROLYN D. JORDAN, et al. | ) ) |
| Defendant. | ) ) |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
DEFENDANT INDEPENDENT FEDERAL SAVINGS BANK'S
MOTION TO DISMISS COUNT VI OF PLAINTIFFS' COMPLAINT**

COMES NOW nominal defendant Independence Federal Savings Bank ("the Bank")[1] and respectfully submits this Memorandum of Points and Authorities in Support of its Motion to Dismiss Count VI of Plaintiffs' Complaint.[2]

I. **INTRODUCTION**

In Count VI of their Complaint, Plaintiffs seek declaratory relief against the Bank and request that the Bank be restrained from advancing expenses to the Defendant Directors and Mr. Batties, and from indemnifying those Defendants for the cost of defending the instant lawsuit.[3]

---

[1] All parties agree that the Bank is a nominal defendant. Plaintiffs' counsel conceded the Bank is a nominal defendant at the February 9, 2006 scheduling conference. *See* Transcript at p. 4:13-14.

[2] Because Plaintiffs have conceded that the Bank is merely a nominal defendant, and because the Defendant Directors and Mr. Batties have concrete personal interests in the resolution of Count VI, Defendants Jordan, Wilmot, Cobb, Fitzgerald, Youngentob, and Batties join in this Motion to Dismiss Count VI.

[3] Plaintiffs entitle Count VI a request for "Declaratory Judgment." In truth, Plaintiffs ask the Court for an injunction, enjoining the Bank from making advance payments of expenses and from indemnifying the Defendants. *See* Complaint, at ¶ 87.

Complaint at ¶¶ 84-87. Plaintiffs rely on the Office of Thrift Supervision (OTS) regulation on "Indemnification of directors, officers, and employees", 12 C.F.R. §545.121, as their basis for seeking such relief. *Id.* at ¶¶ 85-86. Plaintiffs allege that Defendants' conduct discussed in the various other counts of the Complaint requires the entry of an order declaring that the Bank is restrained from advancing expenses and indemnifying the Defendants. Complaint, at ¶ 87.

Plaintiffs' assertion is flawed. First, Plaintiffs conflate the requirements of the indemnification statute with regard to the advance payment of expenses and indemnification. Second, the issue of indemnification is not ripe for adjudication. Third, Plaintiffs do not have standing to assert the regulatory requirements of 12 C.F.R. §545.121, because their injury, if any, is a generalized shareholder injury. Therefore, Plaintiffs are not the proper party at interest, under FED. R. CIV. PRO. 23.1. Accordingly, Plaintiffs' Count VI against the Bank should be dismissed with prejudice as a matter of law, pursuant to FED. R. CIV. PRO. 12(b)(1) and 12(b)(6).

## II.    12 (B)(1) AND 12(B)(6) LEGAL STANDARD

When testing a complaint's sufficiency under Rule 12(b)(6), the court will construe the facts and all reasonable inferences in the light most favorable to the plaintiff, and a defendant's motion will only be granted if there exists no set of facts by which the plaintiff could succeed. *Wood v. Department of Labor*, 275 F.3d 107, 108 n. 2 (D.C.Cir.2001). Indeed, "[t]he threshold inquiry in resolving a motion to dismiss is not whether the plaintiff will ultimately prevail, but whether he or she is entitled to offer evidence to support his or her claims." *Johnson v. District of Columbia*, No. 04-936(RMC), 2005 WL 1903551, *2, (D.D.C. July 20, 2005). Though the Court must accept as true all of the plaintiff's well-pled factual allegations and draw all reasonable inferences in favor of the plaintiff, it does not need to accept as true any of the plaintiff's legal conclusions, *Ashford v. District of Columbia*, 306 F. Supp. 2d 8, 11 (D.D.C.

2004), and need not accept inferences drawn by the plaintiff if such inferences are unsupported by the facts set out in the complaint. *Johnson,* 2005 WL 1903551 at *2 (internal citations omitted).

The court's scrutiny is less forgiving, however, when applying Rule 12(b)(1). If the matter before the court is not ripe for adjudication, then the court lacks subject matter jurisdiction because there is no Article III "case or controversy". *Nat'l Treasury Employees Union v. United States*, 101 F.3d 1423, 1427 (D.C.Cir.1996) (citing *Allen v. Wright*, 468 U.S. 737, 750 (1984)). A plaintiff must defend a motion to dismiss, brought under Rule 12(b)(1), by proving by a preponderance of the evidence that the court has jurisdiction to hear its claims. *See Am. Fed'n of Gov't Employees, AFL-CIO v. Rumsfeld*, 321 F.3d 139, 142 (D.C.Cir.2003).

III. **THIS COURT LACKS SUBJECT MATTER JURISDICTION OVER THE INDEMNIFICATION ISSUE OF COUNT VI BECAUSE IT IS NOT RIPE**

The issue of indemnification is not ripe because there has been no final judgment or settlement of the matter at issue and there has been no claim for indemnification by Defendants. The indemnification regulation provides for two remedies for officers and directors involved in litigation arising from the performance of duties within the scope of their employment. First, the regulation provides for mandatory or permissive indemnification (depending on the outcome of the matter) once a judgment or settlement is achieved. 12 C.F.R. §545.121(b). Second, directors and officers can seek advance payments of expenses to cover the costs of litigation and reasonable attorney's fees, until a determination on indemnification is made. 12 C.F.R. §545.121(e); OTS Opinion Letter, 1989 WL 1114183 (Oct. 6, 1989), attached here as Exhibit "A."

Relying on their reading of 12 C.F.R. §545.121, Plaintiffs seem to allege that, in order to reach a holding on Count VI, the Court must engage in an immediate determination of whether Defendants acted in good faith in the performance of their duties as directors and officers of the Bank. Such a reading of the regulation conflates the two separate requirements for indemnification and for the advance payment of expenses, and ignores the fact that the future events necessary to create a "controversy" with regard to indemnification may not occur as Plaintiffs anticipate. Therefore, the indemnification claim is not ripe.[4]

A.   **Standard for Constitutional Ripeness**

"A claim is not ripe for adjudication if it rests upon contingent future events that may not occur as anticipated, or indeed may not occur at all." *Texas v. United States*, 523 U.S. 296, 300 (1998) (citations omitted). The test for determining ripeness requires a court to consider (1) "the fitness of the issues for judicial decision," and (2) "the hardship to the parties of withholding court consideration." *Abbott Laboratories v. Gardner*, 387 U.S. 136, 149 (1967). To determine the fitness of the issues for judicial decision and the hardship to the parties, the Court must consider "(1) whether delayed review would cause hardship to the plaintiffs; (2) whether judicial intervention would inappropriately interfere with further administrative action; and (3) whether the courts would benefit from further factual development of the issues presented." *Ohio

---

[4]   While the Board passed resolutions approving the advance payment of expenses to the Defendant Directors and Mr. Batties, technically, any claim challenging those payments, pursuant to 12 C.F.R. §545.121(e), also is not ripe. No Defendant officially has requested the Board for payment of expenses and no payment is due. Moreover, all the prudential jurisdictional reasons discussed below making the indemnification issue not ripe, such as Plaintiffs' lack of individualized injury, the lack of hardship on Plaintiffs, and the public policy behind indemnification and the advancement of fees, also pertain to the advancement of expenses as well. Additionally, the advancement of expenses can be cured, in fact by regulation must be cured, if indemnification is found not to be available; so the potential harm to Plaintiffs is even further diminished. Therefore, this Court should rule that the issue of advance payments under 12 C.F.R. §545.121(e) is not ripe for adjudication and should be dismissed.

*Forestry Ass'n, Inc. v.. Sierra Club*, 523 U.S. 726, 733 (1998).  In sum, the plaintiff at least must allege harm that is imminent and certain.  *Id.* at 734.

      B.      **There is No Imminent or Certain Injury Alleged and No Prejudice to Plaintiffs by a Delay in Adjudication.**

The OTS's indemnification regulation, 12 C.F.R. §545.121, makes indemnification of directors and officers <u>mandatory</u> if a final judgment on the merits is entered in favor of the director or officer.  12 C.F.R. §545.121(c)(1); *see also* OTS Opinion Letter, 1989 WL 1114183 (October 6, 1989), attached hereto as Exhibit A; *and see Waldoboro Bank v. American Caus. Co.*, 775 F.Supp. 432, 433-34 (D. Me. 1991)("[i]ndemnification is *required* . . . where there is a final judgment on the merits in the officer's or director's favor.")(emphasis in original).[5]  Only in cases not covered by 12 C.F.R. §545.121(c)(1), such as settlement or final judgment not on the merits or not favorable to the Defendants, must a majority of disinterested board members determine whether the Defendants acted in good faith. 12 C.F.R. §545.121(c)(2).

Nevertheless, Plaintiffs ask this Court to engage in a determination now of whether the contingency of Defendants' good faith has been met, and thus, whether they are entitled to indemnification.  Such a request is not ripe for adjudication.  Indemnification can be provided to the Defendants <u>only</u> after a final judgment has been rendered or settlement has been reached.  12 C.F.R. §545.121(b).  Even after a final judgment or settlement is achieved, however, the contingency of needing a determination of "good faith" might never occur.  If a final judgment is entered at the end of this case in favor of Defendants, then by operation of the regulation, Defendants will be entitled to mandatory indemnification and judicial review of Defendants' good faith will be unnecessary.  Moreover, in the circumstance of a final judgment not on the merits or of a settlement, a majority vote by disinterested directors not to provide

---

[5]      Indemnification is defined to include payment of any amount of judgment and reasonable costs and expenses, including reasonable attorney's fees. 12 C.F.R. §545.121(b)(1) and (2).

indemnification would render Plaintiffs' request for declaratory or injunctive relief moot. Therefore, the contingency of the need for a determination of the Defendants' good faith might not occur as anticipated or might not occur at all. Accordingly, the issue of indemnification is not fit for judicial review.

Moreover, no hardship would be visited upon Plaintiffs by a delay in adjudication because Plaintiffs have not pled any individualized injury that might result from the advance payment of expenses or indemnification. *See* Complaint at ¶¶ 84-87. At best, Plaintiffs can allege an injury that the Bank might suffer by paying money for indemnification—which in turn, might result derivatively in a potential loss in the stockholders' value.[6] Because Plaintiffs did not plead any individualized damage, however, they have little to lose with a delay in the adjudication of the issue.

Furthermore, based on the clear policy behind the indemnification regulation, the regulation certainly does not anticipate that a director or officer will have to endure multiple challenges to the propriety of their conduct, nor that a court will have to entertain every case twice (first, on preliminary injunction; then, after indemnification becomes ripe). Indemnification, by regulation or agreement, is intended to encourage capable individuals to serve as corporate directors, secure in the knowledge that expenses incurred by them in upholding their honesty and integrity as directors will be borne by the corporation they serve. *McLean v. International Harvester Co.*, 902 F.2d 372 (5th Cir.1990); *Mooney v. Willys-Overland Motors, Inc.*, 204 F.2d 888 (3d Cir.1953); 13 WILLIAM M. FLETCHER, FLETCHER CYCLOPEDIA OF THE LAW OF PRIVATE CORPORATIONS § 6045.01 (perm. ed. rev. vol. 1990). The underlying public policy is that people who serve as corporate directors and officers should be able to perform their jobs free of the fear that they will be saddled with personal liability for corporate

---

[6] Generalized claims of damage to the Bank must be brought derivatively, as discussed in Section IV *infra*.

acts. BISHOP, *Law of Corporate Officers and Directors: Indemnification & Insurance,* § 6.02[1] (1988 and 1992 Supp.).

Whether the monetary obligations commensurate with being personally liable for corporate acts arise up-front by way of defensive and litigation costs and expenses or whether they appear at the back-end by way of damages seems to be of no moment. *See* Bishop, *supra* § 6.03[8] (litigation involving corporate executives is often complex and expensive and the executive may be financially incapable of fully and adequately defending himself). These principles are particularly persuasive when the party suing the directors and officers is also the party trying to impinge on their freedom to perform duties without fear of personal liability.

Finally, the indemnification regulation requires 60 days notice to the OTS by the Bank before indemnification can be made and allows the OTS to review and object to the indemnification. 12 C.F.R. §545.121(c). Therefore, whatever minute and tangential and indirect injury Plaintiffs might face is protected by the 60 day notice period and the OTS's oversight of the Bank's safety and soundness. *See* OTS Opinion Letter, 1992 WL 12005201 (O.T.S.) (March 6, 1992), attached hereto as Exhibit "B." Until Plaintiffs have exhausted these administrative remedies, the Court should not intervene or substitute its judgment in place of the expertise of the OTS. This is clearly a case in which the Court would benefit from "further factual development of the issues presented." *Ohio Forestry*, 523 U.S. at 733 (1998).

For all those reasons, Plaintiffs' request that the Bank be enjoined from indemnifying the other Defendants is not ripe and should be dismissed, pursuant to Rule 12(b)(1), for lack of subject matter jurisdiction.

IV.  **A CAUSE OF ACTION TO ENFORCE 12 C.F.R. §545.121 MUST BE BROUGHT DERIVATIVELY**

Claims for injury to the Bank must be brought derivatively. *Cowin v. Bresler*, 741 F.2d 410, 414 (D.C. 1984). Here, Plaintiffs do not allege that they will be injured personally in any way, in the absence of declaratory or injunctive relief. In fact, it is unclear from Count VI of the Complaint, what right, if any, Plaintiffs seek to enforce. At best, from the language of 12 C.F.R. §545.121, it appears that one could assert that the Bank will be injured by improperly paying out advance expenses to Defendants or by indemnifying the directors and officers. In turn, Plaintiffs can only assert that their respective share in the company's value might be diminished, in proportion to their stake in the company, by the improper payments from the Bank's coffers. Clearly, such an injury would implicate the welfare of the Bank and each shareholder only derivatively and in proportion to their respective shares.

A.  **Standard for Individual, Non-Derivative Standing**

Claims seeking money damages and injunctive relief for "improper management" belong to the corporation and not to the shareholders. *Cowin v. Bresler*, 741 F.2d 410, 414 (D.D.C. 1984); *Burman v. Phoenix Worldwide Industries, Inc.*, 384 F. Supp. 2d 316, 338 (D.D.C. 2005). Moreover, where a plaintiff has a generalized complaint about expenditures from the company coffers, no shareholder suffers a harm "independent of that visited upon the corporation and the other shareholders." *Cowin*, 741 F.2d at 414. In such case, each shareholder will be injured in proportion to his or her equity ownership, and "each will be made whole if the corporation obtains compensation or restitution from the wrongdoer." *Id.* (citations omitted). Therefore, in order to prevent mass litigation and prevent individual shareholders from benefiting at the

expense of their fellow shareholders, courts require that the corporation's claims be brought by the corporation or derivatively by all the shareholders. *Id.*[7]

B. **Plaintiffs Failed to Allege in Individualized Injury**

Plaintiffs brought an individual action against the Bank seeking to have the Bank enjoined from expending money toward indemnifying the Defendant officers and directors or from advancing expenses to them. While naming the Bank as the "nominal defendant" for Count VI, *see* Scheduling Conference Transcript, p. 3, line 13-14, Plaintiffs complain of how the directors are managing the Bank, particularly with regard to the issue of indemnification and the advance payment of expenses. Plaintiffs did not bring a derivative claim as is required when challenging the general governance of the corporation. *Cowin*, 741 F.2d at 414; *Burman*, 384 F. Supp. 2d at 338.[8] Moreover, Plaintiffs failed to allege any "special injury" that would permit them to bring an independent cause of action. Therefore, Plaintiffs lack standing to personally sue the Bank for its mismanagement. If Plaintiffs wish to pursue this line of attack, they must bring the claim on behalf of the entire body of shareholders, and demonstrate to this Court that they fairly and adequately represent the interests of the shareholders similarly situated.

---

[7] A shareholder can maintain an individual action when either "the allegedly wrongful conduct violates a duty to the complaining shareholder independent of the fiduciary duties owed that party along with all other shareholders, or where the conduct causes an injury to the shareholder distinct from any injury to the corporation itself." *Burman*, 384 F. Supp. 2d. at 338. (citations omitted). In the first instance, a shareholder may bring an individual claim when the shareholder's relationship to the corporation has been injured in a capacity other than that of a shareholder, such as a creditor. *Cowin*, 741 F.2d at 414. This first exception involves a situation where a shareholder's right to recovery has nothing to do with his status as a shareholder. *Id*. The second situation involves wrongs "affecting . . . the stockholders and not the corporation," such as the wrongful withholding of dividends. *Id*. Plaintiffs' allegations do not fall within either "special injury" exception articulated above.

[8] Perhaps this is because this Court already has expressed doubt as to whether Plaintiffs can maintain a derivative action on behalf of the shareholders. *See* January 15, 2004 Memorandum of Opinion, attached as Exhibit "C." ("It is unlikely that Mr. and Mrs. Bender can fairly and adequately represent all shareholders in a derivative suit."). Plaintiffs latest 13D filing further illustrates that the Plaintiffs are unlikely to be able to maintain a derivative action on behalf of the bank. *See* Schedule 13D, attached as Exhibit "D." ("Bender seeks to have the ability to take all of the following additional control actions with respect to Independence: proffer and seek the election of his own director nominees in opposition to management nominees...Request the voluntary resignation of certain directors and executive officers of Independence..."). Clearly, Plaintiffs' intentions are contrary to the interests of the other shareholders.

Accordingly, Plaintiffs' Count VI should be dismissed pursuant to Rule 12(b)(6) or 12(b)(1).

V. **CONCLUSION**

For all the foregoing reasons, Defendant Independence Federal Savings Bank respectfully submits that its Motion to Dismiss should be granted, and Count VI of Plaintiffs' Complaint should be dismissed with prejudice.

Respectfully Submitted,

Dated February 22, 2006　　　　　　　　　　KALBIAN HAGERTY LLP

_____/s/_____
Haig V. Kalbian
Brawner Building
888 17th Street, N.W.
Suite 1000
Washington, DC 20006-3967
Phone: 202-223-5600
Fax: 202-223-6625

Attorney for Defendant Independence Federal Savings Bank

SHOOK HARDY & BACON, L.L.P.

_____/s/_____
Peter E. Strand
Hamilton Square
600 14th St. NW
Suite 800
Washington, DC 20005-2004
Phone: 202-783-8400
Fax: 202-783-4211

Attorney for Joining Defendants Jordan, Wilmot, Cobb, Fitzgerald, Youngentob, and Batties