# EXHIBIT A

Westlaw.

89/CS-42                                                                    Page 1

1989 WL 1114183 (O.T.S.)


DATE: October 6, 1989

ADDRESSEE: * * *

AUTHOR: Julie L. Williams, Deputy General Counsel for Securities and Corporate Structure

SUBJECT: Indemnification of Directors Pursuant to 12 C.F.R. Section 545.121

Dear * * *
   This letter is in reply to your letter of July 7, 1989, requesting our views regarding 12 C.F.R. Section 545.121. Specifically, you have inquired: (1) whether a director, rather than the association may give notice to the OTS of a request for approval of the association's indemnification of the director; (2) whether, pursuant to Section 545.121(e), the association's directors are required to consider a director's request for indemnification; and (3) whether a director may go directly to a court of law and request court ordered indemnification and if such a court order were obtained, would OTS approval still be required?

   (1) The regulations of the Office of Thrift Supervision ("OTS") at 12 C.F.R. Section 545.121(c)(1) provide that a savings association "shall" indemnify a director for costs and expenses if judgment on the merits is rendered in his or her favor. Therefore, if the final judgment has been made in the director's favor the association must indemnify the director. There is no requirement that the board of directors obtain the prior approval of the OTS in such case.

   However, if the final judgment is not in favor of the director, or judgment is in the director's favor but is made other than on the merits, then the approval of both the board of directors and the OTS is required before the director may be indemnified. Paragraph (c)(2) provides that, in the case of a settlement, judgment against the director or final judgment in the director's favor other than on the merits, indemnification shall be made if the majority of disinterested directors of the association determine that the director acted in good faith within the scope of his or her authority under the circumstances and in the best interests of the association or its members. Further, the association must provide the OTS with at least 60 days notice of its decision to indemnify the director. No indemnification may be provided if the OTS objects to such indemnification within the 60 notice day period.

   Therefore, the request for approval of indemnification can only be made to the OTS on behalf of the association and only after the majority of disinterested board members have determined that indemnification is appropriate under the circumstances. An individual director may not make such a demand for indemnification to the OTS in his or her individual capacity since the majority of the disinterested members of the board of directors must first make a

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

89/CS-42                                                                    Page 2

1989 WL 1114183 (O.T.S.)


determination to indemnify the director. Once the board of directors has made its decision then the OTS can be given notice of the association's intention to indemnify the director.

Generally, no association may grant indemnification other than as specified in Section 545.121(c)(2). Therefore, absent the determination by the board of directors and required notice to the OTS, a director may not be indemnified in the case of a settlement, judgment against the director or judgment in favor of the director other than on the merits. In case of a judgment in the director's favor, indemnification shall be made to the director.

(2) Regarding whether the board of directors is required to consider a request for indemnification under Section 545.121(e), this section provides that the board of directors may authorize payment of expenses arising from the defense or settlement of an action. Where payment is to be made before the outcome of the action is known, the individual director is required to enter into an agreement with the association that all such expenses will be repaid to the association if it is later determined that the director is not entitled to indemnification. Section 545.121(e) does not require the board of directors to consider an individual director's request. This section simply permits the board of directors to prepay the director's expenses if the board concludes that the director may ultimately be entitled to indemnification.

(3) The board of directors may determine, under the circumstances, that the individual director should not be indemnified. If the board determines that the director did not act in good faith, within the scope of his or her authority, or in the best interest of the association or its members, then indemnification is not permitted. The board's decision would presumably be made in good faith and based on the board's fiduciary responsibilities. If the board properly determines that indemnification should not be granted then the director would not be entitled to such indemnification.

It is possible, however, that a court of law could find that the board of directors did not act properly or in good faith in making its determination not to indemnify the director. However, approval by the OTS is still required pursuant to 12 C.F.R. Section 545.121(c)(2) before indemnification may be made. Therefore, while a court could possibly find that the board of directors did not act properly in deciding not to indemnify the director, notice to the OTS is still required.

We trust that this information proves helpful. If you have any questions or need any additional information, please do not hesitate to contact Michael C. Sommer, Staff Attorney, at (202)906-6206.

Very truly,

Julie L. Williams, Deputy General Counsel for Securities and Corporate Structure

COPYEE: cc:  Michael C. Sommer, OGC


                © 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

89/CS-42            Page 3

1989 WL 1114183 (O.T.S.)

OFFICE OF THRIFT SUPERVISION (O.T.S.)

89/CS-42

END OF DOCUMENT

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.