# EXHIBIT B

Westlaw.

92/CC/07                                                                      Page 1

1992 WL 12005201 (O.T.S.)

DATE:  March 6, 1992

ADDRESSEE:  Karen Bruton, Regional Counsel, Southeast Region

AUTHOR:  Harris Weinstein, Chief Counsel

SUBJECT:  Authority for Savings Associations to Indemnify Officers and Directors
for Settlement of Claims that Allege Violations of the Federal Securities Laws.

I. INTRODUCTION AND SUMMARY CONCLUSION

   This is in response to your memo dated April 29, 1991 in which you requested our
views as to whether it is legally permissible for a savings association to
indemnify its management for settlement of private causes of action alleging
violations of the federal securities laws.

   In our view, a savings association may indemnify its management for settlement
of private causes of action alleging federal securities laws violations in
accordance with 12 C.F.R. § 545.121, the OTS regulation governing indemnification
of officers and directors of savings associations. There is no outright bar to
such indemnification under the federal securities laws.

II. BACKGROUND

   You advise us that recently appointed management officials and board members,
particularly those serving at troubled institutions, are requesting assurances
that indemnification will not be unreasonably denied to them for settlement of
private causes of action alleging violations of the federal securities laws. You
also advise that many of these individuals have indicated that without the
requested assurances, they would refuse to serve as management officials.   You
suggest that the entire board of directors of an association should be permitted
to evaluate ?? complaints, regardless of the type of allegation, to determine
whether the association should indemnify individual directors and officers and to
determine whether a settlement, prior to the litigation of the claims, would be in
the best interests of the association.   You have requested our views on this
matter.

III. DISCUSSION

A. Authority for Indemnification Under OTS Regulations

   The specific authority for and limitations on indemnification to be provided to
officers and directors by federal savings associations are found at 12 C.F.R. §
545.121 of the OTS regulations. [FN1]  This section mandates indemnification to
any person against whom an action is brought because that person is an officer,

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

1992 WL 12005201 (O.T.S.)

director or employee of the association, subject to specific conditions and prior OTS approval.   This section provides that an individual shall be indemnified only if:

   (1) final judgement on the merits is in his or her favor;  or (2) in the case of (a) settlement, (b) final judgement against him or her, or (c) final judgement in his or her favor other than on the merits, if a majority of the disinterested directors determine that he or she was acting in good faith within the scope of his or her employment or authority as he or she could have reasonably perceived it under the circumstances and for a purpose that he or she could reasonably perceive was in the best interests of the association.

  No indemnification may be made until the 60-day notice to the OTS prescribed by the rule has been provided, nor may indemnification be made if the OTS advises the association in writing, within the notice period, of its objection.   While § 545.121 specifically refers to "Federal savings associations," the OTS and its predecessor agency, the Federal Home Loan Bank Board, have informally taken the position that the regulation expresses the agency's policy on the limits of acceptable indemnification for all savings associations. [FN2]

  With one exception, § 545.121 does not specify or limit the matters or types of lawsuit for which officers and directors shall be indemnified. [FN3] As noted above, the rule specifically provides for indemnification for settlements made in compliance with the procedural and other requirements of the rule.   As such, an association's ability to provide indemnification is subject ultimate to the agency's final determination.

  Under § 545.121, it is initially the responsibility of a savings association's board of directors to determine whether the alleged conduct was intentional or fraudulent, how the interests of the association would best be served, and whether it would be appropriate to grant indemnification in a particular case.   The OTS then has discretion, on a case-by-case basis, to determine for itself whether, as a supervisory or policy matter, it would further the agency's goals, or would be otherwise appropriate to object to the determination made by the association.

B. Federal Securities Laws and SEC Policy Regarding Indemnification for Settlement of Alleged Violations of the Federal Securities Laws

  There is no express prohibition in the federal securities statutes [FN4] or regulations of indemnification of corporate officials against liability that may arise under the federal securities laws. [FN5]  Nevertheless, it has been the consistent administrative policy of the Securities and Exchange Commission ("SEC"), the federal agency primarily responsible for administration and enforcement of the federal securities laws, that indemnification for Securities Act liabilities running from an issuer to its officers, directors or controlling persons, violates public policy. [FN6]

  It is the SEC's position that an SEC registrant must agree to submit the issue of indemnification to a court of competent jurisdiction, for a public policy determination (if such a procedure exists), before indemnification for federal

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

1992 WL 12005201 (O.T.S.)

securities law violations may be provided, unless in the opinion of registrant's counsel the matter has been settled by controlling precedent. [FN7]  The SEC also generally requires disclosure of the existence of indemnification provisions and of the SEC's policy in filings made under the Securities Act. [FN8]  The stated purpose for the policy is to carry out Congress' intent to impose a high standard of trusteeship and a "duty of competence as well as innocence" on management and underwriters involved in securities offerings. [FN9]  However, even this policy does not prohibit indemnification, nor the existence of indemnification agreements, nor does it prohibit registrants from entering into such agreements. In addition, it is silent on the issue of settlements.

   Thus, in our view, in the absence of an express SEC policy prohibiting indemnification, indemnification for settlement of securities laws actions is not prohibited under either the federal securities laws or SEC policy.

IV.  CONCLUSION

   Section 545.121 of the OTS regulations permits the indemnification of officers, directors and employees of federal savings associations.   Further, as noted above, based on the Opinion of Chief Counsel of October, 1989, the OTS has taken the position that the regulation also applies to state chartered savings associations.   While § 545.121 generally does not specify or limit the subject matters or types of lawsuit for which officers and directors shall be indemnified, it does prescribe the circumstances and procedures under which indemnification would be appropriate.   An association's ability to provide indemnification is subject ultimately to review by the OTS.

   Accordingly, given that there is no legal bar to a savings association providing indemnification in settlement of actions or proceedings even if they contain allegations involving violations of the federal securities laws, the OTS, in its case-by-case evaluation of indemnification requests, may permit such indemnification.   Whether, and under what circumstances, such indemnification is permitted will be a policy and supervisory matter.

   FN1 Authority for indemnification of officers and directors of state chartered savings associations is governed by applicable state law.

   FN2 See, e.g., Op.Litigation and Special Projects Division dated April 17, 1989 (FHLBB has legal authority to prohibit limited liability provisions for indemnification of officers and directors of FSLIC-insured institutions); Op.D.G.C. dated October 9, 1989 (dealing with procedures for indemnification); OTS Press Release dated January 4, 1990 (OTS announces it will develop new rules covering the fiduciary duty of care for officers and directors of all savings associations because of certain state laws limiting the liability of thrift management for breaches of fiduciary duty);  and Memorandum from Corporate and Securities Division to Chief Counsel dated June 20, 1991 (ability of savings association to indemnify directors for agreeing to appointment of conservator or receiver).

   FN3 Section 545.121(g) specifies that indemnification is subject to and

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

92/CC/07

1992 WL 12005201 (O.T.S.)

qualified by 12 U.S.C. § 1821(k).   That section provides "A director or officer of an insured depository institution may be held personally liable for monetary damages in any civil action by, or on behalf of, or at the request or direction of the Corporation, which action is prosecuted wholly or partially for the benefit of the Corporation ..."

  FN4 The Securities Act of 1933, 15 U.S.C. §§ 77a-77aa, as amended  ("Securities Act");  the Securities Exchange Act of 1934, 15 U.S.C. §§ 78a-78jj, as amended ("Exchange Act").

  FN5 The only federal securities statute that deals at all with indemnification of corporate insiders is section 17(h) of the Investment Company Act of 1940, 15 U.S.C. § 80a-17(h).   See Washington and Bishop, Indemnifying the Corporate Executive, (1963), at 163-167.

  FN6 This position first was formally announced by the SEC in 1957 in a note to SEC Rule 460, para. (a) under the Securities Act (See SEC Release No. 33- 3672), and was later codified in section 512(i) of Regulation S-K, 17 C.F.R. § 512(i).

  FN7 Notably, in this context, OTS review is equivalent to court review because it provides for both substantive and merit review prior to approval or denial by the OTS.

  FN8 However, in filings made under the Exchange Act (i.e., annual reports on Form 10-K or proxy materials for example), issuers are only required to disclose the existence of indemnification agreements and not the SEC's policy regarding indemnification.   Disclosure of the SEC's position is not required to be included in a company's proxy statement when shareholders are being asked to vote on the adoption of an indemnification provision in the company's by-laws.

  FN9 Kroll, Some Reflections on Indemnification Provisions and SEC Liability Insurance in Light of Barchris and Globus, 24 Business Law., 681 (1969).

OFFICE OF THRIFT SUPERVISION (O.T.S.)

92/CC/07

END OF DOCUMENT

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.