# EXHIBIT D

OFFICE OF THRIFT SUPERVISION
Washington, D.C. 20552


# SCHEDULE 13D


Under the Securities Exchange Act of 1934
Amendment No. 18


INDEPENDENCE FEDERAL SAVINGS BANK
(Name of Issuer)

COMMON STOCK
(Title of Class of Securities)

453432 10 6
(CUSIP Number)

Morton A. Bender
2838 McGill Terrace
Washington, D.C. 20008
(202) 234-8010
(Name, Address and Telephone Number of Person
Authorized to Receive Notices and Communications)

with a copy to:

Martin L. Meyrowitz, P.C.
Dave M. Muchnikoff, P.C.
Marianne E. Roche
Silver, Freedman & Taff, L.L.P.
1700 Wisconsin Avenue, N.W.
Washington, D.C. 20007
(202) 295-4500


August 29, 2005
(Date of Event Which Requires Filing of this Statement)


If the filing person has previously filed a statement on Schedule 13G to report the acquisition that is the subject of this Schedule 13D, and is filing this schedule because of Sections 240.13d-1(e), 240.13d-1(f) or 240.13d-1(g), check the following box [ ].

NOTE:  Schedules filed in paper format shall include a signed original and five copies of the schedule, including all exhibits. See Rule 240.13d-7 for other parties to whom copies are to be sent.

*   The remainder of this cover page shall be filled out for a reporting person's initial filing on this form with respect to the subject class of securities, and for any subsequent amendment containing information which would alter disclosures provided in a prior cover page.

The information required on the remainder of this cover page shall not be deemed to be "filed" for the purpose of Section 18 of the Securities Exchange Act of 1934 ("Act") or otherwise subject to the liabilities of that section of the Act but shall be subject to all other provisions of the Act (however, see the Notes).


Page 1 of 10

CUSIP NO. 453432 10 6                    13D

| 1 | NAME OF REPORTING PERSON<br>I.R.S. IDENTIFICATION NUMBER OF ABOVE PERSON (ENTITIES ONLY)<br><br>Morton A. Bender |
|---|---|
| 2 | CHECK THE APPROPRIATE BOX IF A MEMBER OF A GROUP<br><br>(a) ☐  (b) ☐ |
| 3 | OTS USE ONLY |
| 4 | SOURCE OF FUNDS<br><br>PF |
| 5 | CHECK BOX IF DISCLOSURE OF LEGAL PROCEEDINGS IS REQUIRED PURSUANT TO ITEMS 2(d) or 2(e)   ☐ |
| 6 | CITIZENSHIP OR PLACE OF ORGANIZATION<br><br>United States of America |

| NUMBER OF SHARES BENEFICIALLY OWNED BY EACH REPORTING PERSON WITH | 7 | SOLE VOTING POWER<br>0 |
|---|---|---|
| | 8 | SHARED VOTING POWER<br>326,000 |
| | 9 | SOLE DISPOSITIVE POWER<br>0 |
| | 10 | SHARED DISPOSITIVE POWER<br>326,000 |

| 11 | AGGREGATE AMOUNT BENEFICIALLY OWNED BY REPORTING PERSON<br><br>326,000 |
|---|---|
| 12 | CHECK BOX IF THE AGGREGATE AMOUNT IN ROW (11) EXCLUDES CERTAIN SHARES   ☐ |
| 13 | PERCENT OF CLASS REPRESENTED BY AMOUNT IN ROW (11)<br><br>21.00% |
| 14 | TYPE OF REPORTING PERSON<br><br>IN |

Page 2 of 8

CUSIP NO. 453432 10 6                                          13D

| 1 | NAME OF REPORTING PERSON<br>I.R.S. IDENTIFICATION NUMBER OF ABOVE PERSON (ENTITIES ONLY)<br><br>Grace M. Bender |
|---|---|
| 2 | CHECK THE APPROPRIATE BOX IF A MEMBER OF A GROUP<br><br>(a) ☐  (b) ☐ |
| 3 | OTS USE ONLY |
| 4 | SOURCE OF FUNDS<br><br>PF |
| 5 | CHECK BOX IF DISCLOSURE OF LEGAL PROCEEDINGS IS REQUIRED PURSUANT TO ITEMS 2(d) or 2(e)    ☐ |
| 6 | CITIZENSHIP OR PLACE OF ORGANIZATION<br><br>United States of America |

| NUMBER OF SHARES BENEFICIALLY OWNED BY EACH REPORTING PERSON WITH | 7 | SOLE VOTING POWER<br>0 |
|---|---|---|
| | 8 | SHARED VOTING POWER<br>326,000 |
| | 9 | SOLE DISPOSITIVE POWER<br>0 |
| | 10 | SHARED DISPOSITIVE POWER<br>326,000 |

| 11 | AGGREGATE AMOUNT BENEFICIALLY OWNED BY REPORTING PERSON<br><br>326,000 |
|---|---|
| 12 | CHECK BOX IF THE AGGREGATE AMOUNT IN ROW (11) EXCLUDES CERTAIN SHARES    ☐ |
| 13 | PERCENT OF CLASS REPRESENTED BY AMOUNT IN ROW (11)<br><br>21.00% |
| 14 | TYPE OF REPORTING PERSON<br><br>IN |

Page 3 of 8

The information provided in previous amendments to this Schedule 13D is incorporated herein by reference and is supplemented and amended by the following information.

Item 1.          Security and Issuer

This is Amendment No. 17 to the Schedule 13D initially filed on October 11, 2002. Amendments No. 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16 and 17, respectively, were filed for events on October 22 and November 5, 2002, March 19, October 27, November 10 and November 25, 2003, March 29, April 15, April 27, May 24, July 19, October 6, and October 6, 2004 and April 5, April 15, May 1 and August 24, 2005. This Amendment relates to the common stock, $.01 par value ("Common Stock"), of Independence Federal Savings Bank (the "Issuer"). The principal executive offices of the Issuer are located at 1229 Connecticut Avenue, N.W., Washington, D.C. 20036. All listed amounts have been adjusted to reflect the 10% stock dividends paid by the Issuer.

Item 2.          Identity and Background

(a)-(c)    This statement is filed by Morton A. Bender and his spouse, Grace M. Bender (together, "Bender"), with respect to the shares of Common Stock beneficially owned by them and which they hold jointly. Bender's address is 2838 McGill Terrace, N.W., Washington, D.C. 20008. Mr. Bender is a real estate developer, investor and consultant.

(d)    During the past five years, neither Mr. Bender nor Mrs. Bender has been convicted in a criminal proceeding (excluding traffic violations or similar misdemeanors).

(e)    During the past five years, neither Mr. Bender nor Mrs. Bender has been a party to a civil proceeding of a judicial or administrative body of competent jurisdiction and, as a result of such proceeding, was, or is subject to a judgment, decree or final order enjoining future violations of, or prohibiting or mandating activities subject to, federal or state securities laws or finding any violation with respect to such laws.

(f)    Mr. and Mrs. Bender are both citizens of the United States of America.

Item 3.          Source and Amount of Funds or Other Consideration

The amount of funds expended by Bender to acquire the 326,000 shares of Common Stock they beneficially own is $5,171,251. All of such shares were purchased by Bender using personal funds.

Item 4.          Purpose of Transaction

The prior information provided under Item 4 is incorporated by reference and is supplemented and amended by the following information.

Bender has submitted a new application with the OTS requesting approval to acquire and exercise more control over Independence pursuant to 12 U.S.C. § 1467a(e)(4) and 12 C.F.R. § 574.3(a). Bender wants the ability to acquire more shares of Independence and to effect other control actions over Independence, though he is not certain exactly what actions he would take if he receives OTS approval. In the Application, Bender seeks approval to engage in the following actions with respect to Independence:

1. Acquisition of Additional Shares

    Bender wants the ability to increase his percentage ownership in Independence to 51% or 791,749 shares, which, based on the 1,552,448 shares outstanding and the 326,000 shares he owns, would involve the acquisition of an additional 465,749 shares. Once he obtains OTS approval, Bender anticipates entering into privately negotiated purchases, conducting a partial tender offer, and/ or open market purchases through a broker to increase his level of ownership. The sales price in those purchases would be based on negotiations in private transactions and general market prices in open market transactions. Bender has no pending transactions with any existing shareholder of Independence about selling shares to him. He is interested in engaging in privately negotiated transactions for blocks of 5% or more the shares of Independence. However, if any shareholder holding less than 5% were to approach Bender regarding a purchase of shares, he would consider it. Bender will purchase these shares with his personal funds.

    Bender's goal is to have a majority of the board of Independence be persons who were his nominees, are his representatives or have similar views to his about the future of Independence. Two people serving on the board currently, Nelson Decklebaum and Elliott Hall, were Bender's nominees at the 2003 Annual Meeting; however these individuals do not serve as his representatives. Though Bender may discuss the affairs of Independence with these two directors from time to time, these directors do not regularly communicate with him or take his advice or recommendation respecting matters being considered by or approved by Independence's board. In fact, these individuals have acted contrary to Bender's interests on a number of occasions, including supporting the Carver transaction and not advising him of actions that harm his rights, including the pending bylaw amendments and holding company proposal. In addition, in May 2005, these individuals affirmatively disassociated from him and his actions when they requested to no longer be included in his Schedule 13D filings.

2. Other Control Actions

    Bender's ability to exert additional control over Independence is contingent on the amount of shares he owns and the number of directors on its board that represent his interests or agree with his proposals. Bender seeks to have the ability to take all of the following additional control actions with respect to Independence:

    a.  Proffer and seek the election of his own director nominees in opposition to management nominees;

    b.  Conduct a proxy contest for the election of his nominees, including soliciting proxies from other shareholders;

    c.  Submit proposals to Independence for shareholder consideration;

    d.  Request a special meeting of shareholders to consider removing one or more directors or to consider another proposed action;

    e.  Request the voluntary resignation of certain directors and executive officers of Independence;

Page 5 of 8

  f.  Influence or attempt to influence loan and credit decisions or policies, service pricing, personnel decisions (particularly concerning certain senior management officials) or other business matters; and

  g.  Have at least five representatives on the board of Independence (or whatever amount of directors constitutes a majority).

3.  <u>Transactions With Colombo</u>

Bender owns over 90% of the holding company of Colombo Bank, Rockville, Maryland ("Colombo"). Bender believes that Independence would benefit from engaging in some transactions with Colombo. All such transactions would be in compliance with all applicable regulations. His ability to have Independence engage in these transactions will depend on his level of share ownership and the number of representatives he has on its board. Independence needs to increase its lending activities, and Bender wants Independence to consider purchasing loan participations in loans originated by Colombo in accordance with Independence's lending policies. Bender believes the loan-to-deposit ratio of Independence is too low. Independence needs to increase its loan portfolio and yield on loans. Bender believes one way to do that would be for Independence to purchase loan participations from Colombo. As his level of control increases, Bender would consider having Independence purchase some services from Colombo, including bookkeeping and accounting services and advisory services from Colombo's president. He has no current plans to combine or merge the two companies.

As previously reported, Bender cannot purchase any additional shares of Issuer's common stock absent receipt of an extension of his prior control approval or, alternatively, a new control approval from the OTS. Bender has no current intention to dispose of any of his shares of common stock of the Issuer. Except as otherwise disclosed in this Schedule 13D, Bender has no other plans or proposals that relate to or could result in any of the matters referred to in paragraphs (a) through (j) of Item 4 of Schedule 13D as issued by the Securities and Exchange Commission. Bender may, however, at any time and from time to time, review or reconsider his position and formulate plans or proposals with respect thereto.

**Item 5.**  **Interest in Securities of the Issuer**

  (a)  The percentages of ownership used in this Schedule 13D are calculated based upon 1,552,448 outstanding shares of the Issuer's Common Stock as of November 1, 2004, as disclosed in the Issuer's Form 10-QSB for the quarter ended September 30, 2004. Bender beneficially owns 326,000 shares of Common Stock, which represents 21.00% of the outstanding shares of the Common Stock.

  (b)  (1)  Sole power to vote or to direct vote:  0
      (2)  Shared power to vote or to direct vote:  326,000
      (3)  Sole power to dispose or to direct disposition:  0
      (4)  Shared power to dispose or to direct disposition:  326,000

  (c)  Since the filing of Amendment No. 11 to this Schedule 13D, Bender has purchased no shares of the Issuer's Common Stock.

  (d)  No other person has the right to receive or the power to direct the receipt of dividends from, or the proceeds from the sale of the shares of Common Stock held by Bender.

  (e)  Not applicable.

Item 6.  **Contracts, Arrangements, Understandings or Relationships with Respect to the Securities of the Issuer**

  Mrs. Bender has given Mr. Bender a power of attorney to file and execute amendments to this Schedule 13D on her behalf. (See Exhibit A.) There are no other contracts, arrangements, understandings or relationships between Bender and any other person with respect to any securities of the Issuer, including but not limited to transfer or voting of any of the securities, finders' fees, joint ventures, loan or option arrangements, puts or calls, guarantees of profits, divisions of profits or losses, or the giving or withholding of proxies.

Item 7.  **Material to be Filed as Exhibits**

  Exhibit A:  Copy of Power of Attorney for Grace M. Bender.

Sep 01 2005 3:52PM    HP LASERJET 3200

Case 1:06-cv-00092-RMC    Document 25-6    Filed 02/22/2006    Page 9 of 13

## SIGNATURE

After reasonable inquiry and to the best of my knowledge and belief, I certify that the information set forth in this statement is true, complete and correct.

Date: _____8/31/05_____

_[signature]_
Morton A. Bender

Date: _____8/31/05_____

_[signature]_
Grace M. Bender, by Morton A. Bender pursuant to Power of Attorney dated December 19, 2003

Page 6 of 7

SEP-01-2005  16:24                                    94%                    P.10

**EXHIBIT A**

**POWER OF ATTORNEY**

# POWER OF ATTORNEY

KNOW ALL MEN BY THESE PRESENTS, that Grace M. Bender whose signature appears below constitutes and appoints Morton A. Bender her true and lawful attorney-in-fact and agent, with full power of substitution and re-substitution, for her and her name, place and stead, in any and all capacities, to sign any report filed pursuant to Schedule 13D or Section 16 of the Securities Exchange Act of 1934, as amended, including any Form 3, Form 4 or Form 5 and all amendments to any such documents, if any, and to file the same, with any exhibits thereto, with the Securities and Exchange Commission (or other appropriate governmental authority for such purpose), granting unto said attorney-in-fact and agent full power and authority to do and perform each and every act and thing requisite and necessary to be done, as fully to all intents and purposes as she might or could do in person, hereby ratifying and confirming all said attorney-in-fact and agent or her substitutes or substitute may lawfully do or cause to be done by virtue hereof.

Effective Date: __Dec. 19__, 2003           _/s/ Grace Bender_

# Morton A. Bender

October 3, 2005

Dear Fellow Shareholders:

As I have advised you in previous mailings, I believe that the board of directors of Independence Federal Savings Bank, Washington, D.C. ("Independence") and I have a different view of what has occurred over the past three years and who is responsible. I have believed and continue to believe changes must be made on the board. If you agree, read this letter to see what you can do to make it happen.

Independence has again re-scheduled its shareholders meeting. It is now set for October 26, 2005. The meeting will be held at The Mayflower Hotel, 1127 Connecticut Avenue, N.W., Washington, D.C., at 11:00 a.m., local time. This will be the fourth time Independence has attempted to schedule a shareholders' meeting to elect directors this year. I can only assume that each delay has cost the Bank money. Hopefully, this time the shareholders will finally get a chance to have their say.

Pursuant to OTS regulations, and as the holder of 21% of Independence common stock, I have nominated only two individuals to serve as directors. I am not soliciting your proxy for their election. You as a shareholder of Independence, however, have the right to know about my nominees and how to vote FOR them.

*Who Are My Nominees?*

Osborne George: Mr. George is 57 years old and his address is 6036 Westchester Park Drive, College Park, MD 20740. Mr. George is the founder and President of O.R. George & Associates, which provides planning and engineering consulting services to public and private sector clients who are conducting land planning, zoning, infrastructure planning and design and urban revitalization projects. Mr. Osborne has a graduate engineering degree and over 30 years experience in traffic engineering and transportation planning.

John Silvanus Wilson, Jr.: Mr. Wilson is 47 years old and his address is 7573 Alaska Avenue, N.W., Washington, D.C. 20012. Mr. Wilson is the Executive Dean of the Research and Technology Campus of the George Washington University. He has graduate degrees in education and theology and has been involved in graduate education in teaching and administrative positions for 20 years.

Due to Independence being deemed a "troubled institution" by the OTS, my nominees, if elected, will be subject to meeting competence, experience, character and integrity standards and receipt of OTS approval. Although I believe these nominees are highly qualified and should receive OTS approval, no assurance can be given that they will receive OTS approval.

1025 Connecticut Avenue, N.W    Suite 606    Washington, D.C. 20036    202/466-5821 Phone    202/466-6233 Facsimile

If my nominees are elected to the board of directors, I may seek reimbursement of my expenses related to their election, including my prior communications to you. I currently estimate that these expenses may total approximately $50,000.

The board has also proposed, in addition to asking for your vote for their nominees, to reorganize Independence into a holding company. I intend to vote "AGAINST" this proposal and FOR my nominees. If a holding company is formed it will, among other things, cost Independence more to operate.

*What Can You Do?*

1. If you are the record owner of your shares in Independence (i.e., you hold your shares in your possession), the only way you can vote FOR my nominees is to attend the meeting, or send someone in your place with a legal proxy from you, obtain a ballot and vote.

2. If you are a beneficial owner of shares which are held in "street name" by a broker, bank or other nominee, the only way you can vote FOR my nominees is to obtain a legal proxy from the broker, bank or other nominee that holds your shares indicating that you were the beneficial owner of the stock on September 26, 2005. As indicated in 1, if you can not attend the meeting the only way you can vote FOR my nominees is to send someone in your place with a legal proxy from you, obtain a ballot and vote.

3. By attending the meeting you or your representative also will have the opportunity to vote "AGAINST" the holding company reorganization.

DO NOT FORWARD ANY PROXIES TO ME, BECAUSE I AM NOT SOLICITING PROXIES AND CANNOT VOTE ANY SHARES OTHER THAN MY OWN. The OTS has informed me, however, that it is their position that any shareholder may give a proxy to someone other than me or someone acting in concert with me.

IF YOU OR YOUR REPRESENTATIVE CAN NOT ATTEND THE SPECIAL MEETING, YOU CAN STILL VOTE "AGAINST" THE REORGANIZATION BY USING INDEPENDENCE'S PROXY CARD. IF YOU DO THIS, AND SUPPORT MY BOARD NOMINEES, YOU SHOULD INDICATE THAT YOU "WITHHOLD AUTHORITY FOR ALL NOMINEES" ON THE BOARD'S PROXY CARD.

Sincerely,

Morton A. Bender

2