# EXHIBIT A

Bender, et al., v. Jordan, et al., C.A. No. 1:06cv00092 (RMC)
Exhibit A in Support of Plaintiffs' Memorandum in Opposition to Dismiss Count VI



92/CC"52 Page 1

1992 WL 12005270 (O.T.S.)

DATE: December 2, 1992.

ADDRESSEE: * * *

AUTHOR: Harris Weinstein, Chief Counsel

SUBJECT: * * * Request for Advance for Expenses 12 C.F.R. § 545.121

DOCKET NUMBER: OTS No. * * *

Dear * * *

This is in response to your letter of August 28, 1992, asking whether * * * (the "Association"), is under any obligation to make an advance for legal expenses to be incurred by * * *, a former president and chairman of the board of directors of the Association (the "former officer/director") in defense of a pending wrongful termination action (the "wrongful dismissal case"). In my opinion, no such obligation exists.

Background

As I understand the salient facts, the former officer/director served in various executive and directoral capacities with the Association from 1959 until 1990. On August 8, 1990, he executed a retirement agreement according to which he received a payment of $* * * from the Association for his withdrawal from all managerial and administrative functions.

On March 7, 1991, the former officer/director consented to issuance of a Final Order of Removal-and-Prohibition with affirmative corrective action provisions (the R & P Order") [FN1] by the Office of Thrift Supervision ("OTS") in settlement of an enforcement action initiated by service of a Notice of Charges on August 23, 1990. [FN2] The Notice of Charges alleged, inter alia, that, in his capacity of chairman of the board and chief executive officer of the Association, the former officer/director participated in an abusive loan transaction involving kickbacks and personal dishonesty that caused the Association to lose in excess of $* * * and benefited the former officer/director and his brother personally by $* * * and that the Association engaged in an unsafe and unsound practice by unjustly enriching the former officer/director with the payment of $* * * on his retirement.

Pursuant to affirmative corrective action provisions in the R & P Order, the former officer/director was ordered to make restitution to the Association of $* * *. This amount included the $* * * that had been paid pursuant to the retirement agreement, $* * * that had been paid by the Association on behalf of the former officer/director during the government investigation preceding issuance of the Notice of Charges and accrued interest of $* * *. You state in your letter that the former officer/director had repaid only $* * * of the amount owed the

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Bender, et al., v. Jordan, et al., C.A. No. 1:06cv00092 (RMC)
Exhibit A in Support of Plaintiffs' Memorandum in Opposition to Dismiss Count VI

92/CC"52                                                                    Page 2

1992 WL 12005270 (O.T.S.)


Association as of August 28, 1992.  Thus, some $* * * remains owing and the
Association is pursuing its remedies in court. [FN3]

  The wrongful dismissal case [FN4] was brought against the former
officer/director and other Association officers for a firing that took place prior
to the former officer/director's departure from the Association.  The plaintiff
is alleging that she was wrongfully dismissed for her cooperation with Federal
authorities in the investigation of a money laundering scheme at the Association's
* * * branch.  It is in connection with this action that the former
officer/director is seeking advance payment of legal expenses from the Association.

Analysis

  Any obligation that the Association might have to make the advance for expenses
requested by the former officer/director in this case must derive from the
governing OTS regulation (the "Indemnification Regulation"), [FN5] the provisions
of which are exclusive absent an approved and operative non-conforming bylaw.
[FN6]  At the outset, it is imperative for you and the Association's board to
recognize that the Indemnification Regulation requires a Federal association to
make indemnification, including payment of reasonable expenses and attorneys'
fees, only in cases resulting in favorable final judgments on the merits. [FN7]

  Advances for expenses prior to final dispositions, on the other hand, are left
to the discretion of the board of directors.  According to the controlling
regulatory language, "[i]f a majority of the directors of a savings association
concludes that ... any person ultimately may become entitled to indemnification,
the directors may authorize payment of reasonable costs and expenses, including
reasonable attorneys' fees." [FN8]  The cited language grants directors the
discretion to withhold advances for expenses prior to final judgment, even if they
conclude that a person might ultimately be entitled to indemnification.

  Furthermore, if the directors of a Federal association choose to authorize an
advance payment of expenses, they may impose "such conditions as they deem
warranted and in the interests of the savings association" and, before making an
advance payment, the association must obtain an agreement that the association
"will be repaid if the person on whose behalf payment is made is later determined
not to be entitled to such indemnification." [FN9]  It would be an abuse of
discretion for directors to provide an advance for expenses unless they first
concluded on the basis of full disclosure of all facts by the prospective
indemnitee that the prospective indemnitee is clearly more likely than not to
succeed in the underlying matter and ample security exists to assure repayment in
the absence of ultimate success in the underlying matter.

  In light of the foregoing, I am of the opinion that the Association is under no
obligation to make an advance for expenses to the former officer/director in this
case.  While, under the circumstances presented, an advance for expenses would
not be expressly prohibited by the Indemnification Regulation, the directors have
ample authority to withhold payment, even if they were to conclude that the former
officer/director might ultimately become entitled to indemnification in the
wrongful dismissal case.  Nor has any evidence been presented to show that the

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Bender, et al., v. Jordan, et al., C.A. No. 1:06cv00092 (RMC)
Exhibit A in Support of Plaintiffs' Memorandum in Opposition to Dismiss Count VI

92/CC"52                                                                         Page 3

1992 WL 12005270 (O.T.S.)

former officer/director has made full disclosure in connection with his request for reimbursement or that there is a basis for concluding that he is likely to succeed on the merits in the underlying case.

In no circumstance could the board consistent with safety and soundness provide any advance for expenses in this case in the absence of prior repayment of all money owed to the Association by the former officer/director by way of restitution. Moreover, in determining the propriety of authorizing an advance for expenses in this case, the board could appropriately take into account the amount of money owed by the former officer/director and the circumstances surrounding the issuance of the R & P Order, including the basis for the claim of restitution.

In reaching the foregoing conclusions, the OTS has relied on the factual representations contained in the materials submitted to us, and the position set forth herein depends upon the accuracy and completeness of those representations. Any material change in circumstances from those set forth in your submissions could result in conclusions different from those expressed herein. You should also recognize that this opinion addresses only the specific issues presented in your letter and does not address the applicability of other laws or regulations to the facts presented in your letter.

If you have any further questions regarding the foregoing, please do not hesitate to contact Richard L. Little, Senior Counsel, at (202) 906-6447.

   Very truly yours,

   Harris Weinstein

   Chief Counsel

FN1. Director's Order No. 91-13.

FN2. Director's Order No. 90-1565.

FN3. Ponce Federal Bank, F.S.B. v. Muñoz, No. 92-1331 (D.P.R., filed Mar. 16, 1992).

FN4. Rodriguez. v. Banco Ponce Federal, F.S.B., No. JAC 92-0095 (P.R.Civ., filed Mar. 17, 1992).

FN5. 12 C.F.R. § 545.121 (1992).

FN6. Id. § 545.121(f).

FN7. Id. § 545.121(c)(1).

FN8. Id. § 545.121(e) (emphasis added).

FN9. Id.

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Bender, et al., v. Jordan, et al., C.A. No. 1:06cv00092 (RMC)
Exhibit A in Support of Plaintiffs' Memorandum in Opposition to Dismiss Count VI

92/CC"52                                                                Page 4

1992 WL 12005270 (O.T.S.)


OFFICE OF THRIFT SUPERVISION (O.T.S.)

92/CC"52

END OF DOCUMENT

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Bender, et al., v. Jordan, et al., C.A. No. 1:06cv00092 (RMC)
Exhibit A in Support of Plaintiffs' Memorandum in Opposition to Dismiss Count VI