IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MORTON A. BENDER, et al. )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>) Civil Action No. 1:06cv00092<br>CAROLYN D. JORDAN, et al. )<br>)<br>Defendant. )<br>) | |

**REPLY MEMORANDUM IN SUPPORT OF THE MOTION
OF THE DEFENDANT DIRECTORS AND THOMAS BATTIES'
TO DISMISS COUNTS I - IV OF THE COMPLAINT**

Pursuant to FED. R. CIV. P. 12(b)(6), and LCvR 7(d), Defendants Carolyn D. Jordan, David Wilmot, Michael J. Cobb, William B. Fitzgerald, and Eugene K. Youngentob ("Director Defendants"), and Thomas L. Batties ("Defendant Batties") submit the following Reply Memorandum in Support of the Motion of the Defendant Directors and Thomas Batties' to Dismiss Counts I – IV of the Complaint.

I.   **INTRODUCTION**

Plaintiffs misconstrue binding case law and cite to non-binding cases in an effort to find merit in their Complaint. Defendants' Motion to Dismiss should be granted because Plaintiffs have failed to state a claim upon which relief can be granted for Counts I, II, III, and IV of their Complaint.

II.   **PLAINTIFFS' FAIL TO STATE A CLAIM UNDER SECTION 13(d)**

Plaintiffs incorrectly argue that they have a private right of action for injunctive relief under Section 13(d) of the Securities and Exchange Act of 1934. Both the legislative history of 13(d) and D.C. case law support Defendants' argument that there is no private right of action for

- 1 -

129892v1

injunctive relief for an individual shareholder. First, the absence of any legislative history allowing a private right of action for either damages or injunctive relief indicates Plaintiffs cannot state a claim upon which relief may be granted. Second, there is no D.C. case law giving Plaintiffs a private right of action for injunctive relief under Section 13(d). In their brief, Plaintiffs cite to non-binding cases that are contrary to D.C. law.

    A.    **Section 13(d)'s Legislative History Does not Imply a Private Right of Action for Injunctive Relief**

When a statute or regulation does not expressly provide a private right of action, the Court must determine whether or not one exists. *Berg v. First Am. Bankshares, Inc.*, No. 83-3887, 1985 WL 2232, *8 (D.D.C. Apr. 17, 1985).[1] In order to determine whether a private right of action exists, courts look to several factors, the most important of which is the legislative history of the statute.[2] *Id*; *see also*, *Cort v. Ash*, 422 U.S. 66, 78, 95 S. Ct. 2080, 2088 (1975). Courts have been reluctant to judicially imply a private right of action "unless the language of the pertinent statute either creates or alters civil liabilities and its legislative history contains some expression of Congressional intent to imply a private remedy." *Berman v. Metzger*, No. 80-0394, 1981 WL 1596, *1 (D.D.C. Feb. 9, 1981) (internal citations omitted).

Plaintiffs incorrectly argue that the "legislative intent of the statute makes clear" that an individual investor is entitled to bring a private cause of action under Section 13(d). *See* Plaintiffs' Response to Defendants' Motion to Dismiss ("Response") at p. 5. In making this

---

[1] Plaintiffs attempt to avoid the *Berg* and *Berman* decisions by stating they are unreported opinions and therefore, not binding precedent on this Court. *See* Response at p. 6, 11. See Section III for a detailed analysis of why their argument is incorrect.

[2] Courts look to the following factors in order to determine whether a private right of action has been implied in a statute: 1) whether the plaintiff is one of the class for whose especial benefit the statute was enacted; 2) whether there is any indication of legislative intent, explicit or implicit, to create such a remedy or to deny one; 3) whether the underlying purpose of the legislative scheme is consistent with the remedy requested; and 4) whether the cause of action is traditionally relegated to state law such that it would be inappropriate to infer a cause of action based solely on federal law. *Cort v. Ash*, 422 U.S. 66, 78, 95 S. Ct. 2080, 2088 (1975).

argument, Plaintiffs rely on two non-binding decisions, neither of which discuss the legislative intent of Section 13(d). *Id*; *Dan River Inc. v. Unitex Ltd.*, 624 F.2d 1216 (4th Cir. 1980); *Grow Chemical Corp. v. Uran*, 316 F. Supp. 891 (S.D.N.Y. 1970). *Berman*, a D.C. case, however, addressed this issue and determined that, based on the legislative history, no private right of action exists for alleged violations of Section 13(d). *Berman*, 1981 WL 1596, *2.

In *Berman*, the Court looked to the legislative history to determine whether there was a private right of action for damages under Section 13(d). *Berman*, 1981 WL 1596, at *2. Ultimately, the Court determined that Section 13(d) is "on its face a reporting provision only" that "does not purport to create federal rights in favor of identifiable private parties, or to proscribe any conduct as unlawful, or void." *Id*. (citations omitted). The only reference to the enforcement of Section 13(d) in its legislative history involved a comment by a Representative on the House floor who stated that enforcement of the proposed legislation "would be 'part of the responsibility' of the Commission." *Id*. (citation omitted). The Court in *Berman* concluded that "the legislative history is silent on the issue or private actions in particular or enforcement in general." *Id*. To imply a private right of action in the face of Congressional silence "is a hazardous enterprise, at best." *Touche Ross & Co. v. Redington*, 442 U.S. 560, 571, 99 S. Ct. 2479, 2486 (1979). So, while the Court in *Berman* ultimately held that no private right of action for *damages* exists under Section 13(d), it stated in dicta that Congress did not intend to create *any* private right of action – for injunctive relief or damages – at all. *Id*. Therefore, this Court should not imply a private right of action for injunctive relief because the legislative history does not allow for such a remedy.

      **B.**    **Plaintiffs Fail to Cite to Binding Case Law Allowing an Individual Shareholder to Bring a Cause of Action for Injunctive Relief**

Plaintiffs cite to only two decisions that permit an individual to bring a private right of action for injunctive relief, neither of which are binding on this Court. *See* Response at p. 6. In fact, neither this Court nor the D.C. Circuit has permitted an individual shareholder from bringing such a private right of action.

Plaintiffs argue, and Defendants do not disagree, that no D.C. Court has held that a private right of action for injunctive relief is limited to an issuer of securities. *See* Response at p. 7. What is clear, however, is that in light of current Supreme Court and D.C. decisions involving the Exchange Act of 1934, courts will take a restrictive view of what remedies, if any, are available for violations of the Exchange Act of 1934, and, specifically, Section 13(d). *See Transamerica Mortgage Advisors, Inc. v. Lewis*, 444 U.S. 11, 24, 100 S. Ct. 242, 249 (1979) ("...we hold that there exists a limited private remedy under the Investment Advisers Act of 1940 to void an investment advisers contract, but that the Act confers no other private causes of action, legal or equitable"); *Touche Ross & Co. v. Redington*, 442 U.S. at 571, 99 S. Ct. at 2486 ("And where, as here, the plain language of the provision weighs against implication of a private remedy, the fact that there is no suggestion whatsoever in the legislative history that § 17(a) may give rise to suits for damages reinforces our decision not to find such a right of action implicit within the section"); *Indep. Fed. Savings Bank v. Bender*, 332 F. Supp. 2d 203, 213 n.11 (D.D.C. 2004) (though other courts allow issuers of securities to pursue a private right of action under 13(d), this court noted that, in this Circuit, the question is open "as to whether *an issuer of securities* pursuant to Section 12 of the Exchange Act has standing to sue for relief under Section 13(d)"); *Berg v. First Am. Bankshares, Inc.*, No. 83-3887, 1985 WL 2232, *8 (D.D.C. Apr. 17, 1985) (reasoning that, because no private right of action for damages exists under 13(d), none

- 4 -

129892v1

exists under 13(e) either). The lack of D.C. case law, coupled with the dicta in *Berg* indicate Plaintiffs should not be able to bring a claim for injunctive relief against Defendants.

Plaintiffs' reliance on *Dan River Inc. v. Unitex Ltd.*, 624 F.2d 1216 (4th Cir. 1980) is misplaced. First, Dan River is a Fourth Circuit case and not binding on this Court. Second, the Fourth Circuit held that an issuer of securities, not an individual, has standing to seek injunctive relief for alleged violations of Section 13(d). *Dan River*, 624 F.2d at 1224. The Court did not contemplate whether an individual shareholder could maintain a private right of action for injunctive relief. *Id*. Thus, this case is inapposite.

Because Plaintiffs are unable to point to either legislative history regarding the intent of Section 13(d), or binding case law permitting an individual shareholder from bringing a private right of action for alleged violations of Section 13(d), this Court should dismiss Count I of Plaintiffs' Complaint for failure to state a claim upon which relief can be granted.

III.   **PLAINTIFFS' FAIL TO STATE A CLAIM UNDER SECTION 14(a)**

Once again, Plaintiffs misconstrue binding D.C. case law in an attempt to thwart Defendants arguments. Plaintiffs also incorrectly state the "Defendants apparently concede that Plaintiffs have met the first two elements of their 14(a) claim." *See* Response at p. 9. Defendants in no way concede that Plaintiffs have met the elements for a valid cause of action under section 14(a).

   A.   **The *Cowin* Court Requires Shareholder Reliance**

Despite Plaintiffs' argument to the contrary, it is Plaintiffs, not Defendants, who misconstrue *Cowin*. Plaintiffs argue that the Court in *Cowin* "did not require a showing of reliance—either by Cowin or by the other shareholders" and that the Court "rejected" the reliance requirement. *See* Response at p. 10. Plaintiffs' assertion is incorrect. In fact, the Court expressly stated that "the injury Cowin alleges was not caused by his individual reliance on

129892v1

deceptive proxy solicitations. Rather, his claim is that *other shareholders* elected appellees as directors because they were misled by the proxy materials." *Cowin v. Bresler*, 741 F.2d 410, 427 (D.C. Cir. 1984) (emphasis added). Cowin's alleged injury was "totally divorced from any reliance, or lack of reliance on *Cowin's* part...." *Id*. The Court implied that Cowin, a non-relying plaintiff could maintain an action under Section 14(a), however, because he alleged that other shareholders relied on the allegedly misleading proxy statements. *Id*. at 428. The Court's analysis in reaching this conclusion makes clear the Court's mandate that reliance must be pled in order to state a claim for violations of Section 14(a).[3] *Id*. at 414-17. For instance, the *Cowin* Court cited several cases where courts allowed a 14(a) claim where the *plaintiff* claimed injuries not as a result of individual reliance, but as a result of *other* shareholders reliance. *See, e.g.*, *Hershfang v. Knotter*, 562 F. Supp. 393 (E.D. Va. 1983) (allowing a 14(a) claim by a non-relying plaintiff because "'the deception of others by the alleged material omissions in the...proxy statement may have caused damage to plaintiff by misleading others into voting to approve the [transaction] at an allegedly unfair price.' The Court concludes that because of such possible injury, plaintiff has standing to assert his § 14(a) claim despite *his* apparent lack of reliance" (citations omitted)); *Jones v. Nat'l. Distillers and Chemical Corp.*, 484 F. Supp. 679, 684 (S.D.N.Y. 1979) (Reasoning that "the deception of others by the alleged material omissions in the Almaden proxy statement may have caused damage to plaintiff by misleading others into voting to approve the merger at an allegedly unfair price).

    B.    *Berg* **is Analogous and Controlling**

---

[3]  The Court's requirement that a Plaintiff <u>plead</u> reliance by other shareholders in order to bring a direct action for violations of Section 14(a) makes clear that the proper course of action for Defendants was to bring a Motion to Dismiss, and not a Summary Judgment Motion against Plaintiffs. Because Plaintiffs admittedly did not plead reliance by other shareholders, Count II of Plaintiffs' Complaint must be dismissed.

- 7 -

Plaintiffs also fail to distinguish the *Berg* decision.  First, Plaintiffs incorrectly argue that the *Berg* decision is unreported and, therefore, not binding on this Court.  *See* Response at p. 12.  Second, Plaintiffs state that *Berg* misinterpreted the *Cowin* decision.  *Id*.  Once again, Plaintiffs' assertions are not supported by the law.

First, while the *Berg* decision was not reported in the Federal Supplement, it is published in Westlaw and the Federal Securities Legal Reporter.[4]  In addition, there is no local rule restricting the use of decisions published in Westlaw.  Therefore, Plaintiffs' assertion that the case is unreported, and therefore not binding is unfounded.

Second, the decision in *Berg* does not misinterpret the decision in *Cowin* and it is analogous to our case.  In fact, the *Berg* decision confirms the *Cowin* decision.  The *Berg* Case, accepted the *Cowin* holding that a non-relying shareholder bringing a direct action must allege reliance by other shareholders in order to state a claim under Section 14(a).  *Berg v. First Am. Bankshares, Inc.*, No. 83-3887, 1985 WL 2232, *6 (D.D.C. Apr. 17, 1985).  Essentially, Plaintiffs are arguing that *Berg* should not be followed because it would require this Court to dismiss Count II of Plaintiffs' Complaint.  Plaintiffs provide no support—legal or otherwise—for their contention.

In *Berg*, the Court expressly held that a non-relying plaintiff must establish that "other shareholders were in fact misled by the deceptive proxy statement."  *Berg* 1985 WL at *6 (D.D.C. Apr. 17, 1985).  Plaintiffs alleged in the Complaint that their injuries were caused not by their own reliance, but by the reliance of other shareholders.  *Id*.  Defendants, however, failed to present any evidence that other shareholders relied upon the allegedly misleading proxy

---

[4] According to Rule 18.1.1. of The Bluebook, "[w]hen a case is unreported but available on a widely used electronic database, it may be cited to that database."  THE BLUEBOOK: A UNIFORM SYSTEM OF CITATION R. 18.1.1, at 151 (Columbia Law Review Ass'n et al. eds., 18th ed. 2005).

statement. *Id*. The lack of any evidence of a deception was fatal to Defendants' claim and the Court granted summary judgment in favor of Defendants. *Id*.

Plaintiffs are correct that the *Berg* Court granted summary judgment, and not a motion to dismiss, in favor of Defendants. Defendants do not suggest that the standard for granting a summary judgment motion is the same as the standard for granting a motion to dismiss. Yet, this Court should still dismiss Count II of Plaintiffs Complaint, because Plaintiffs, who are non-relying Plaintiffs, did not allege reliance by other shareholders as is required under *Berg*. In fact, Plaintiffs admit they did not plead reliance in their Complaint. *See* Response at p. 13. Because reliance by either the Plaintiff or another shareholder must be alleged to properly plead a violation of Section 14(a), Count II of Plaintiffs' Complaint should be dismissed for failure to state a claim upon which relief may be granted.

IV. **PLAINTIFFS' FAIL TO STATE A CLAIM FOR VIOLATIONS OF IFSB BY-LAWS**

    A.    **Plaintiffs' Distinction of *Cowin* is Misguided**

The *Cowin* court holds that when an injury "'falls equally upon all stockholders' then an individual stockholder may not recover for the injury to his stock alone, but must seek recovery derivatively on behalf of the corporation." *Id*. Plaintiffs admit in their Brief that "the requested relief *will benefit all of the shareholders*, even though they are not parties to this litigation, by providing a fully informed vote conducted in accordance with IFSB's own regulations."[5] *See* Response at p. 15.

Plaintiffs' attempt to distinguish *Cowin* by stating that the case "deal[s] with claims by a shareholder plaintiff for injunctive relief plus damages for corporate mismanagement, and are

---

[5]    Once again, Plaintiffs attempt to refute binding D.C. law by citing to non-binding cases from other jurisdictions. Even this Court has expressed its reluctance to look to other circuits for guidance. *See* February 9, 2006 Transcript at p. 27:2-5.

129892v1

thus distinguishable on that point alone." *See* Response at p. 15. This is an immaterial and illogical. Nowhere do Plaintiffs cite authority for the proposition that individual claims for injunctive relief may lie when a claim for damages relying on the same legal theory must be brought derivatively. The distinction made by Plaintiffs simply does not make sense.

Because Plaintiffs have failed to allege an injury that is unique to Plaintiffs, Plaintiffs' claims for breach of by-laws must be brought derivatively. Plaintiffs' claims have not been, and likely cannot be, brought derivatively.[6] Therefore, Plaintiffs' claims should be dismissed for failure to state a claim.

## V.   PLAINTIFFS' FAIL TO STATE A CLAIM FOR BREACH OF FIDUCIARY DUTY

Plaintiffs' misread Defendants' Brief regarding Count IV and the case law discussed therein. Despite case law to the contrary, Plaintiffs claim there is no "general rule" that a breach of fiduciary duty claim must be brought derivatively. *See* Response at p. 16. The *Cowin* case is contrary to Plaintiffs' claim, however. *See Cowin v. Bresler*, 741 F.2d 410, 427 (D.C. Cir. 1984) (Stating "the general rule" that breach of fiduciary duty actions must be brought derivatively "is the law of several jurisdictions"). Whether this is the "general rule" or not, Defendants do not dispute that there are two circumstances when a shareholder can maintain an individual claim for breach of a fiduciary duty.[7] Defendants disagree, however, whether either circumstance applies in the instant case. Neither does, and Plaintiffs have failed to allege either in their Complaint.

---

[6] Plaintiffs do not attempt to refute Defendants' argument that Plaintiffs will be unlikely to maintain a derivative action on behalf of other shareholders' because their interests are inconsistent with those other shareholders. *See* Motion to Dismiss at p. 10 n. 7.

[7] Two circumstances when an individual can maintain a direct action for alleged breach of fiduciary duties are: 1) when either "the allegedly wrongful conduct violates a duty to the complaining shareholder independent of the fiduciary duties owed that party along with all other shareholders, or where the conduct causes an injury to the shareholder distinct from any injury to the corporation itself;" and 2) when there are wrongs "affecting ... the stockholders and not the corporation." *Cowin*, 741 F.2d at 414 (citations omitted).

129892v1

Plaintiffs cite to a Delaware case, *Condec Corp. v. Lunkenheimber Co.*, 43 Del. Ch. 252, 230 A.2d 769 (1967), as being "particularly instructive." *See* Response at p. 17. First, this Court is a Delaware Chancery opinion that is not binding on this Court. Second, Plaintiffs allegations do not fall within the "special injury" discussed in one sentence in dicta in *Condec*. There are no allegations that Defendants breached any duty owed directly to Plaintiffs, nor are there any allegations that the conduct affected the Plaintiffs and not the Corporation. Plaintiffs suggest that paragraphs 24-39 of Plaintiffs' Complaint set forth their allegations of "special injury." *See* Response at p. 19. None of these paragraphs, however, allege any breach of fiduciary duty by the Defendants owed to Plaintiffs alone. *See* Plaintiffs Complaint, at ¶ 27 ("the delivery of the proxy...violated IFSB by-laws"); ¶ 28 ("neither Doley nor any other member of the Doley Group has ever filed a 13D..."); ¶ 32 ("the acquisition of control of IFSB in this matter was in violation of the Change in Bank Control Act...and OTS regulations thereunder"); ¶ 33 ("No 13D was filed by any of the Director Defendants indicating their intention to purchase shares..."); ¶ 34 ("...was to be voted after the closing of the polls, in violation of Section 45 of Robert's Rules of Order..."); ¶ 36 ("in violation of the By-laws..."); ¶ 37 ("Contrary to the IIEO's assurances, and Robert's Rules..."); ¶ 38 ("The failure to comply with the By-laws, the representations set forth in the Proxy Statement, and Robert's Rules..."). Furthermore, the paragraphs setting out the specific allegations made by Plaintiffs regarding alleged breach of fiduciary duty by Defendants does not allege a "special injury." *See* Plaintiffs' Complaint at ¶¶ 70-77. In fact, Plaintiffs never set forth either a duty or that a specific duty has been breached by Defendants.

Because nothing in Plaintiffs' Complaint set forth facts alleging Plaintiffs suffered a "special injury," Count IV of Plaintiffs' Complaint fails to state a claim upon which relief can be granted. Accordingly, Count IV should be dismissed.

- 11 -

## VI.   CONCLUSION

WHEREFORE, for the reasons set forth above, Counts I, II, III, and IV of Plaintiffs Complaint fail to state a claim upon which relief can be granted, and therefore, should be dismissed.

Respectfully Submitted,

Dated March 22, 2006

SHOOK, HARDY & BACON L.L.P.

_____/s/_____
Peter E. Strand
Hamilton Square
600 14th Street, N.W., Suite 800
Washington, D.C. 20005-2004

Attorney For Defendant Carolyn Jordan, et al.

- 12 -

## CERTIFICATE OF SERVICE

I hereby certify that on the 22nd day of March, 2006, a true and complete copy of the forgoing Reply Memorandum in Support of the Motion of the Defendant Directors and Thomas Batties' to Dismiss Counts I – IV of the Complaint was sent electronically to the following:

> Dale A. Cooter, Esq.
> Cooter, Mangold, Tompert and Wayson, L.L.P.
> 5301 Wisconsin Ave, NW
> Suite 500
> Washington, D.C.  20015
> T: (202)537-0700
> F: (202)364-3664
> *Attorneys for Plaintiffs*


> Haig V. Kalbian
> 888 17th Street, N.W., Suite 1000
> The Brawner Building
> Washington, D.C. 20006
> *Attorney For Defendant Independence Federal Savings Bank*

_____/s/_____
Peter E. Strand

129892v1