# EXHIBIT B

Bender, et al., v. Jordan, et al., C.A. No. 1:06cv00092 (RMC)
Exhibit B in Support of Plaintiffs' Memorandum in Reply to Defendants'
Response to The Benders' Application for Preliminary Injunctive Relief

APRIL 12

1

```
1   Deckelbaum
2   Keith, Bruyette Wood
3               Pursuant to SB duces tecum
4   witness is Pro Se
5   held at the offices of Boies, Schiller, Flexner
6   333 Main Street
7   Armonk, New York
8   UNITED STATES DISTRICT COURT
9   FOR THE DISTRICT OF COLUMBIA
10  MORTON A. BENDER, et al.,
11  Plts,
12  v.
13  CAROLYN D. JORDAN, et al.,
14  Defts )
15  C.A. No. 1:06CV00092
16
17
18
19
20
21
22
23
24
25
```

0   2

```
1   COOTER, MANGOLD, TOMPERT & KARAS, L.OL.P.
2   5301 WISCONSIN AVENUE, N.W.
```

Page 1

Bender, et al., v. Jordan, et al., C.A. No. 1:06cv00092 (RMC)
Exhibit B in Support of Plaintiffs' Memorandum in Reply to Defendants'
Response to The Benders' Application for Preliminary Injunctive Relief

```
                                    APRIL12
   12   the company?
   13       A     The exact number of the day I left, I am
   14   not sure, but, but somewhere along around that,.
   15             MR. STRAND:  I have nothing further.
   16          Cooter thank you, sir)
   17             Time noted: 10:00 o'clock )
   18   next witness
   19   for the witness
   20   edward r. dudley, jr.
   21   602 grand concourse
   22   bronx, new york    10451
   23       .
   24   Harold Doley
   25   67 North Broadway
☐   47


    1   irvington, ny   10533
    2
    3
    4
    5
    6
    7
    8
    9
   10
   11
   12
   13
   14
   15
   16
                          Page 40
```

Bender, et al., v. Jordan, et al., C.A. No. 1:06cv00092 (RMC)
Exhibit B in Support of Plaintiffs' Memorandum in Reply to Defendants'
Response to The Benders' Application for Preliminary Injunctive Relief

APRIL12

3   had you talked to Mr. Wilmot?
4   A   I am pretty certain I didn't talk to him.
5   Q   How about Batties, that morning?
6   A   I talked to Batties because I gave him the
7   proxies.
8   Q   Well, you gave them some time later after
9   your arrival?
10  A   I don't recall at what point I gave them
11  to him, I think I gave it to him, I gave it to
12  management, yes.
13  Q   By 11:00 o'clock, on the 26th, the time
14  when the meeting was supposed to start you weren't
15  there, can we just agree to that   A?
16  A   I don't know what time the meeting was
17  supposed to start, I don't recall, I knew at that
18  time, at this moment, I have no idea if the meeting
19  started as I told you early are, ten, 1030, 11,
20  nine, 930, when I got there, the meeting had not
21  begun.
22  Q   Prior to your arrival at the May flow
23  werks had you told, that morning on the 26th, had
24  you told anyone how the shares were expected to be
25  voted, that is, the shares owned by clients of Doley

0   213

1   Securities?
2   A   I don't recall telling anyone, how they
3   were supposed to be voted.
4   Q   When miss Jordan and Mr. Will, tried to
5   get to you vote shares for their slate the night
6   before did you respond whether you would or
7   wouldn't?

Page 182

Bender, et al., v. Jordan, et al., C.A. No. 1:06cv00092 (RMC)
Exhibit B in Support of Plaintiffs' Memorandum in Reply to Defendants'
Response to The Benders' Application for Preliminary Injunctive Relief

APRIL12

8    A    No.

9         And I and I think others can testify
10  to that.

11        And that is -- they they invited me
12  to go to lunch so that they could discuss it with
13  me. You know, the vote. And, and that as I recall,
14  that is when it was discussed, at, over lunch.

15    Q    You go to lunch, and at the lunch, did you
16  discuss a a popotential sale of the stock in
17  Independence which were owned by the shareholders
18  of, that were clients of Doley Securities?

19    A    I talked with Wilmot, Carolyn Jordan, R O
20  Y echt R was there, about, about the possibility of
21  the sale at what price, and this was the clients
22  might be interested in entertaining, I had no firm
23  commitment from them, I just thought it was, a
24  reasonable -- reasonable, and, and R O D G I  N
25  Cohen said do not reach an agreement, do not reach a

0    214

1  forward agreement, are cease and desist from all
2  negotiations there will be no agreement, written or
3  verbal.

4    Q    At the lunch, was 18-dollars a share
5  discussed?

6    A    Before rock in Cohen's directive.

7    Q    Was the issue of a down payment discussed?

8    A    There was an issue of putting up earnest
9  money or down payment, I don't know how you, and
10  what is the proper term, that was discussed.

11    Q    What was the amount that was discussed?

Page 183

Bender, et al., v. Jordan, et al., C.A. No. 1:06cv00092 (RMC)
Exhibit B in Support of Plaintiffs' Memorandum in Reply to Defendants'
Response to The Benders' Application for Preliminary Injunctive Relief

APRIL12

12    A    One dollar a share.

13    Q    Which would be about 170, 17 5,000?

14    A    I don't know, I don't know, you know. I

15 don't answer questions like that.

16    Q    Was Mr. Thompson discussed?

17    A    I don't know if he was discussed or not.

18    Q    Were your lawyers in contact with any

19 lawyers for?

20    A    Yes.

21    Q    Listen to the question, were your

22 lawyers in contact with any lawyers for any

23 potential purchaser of the stock owned by clients of

24 Doley Securities?

25    A    I gave the authority to talk to the other

0   215

1 side, and, and it was decided that that was in

2 appropriate.

3    Q    Who were the lawyers for the other side,

4 if you know?

5    A    No idea.

6    Q    Would it have been Mr. Weitzel, if you

7 know?

8    A    No idea.

9    Q    Now, did you also at this lunch meeting,

10 attended by miss Jordan, you, Mr. R O Y E R,

11 Mr. Wilmot discuss how the shares were going to be

12 voatd once the meeting got convened?

13    A    They wanted to purchase the shares, they

14 continued to ask, to support (voted ) to support

15 management, and as I stated that it was decided

16 Delaney decided to vote with management, the other

Page 184

Bender, et al., v. Jordan, et al., C.A. No. 1:06cv00092 (RMC)
Exhibit B in Support of Plaintiffs' Memorandum in Reply to Defendants'
Response to The Benders' Application for Preliminary Injunctive Relief