# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MORTON A. BENDER, et al., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | Civil Action No. 1:06cv00092 |
| CAROLYN D. JORDAN, et al., ) | |
| ) | |
| Defendants. ) | |
| ) | |

## DEFENDANTS' JOINT BENCH BRIEF REGARDING DISCOVERY MATTERS RAISED IN APRIL 12, 2006 TELECONFERENCE

COME NOW, Defendants Carolyn D. Jordan, David Wilmot, Michael J. Cobb, William B. Fitzgerald and Eugene K. Youngentob (the "Defendant Directors") and Defendant Independence Federal Savings Bank ("IFSB" or the "Bank")) and with regard to certain discovery issues raised by Plaintiff in a teleconference held with the Court on April 12, 2006 (and which counsel for all parties participated), state as follows:

1. This matter arises from the Deposition of Robert Royer, which was taken by Plaintiffs on March 28, 2006. Robert Royer is an attorney who has practiced for 30 years. He is a founding partner with Royer and Brooks in the District and he serves as outside counsel for the Bank.

2. During his deposition, Mr. Royer asserted various privileges and Plaintiffs seek to compel testimony as to questions on 19 pages of transcript that Plaintiffs' counsel faxed to the undersigned on Monday, April 10, 2006. The transcript for Mr. Royer's deposition is attached as **Exhibit A.**

3. As counsel for the Director Defendants and the Bank presented to the Court and discussed at the Wednesday conference, the areas where Mr. Royer claimed privilege and refused to answer at his deposition involved three distinct privileges belonging to three different entities: (1) Attorney-Client Privilege involving confidential communications between Mr. Royer and/or IFSB or Attorney Work Product; (2) Communications with OTS personnel, which Mr. Royer had testified involved safety and soundness and otherwise which may constitute confidential supervisory communications under 12 C.F.R. 510.5(e);[1] and (3) Attorney-Client Privilege involving confidential communications between Mr. Royer and Mr. Harold Doley, who is a non-party to this case.

4. For the Court's convenience, the undersigned has attached a detailed chart summarizing and illustrating--for the 19 pages that Plaintiffs' counsel had identified as being at issue--the 10 items (which were the subject of the conference on the deposition); the type of question, the applicable privilege and the related legal issues. See Chart Summarizing Issues, attached hereto as **Exhibit B**.

5. Four of the ten items deal with communications between IFSB and OTS. Many of these communications appear to implicate (or possibly implicate) 12 C.F.R. § 510.5 (e), which prohibits the disclosure of non-published OTS information. See Items Nos. 4, 5, 6 and 10; see also Royer Declaration (*in camera* review only). The Bank previously objected to those questions and disclosure out of an abundance of caution as any such

---

[1] IFSB does not object to the disclosure of the information. However, the Bank and its counsel's concern stems from the existence of the regulation relating to supervisory communications. See e.g., American Savings Bank vs. UBS Painewebber, Inc., 210 F.R.D. 721 (D. Hawaii 2001); In re: Atlantic Financial Federal, 1992 U.S. Dist. LEXIS 2619 (E.D. Pa. 1992) (finding that supervisory correspondence/communication qualifies as "other information under 12 C.F.R. 510.5).

privilege would not belong to it. If there were, however, a finding that either the OTS has implicitly provided its consent in the prior litigation and/or existing litigation AND/OR that the questions do not appear to implicate supervisory communications, then the Bank would have no objection to Mr. Royer responding to those questions.

6. As to Item # 7, prior to the conference, the parties agreed that Mr. Royer could testify regarding his conversation with Ms. Jordan (provided that Plaintiffs did not argue that there was some further waiver) on October 26, 2006.  Tr. at 49.

7. This leaves Item # 1 as the last item in dispute for the Bank.  These questions clearly implicate the attorney work product and attorney-client privileges as reflected in the **Declaration of Robert Royer** (being submitted for *in camera* inspection only).[2]

8. Five of the areas---Nos. 2, 3, 8, 9, 10 on the Chart—relate to communications between Royer and his client, Harold Doley, who is a non-party to this case. **Exhibit B**.

9. Plaintiffs—without pointing to any evidence—have asserted the narrow crime-fraud exception should be applied to strip the attorney-client privilege from the Royer-Doley attorney-client relationship. This exception to the privilege presents two high hurdles for the party seeking to lift the privilege. First, the court must consider whether the client "made or received the otherwise privileged communication with the intent to further an unlawful or fraudulent act," and second, establish that the client actually carried out the crime or fraud." In re: Sealed, 107 F.3d 46, 49-50 (D.C. 1996; see also United States v. Zolin, 491 U.S. 554,563 n. 7 (1989); In re: Sealed, 121 F.3d 729,742-46 (D.C. Cir. 1997). The party moving to compel, must offer "evidence that if believed by the trier of fact

---

[2] The undersigned will forward the Royer Declaration Monday afternoon or Tuesday at the latest.

130502v1

would establish the elements of an <u>ongoing or imminent crime or fraud</u>." 107 F.3d at 50 (emphasis added).

10. If a trial court determines that there is evidence that if believed demonstrates an ongoing fraud or imminent crime, then at that point the court would ask for declarations to be submitted for an *in camera* review to determine whether there is in fact cause for lifting the privilege. At this stage, however, Plaintiffs have not offered a shred of evidence to support any assertion that the crime-fraud exception applies and cannot meet even the first part of the stringent test.[3]

Dated April 17, 2006

SHOOK, HARDY & BACON, L.L.P.

_____/S/_____
Peter E. Strand
Carlos E. Provencio
Christine S. Hudson
Hamilton Square
600 14th Street, NW, Suite 800
Washington, D.C. 20005-2004

Attorneys for Defendants Carolyn Jordan, <u>et al</u>.

Respectfully submitted,

KALBIAN HAGERTY L.L.P.

_____/S/_____
Haig V. Kalbian
Mary M. Baker
888 17th Street, N.W., Suite 1000
The Brawner Building
Washington, D.C. 20006
Phone: (202) 223-5600

Attorneys for Defendant Independence Federal Savings Bank

---

[3] As of filing time on Monday, April 17th, Plaintiffs' counsel has not yet informed Defendants as to what materials they intend to rely per the teleconference. Accordingly, Defendants will file any necessary supplement within 24 hours of receiving those materials.