**MORTON A. BENDER, ET AL. V. CAROLYN D. JORDAN, ET AL.**
Civil Action No. 1:06cv00092

**SUMMARY OF ISSUES RELATING TO ROYER DEPOSITION**

|   | **Pertinent Page of Royer Depo. Tr./summary** | **Who Owns the Privilege?** | **Type of Privilege(s) implicated?** | **Applicability?** |
|---|---|---|---|---|
| # 1 | p. 14, lines 7-10: talking about Gilbert Douglas; counsel asks "Who told you that he had some concerns?" | **IFSB, Royer, Strand** | Counsel did not permit the Witness to finish his response, but this is protected by both the Attorney Client and Attorney Work Product. **See Declaration of Bob Royer (*in camera only*)** | **YES.** No basis for waiver. (Defendants have supplied or will supply Royer Declaration for *in camera* review by the Court). |
| # 2 | p. 20, Asking about when Royer last spoke to his client/Harold Doley (who is a non-party) | Harold Doley/ Non-party | Attorney-Client Privilege | Not Bank's privilege. |
| # 3 | p. 21, Have you spoken to Doley since case was filed? | Harold Doley/Non-party | Attorney-Client Privilege | Not Bank's privilege. |
| # 4 | p. 27, Asking about conversations with director at OTS (Reich); also Bowman, Jack Ryan; Bob Russell who are with OTS | OTS | Possible CFR regulation- Supervisory communications and if so, party first has to go through the procedure in Sect. 510.5(c); <u>American Savings Bank vs. UBS Painewebber, Inc.</u>, 210 F.R.D. 721 (D. Hawaii 2001); <u>In re: Atlantic Financial Federal</u>, 1992 U.S. Dist. LEXIS | There is a procedure that litigants/third parties must go through to gain access to information.  12 CFR § 510.5(c)(1) [Possibly not. Dealing with number of meetings which might not be confidential]. |

130503v1

| | | | | |
|---|---|---|---|---|
| | | | 2619 (E.D. Pa. 1992) (finding that supervisory corresp/communication Qualifies as "other information under 12 CFR 510.5}. **See Declaration of Bob Royer (*in camera only*)** | |
| # 5 | pp. 30-31—dealing with purpose of meetings with Bowman at OTS. What did Bowman say? Royer testified that it went to safety and soundness. P. 31—lines 7-9.<br><br>Bowman—Royer had 1 or 2 meetings with him before Oct. 26, 2005 shareholder meeting | OTS<br><br>There was an OTS director's meeting in the Fall of 2005. Director Reich, Bowman, Russell, Corcoran; rick stern. | This appears to be subject to CFR regulation/Supervisory communications and if so, party first has to go through the procedure in Sect. 510.5(c); American Savings Bank vs. UBS Painewebber, Inc., 210 F.R.D. 721 (D. Hawaii 2001); In re: Atlantic Financial Federal, 1992 U.S. Dist. LEXIS 2619 (E.D. Pa. 1992) (finding that supervisory corresp/communication Qualifies as "other information under 12 CFR 510.5}. **See Declaration of Bob Royer (*in camera only*)** | The meeting prior to the 10/26/05 shareholder meeting is protected by the regulations. There is a procedure that litigants/third parties must go through to gain access to information. **12 CFR 510.5(e)(3)** [NOTE: apart from these pre-Oct. 2005 meetings, there does not seem that there are any safety and soundness issues for Royer's conversations for 10/25 conversations with Mr. Bowman and in the next day or so and the Bank does not object to Royer discussing those Oct. 26th-27th Bowman conversations.] |

130503v1

| # 6 | pp. 33-34—refuses to discuss conversations with Jack Ryan; with Stern at OTS. Had a couple of meetings with Sterns— 2 meetings (p. 34/line 11). P. 35—maybe two or three meetings with Corcoran | OTS (bank cannot disclose unpublished OTS information 12 C.F.R. §510.5(e). | CFR Regulation Supervisory communications American Savings Bank— 210 FRD 721 (D. Hawaii 2001) | |
|---|---|---|---|---|
| # 7 | p. 49—meeting between Royer and Carolyn Jordan on 10/26/05 before the meeting convened {Carolyn Jordan testified about meeting and discussion)—other people walked in like Tom Batties. Page 50—John Hall came in. *Resolved by the Parties. | **IFSB** | Royer Asserted Attorney Work Product but Attorney-Client Privilege also applies. | A/C privilege would apply. Privilege belongs to the Bank. **Note-Counsel has received** permission from Bank to permit Royer to testify about that conversation—provided that Plaintiff does not try to argue additional waiver than what Jordan testified to. |
| #8 | pp. 94-95 (further conversations with Doley about his % ownership-after he had made certain remarks to the press) | Harold Doley/Non-party | Attorney-Client privilege | Not Bank's privilege. |
| #9 | pp. 96-97 asking about whether he authored letters to government for Non-party Doley | Harold Doley/Non-party | Attorney-Client Privileged or Attorney Work Product | Not Bank's privilege. |
| #10 | pp. 103-104 dealing with enquiry | Not clear—could be Doley or possibly OTS | OTS/Supervisory communication OR the Attorney-Client Privilege issue involving Non-Party Harold Doley. | Not clear. Possibly need an affidavit for in camera review |

130503v1