**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **MORTON A. BENDER, et al.,** | ) |
| | ) |
| **Plaintiffs,** | ) |
| | ) |
| v. | ) |
| | )   C.A. No. 1:06cv00092 |
| **CAROLYN D. JORDAN, et al.,** | )   (RMC) |
| | ) |
| **Defendants.** | ) |
| | ) |

**PLAINTIFFS' SUPPLEMENT TO [PROPOSED] ORDER**
**GRANTING PRELIMINARY INJUNCTION**

Plaintiffs Morton A. Bender ("Bender") and Grace M. Bender ("Grace Bender"), by their undersigned counsel, hereby submit a supplemental "Conclusion of Law" to the [Proposed] Order Granting Preliminary Injunction (Docket # 37) filed on May 19, 2006, as follows:

110. The Court finds that the voting of the Participant Shares in favor of the Management Nominees, as a condition of the agreement or understanding for the purchase of those shares by Thompson (or Wilmot), violated the Change in Bank Control Act, 12 U.S.C. § 1817(j), and OTS regulations thereunder.

111. The finding of a violation of the Change in Bank Control Act is based upon the following regulations:

a. 12 CFR § 574.2(a) - "acquire" includes the "power to vote" obtained through various means, including "acting in concert";

b. 12 CFR § 574.2(b) - acting in concert means "(1) knowing participation in a joint activity or interdependent conscious parallel action towards a common goal whether or not pursuant to an express agreement, or (2) a combination or pooling of voting or other interests in the securities

of an issuer for a common purpose pursuant to any contract, understanding, relationship, agreement or other arrangement, whether written or otherwise";

c. 12 CFR § 574.3(b) - no person shall acquire control without providing prior notice to the OTS, and either the OTS indicates its intention not to disapprove the transaction, or 60 days elapses;

d. 12 CFR § 574.4 (b)(i) and (c) - rebuttable control by person who, whether directly or indirectly, or acting in concert, acquires more than 10% of stock and the acquiror would be one of the two largest holders of any class of voting stock;[1]

e. 12 CFR § 574.4 (d)(i) - rebuttable presumption of concerted action where both persons own stock in savings association, and also are partners of another company (*i.e.,* Thompson and Cobb).

Respectfully submitted,

COOTER, MANGOLD, TOMPERT
 & KARAS, L.L.P.


          /s/
Dale A. Cooter, Bar #227454
Donna S. Mangold, Bar #358851
5301 Wisconsin Avenue, N.W.
Suite 500
Washington, D.C.  20015
(202)537-0700
efiling@cootermangold.com
*Attorneys for Plaintiffs*
*Morton A. Bender and Grace M. Bender*

---

[1] Here, even without regard to the shares owned by any of the Individual Defendants, the Participant Shares and Thompson shares collectively represent approximately 17% of the IFSB shares. See Trial Exh. 2 (page 20) and Trial Exh. 81. Only Bender owns more shares.

2

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 23rd day of May 2006, a copy of the foregoing **PLAINTIFFS' SUPPLEMENT TO [PROPOSED] ORDER GRANTING PRELIMINARY INJUNCTION** was served electronically on:

>Haig V. Kalbian, Esq.
>Brawner Building
>888 17th Street NW
>Suite 1000
>Washington DC 20006
>hkalbian@kalbianhagerty.com
>
>Peter Strand, Esq.
>Shook, Hardy & Bacon, L.L.P.
>Hamilton Square
>600 14th Street, N.W.
>Suite 800
>Washington, D.C. 20005-2004
>pstrand@shb.com

>/s/
>Dale A. Cooter