**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| MORTON A. BENDER, et al. ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Civil Action No. 1:06cv00092 |
| ) | |
| CAROLYN D. JORDAN, et al. ) | |
| ) | |
| Defendant. ) | |
| ) | |

**DEFENDANTS' RESPONSE TO PLAINTIFFS' NOTIFICATION TO THE COURT**
**REGARDING THE OTS' CLEARANCE OF IFSB PROXY MATERIALS**

Defendants respond to Plaintiffs' Notification to the Court Regarding OTS' Clearance of

IFSB Proxy Materials ("Notification") as follows:

1.      Plaintiffs assertion that the "Office of Thrift Supervision has 'cleared' the Bank's

Proxy Statement for the upcoming meeting [of shareholders]" is incorrect.  As of this date, the

OTS has not given final "clearance" to the draft proxy materials submitted by the bank.[1]

2.      Plaintiffs infer that they received no prior notification of the revised proxy

statement and did not have an opportunity to comment on the revised proxy statement prior to

"clearance" by the OTS.  The individual defendants and the bank have no personal knowledge of

the extent to which prior draft proxy materials have been provided to counsel for plaintiffs.  As

the record in this case reflects, in the past, the OTS has provided drafts of Bank Proxy

---

[1] Defendants regret the need to involve the Court in this matter.  In fact, counsel for the individual defendants submitted the letter attached as Exhibit A to counsel for plaintiffs following receipt of the Notification.  In that letter, counsel for Plaintiffs was asked to withdraw the Notification and correct the error.  To date, however, counsel for Plaintiffs has not responded to the letter.

131335v3

Statements to counsel for plaintiffs for comments. (May 4, 2006 Hearing Transcript, ct 24:11-25:8; 27:13-29:10 (Freedman)). If prior practice was followed, it is entirely possible that prior drafts of the Bank's Proxy Statement were supplied to counsel for plaintiffs. In any event, plaintiffs' concerns regarding the OTS action properly should be addressed to the OTS, not to this Court.

3.     Plaintiffs are correct in their observation that the proxy materials will not be mailed prior to June 21, 2006. Therefore, the claim that the materials could "conceivably be mailed to shareholders any day" is incorrect.

4.     To the extent that prior drafts of the proxy statement were supplied to counsel for plaintiffs by the OTS, the various alleged "misstatements and omissions" in those materials have already been reviewed by the OTS. Again, to the extent that plaintiffs have concerns regarding actions undertaken by the OTS, those issues are more properly addressed to the OTS in the first instance and not this Court.

5.     With regard to the statement that, "the management proxy will be voted *and allocated* prior to the close of the polls at the July meeting," today counsel for the bank forwarded the letter attached as Exhibit B to the OTS objecting to attempts by the OTS to require management proxies to be voted and allocated prior to the close of the polls. In brief, that letter states the following:

a.     It is unclear whether allocating votes after the polls have closed constitutes a revocation or change to the votes in a manner prohibited by the 15 states that have enacted statutes relating to such changes.

b.      The issue of allocating votes after the polls have closed has only been addressed through case law, but there is no case law directly on point in the District of Columbia.

c.      Nothing in the Bank's charter or bylaws, in federal law, or in the law of the District of Columbia prohibits the allocation of cumulative votes after the polls have closed, but before the final result of the voting is announced.

d.      The broad authority (quasi-judicial and discretionary) granted to the inspector of elections in the Bank's bylaws may be interpreted as granting the inspector of elections the authority to obtain "other reliable information" on how to allocate votes after the polls have closed in accordance with the shareholders' wishes.

e.      In addition, given the quasi-judicial and discretionary powers granted the inspector, the authority to allocate votes may be viewed as part of the inspector's duties in tabulating votes or determining the affect of the proxies.

f.      Allowing votes to be allocated after the polls have closed, but before the final results of the voting is announced, is not only permissible but, to disallow an allocation will deprive shareholders of an important property right.

g.      Requiring the bank to disclose in its proxy statement the order of priority of management's nominees in allocating the accumulative vote has been held to be disadvantageous to all concerned.  As demonstrated by *Washington State Labor Council v. Federated American Insurance Co.*, 474 P.2d 98 (Wash. 1970), the case most-directly on-point and often cited, management's strategy for allocating votes is not among "material matters" that must be disclosed in a proxy statement.

131335v3

**CONCLUSION**

In light of the foregoing, Defendants respectfully suggest that the Notification to the

Court submitted by Plaintiffs on June 2, 2006 is  inaccurate and should be stricken from the

record and disregarded.


Respectfully Submitted


SHOOK HARDY & BACON LLP


_____/s/_____
Peter E. Strand
Carlos E. Provencio
Christie Hudson
Hamilton Square
600 14th St. NW
Suite 800
Washington, DC 20005-2004
Phone: 202-783-8400
Fax: 202-783-4211

Attorney for Defendants

131335v3

- 5 -

## CERTIFICATE OF SERVICE

I hereby certify that on the 7th day of June, 2006, a true and complete copy of the forgoing **Defendants' Response to Plaintiffs' Notification to Court Regarding the OTS' Clearance of IFSB Proxy Materials** was sent electronically to the following:

> Dale A. Cooter, Esq.
> Cooter, Mangold, Tompert and Wayson, L.L.P.
> 5301 Wisconsin Ave, NW
> Suite 500
> Washington, D.C.  20015
> T: (202)537-0700
> F: (202)364-3664
> *Attorneys for Plaintiffs*

> Haig V. Kalbian
> Mary Baker
> 888 17th Street, N.W., Suite 1000
> The Brawner Building
> Washington, D.C. 20006
> *Attorney For Defendant Independence Federal Savings Bank*

_____/s/_____
Peter E. Strand

- 5 -

131335v3