UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **MORTON A. BENDER, et al.,** ) | |
| ) | |
| **Plaintiffs,** ) | |
| ) | |
| v. ) | C.A. No. 1:06cv00092 |
| ) | |
| **CAROLYN D. JORDAN, et al.,** ) | |
| ) | |
| **Defendants.** ) | |
| _____) | |

**DEFENDANT INDEPENDENCE FEDERAL SAVINGS BANK'S FILING
PURSUANT TO DIRECTION OF THE OFFICE OF THRIFT SUPERVISION**

At the express direction of the OTS, subject to objection and while reserving all rights, Defendant Independence Federal Savings Bank hereby submits a letter dated June 16, 2006 from Frances C. Augello, Senior Attorney, Business Transactions Division, Office of Thrift Supervision to the Bank. (the "June 16 OTS Letter") (Exhibit A). The Bank states as follows:

1. At the request of the OTS, by letter dated June 7, 2006, regulatory counsel for Independence Federal Savings Bank (the "Bank") forwarded a memorandum dated June 6, 2006 to the Office of Thrift Supervision (the "Submission"). The Submission was a legal opinion that the allocation of cumulative votes after the closing of the polls is proper.

2. A copy of the Submission to the OTS, which was previously filed with this Court as Exhibit B to Defendants' Response to Plaintiffs' Notification to the Court Regarding the OTS' Clearance of IFSB Proxy Materials (Docket Document No. 42), is attached hereto as Exhibit B. Defendants' response was to Plaintiffs' representation to the Court that the draft proxy materials submitted by the Bank to the OTS had received final "clearance."

3. The June 16 OTS Letter (Ex. A) was sent, in part, in response to the June 6, 2006 Submission. The OTS Letter contains the following directive, "Because the association provided the United States District Court for the District of Columbia (Court) in the matter of <u>Morton A. Bender, et al., v. Carolyn D. Jordan, et al.,</u> with the Submission and it is on the public record in the proceeding, please ensure the Court and parties to that proceeding receive copies of this letter within two business days of your receipt of this letter." (Ex. A, p. 3) (hereinafter, this statement will be called the "OTS Directive").

4. The Bank received the OTS Letter on Friday, June 16, 2006. This letter is being filed with the court on Tuesday, June 20, 2006 pursuant to, and in compliance with, the OTS Directive. In addition, in compliance with the OTS Directive, the June 16 OTS Letter and this filing are being served on counsel for all parties to this proceeding as evidenced by the Certificate of Service attached hereto.

5. The Bank does not believe that the requirements of the OTS Directive to file the June 16 OTS Letter with the Court is appropriate because the OTS is not a party to this action, has not sought to intervene in this action, and therefore has no standing in this matter. Nonetheless, the OTS has directed the Bank to make this filing and the Bank is complying, subject to the foregoing objection and while reserving all rights.

6. The Bank does not question, and has no objection to, the proper exercise by the OTS of its authority to establish the legal requirements for the conduct of voting for federal stock savings associations and banks. However, the Bank objects to conclusions reached and statements made by the OTS in the June 16 OTS Letter to the extent they pertain to any past conduct by the Bank. Specifically, the letter subsists, in part, of the OTS' response to the June 6

Submission.  In particular, the OTS concludes that, "In our view, voting after the polls are closed is generally prohibited."  (Ex. A)  In reaching this conclusion, the OTS incorrectly conflates and equates the allocation of cumulative votes with voting.  There is no case law or regulatory authority for such a conclusion.  Moreover, long established pattern and practice is directly to the contrary.  Thus, the Bank disagrees with and objects to this conclusion and all other conclusions reached by the OTS in the June 16 OTS Letter regarding the allocation of cumulative votes and the law relating thereto, and reserves all rights with regard to its objections to, and disagreements with, the conclusions reached by the OTS in the June 16 OTS Letter.

        Respectfully submitted,

        KALBIAN HAGERTY L.L.P.

        /s/ Haig V. Kalbian

        _____
        Haig V. Kalbian (D.C. Bar #400976)
        Mary Baker (D.C. Bar #443104)
        888 17th Street, N.W.
        Suite 1000
        Washington, D.C. 20006
        Phone:  202-223-5600
        Fax:  202-223-6625

        Attorney for Defendant Independence
        Federal Savings Bank

**CERTIFICATE OF SERVICE**

I hereby certify that on the 20th day of June 2006, a true and complete copy of the forgoing **DEFENDANT INDEPENDENCE FEDERAL SAVINGS BANK'S FILING PURSUANT TO REQUEST OF THE OFFICE OF THRIFT SUPERVISION** was sent electronically to the following:

Dale A. Cooter, Esquire
Cooter, Mangold, Tompert and Wayson, L.L.P.
5301 Wisconsin Avenue, N.W.
Suite 500
Washington, D.C. 20015
T: (202) 537-0700
F: (202) 364-3665
*Attorney for Plaintiffs*

Peter E. Strand, Esquire
Shook, Hardy & Bacon L.L.P.
600 14th Street, N.W.
Suite 800
Washington, D.C. 20005
*Attorney for Individual Defendants*
T: (202) 783-8400
F: (202) 783-4211

/s/ Haig V. Kalbian
_____
Haig V. Kalbian