UNITED STATES OF AMERICA
Before The
OFFICE OF THRIFT SUPERVISION

|  |  |  |
|---|---|---|
| In the Matter of | ) | Order No.:  ATL-2006-14 |
| | ) | |
| Independence Federal Savings Bank, FSB | ) | Date:  June 23, 2006 |
| Washington, D.C. | ) | |
| | ) | |
| OTS Docket No.: 07173 | ) | |
| | ) | |

### STIPULATION AND CONSENT TO THE ISSUANCE OF AN
### ORDER TO CEASE AND DESIST FOR AFFIRMATIVE RELIEF

**WHEREAS,** the Office of Thrift Supervision (OTS), based upon information derived

from the exercise of its regulatory responsibilities, is of the opinion that grounds exist to initiate

an administrative cease and desist proceeding for affirmative relief against Independence Federal

Savings Bank, FSB, Washington, D.C. OTS Docket No. 07173 (Independence or Bank) pursuant

to Section 8(b) of the Federal Deposit Insurance Act (FDIA), 12 U.S.C. § 1818(b),[1] and

**WHEREAS,** Independence desires to cooperate with the OTS and to avoid the time and

expense of such administrative proceeding, and

**WHEREAS,** Independence enters into this Stipulation and Consent to the Issuance of an

Order to Cease and Desist for Affirmative Relief (Stipulation) (i) without any adjudication on the

merits, (ii) without admitting or denying that grounds exist to initiate an administrative cease and

desist proceeding, (iii) without admitting or denying the Findings of Fact, except as to

Jurisdiction (Paragraph 1 below), which jurisdiction is admitted, and (iv) solely for the purpose

---

[1] All references to the United States Code (U.S.C.) are as amended, unless otherwise indicated.

of settling this matter in accordance with Rule 408 of the Federal Rules of Evidence and equivalent state provisions.

**NOW, THEREFORE,** on these premises, Independence hereby stipulates and agrees as follows:

1.    **Jurisdiction.**

a.    Independence is a "savings association" within the meaning of Section 3(b) of the FDIA, 12 U.S.C. § 1813(b), and Section 2(4) of the Home Owners' Loan Act (HOLA), 12 U.S.C. § 1462(4). Accordingly, Independence is an "insured depository institution" as that term is defined in Section 3(c) of the FDIA, 12 U.S.C. § 1813(c).

b.    Pursuant to Section 3(q) of the FDIA, 12 U.S.C. § 1813(q), the Director of the OTS is the "appropriate Federal banking agency" with jurisdiction to maintain an administrative cease and desist proceeding against such a savings association. Therefore, the Bank is subject to the jurisdiction of the OTS to initiate and maintain a cease and desist proceeding against it pursuant to Section 8(b) of the FDIA, 12 U.S.C. § 1818(b). The Director of the OTS has delegated to the Regional Director of the Southeast Region of the OTS or his/her designee (Regional Director) the authority to issue cease and desist orders where the savings association has consented to the issuance of the orders.

2.    **OTS Findings of Fact.**

The OTS finds that:

a.    Independence has violated various laws and regulations to which the Bank is subject, as outlined in detail in the OTS's February 13, 2006 Report of Examination of Independence (2006 Examination). Such violations include, but are not limited to, violations of the Currency and Foreign Transactions Reporting Act, as amended by the

USA Patriot Act and other laws (the Bank Secrecy Act or BSA);[2] the related BSA

regulations issued by the U. S. Department of the Treasury, 31 C.F.R. Part 103, and the

OTS, 12 C.F.R. § 563.177; and the OTS regulations governing suspicious activity reports

(SAR) and other reports and statements set forth in 12 C.F.R. § 563.180.

b.      Independence has engaged in unsafe and unsound practices including, but not

limited to: (i) failing to maintain an effective consumer compliance strategy and program

that provides for adequate and appropriate system controls, real-time monitoring, periodic

self-assessment, organizational accountability, responsiveness to needed improvements,

and effective training; (ii) failing to conduct appropriate customer reviews and account

oversight to monitor accounts and transactions for potentially unlawful activity, including

but not limited to money laundering, and to ensure the Bank's compliance with Office of

Foreign Assets Control regulations; (iii) failing to implement all appropriate corrective

action addressing prior examination criticisms; (iv) failing to reduce the Bank's high

operating costs and reverse the Bank's ongoing operational losses and declines in capital;

(v) failing to implement a business plan that would achieve profitable operations for the

Bank; (vi) failing to comply with the terms and provisions of Board adopted resolutions

concerning the Bank's interest rate risk exposure; (vii) failing to maintain a fully

effective internal audit and control program with appropriate and effective reporting to,

and review and oversight by, the Board, which has resulted in the Board's failure to

timely and effectively adopt and implement appropriate corrective actions and ensure

prompt Board confirmation of Management's implementation of, and the Bank's

compliance with, such appropriate corrective actions to address the weaknesses in the

Bank's operations; and (viii) failing to adequately review third party contracts and control

---

[2] 31 U.S.C. § 5311 et seq.

expenses related to services provided by third party professionals, including expenses for duplicative work.

c.    Board and Management oversight of the Bank's activities and operations is substantially inadequate, ineffective and has failed to ensure that the Bank is operated in a safe and sound manner. Independence has continued to incur significant operating losses resulting from diminished earnings and high operating expenses. The OTS has noted deterioration in almost all areas of the Bank's activities and operations. The OTS has determined that Management and the Board have failed to implement a business plan appropriate for the Bank's size, complexity and business operations, designed to produce adequate earnings, maintain appropriate and effective expense controls, and provide for appropriate Board measurement and review of the Bank's performance, including the adoption of appropriate corrective action to address material changes in performance.

d.    Management and the Board also have failed to ensure that the Bank has qualified Management, adequate and appropriate personnel levels, appropriate staff organization, and training. These deficiencies include the failure to fill key Management positions in a timely manner with qualified personnel, failure to retain qualified Management in those key positions, and failure to maintain the necessary depth of expertise in critical operational areas. The Bank has experienced significant staff departures at all levels and personnel turnover at key officer positions including, but not limited to, accounting and financial oversight, lending, consumer compliance and BSA compliance. Management and the Board have failed to ensure that the Bank's staff and personnel needs are fully satisfied. Management and the Board also have failed to develop and maintain compliance with an effective staff training plan to mandate that new staff is adequately

and appropriately trained to ensure the Bank's compliance with applicable laws and regulations and safe and sound operations.

**3.    Consent.**

Independence consents to the issuance by the OTS of the accompanying Consent Order to Cease and Desist for Affirmative Relief (C&D Order). The Bank further agrees to comply with the terms of the C&D Order upon issuance and stipulates that the C&D Order complies with all requirements of law.

**4.    Finality.**

The C&D Order is issued under 12 U.S.C. §§ 1818(b). Upon its issuance by the Regional Director, it shall be a final order, effective and fully enforceable by the OTS under the provisions of Section 8(i) of the FDIA, 12 U.S.C. § 1818(i).

**5.    Waivers.**

Independence waives the following:

a.    the right to be served with any written notice of the OTS's charges against it as provided by 12 U.S.C. § 1818(b);

b.    the right to an administrative hearing of the OTS's charges against it as provided by 12 U.S.C. § 1818(b);

c.    the right to seek judicial review of the C&D Order including, without limitation, any such right provided by 12 U.S.C. §§ 1818(h) and (i), or otherwise to challenge the validity of the C&D Order;

d.    any and all claims against the OTS, including its employees and agents, and any other governmental entity for the award of fees, costs, or expenses related to this OTS enforcement matter and/or the C&D Order, whether arising under common law, the

Equal Access to Justice Act, 5 U.S.C. § 504, or 28 U.S.C. § 2412; and

e.    the right to assert this proceeding, its consent to issuance of the C&D Order, and/or the issuance of the C&D Order, as the basis for a claim of double jeopardy in any pending or future proceeding brought by the United States Department of Justice or any other governmental entity.

6.    **Other Governmental Actions Not Affected.**

a.    Upon the OTS's issuance of the accompanying C&D Order, following the OTS's acceptance of this Stipulation executed by Independence, OTS does release and discharge Independence from all potential claims and charges that have been or might have been asserted by the OTS, based on the alleged violations described in the Findings of Fact set forth in Paragraph 2 of this Stipulation, to the extent known to the OTS as of the effective date of the accompanying C&D Order.  However, the violations alleged above in Paragraph 2 of this Stipulation may be utilized by the OTS in future enforcement actions to establish a pattern or practice of violations or the continuation of a pattern or practice of violations.  This release shall not preclude or affect any right of the OTS to determine and ensure compliance with the terms and provisions of this Stipulation and the accompanying C&D Order.

b.    Independence acknowledges and agrees that its consent to the issuance of the accompanying C&D Order is solely for the purpose of resolving certain potential OTS administrative enforcement charges as provided by Paragraph 6(a) above, and does not otherwise release, discharge, compromise, settle, dismiss, resolve, or in any way affect any actions, charges against, liability, or other administrative, civil, or criminal proceeding that arise pursuant to this action or otherwise, and that may be or have been

brought by another governmental entity.

**7.    Agreement for Continuing Cooperation.**

Independence agrees that, on reasonable notice and without service of a subpoena, it will promptly respond to any written request from the OTS for documents that the OTS reasonably requests to demonstrate compliance with the C&D Order. Independence agrees to cooperate with the OTS or any other federal agency in any review requested by the OTS or any other federal government agency, or in any investigation, litigation, or other proceeding relating to the Bank, its holding company, subsidiaries, service corporations, or institution-affiliated parties.

**8.    Miscellaneous.**

a.    The construction and validity of this Stipulation and the C&D Order shall be governed by the laws of the United States of America.

b.    If any provision of this Stipulation and the C&D Order is ruled to be invalid, illegal, or unenforceable by the decision of any Court of competent jurisdiction, the validity, legality, and enforceability of the remaining provisions hereof shall not in any way be affected or impaired thereby, unless the Regional Director in his or her sole discretion determines otherwise.

c.    All references to the OTS in this Stipulation and the C&D Order shall also mean any of the OTS's predecessors, successors, and assigns.

d.    The section and paragraph headings in this Stipulation and the C&D Order are for convenience only, and such headings shall not affect the interpretation of this Stipulation or the C&D Order.

e.    The terms of this Stipulation and the C&D Order represent the final agreement of the parties with respect to the subject matters hereof and constitute the sole agreement of

the parties with respect to such subject matters.

f.    This Stipulation and the C&D Order shall remain in effect until terminated, modified, or suspended in writing by the OTS, acting through its Director, Deputy Director, Regional Director, or other authorized representative.

9.    **Signature of Directors.**

Each Director signing this Stipulation attests that he/she voted in favor of a resolution authorizing the execution of the Stipulation.

**WHEREFORE**, Independence, by a majority of its directors, executes this Stipulation

[This Space Intentionally Left Blank]

and Consent to the Issuance of an Order to Cease and Desist for Affirmative Relief intending to

be legally bound hereby.

**INDEPENDENCE FSB**
**Washington, D.C.**
Accepted by a majority of its directors:

By: _____

Carolyn D. Jordan
Chairman of the Board

_____

David W. Wilmot
Vice Chairman of the Board

_____

Michael J. Cobb, Director

_____

Nelson Deckelbaum, Director

_____

William B. FitzGerald, IV,
Director

_____

Elliot S. Hall, Director

_____

Robert B. Isard, Director

_____

John S. Wilson, Jr., Director

_____

Eugene K. Youngentob, Director

**OFFICE OF THRIFT SUPERVISION**

_____

John E. Ryan
Regional Director

Dated: ___6/23/06___