N THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MORTON A. BENDER, et al. )<br>  )<br>Plaintiff, )<br>  )<br>vs. )<br>  )<br>CAROLYN D. JORDAN, et al. )<br>  )<br>Defendant. )<br>  ) | Civil Action No. 1:06cv00092 |

**CERTAIN INDIVIDUAL DEFENDANTS' RESPONSE TO PLAINTIFFS' MOTION
FOR LEAVE TO FILE FIRST AMENDED COMPLAINT**

Individual Defendants Carolyn D. Jordan, David Wilmot, Michael J. Cobb, Eugene Youngentob, and Thomas Batties[1] respond to Plaintiff's Motion For Leave To File First Amended Complaint as follows.  The Individual Defendants do not object to the proposed amendment so long as the claims "omitted," "eliminated," and/or "deleted" (the "Omitted Claims") from the Original Complaint are dismissed with prejudice.  Otherwise, the motion should be denied and this case should proceed to trial before a jury.

The Individual Defendants set forth the following reasons for their response:

1. Plaintiffs' proposed bifurcation of claims runs counter to the doctrines of *res judicata* and collateral estoppel..

2. In effect, Plaintiffs seek either to deprive the Individual Defendants of their Seventh Amendment right to a trial by jury, or to deny them the benefits *res judicata* or collateral estoppel.

---

[1]   Defendant William Fitzgerald, IV, does not join in this response.  Hereinafter, the above five defendants will be collectively referred to as the "Individual Defendants."

- 1 -

133203v1

- 2 -

## Background

On January 18, 2006 Plaintiffs filed their Verified Complaint commencing this action (the "Original Complaint"). In the Original Complaint, Plaintiffs sought a variety of injunctive relief and damages under six counts arising out of a series of events occurring from the Spring through Fall, 2005 as follows: Count I (Section 13 (d) -- injunctive relief); Count II (Section 14 (a) damages and injunctive relief); Count III (By Laws and Roberts Rule -- injunctive relief); Count IV (Fiduciary Duties -- damages); Count V (Defamation -- damages); and Count VI (Bank Indemnification -- injunctive relief). Plaintiffs also sought a trial by jury. (Original Complaint, p. 1) (Doc. No. 1).

Plaintiffs now seek to amend and "omit," "delete" or "eliminate" all claims for damages (The "Omitted Claims") from the Original Complaint expressly to avoid trial to a jury.[2] Plaintiffs admit that, "[t]he First Amended Complaint also deletes the claim for defamation (Count V of the original Complaint), eliminates Plaintiffs' claims for damages, and eliminates the original jury demand. Without claims for damages, the case may now proceed to a final adjudication on the merits by the Court." (Plaintiffs' Memorandum of Points and Authorities in Support of Motion for Leave to File First Amended Complaint, p.2) (Doc. No. 54).

## Argument

The general rules relating to the doctrine of *res judicata* are well known:

> The doctrine of res judicata is so familiar that it is unnecessary here to rehearse more than its bare outlines. In brief, the doctrine is designed to conserve judicial resources, avoid inconsistent results, engender respect for judgments of predictable and certain effect, and to prevent serial forum-shopping and piecemeal

---

[2] Plaintiffs do not seek dismissal of Count V or of any of their claims for damages pursuant to Rule 41, Fed. R. Civ. P. Rather, there merely seek to omit or delete those claims.

> litigation. Under the doctrine, the parties to a suit and their privies are bound by a final judgment and may not relitigate any ground for relief which they already have had an opportunity to litigate even if they chose not to exploit that opportunity whether the initial judgment was erroneous or not.

*Hardison v. Alexander*, 655 F.2d 1281, 1288 (D.C. Cir. 1981)

In another case, the D.C. Circuit observed:

> Both the judiciary and the parties in proceedings before the courts have a strong interest in the orderly process of litigation and in the finality of judgments. The doctrine of *res judicata* encourages a plaintiff to mount in a single action its claims against the party which it has haled into court. In our system, it is the province of the courts, not a single party acting unilaterally, to determine whether issues present in a case might better be separated out for later trial. *See* Fed.R.Civ.P. 42(b). A party who makes a unilateral, unauthorized determination not to go forward on issues that were properly in the case does so at its own peril.

*U.S. Industries, Inc. v. Blake Construction Co., Inc.*, 765 F.2d 195, 209-10 (D.C. Cir. 1985).

Plaintiffs' motion ignores the requirements of the doctrine of *res judicata*. The pending motion would likely waste judicial resources, lead to potentially inconsistent and unpredictable results, and continue a campaign of serial and piecemeal litigation.

The doctrine of *res judicata* bars the litigation of claims arising from a single transaction when such claims were previously litigated or could have been litigated. *Lewandowski v. Property Clerk*, 209 F. Supp.2d 19, 21 (D.C. Cir. 2002) ("*Res judicata* bars a claim when there has been a final judgment on the merits in a prior suit involving the same parties and the same cause of action"). "The doctrine of *res judicata* applies to all the parties' rights regarding matters that could have been litigated as well as those matters that were actually litigated."[3] *Id* at 22 (*citing I.A.M. Nat'l Pension Fund v. Indus. Gera Mfg. Co.*, 723 F.2d 944, 946-47).

---

[3] While Fed. R. Civ. P. 19 affords a plaintiff broad leeway in pleading its case, that leeway is not unfettered.

"For purposes of determining whether two cases involve the same causes of action, the D.C. Circuit has adopted the 'pragmatic, transactional' approach found in the restatement (Second) of judgments § 23(2) (1982)." *Lewandowski,* 209 F. Supp.2d at 22-23. (*citing U.S. Industries v. Blake Construction Co.*, 765 F.2d 195, 205 (D.C. Cir. 1985). Under that test, the court considers, "whether the facts are related in time, space, origin, or motivation, whether they form a convenient trial unit, and whether their treatment as a unit conforms to the parties' expectations or business understanding or usage." *Id.* at 23 The D.C. Circuit has observed that, "[t]he *Restatement* approach reflects a trend 'in the direction of requiring that a plaintiff present in one suit all the claims for relief that he may have arising out of the same transaction or occurrence.'" *U.S. Indus.*, 765 F.2d 195 at 205. (*citation omitted*) The *U.S. Indus.'s* Court even characterized this as "the rule against splitting a cause of action." *Id.* at n. 21. As a consequence, "once a transaction has caused injury, all claims arising from that transaction must be brought in one suit or be lost." *Lewandowski*, 209 F. Supp. 2d at 23.

All of the Omitted Claims arose from the same transactions that underlie the equitable claims which remain in the proposed First Amended Complaint. The manner in which Plaintiffs chose to plead their Original Complaint, Plaintiffs' own court filings, and the Court's Memorandum Opinion evidence that the Omitted Claims are part of the same transaction as the equitable claims on which the Plaintiffs now propose to proceed to trial.

In their Original Complaint, Plaintiffs paint a picture of a series of interrelated events extending from the Spring of 2005 up to and including the Annual Meeting of Shareholders of the Bank in the fall of that year and involving one or more of the Individual Defendants. (Verified Complaint, ¶¶ 12 – 39) (Doc. No. 1). In their Request for Relief, Plaintiffs made no distinction between any of the counts and the injunctive relief and damages which they sought.

(Verified Complaint, pp. 38-39) (Doc No. 1). As Plaintiffs apparently recognized when they filed their Original Complaint, piecemealing these claims makes no sense.

In Their Memorandum of Points and Authorities in Support of the Bender's Application of Preliminary Injunctive Relief, Plaintiffs assert:

> This current litigation arises from the Defendants' conduct in connection with the shareholders' meeting that was finally held October 26, 2005. The events leading up to that meeting, the meeting itself, and the manner in which the votes were counted after the meeting, were fraught with procedural irregularities.
>
> *Id.* at 3 (Doc. No. 3).

Similarly, in their Memorandum of Points and Authorities in Opposition to Defendant Directors and Thomas Batties' Motion to Dismiss Counts I-IV of the Complaint, Plaintiffs asserted:

> Plaintiffs have alleged with [sic] that Defendants' wrongful conduct was aimed in particular at Plaintiff Morton Bender to prevent him, *inter alia*, from having Bender Nominees elected, . . . Plaintiffs claim for breach of fiduciary duty is not limited to the language of Paragraph 76 [of the Original Complaint]. The factual underpinnings of Plaintiffs' claims are fully set out in the twelve pages of detailed Factual Background in the Complaint, and in the fifteen pages of allegations in the first three Counts, all of which are incorporated by reference in Count IV through Paragraph 70.
>
> *Id.* at 18-19. (Doc. No. 26).

The Court apparently agreed with Plaintiffs' perception that the acts complained of were all interrelated when it concluded:

> The gravamen of Plaintiffs' Complaint [the Original Complaint] is that Defendants conspired, in violation of the Exchange Act and their bylaws, to rig the election by secretly solidifying their voting power, spreading misinformation to outside shareholders, and tallying the votes improperly – all in an effort to prevent one particular shareholder, Mr. Bender, from participating in matters of corporate governance. . . . Although, in a sense, all shareholders would certainly

- 5 -

133203v1

>benefit from a fair and orderly voting process, it remains that, according to their allegations, Mr. Bender was specifically targeted and disenfranchised by Defendants.

July 21, 2006, at p. 46 Memorandum Opinion (Doc. No. 50).

Given their interrelated nature, Plaintiffs' claims can and should all be tried as a part of one trial unless Plaintiffs are prepared to dismiss their damages claims with prejudice.

It is clear that the Seventh Amendment preserves the right to trial by jury in suits at common law. *Lytle v. Household Manufacturing, Inc.*, 495 U.S. 545, 550 (1990). If the trial proceeds on the equitable claims set out in the First Amended Complaint, the Individual Defendants will not loose their right to a trial by jury of legal issues "omitted" from the Original Complaint should Plaintiffs seek to pursue those claims later. *Beacon Theater, Inc. v. Westover*, 359 U.S. 500, 510-511 (1959) ("only under the most imperative circumstances, circumstances which in view of the flexible procedures of the Federal Rules we can not now anticipate, can the right to a jury trial of legal issues be lost through prior determination of equitable claims.") (footnote omitted) *Lytle*, 495 U.S. at 550.

Thus, if Plaintiffs intend to later pursue claims for damages allegedly arising from the same transactions that underlie their First Amended Complaint, the pending motion should be denied and the case should proceed to trial before a jury.

Allowing Plaintiffs to put their claims for damages into some sort of "Omitted Claims" limbo is contrary to the law. "It would anamalous to hold that a district court may not deprive a litigant of his right to a jury trial by resolving inequitable claim before a jury hears a legal claim raising common issues, but that a Court may accomplish the same result by erroneously dismissing the legal claim." *Lytle*, 495 U.S. at 552.

In *Lytle,* petitioner Lytle brought claims under Title VI of the Civil Rights Act of 1964 and 42 U.S.C. § 1981 and requested a jury trial. *Id.* at 548. The District Court dismissed the § 1981 claims and conducted a bench trial on the Title VII claims. *Id.* At the close of Lytle's case in chief, the District Court dismissed the remaining claim pursuant to Rule 41(b), Fed. R. Civ. P. *Id.* at 549. On appeal, the D.C. Circuit affirmed, but noted that the dismissal of the § 1981 claims was "apparently erroneous." *Id.* The Circuit Court nonetheless barred Lytle from litigating the erroneously dismissed § 1981 issues because the elements of the two causes of action were identical, and citing the collateral estoppel effect of the District Court's findings. *Id.* The Supreme Court reversed, holding that only the erroneous dismissal of the § 1981 claim allowed the District Court to resolve issues that otherwise should have been tired to a jury. *Id.* at 551 – 52. The Court specifically found that any other result was unfair because Lytle was *required* to join his legal and equitable claims to avoid the bar of res judicata. *Id.* at 552. The Court also observed that the ruling was consistent with other cases involving a wrongful denial of a right to a jury trial on legal issues – finding that in each instance they reversed and remanded the case in its entirety for a trial before a jury. *Id.* at 552-53.

Thus, the *Lytle* Court held that, "[w]e decline to extend *Parklane Hoisery Co.* [v. *Shore*, 439 U.S. 322 (1979)] and to accord collateral-estoppel effect to a district court's determination of issues common to equitable and legal claims where the court resolved the equitable claims first solely because it erroneously dismissed the legal claims. To hold otherwise would seriously undermine plaintiff's a right to a jury trial under the Seventh Amendment." *Id.* at 555.

*Parklane* involved the offensive use of collateral estoppel. The *Parklane* Court held that, "[t]he application of offensive collateral estoppel **\*332** will not here reward a private plaintiff who could have joined in the previous action, since the respondent probably could not have

joined in the injunctive action brought by the SEC even had he so desired." *Parklane Hoisery Co.*, 439 U.S. at 331-32. Here, unlike *Parklane,* Plaintiffs seek to dismiss claims which they brought.

If the case proceeds to trial on Plaintiffs' claims for equitable relief, later efforts by Plaintiffs to pursue the "omitted" damage claims would either: (1) be barred by the doctrine of *res judicata*; or (2) require the reversal of the earlier trial and a new trial. *Lytle*, 495 U.S. at 552-553. Either result would constitute a substantial waste of judicial resources as well as the limited resources of these parties.

Plaintiffs also seek to take the claims out of order. "[W]hen legal and equitable claims are joined in the same action, the trial judge has only limited discretion in determining the sequence of trial and 'that discretion . . . must, whenever possible, be exercised to preserve jury trial.'" *Parklane Hoisery Co.*, 439 U.S. at 334 n. 22, "legal claims should ordinarily be tried before equitable claims to preserve the right to a jury trial.")

Forcing two trials would also be contrary to the doctrine of collateral estoppel which protects parties from multiple law suits and the possibility of inconsistent decisions, and conserves judicial resources. *Lytle*, 494 U.S. at 553 (citations omitted).

Conversely, if Plaintiffs do not intend to pursue claims for damages allegedly arising from the same transactions that underlie their First Amended Complaint, they should have no reluctance to dismiss those claims with prejudice now.

**Conclusion**

Plaintiffs' motion should be granted, but only if the Court concurrently enters an Order dismissing all of the "Omitted Claims" with prejudice. In the alternative, the motion should be denied and the case ought to proceed to a trial by a jury as to all claims. If the Court allows Plaintiffs' to amend without disposing of the "Omitted Claims," not only will the litigation between these parties seem endless, it will in fact be endless. The Court should not encourage a lengthy and unnecessary war of attrition by Plaintiffs.

A proposed form of Order is attached.

Respectfully Submitted,

Dated August 21, 2006                SHOOK HARDY & BACON LLP


_____/s/_____
Peter E. Strand
Carlos E. Provencio
Christie Hudson
Hamilton Square
600 14th St. NW
Suite 800
Washington, DC 20005-2004
Phone: 202-783-8400
Fax: 202-783-4211

Attorney for Defendants Jordan, Wilmot, Cobb, Fitzgerald, Youngentob, and Batties

## CERTIFICATE OF SERVICE

I hereby certify that on the 21st day of August, 2006, a true and complete copy of the forgoing **CERTAIN INDIVIDUAL DEFENDANTS' RESPONSE TO PLAINTIFFS' MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT** was sent electronically to the following:

>Dale A. Cooter, Esq.
>Cooter, Mangold, Tompert and Wayson, L.L.P.
>5301 Wisconsin Ave, NW
>Suite 500
>Washington, D.C. 20015
>T: (202)537-0700
>F: (202)364-3664
>*Attorneys for Plaintiffs*


>Haig V. Kalbian
>Mary Baker
>888 17th Street, N.W., Suite 1000
>The Brawner Building
>Washington, D.C. 20006
>*Attorney For Defendant Independence Federal Savings Bank*

>_____/s/_____
>Peter E. Strand

- 10 -

133203v1