IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **MORTON A. BENDER, et al.** ) | |
| ) | |
| **Plaintiffs,** ) | |
| ) | |
| v. ) | C.A. No. 1:06cv00092-RMC |
| ) | |
| **CAROLYN D. JORDAN, et al.** ) | |
| ) | |
| **Defendants,** ) | |
| _____) | |

**MOTION FOR STAY OF LITIGATION PENDING APPEAL AND
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

Come now Carolyn Jordan, David Wilmot, Michael Cobb, Eugene Youngentob, and Thomas Batties, Defendants in the above named case, and hereby move this Court, pursuant to FED. R. APP. P. 8(a)(1), to stay all of its proceedings in the above-captioned case while Defendants appeal to the United States Court of Appeals for the District of Columbia Circuit the Order Granting Preliminary Injunctive Relief entered in this action on the 21st day of July, 2006. Because Defendants are appealing legal issues underlying all four of the Counts of the Complaint that relate to this Court's Order Granting Preliminary Injunction, because Plaintiffs have sought leave to amend their Complaint dismissing Count V, and because this Court has deferred judgment regarding Count VI, this Court will be divested of all active claims before it based on Defendants' appeal. In addition, Plaintiffs will not be prejudiced by a stay of the litigation because Plaintiffs already have gotten control of the Board and the Individual Defendants are no longer in a position to prejudice Plaintiffs' rights in anyway. Finally, a stay will conserve judicial resources and prevent the Defendants from expending resources for claims that

133307v1

ultimately might be found to be non-judiciable by Plaintiffs. Accordingly, a stay pending resolution by the Court of Appeals is both fair and appropriate.

I.  **BACKGROUND**

On January 18, 2006, Plaintiffs filed suit against five directors of Independence Federal Savings Bank ("the Bank"), the then-current President of the Bank, Thomas Batties (collectively with the directors referred to as "the Individual Defendants"), and the Bank itself. *See* Complaint (Docket No. 1). The Complaint was comprised of six Counts: **Count I** (alleging violations the disclosure of control provisions of Rule 13D); **Count II** (alleging violations of the proxy disclosure requirements of Rule 14a); **Count III** (alleging improprieties in the management of the Bank's annual meeting); **Count IV** (alleging a breach of fiduciary duties owed to Plaintiffs based on the alleged violations in Counts I through III); **Count V** (alleging defamation and aiding and abetting defamation by Defendant Batties, based, in part, on the allegations set forth in Count II); and **Count VI** (seeking to enjoin the Bank from advancing legal expenses to and indemnifying the Individual Defendants with respect to the costs of defending themselves in this litigation). *Id.* Plaintiffs sought preliminary injunctive relief related to Counts I, II, III, and VI. *See* Benders' Application for Preliminary Injunction (Docket No. 3).

The Individual Defendants moved to dismiss the four Counts for which Plaintiffs sought injunctive relief. *See* Individual Defendants' Motion to Dismiss Counts I, II, III, and IV (Docket No. 24). With respect to Count I, Defendants moved to dismiss because there is no recognized right of action by an individual shareholder complaining of an alleged violation of the Rule 13D disclosure requirement. *Id.* With respect to Count II, Defendants moved to dismiss based on Plaintiffs' failure to plead materiality and reliance regarding the alleged misleading statements, as is required by the jurisprudence in this jurisdiction. *Id.* With respect to Count III

133307v1

and Count IV, Defendants argued that Plaintiffs were complaining of how the corporation was managed by Defendants, which is a claim that belongs to the corporation, and must be brought derivatively for the benefit of all shareholders—something that Plaintiffs refused to do. *Id.*

With respect to Count VI, the Bank moved to dismiss because the issues of advancement of fees and indemnification were not ripe and belonged to the Bank derivatively. *See* Bank's Motion to Dismiss Count VI (Docket No. 25).

On March 17, 2006, this Court heard argument on the Motions to Dismiss. On April 21, April 28, and May 4, 2006, this Court heard evidence on Plaintiffs' Application for Preliminary Injunctive Relief. During the three days of evidence, this Court heard live testimony from fact witnesses regarding the various factual issues raised by Plaintiffs' Complaint and Application. The Court also heard testimony from one expert witness, Ray Riley, Defendants' expert regarding issues related to the election of directors, the counting of election votes, and the management of the annual meeting. Additionally, the parties submitted exhibit evidence and designated deposition testimony for the Court's consideration. Following the conclusion of the evidentiary hearing, the parties submitted to this Court proposed findings of fact and conclusions of law.

On June 21, 2006, this Court entered an Order denying the Individual Defendants' Motion to Dismiss Counts I, II, III, and IV, but deferring judgment on the Bank's Motion to Dismiss Count VI. Moreover, the Court's Order granted preliminary injunctive relief based on Plaintiffs' allegations in Counts I, II, and III against the Individual Defendants, instructing the Bank not to hold another annual meeting and not to distribute proxy materials until further ruling of this Court.

Since entering its Order, this Court convened a status conference to schedule the trial on the issues raised in the Complaint and for permanent injunctive relief. During the hearing, counsel for Individual Defendants notified the Court of potential representational issues that might arise among the Individual Defendants. After considering argument from the parties, the Court set the trial for November 8, 2006.

On August 16, 2006, Plaintiffs served subpoenas on a number of third parties in an effort to re-institute the discovery process. Plaintiffs seek to commence deposition discovery beginning on September 6, 2006 and have noticed thirteen depositions during the month of September, in locations including New Orleans, LA, Little Rock, AR, and Armonk, NY. On August 18, 2006, the Individual Defendants filed their Notice of Appeal with the Clerk for the United States District Court of the District of Columbia.

## II.   ARGUMENT

A stay of the litigation is appropriate in this case because Defendants are entitled to appeal this Court's Order Granting Preliminary Injunctive Relief, pursuant to 12 U.S.C. § 1292(a)(1), and all active legal issues in this case are being appealed. Therefore, this Court is divested of jurisdiction during the pendency of the appeal. *See U.S. v. DeFries*, 129 F.3d 1293, 1302-03 (D.C. Cir. 1997). Moreover, due to events that have transpired since this Court entered its Order on June 21, 2006, there is no immediate need to proceed with the proposed trial date and no prejudice will befall Plaintiffs by waiting for the Court of Appeals to rule on the issues on appeal. Finally, a stay will conserve valuable judicial resources, as well as the resources of the parties.

### A.  A Stay is Appropriate because this Court has been Divested of Jurisdiction by Defendants' Appeal of the Legal Issues in the Court's Order.

Defendants have a statutory right to appeal this Court's June 21, 2006 Order Granting Preliminary Injunctive Relief. Pursuant to 28 U.S.C. § 1292(a)(1), a party has an immediate right to appeal any order granting, denying, or extending injunctive relief. Additionally, during the post-hearing status conference, this Court recognized Defendants' right to appeal under 28 U.S.C. § 1292(a)(1). Based on that statutory provision, five of the Individual Defendants filed their Notice of Appeal in this action.

Federal Rule of Appellate Procedure 8 requires that parties seeking a stay of District Court proceedings, while an appeal is pending, file first with the District Court from which the appeal is taken, unless impracticable. F.R.A.P. 8(a)(1). The District Court has discretion to grant a stay, pursuant to F.R.A.P. 8, unless that court is divested of jurisdiction by the nature and breadth of the appeal. *See U.S. v. DeFries*, 129 F.3d 1293, 1302-03 (D.C. Cir. 1997). Once a notice of appeal has been filed, the district court is divested of jurisdiction over those aspects of the case that have been appealed. *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58, 103 S.Ct. 400, 402, 74 L.Ed.2d 225 (1982) (per curiam). Only in cases where the appeal is frivolous or when an interlocutory appeal is taken on a non-appealable order can the district court maintain jurisdiction and proceed with the litigation. *DeFries*, 129 F.3d at 1302-03. Otherwise, jurisdiction lies with the appellate court and the litigation should be stayed pending the mandate of the appellate court. *Id.*

A stay is appropriate in this case because Defendants have grounds on which to appeal each of the legal bases upon which the Court relied in its Order, and Defendants have filed their Notice of Appeal. With respect to Count I, Defendants argued that there was no jurisprudence in this Circuit recognizing a private cause of action for a violation of the Rule 13D

133307v1

disclosure regulations. This Court, for the first time in this Circuit, found that such a private cause of action was consistent with the purposes of Rule 13D. Defendants plan to appeal that ruling based on the lack of jurisprudence in this Circuit to support such a ruling and from the trend in cases nationwide against recognizing such private cause of action. With respect to Count II, pursuant to *Berg v. First Am. Bankshares, Inc*., No. 83-3887, 1985 WL 2232, *8 (D.D.C. Apr. 17, 1985), Defendants argued that, in order to establish a violation of Rule 14a, Plaintiffs must plead that the misleading proxy statements were material and were relied on by shareholders. This Court, in its Order, "departed" from *Berg*, established precedence in this District, and held that Plaintiffs merely need to plead materiality. Defendants are appealing this Court's departure from the established precedence of the District. Finally, with respect to Count III, Defendants put on expert testimony that explained the standard practice in the securities industry for voting undirected broker shares and for voting and allocating cumulative votes. This evidence was uncontroverted. Nevertheless, this Court found that compliance with the industry standard was not sufficient and made a ruling of first impression regarding the proper method for voting undirected shares, the voting and allocation of cumulative shares, and the applicability of Robert's Rules of Order. The Court also found that Plaintiffs suffered special injury. Defendants plan to appeal these findings, as well.

Accordingly, with respect to Counts I, II, and III, the legal bases for each claim are being appealed, conferring jurisdiction on those counts with the U.S. Court of Appeals for the District of Columbia and divesting this Court of jurisdiction. Therefore, a stay with respect to those claims is appropriate.

With respect to Count IV, the allegations regarding a breach of fiduciary duties owed to the Benders, Plaintiffs originally sought only money damages and not injunctive relief.

133307v1

Therefore, the Court did not rule specifically on the likelihood of success of Count IV.  Count IV, however, merely bootstraps the allegations of Counts I, II, and III, claiming that the violations alleged Counts I, II, and III constitute a breach of fiduciary duties as well.  Because Count IV is dependent on a finding of violations under the three Counts being appealed, Count IV cannot be resolved without a mandate from the Court of Appeals on the issues under appeal.

On August 10, 2006, Plaintiffs filed a Motion for Leave to Amend the Complaint.  *See* Motion to Amend (Docket No. 57).  The proposed Amended Complaint, attached to the Motion for Leave to Amend, omits all claims for money damages and completely omits Count V, the defamation claim.  Therefore, the remaining vestige of Count IV is that Plaintiffs claim that Counts I, II, and III constitute a breach of fiduciary duties and that Plaintiffs seek the exact same relief they seek in Counts I, II, and III.  Accordingly, this Court is divested of jurisdiction of Counts I, II, III, and, by reference, of Count IV by the pending appeal.  Pending this Court's decision on Plaintiffs' Motion for Leave to Amend, it appears that Count V no longer will be an active claim.  Therefore, there is no basis to proceed with Counts IV or V in this litigation.

    **B.**    **A Stay is Appropriate Because There Will Be No Prejudice to Plaintiffs if Proceedings are Stayed and Judicial Resources and those of the Parties will be Conserved if the Stay is Entered.**

Plaintiffs will suffer no prejudice if this Court stays the litigation while the appeal is pending.  Since this Court's Order, Mr. Bender has achieved everything he set out to achieve through the litigation.  The Individual Defendants no longer have majority control over the operation of the Bank.  Mr. Batties was terminated as President of the Bank on or about July 27, 2006.  Messrs. Youngentob and Fitzgerald also have resigned from the Board of Directors of the Bank.  Messrs. Hall, Deckelbaum, Wilson, and Isard (all Mr. Bender's nominees or aligned with Mr. Bender) have asserted themselves as the majority directors and have replaced Ms. Jordan and Mr. Wilmot as Chair and Vice-Chair of the Board.  Mr. Bender, through his

directors, now controls the dissemination of proxies and the scheduling and conduct of annual meetings for Independence Federal Savings Bank.[1]

There is no future danger that the stay will cause prejudice to Mr. Bender either. The Bank is enjoined from disseminating proxy materials or holding an annual meeting without leave from the Court and the Individual Defendants lack control over the operations of the Bank. Therefore, the stay will not prejudice Plaintiffs.

Additionally, a ruling by the Court of Appeals in favor of Defendants will obviate the need for further litigation in this case. Therefore, Defendants are likely to be prejudiced if they are forced to conduct discovery on and defend claims in trial that ultimately could be found by the Court of Appeals to be non-justiciable. Moreover, with this Court's eventful schedule, the stay will allow the Court to conserve judicial resources by avoiding a trial that might be superfluous and which is not immediately necessary to preserve the Plaintiffs' rights.

Finally, Plaintiffs have fought arduously to prevent Defendants from being indemnified in this matter. Plaintiffs sought the intervention of this Court, in Count VI, to prevent the Bank from advancing litigation expenses and providing indemnification. In conjunction with Plaintiffs' effort, Plaintiffs now seek to commence an aggressive discovery schedule, with Plaintiffs taking thirteen depositions in Washington, D.C., New Orleans, Little Rock, and New York in September. That does not even take into consideration Defendants' discovery efforts. In short, by continuing to pursue this litigation while the appeal is pending, Mr. Bender can effectuate more change on the Board by making the litigation cost-prohibitive.

By staying the litigation, the Court can allow the dispositive legal issues to be resolved. If they are resolved in Defendants' favor, further litigation, and its attendant expense

---

[1] As the Court recognized during one of status conferences in this case, there really are no "independent directors" on the Bank's Board.

and consumption of judicial resources, will not be necessary. Because there is no immediate need to have a trial on these issues and because the stay will not harm Plaintiffs and will protect the Defendants from being unfairly pushed into further litigation and costly discovery, this Court should enter the stay until the Court of Appeals has ruled.

### III.  CONCLUSION

For all the foregoing reasons, the Individual Defendants respectfully request that this Court stay the litigation until the Court of Appeals has ruled.

Respectfully submitted,

August 23, 2006

SHOOK, HARDY & BACON, LLP

_____/S/_____
Peter E. Strand
Carlos E. Provencio
Christine S. Hudson
Hamilton Square
600 14th Street, N.W.
Suite 800
Washington, DC 20005
Phone: 202-783-8400
Fax: 202-783-4211

Attorneys for the Individual Defendants

## CERTIFICATE OF SERVICE

I hereby certify that on the 23rd day of August, 2006, a true and complete copy of the forgoing **Motion for Stay** was sent electronically to the following:

    Dale A. Cooter, Esquire
    Cooter, Mangold, Tompert and Wayson, L.L.P.
    5301 Wisconsin Ave, NW
    Suite 500
    Washington, D.C. 20015
    T: (202)537-0700
    F: (202)364-3664
    *Attorneys for Plaintiffs*


    Haig V. Kalbian
    Mary M. Baker
    Brawner Building
    888 17th Street, N.W.
    Suite 1000
    Washington, DC 20006-3967
    Phone: 202-223-5600
    Fax: 202-223-6625

    *Attorneys for Defendant Independence Federal Savings Bank*

                          /S/
                Attorneys for the Individual Defendants


## CERTIFICATE OF CONFERENCE

Pursuant to LCvR 7(m), I hereby certify that on the 22nd day of August, 2006, counsel for the Individual Defendants conferred with counsel for Plaintiffs regarding whether Plaintiffs would consent to the forgoing **Motion for Stay.** Plaintiffs were unable to consent to the Motion for Stay.

                          /S/
                Attorneys for the Individual Defendants

133307v1

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **MORTON A. BENDER, et al.** | ) |
| | ) |
|     **Plaintiffs,** | ) |
| | ) |
|     v. | )   C.A. No. 1:06cv00092-RMC |
| | ) |
| **CAROLYN D. JORDAN, et al.** | ) |
| | ) |
|     **Defendants,** | ) |
| _____ | ) |

## ORDER

Having seen and considered Defendants' Motion for Stay of Litigation Pending Appeal and Memorandum of Points and Authorities in Support Thereof, and all related briefs in opposition or reply, it is hereby:

ORDERED AND ADJUDGED that Defendant's Motion for Stay of Litigation Pending Appeal is hereby granted.

IT IS SO ORDERED on this \_\_\_\_ day of _____,2006.

                                                    JUDGE ROSEMARY COLLYER

133307v1