**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **Morton A. Bender, et al.,** ) | |
| ) | |
| **Plaintiffs,** ) | |
| ) | |
| **V.** ) | |
| ) | **C.a. No. 1:06cv00092** |
| **Carolyn D. Jordan, et al.,** ) | **(RMC)** |
| ) | |
| **Defendants** ) | |
| ) | |

**PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANTS' MOTION FOR STAY OF LITIGATION PENDING APPEAL**

Plaintiffs Morton A. Bender and Grace M. Bender (the "Benders"), by and through their undersigned counsel, hereby submit their Memorandum of Points and Authorities in Opposition to the Motion for Stay of Litigation filed on behalf of Defendants Carolyn Jordan, David Wilmot, Michael Cobb, Eugene Youngentob, and Thomas Batties, and state in support thereof:

Defendants bring their Motion for Stay pursuant to Fed. R. App. P. 8(a)(1), and seem to take two inconsistent positions: that the Court does not have jurisdiction over this matter, yet the Court has jurisdiction to grant a stay. See Motion for Stay at p. 5. Plaintiffs respectfully submit that the Court does have jurisdiction, and that judicial economy favors a prompt (as scheduled) trial on the merits, and that the request for a stay should be denied.[1]

---

[1] Because of the time constraints involved, this is necessarily a brief response to Defendants' Motion, filed primarily to set forth the case law on the jurisdiction issue. The "judicial economy" argument (including Defendants' notion that Bender has "control of the Board") will be more fully addressed during the telephone conference on August 28th.

1

**A.  This Court Has Not Been Divested of Jurisdiction**

Relying on United States v. DeFries, 129 F.3d 1293, 1302-03 (D.C. Cir. 1997), which in turn relies on Griggs v. Provident Consumer Discount Co., 459 U.S. 56, 58, 103 S.Ct. 400, 74 L.Ed.2d 225 (1982), Defendants argue that "this Court is divested of jurisdiction during the pendency of the appeal."  Motion to Stay at p. 4.  In Defries, the D. C. Circuit stated: "The filing of a notice of appeal, including an interlocutory appeal, 'confers jurisdiction on the court of appeals and divests the district court of control over those aspects of the case involved in the appeal.'" 129 F.3d at 1302 (citing Griggs, 459 U.S. at 58).  The Defries Court goes on to acknowledge that "[c]ourts have carved out a few narrow exceptions to this rule, such as where the defendant frivolously appeals .... or takes an interlocutory appeal from a non appealable order[.]" 129 F.3d at 1302-03 (citations omitted). The Defries Court did not mention[2] another "well-recognized" exception:  appeals from an order granting or denying a preliminary injunction do not divest the district court of jurisdiction. See Shevlin v. Schewe, 809 F.2d 447, 450-51 (7th Cir.1987); Chrysler Motors Corp. v. International Union, 909 F.2d 248, 250 (7th Cir.1990) (cited in Carter v. O'Sullivan, 924 F.Supp. 903, 908 (C.D.Il.1996)).

As the Seventh Circuit recently stated in Wisconsin Mut. Ins. Co. v. United States, 441 F.3d 502 (7th Cir. 2006):

> "The filing of a notice of appeal is an event of jurisdictional significance-it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *Griggs v. Provident Consumer Discount Co.,*  459 U.S. 56, 58, 103 S.Ct. 400, 74 L.Ed.2d 225 (1982). See also, e.g., *Marrese v. American Academy of Orthopædic Surgeons,*  470 U.S. 373, 379, 105 S.Ct. 1327, 84 L.Ed.2d 274 (1985); *Hovey*

---

[2]  Because Defries was a criminal case, the "preliminary injunction exception" was simply not applicable, and perhaps that was the reason it was not mentioned.

*v. McDonald,* 109 U.S. 150, 157, 3 S.Ct. 136, 27 L.Ed. 888 (1883); *Kusay v. United States,* 62 F.3d 192, 193-94 (7th Cir.1995). That rule has several qualifications, however, perhaps the foremost of which is that an appeal taken from an interlocutory decision does not prevent the district court from finishing its work and rendering a final decision. **This is so for appeals concerning preliminary injunctions**, see *Kusay,* 62 F.3d at 194; *Chrysler Motors Corp. v. Industrial Workers Union,* 909 F.2d 248, 250 (7th Cir.1990); appeals from orders rejecting claims of official immunity, see *Apostol v. Gallion,* 870 F.2d 1335, 1337 (7th Cir.1989); and appeals from orders that are non-final because of the district court's oversight, see *United States v. Bastanipour,* 697 F.2d 170, 173 (7th Cir.1982). The rule summarized in *Griggs* is designed to prevent conflict among tribunals, as well as to prevent the waste of time and money that occurs if the district court **changes a judgment** after an appeal has been briefed. **These interests are not implicated by allowing the district court to enter a proper final decision and thus permit a pending appeal to go forward**.

441 F.3d at 504-505 (emphasis added). Numerous other cases have reached the same result. See, e.g., F.T.C. v. Assail, Inc. 98 Fed.Appx. 316, 317, 2004 WL 1114453, **1 (5th Cir. 2004)(a district court has jurisdiction to proceed with the merits of the case and to grant a permanent injunction while an appeal of a preliminary injunction order is pending) (citing Ry. Labor Executives' Ass'n v. City of Galveston, 898 F.2d 481, 481 (5th Cir.1990), *and* Webb v. GAF Corp., 78 F.3d 53, 55 (2d Cir. 1996)); Hunt v. Johnson, 90 Fed.Appx. 702, 704, 2004 WL 75421, **1 (5th Cir. 2004)(same); Farmhand, Inc. v. Anel Engineering Industries, Inc., 693 F.2d 1140, 1145 (5th Cir. 1982)(same); New York State Nat. Organization for Women v. Terry, 886 F.2d 1339, 1350 (2d Cir. 1989) ("exception exists from order granting or denying preliminary injunction, which does not prevent the district court from proceeding on the merits")[3]; West Pub. Co. v. Mead Data Cent., Inc., 799 F.2d 1219, 1229 (8th Cir. 1986)(pendency of interlocutory appeal from order granting or denying preliminary injunction does

---

[3] In New York State Nat. Organization for Women v. Terry, the Second Circuit also refers to "[a]nother exception to total divestiture of district court jurisdiction." This exception "occurs when the judgment appealed from does not determine the entire action, in which case district court may proceed with those matters not involved in the appeal." 886 F.2d at 1350.

not divest district court of jurisdiction over entire case; trial on merits may be held during pendency of interlocutory appeal); Weaver v. University of Cincinnati, 970 F.2d 1523, 1529 (6th Cir. 1992)(same); Branham v. Spurgis, 720 F.Supp. 605, 607 (W.D.Mich.,1989)(the court retains jurisdiction over the merits of the case and may grant summary judgment, if either party is entitled to judgment as a matter of law); .

It does not appear that the D.C. Circuit has directly examined the "preliminary injunction appeal" exception to Griggs, although implicitly it appears that the D.C. Circuit would reach the same conclusion as the courts described above. In Society for Animal Rights, Inc. v. Schlesinger, 512 F.2d 915, 918, 168 U.S.App.D.C. 1, **4 (D.C. Cir. 1975), the Court stated:

> We assume that the case will proceed forward expeditiously in the district court despite the pendency of the § 1292(a) appeal in this court. Appellants advise that they will seek to amend their complaint to broaden their challenge to the role of the Department of the Interior.[Footnote omitted].

512 F.2d at 918. The Society for Animal Rights v. Schlesinger case was then relied upon in Human Resources Management, Inc. v. Weaver, 442 F.Supp. 241 (D.D.C. 1977), where Judge Sirica stated: "In such circumstances [appeal of preliminary injunction ruling] a federal district court is not divested of power to take continuing action in the underlying case." Id. at 250 (citing Society for Animal Rights, Inc. v. Schlesinger, 168 U.S.App.D.C. 1, 4, 512 F.2d 915; Janousek v. Doyle, 313 F.2d 916, 920 (8th Cir. 1963); 16 C. Wright & A. Miller, Federal Practice and Procedure § 3921, at 25-28 (1977); Fed.R.Civ.P. 62(c)).

Similarly, in Students Challenging Regulatory Agency Procedures (S.C.R.A.P.) v. U.S., 353 F.Supp. 317 (D.D.C.1973), *judgment vacated on other grounds,* Aberdeen and Rockfish Railroad

Co. v. Students Challenging Regulatory Agency Procedures, 414 U.S. 1035, 94 S.Ct. 532, 38 L.Ed.2d 326 (1973), a three-judge District Court (Judges J. Skelly Wright, Circuit Judge, Richey and Flannery, District Judges) reached the same conclusion, *i.e.*, that an appeal from an order granting a preliminary injunction did not divest the court of jurisdiction to take further action in the case. In that case, one of the issues decided in favor of plaintiffs at the preliminary injunction stage was, as here, standing. 353 F. Supp. at 319. When Plaintiffs' sought additional injunctive relief pending the appeal of the preliminary injunction, the Defendant United States asserted that the District Court had "no jurisdiction to rule on the present motion, citing the settled rule that filing of an appeal vests jurisdiction over the cause of action in the appellate court and denies the lower court jurisdiction to take any further action in the case." Id. at n.2. The District Court rejected the contention however, noting that "[t]his rule, however, is subject to well recognized exceptions, including the principle that an appeal from a lower court order granting a preliminary injunction does not divest the lower court of jurisdiction." Id. Accordingly, Plaintiffs submit that this Court does have jurisdiction to continue with the merits trial in this case.

### B. Judicial Economy is Best Served by Proceeding with The Trial on the Merits

The thrust of Defendants' argument is that judicial economy and the resources of the Bank are best served by delaying the trial on the merits until the D.C. Circuit has an opportunity to resolve the pending interlocutory appeal. Although this argument may have some facial appeal, it is flawed in several ways. At the most basic level, Defendants argue that "Count IV (breach of fiduciary duty) ... merely bootstraps the allegations of Counts I, II and III, claiming *that the violations alleged in*

5

*Counts I, II and III,* constitute a breach of fiduciary duty as well." Motion to Stay at p. 7 (emphasis added). Thus, Defendants argue, "Count IV cannot be resolved without a mandate from the Court of Appeals on the issues under appeal." Id.[4] Defendants misapprehend the breach of fiduciary duty claim: Count IV is **not** dependent upon a finding of violations of the securities laws. Rather, Count IV challenges the **conduct** of the Individual Defendants as a breach of fiduciary duty, without regard to whether that conduct also violates the securities laws or "industry standard." Thus, there is nothing that the D.C. Circuit will do that has any impact, in any way whatsoever, on the merits of the breach of fiduciary duty claim.

Rather, it is Defendants' two step approach that wastes resources. Under their proposed procedure, this Court stops its proceedings, the parties file their briefs, oral argument is held, and the parties wait for a decision from the D.C. Circuit on the interlocutory "appeal issues," none of which resolve the breach of fiduciary duty claim. While the parties (including the Bank) wait for the D.C. Circuit to rule on the interlocutory appeal, the Bank is in limbo. After the D.C. Circuit rules, the trial on the merits goes forward (even if only as to Count IV, assuming total victory for the Defendants at the

---

[4] The "issues under appeal" are identified on page 6 of the Motion to Stay: the private cause of action under 13D for injunctive relief (Count I); materiality and reliance under 14a (Count II); and "industry standard in the securities industry" (Count III).

D.C. Circuit).[5]  On the other hand, a prompt trial on the merits will conclude all factual issues,[6] and the very same "appeal issues" -- *i.e.,* 13D, 14a, and "industry standard" – will be preserved for any appeal of the merits decision.

It is an immediate trial on the merits that will be most efficient.  As the Seventh Circuit recognized in United States v. City of Chicago, 534 F.2d 708 (7th Cir. 1976):

> This approach is surely reasonable because of the difference in the issues on an appeal from a preliminary injunction (or denial of dissolution thereof, as in this case), and an appeal from a decision on the merits. One of the considerations in entry of a preliminary injunction is the probability of the plaintiffs' success on the merits. Yet on final decision, the district court has decided the merits. To attempt to review the district court's advance assessment of probabilities of plaintiffs' success when the district court has now found in favor of plaintiffs on the merits seems a futile exercise. Good sense dictates that review of the decision on the merits would be more meaningful.
>
> As far as we are advised, the City has not yet filed an appeal from the final decree, although it will be able on such appeal to obtain at least as broad a review of the merits of the decision to withhold revenue sharing funds as it could obtain on appeal from the denial of the motion to dissolve the preliminary injunction.

534 F.2d at 711-712.  The Sixth Circuit expressed the same sentiment in Weaver v. University of Cincinnati, 970 F.2d 1523 (6th Cir. 1992):

---

[5] The appellate arguments as to Counts I and II are exceedingly weak under the applicable case law, and as to Count III, the "industry standard" issue, it seems unlikely that the D.C. Circuit will disturb this Court's factual findings on that issue, given the preliminary injunction stage of the proceedings.

[6] The depositions about which Defendants complain have, to a large extent, been caused by the Individual Defendants' blatant failures with regard to discovery during the preliminary injunction phase of this case.  The New York, Little Rock, and New Orleans depositions all relate to Harold Doley, and are required because of his utter failure to comply with the document subpoena served on him during the preliminary injunction phase.

> Judicial economy is served by merging an appeal from denial of a preliminary injunction with the appeal from final judgment in a case where an appeal from the final judgment is taken prior to a decision on the interlocutory appeal. See, e.g., *Ex parte National Enameling & Stamping Co.,* 201 U.S. 156, 162, 26 S.Ct. 404, 406, 50 L.Ed. 707 (1906); *Phoenix Engineering, Inc. v. MK-Ferguson of Oak Ridge Co.,* 966 F.2d 1513 (1992); *United States v. City of Chicago,* 534 F.2d 708, 711 (7th Cir.1976). If that had been done in this case a single panel of the court could have decided all the issues. It might have required a second argument, given the sequence of events, but judicial time would have been saved by having all the issues considered and decided by one three-judge panel.

970 F.2d at 1529. Similarly here, judicial economy is best served by proceeding with the trial on the merits, and not waiting for a decision by the D.C. Circuit. It is not even likely that briefing (let alone argument and decision) will be concluded in the D.C. Circuit by the time the trial on the merits is concluded in mid-November on the present schedule. Thereafter, if an appeal on the merits decision is filed, the D.C. Circuit can review all of the issues on a fully developed factual record. Presumably, this could occur sometime in early to mid-2007. This would be far sooner than if the parties wait for the interlocutory appeal to be resolved, then schedule the trial on the merits (and the required discovery), and then wait once again for a decision by the D.C. Circuit if another appeal is filed.

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully respect that Defendants' Motion to Stay be denied.

>                Respectfully submitted,
>                COOTER, MANGOLD, TOMPERT
>                 & KARAS, L.L.P.

      /s/
Dale A. Cooter, Bar #227454
Donna S. Mangold, Bar #358851
5301 Wisconsin Avenue, N.W.
Suite 500
Washington, D.C.  20015
(202)537-0700
efiling@cootermangold.com
*Attorneys for Plaintiffs*
*Morton A. Bender and Grace M. Bender*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 25th day of August 2006, a copy of the foregoing **PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANTS' MOTION TO STAY** was served electronically on:

Haig V. Kalbian, Esq.

Brawner Building

888 17th Street NW

Suite 1000

Washington DC 20006

hkalbian@kalbianhagerty.com


Peter Strand, Esq.

Shook, Hardy & Bacon, L.L.P.

Hamilton Square

600 14th Street, N.W.

Suite 800

Washington, D.C. 20005-2004

pstrand@shb.com


    /s/

Dale A. Cooter

11