UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MORTON A. BENDER, *et al.*, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Civil Action No. 06-92 (RMC) |
| ) | |
| CAROLYN D. JORDAN, *et al.*, ) | |
| ) | |
| Defendants. ) | |

## ORDER

Pursuant to Federal Rule of Appellate Procedure 8, Carolyn D. Jordan, David Wilmot, Michael J. Cobb, Eugene K. Youngentob, and Thomas Batties ("Defendants")[1] move to stay all of the proceedings in this case while Defendants appeal the Court's July 21, 2006 Order Granting Preliminary Injunctive Relief (the "July 21 Order") in favor of Plaintiffs Morton and Grace Bender (the "Benders"). As explained below, the Court grants in part and denies in part Defendants' motion for stay.

Generally, upon the filing of a notice of appeal, a district court is divested of jurisdiction over those aspects of the case that have been appealed. *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982); *U.S. v. DeFries*, 129 F.3d 1293, 1302-03 (D.C. Cir. 1997). "The rule summarized in *Griggs* is designed to prevent conflict among tribunals, as

---

[1] It is unclear whether the Benders continue to proceed against Mr. Youngentob, who has resigned from his position on the Board of Directors of Independence Federal Savings Bank, or against Mr. Batties, who was relieved of his duties at the Bank. Defendant William Fitzgerald, who also has resigned from his position on the Board of Directors, is no longer represented by Defendants' counsel and does not join in the motion to stay.

well as to prevent the waste of time and money that occurs if the district court changes a judgment after an appeal has been briefed." *Wisconsin Mut. Ins. Co. v. U.S.*, 441 F.3d 502, 504 (7th Cir. 2006). While the D.C. Circuit has not addressed the issue, other circuits have found an exception to this rule, namely that an appeal from an interlocutory order granting or denying a preliminary injunction may not divest the district court of jurisdiction. *See, e.g., id.*; *Webb v. GAF Corp.*, 78 F.3d 53, 55 (2d Cir. 1996); *Weaver v. University of Cincinnati*, 970 F.2d 1523, 1528-29 (6th Cir. 1992); *accord Students Challenging Regulatory Agency Procedures (S.C.R.A.P.) v. U.S.*, 353 F. Supp. 317, 320 n.2 (D.D.C. 1973).

Defendants contend that the exception does not apply because they have appealed legal issues underlying Counts I through IV of the Complaint, the Counts that were the basis of the July 21 Order.[2] Defs.' Mot. for Stay at 1. Defendants' argument goes too far. The Memorandum Opinion that accompanied the July 21 Order expressly stated that it addressed Counts I, II, and III only. Mem. Op. at 3. Count IV, which alleges breach of fiduciary duty, was not addressed. Even if this Court were divested of jurisdiction over Counts I, II, and III due to Defendants' appeal, the Court retains jurisdiction over Count IV.[3]

---

[2] The Benders have sought leave to amend their complaint, deleting their original Count V, a defamation claim. Further, in the July 21 Order, the Court deferred ruling on Count VI, a request for a declaratory judgment barring indemnification. Thus, only Counts I, II, III, and IV are at issue here.

[3] Defendants argue that Count IV cannot be resolved without an appellate ruling on Counts I through III because Count IV bootstraps Counts I, II, and III. Count IV states that the violations alleged in Counts I, II, and III constitute a breach of fiduciary duties as well. Defendants' contention is erroneous. Count IV alleges breach of fiduciary duty, and it is not dependent upon a finding of breach of the securities laws. Count IV alleges that the same conduct that may constitute a breach of the securities laws also constitutes a breach of fiduciary duty.

Nevertheless, even where a district court has jurisdiction after an appeal has been filed, the court may, in its discretion, grant a stay pending appeal. *Washington Metro. Area Transit Comm'n v. Holiday Tours, Inc.*, 559 F.2d 841, 843 (D.C. Cir. 1977). The party requesting a stay must show: 1) that it is substantially likely to prevail on appeal; 2) that it will be irreparably harmed unless the injunction is granted; 3) substantial harm will not flow to the opposing party if the stay is granted; and 4) the stay would serve the public interest. *Id.*; *Teva Pharmaceuticals USA, Inc. v. FDA*, 404 F. Supp. 2d 243, 245 (D.D.C. 2005). "These factors are evaluated on a sliding scale, such that a particularly strong showing with respect to one consideration may overcome a weaker showing elsewhere." *Id*. "An order maintaining the status quo is appropriate when a serious legal question is presented, when little if any harm will befall other interested persons or the public and when denial of the order would inflict irreparable injury on the movant." *Washington*, 559 F.2d at 844. Further, a court may grant a stay even though its own view of the merits of the appeal may be contrary to that of the movant. *Id*. at 843.

The Court is not convinced that Defendants have strictly met the standards necessitating a stay in this case. However, Independence Federal Savings Bank is in distress and would be greatly burdened by the costs of going forward with full discovery and by the potential interference with Bank operations that full discovery could entail. Further, if the stay were denied and full discovery were to go forward, Defendants would be prejudiced by the need to expend substantial amounts of time and money to defend claims that the Court of Appeal could find were non-justiciable in the first place. Moreover, the Benders would not be prejudiced by a stay

pending appeal, as the Court has granted a preliminary injunction in their favor.[4]  Accordingly, the Court will grant Defendants' motion to stay, but for the depositions of the individually-named Defendants.  The Court will permit only these depositions to go forward in order to allow Defendants' testimony to be captured before fading memory becomes a problem.

It is hereby

**ORDERED** that Defendants' Motion for Stay of Litigation Pending Appeal [Dkt. #60] is **GRANTED in part** and **DENIED in part**.

**SO ORDERED**.

Date: August 29, 2006                                              /s/
ROSEMARY M. COLLYER
United States District Judge

---

[4] Defendants no longer have majority control over the Board of Directors of Independence Federal Savings Bank.  Also, the Bank is enjoined from sending out proxy materials or holding an annual meeting without leave from the Court.