**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **Morton A. Bender, et al.,** | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| **V.** | ) | |
| | ) | **C.a. No. 1:06cv00092** |
| **Carolyn D. Jordan, et al.,** | ) | **(RMC)** |
| | ) | |
| **Defendants** | ) | |
| | ) | |

**PLAINTIFFS' REPLY IN FURTHER SUPPORT OF THEIR MOTION TO**
**AMEND THE COMPLAINT**

Plaintiffs Morton A. Bender and Grace M. Bender (the "Benders"), by and through their

undersigned counsel, hereby submit their Reply in further support of their Motion for Leave to Amend

the Complaint.

Certain of the Individual Defendants (Jordan, Wilmot, Cobb, Youngentob and Batties) oppose

the Motion for Leave to Amend the Complaint on the grounds that it runs "counter to the doctrines of

res judicata and collateral estoppel," and that it seeks to deprive Defendants of their "Seventh

Amendment right to a trial by jury." Response at 1. Neither of these arguments supports denial of the

Motion for Leave to Amend.

Bender has found no case (and Individual Defendants have cited to none) in which a motion for

leave to amend was denied based on prospective application of the doctrines of res judicata or

collateral estoppel. Depending on what happens with this case, those doctrines may be available

defenses to the Individual Defendants if subsequent litigation is brought by Bender, depending on the

1

theories asserted, and relief sought, in that litigation.[1]

Contrary to Defendants' assertion, there is no requirement that Bender or this Court "dismiss" with prejudice his defamation claim or his claims for damages (as suggested in Individual Defendants' form of Order). Indeed, Fed. R. Civ. P. 41(a) refers to dismissing "actions," not "claims." On the other hand, Rule 41(b), which governs involuntary dismissals, refers to a motion "for dismissal of any action or any claim against a the defendant." This action is not being dismissed. Thus, the proper mode of deleting the claims for damages (and the defamation claim) is by amendment of the complaint. As the Federal Circuit found in Grunholz v. Sears, Roebuck & Co., 836 F.2d 515  (Fed. Cir.  1987), a plaintiff's motion to dismiss a single claim of a multi-count complaint is properly treated as an amendment under Fed. R. Civ. P. 15, because it does not involve dismissal of the "action."  836 F.2d at 517-18.

Individual Defendants also contend that Bender is trying to deprive them of their right to a jury trial on legal claims. There are no legal claims remaining in the case pursuant to the proposed amendment. There is no "omitted claims limbo." If Bender at some later time seeks to bring an action based on the omitted claims, that action will be subject to whatever defense arguments are appropriate at that time in seeking to preserve their claim to a jury trial (or otherwise).  Any such arguments at this

---

[1] Of course, Bender does not now anticipate "new" litigation. The reference (at page 9 of the Response) to a "war of attrition by Plaintiffs" is unfounded. This litigation has been brought, and conducted, by Bender in good faith. It is the illegal and inequitable conduct of the Individual Defendants, in advance of, and during the 2005 Shareholders' Meeting that has occasioned this action. Benders only goal is to protect his investment, and to ensure that a future meeting of the Shareholders is not tainted by the 2005 conduct, or by similar conduct in the future. Bender seeks to streamline the litigation now by amending his Complaint and deleting the claims for damages.

time, in the context of a motion to amend the complaint, are premature.  Bender is required to do no

more than seek leave to amend his complaint, and leave is to be freely granted.  Neither of the cases

cited by Individual Defendants (Lytle v. Household Manufacturing, Inc., 494 U.S. 545, 110 S.Ct. 1331

(1990), and Beacon Theatres v. Westover, 359 US 500, 79 S.Ct. 948 (1958)) compels a different

result.[2]

**CONCLUSION**

For the foregoing reasons, Plaintiffs respectfully respect that their Motion to Amend the

Complaint be granted.

> Respectfully submitted,
> COOTER, MANGOLD, TOMPERT
>  & KARAS, L.L.P.
>
>
>       /s/
> Dale A. Cooter, Bar #227454
> Donna S. Mangold, Bar #358851
> 5301 Wisconsin Avenue, N.W.
> Suite 500
> Washington, D.C.  20015
> (202)537-0700
> efiling@cootermangold.com
> *Attorneys for Plaintiffs*

---

[2]  Lytle involved a situation where the district court had erroneously dismissed the legal claims, and thereafter held a bench trial on the equitable claims; the Supreme Court rejected the contention that the bench trial findings should have the collateral estoppel effect in the subsequent jury trial of the remanded legal claims.  494 U.S. at 545-52.  Beacon Theatres involved the order of trial of equitable and legal claims when they are both contained in one action.  359 U.S. at 510-11.

*Morton A. Bender and Grace M. Bende* r

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 30th day of August 2006, a copy of the foregoing **PLAINTIFFS' REPLY MEMORANDUM IN SUPPORT OF MOTION FOR LEAVE TO AMEND** was served electronically on:

Haig V. Kalbian, Esq.
Brawner Building
888 17th Street NW
Suite 1000
Washington DC 20006
hkalbian@kalbianhagerty.com

Peter Strand, Esq.
Shook, Hardy & Bacon, L.L.P.
Hamilton Square
600 14th Street, N.W.
Suite 800
Washington, D.C. 20005-2004
pstrand@shb.com

/s/

Dale A. Cooter