**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **MORTON A. BENDER, et al.,** ) | |
| ) | |
| **Plaintiffs,** ) | |
| ) | |
| **v.** ) | **C. A. No. 1:06cv00092** |
| ) | **Honorable Rosemary M. Collyer** |
| **CAROLYN D. JORDON, et al.,** ) | |
| ) | |
| **Defendants.** ) | |
| _____) | |

<u>**DEFENDANT, INDEPENDENCE FEDERAL SAVINGS BANK'S**</u>
<u>**MOTION FOR LEAVE TO AMEND PLEADINGS**</u>
<u>**TO STATE CROSS-CLAIM OUT-OF-TIME**</u>

**COMES NOW** the Defendant, Independence Federal Savings Bank ("IFSB" or the "Bank"), by and through its undersigned counsel, pursuant to Fed. R. Civ. Proc. R. 15 and LCvR 7, and files this Motion for Leave to Amend Pleadings to State Cross-Claim Out-of-Time and for grounds in support thereof states as follows:

1.      In the present case, Plaintiffs, Morton A. Bender and Grace Bender (collectively the "Plaintiffs" or "Bender"), sued certain Directors and Board members of IFSB (collectively, the "Director Defendants") and its former Acting President and Chief Executive Officer alleging violations of numerous securities laws and IFSB's bylaws by their actions leading up to, and conducting, a shareholders' meeting in October of 2005.

2.      IFSB was named as a nominal Defendant in the suit.

3.      IFSB filed an Answer to the Complaint in the above-captioned matter on February 15, 2006 [Dkt.#16].

4.      Subsequent to the filing of its original Answer, Defendants, Carolyn D. Jordan, David Wilmot, and Thomas L. Batties entered into agreements with the Bank titled "Requests for

Advancement of Expenses for Claims Against an Officer or Director" (the "Requests"). Pursuant the Requests, the Bank authorized the advancement of attorneys' fees and other related litigation costs and expenses on behalf of Defendants in accordance with 12 C.F.R. § 545.121 (the "Regulation").

5.    Pursuant to these Requests, each of the individual Directors agreed that they would "repay the Bank any amount so paid on my behalf by the Bank if it is later determined that I am not entitled to indemnification with respect to the litigation under 12 C.F.R. § 121[sic], and I represent that I have sufficient assets to repay my fair share of such amounts."

6.    On July 21, 2006 the Court entered an Order [Dkt.#51], which granted in part and deferred in part Plaintiffs' application for a preliminary injunction, and which enjoined IFSB and its Board of Directors from disseminating proxy materials to shareholders and holding shareholders' meetings until further order of the Court (the "Preliminary Injunction").

7.    In its Memorandum Opinion [Dkt.#50] entered on July 21, 2006, the Court made numerous findings of fact and conclusions of law against the Defendants which will preclude them from being entitled to indemnification with respect to this litigation pursuant to 12 C.F.R. § 545.121.

8.    Under these circumstances, IFSB requests leave of court to amend its pleadings to state a Cross-Claim out-of-time against Defendants, Carolyn D. Jordan, David Wilmot, and Thomas L. Batties.

9.    The claims set forth in IFSB's proposed Cross-Claim seek the reimbursement of attorneys' fees and related litigation expenses which were incurred by IFSB on behalf of Cross-Defendants pursuant to the provisions of 12 C.F.R. § 545.121, in defense of the claims brought

by Plaintiffs against Cross-Defendants in the present action and are, thus, related to the claims in this action and form part of the same case or controversy.

10.    The assertion of a Cross-Claim in this matter will be in the interest of judicial economy in that all matters relating to the transaction of events will be resolved in one proceeding.

11.    Pursuant to LCvR 7(i), Independence Federal Savings Bank's original proposed Cross-Claim against Defendants, Carolyn D. Jordon, David Wilmot, and Thomas L. Batties is attached hereto.

12.    Pursuant to LCvR 7(m), the undersigned counsel discussed the filing of the present Motion by telephone with counsel for Plaintiffs, Morton A. Bender and Grace Bender on February 9, 2007, and counsel for Plaintiffs indicated that Plaintiffs consent to the relief requested herein.

13.    Pursuant to LCvR 7(m), the undersigned counsel discussed the filing of the present Motion by telephone with counsel for Defendants, Thomas L. Batties, David Wilmot and Carolyn D. Jordan, on January 31, 2007.  By subsequent e-mail communications on February 15, 2007, counsel for Defendants has indicated that his clients do not consent to the relief requested herein.

WHEREFORE, for the reasons set forth above, Independence Federal Savings Bank, respectfully requests an Order from this Court granting this Motion and allowing Independence Federal Savings Bank to amend its pleadings to state a Cross-Claim out-of-time in this case.

Respectfully Submitted,

MILES & STOCKBRIDGE P.C.


/s/ G. Vann Canada, Jr.

_____
G. VANN CANADA, JR. (D.C. Bar #366414)
JAMES A. SULLIVAN, JR. (D.C. Bar #475145)
11 North Washington Street
Suite 700
Rockville, Maryland 20850
Telephone: (301) 762-1600
Fax:  (301) 762-0363
Attorneys for Defendant,
Independence Federal Savings Bank



## STATEMENT OF POINTS AND AUTHORITIES

1.    Fed. R. Civ. Proc. R. 15

2.    LCvR 7

3.    Jones v. District of Columbia Department of Corrections,  429 F.3d 276, 279

(D.C. Cir. 2005) ("a party may request, and the District Court shall freely give, leave to amend

the pleadings under Rule 15(a) when justice requires).


/s/ G. Vann Canada, Jr.

_____
G. VANN CANADA, JR.