UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **MORTON A. BENDER, et al.,** ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | C. A. No. 1:06cv00092 |
| ) | Honorable Rosemary M. Collyer |
| **CAROLYN D. JORDON, et al.,** ) | |
| ) | |
| Defendants. ) | |
| ) | |
| **INDEPENDENCE FEDERAL** ) | |
| **SAVINGS BANK** ) | |
| ) | |
| Cross-Plaintiff, ) | |
| v. ) | |
| ) | |
| **CAROLYN D. JORDAN** ) | |
| ) | |
| and ) | |
| ) | |
| **DAVID WILMOT** ) | |
| ) | |
| and ) | |
| ) | |
| **THOMAS L. BATTIES** ) | |
| ) | |
| Cross-Defendants. ) | |

### INDEPENDENCE FEDERAL SAVINGS BANK'S CROSS-CLAIM

**COMES NOW** the Defendant/Cross-Claimant, Independence Federal Savings Bank ("IFSB" or the "Bank"), by and through its undersigned counsel, pursuant to Fed. R. Civ. Proc. 13(g), and files this Cross-Claim against Defendants/Cross-Defendants, Carolyn D. Jordan, David Wilmot, and Thomas L. Batties and states as follows:

## JURISDICTION

1.      The claims set forth herein seek the reimbursement of attorneys' fees and related litigation expenses which were incurred by IFSB on behalf of Cross-Defendants pursuant to the provisions of 12 C.F.R. § 545.121, in defense of the claims brought by Plaintiffs against Cross-Defendants in the present action. The claims set forth herein are related to the claims in this action and form part of the same case or controversy. Consequently, this Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and/or 28 U.S.C. § 1367.

## THE PARTIES

2.      Cross-Plaintiff, IFSB is a federal stock savings association subject to the regulations of the Office of Thrift Supervision ("OTS").

3.      Cross-Defendant, Carolyn D. Jordan ("Ms. Jordan") is the former Chairman of the Board of Directors of IFSB, who was removed as Chairman of the Board on August 16, 2006 and subsequently resigned from the Board of Directors on or about January 4, 2007.

4.      Cross-Defendant, David Wilmot ("Mr. Wilmot") is the former Vice-Chairman of the Board of Directors of IFSB, who was removed as Vice-Chairman of the Board on August 16, 2006 and subsequently resigned from the Board of Directors on or about January 4, 2007.

5.      Cross-Defendant, Thomas L. Batties ("Mr. Batties") is the former acting President and CEO of IFSB, who resigned from his positions as acting President and CEO on June 30, 2006. Batties subsequently entered into a contract with IFSB to serve in an advisory role which expired on December 30, 2006.

## FACTS MATERIAL TO ALL COUNTS

6. Cross-Plaintiff, IFSB adopts and incorporates the preceding paragraphs as if fully set forth herein.

7. In the present case, Plaintiffs, Morton A. Bender and Grace Bender (collectively the "Plaintiffs" or "Bender"), sued the Cross-Defendants, and others, alleging violations of numerous securities laws and IFSB's bylaws by their actions leading up to, and in conducting, a shareholders' meeting in October of 2005.

8. IFSB was named as a nominal Defendant in the suit.

9. On or about February 20, 2006, Ms. Jordan entered into an agreement with IFSB titled "Request for Advancement of Expenses for Claims Against an Officer or Director" (the "Jordan Request"), which stated the following:

> Pursuant to the Regulations of the Office of Thrift Supervision (the "OTS") governing advancement of expenses to directors and officers of a federal savings association, 12 C.F.R. § 545.121.(3), the "Regulation"), with respect to claims brought against a director or officer arising from service as a director or officer of a federal savings association, I hereby request that Independence Federal Savings Bank (the "Bank") pay reasonable expenses and costs that have been or will be incurred in the defense or settlement of the litigation styled as Mortan A. Bender, et al. v. Carolyn D. Jordan, et al.  Under the Regulation, I hereby agree that I will repay the Bank any amounts so paid on my behalf by the Bank if it is later determined that I am not entitled to indemnification with respect to the litigation under 12 C.F.R. § 121 [sic], and I represent that I have sufficient assets to repay my fair share of such amounts.

A true and correct copy of the Jordan Request is attached hereto and incorporated herein as **Exhibit 1**.

10. On or about February 28, 2006, Mr. Wilmot entered into an agreement with IFSB titled "Request for Advancement of Expenses for Claims Against an Officer or Director" (the "Wilmot Request"), which stated the following:

> Pursuant to the Regulations of the Office of Thrift Supervision (the "OTS") governing advancement of expenses to directors and officers of a federal savings association, 12 C.F.R. § 545.121.(3), the "Regulation"), with respect to claims brought against a director or officer arising from service as a director or officer of a federal savings association, I hereby request that Independence Federal Savings Bank (the "Bank") pay reasonable expenses and costs that have been or will be incurred in the defense or settlement of the litigation styled as Mortan A. Bender, et al. v. Carolyn D. Jordan, et al. Under the Regulation, I hereby agree that I will repay the Bank any amounts so paid on my behalf by the Bank if it is later determined that I am not entitled to indemnification with respect to the litigation under 12 C.F.R. § 121 [sic], and I represent that I have sufficient assets to repay my fair share of such amounts.

A true and correct copy of the Wilmot Request is attached hereto and incorporated herein as **Exhibit 2**.

      11.    On or about February 28, 2006, Mr. Batties entered into an agreement with IFSB titled "Request for Advancement of Expenses for Claims Against an Officer or Director" (the "Batties Request"), which stated the following:

> Pursuant to the Regulations of the Office of Thrift Supervision (the "OTS") governing advancement of expenses to directors and officers of a federal savings association, 12 C.F.R. § 545.121.(3), the "Regulation"), with respect to claims brought against a director or officer arising from service as a director or officer of a federal savings association, I hereby request that Independence Federal Savings Bank (the "Bank") pay reasonable expenses and costs that have been or will be incurred in the defense or settlement of the litigation styled as Mortan A. Bender, et al. v. Carolyn D. Jordan, et al. Under the Regulation, I hereby agree that I will repay the Bank any amounts so paid on my behalf by the Bank if it is later determined that I am not entitled to indemnification with respect to the litigation under 12 C.F.R. § 121 [sic], and I represent that I have sufficient assets to repay my fair share of such amounts.

A true and correct copy of the Batties Request is attached hereto and incorporated herein as **Exhibit 3**.

12. Subsequent to the execution of the Jordan Request, the Wilmot Request and the Batties Request, IFSB advanced $649,614.00 in attorneys' fees and other related litigations expenses and costs on behalf of Ms. Jordan, Mr. Wilmot and Mr. Batties in defense of the action filed by Plaintiffs.

13. On July 21, 2006 the Court entered an Order [Dkt.#51], which granted in part and deferred in part Plaintiffs' application for a preliminary injunction, and which enjoined IFSB and its Board of Directors from disseminating proxy materials to shareholders and holding shareholders' meetings until further order of the Court (the "Preliminary Injunction").

14. In its Memorandum Opinion [Dkt.#50] entered on July 21, 2006, the Court made numerous findings of fact and conclusions of law against the Cross-Defendants. The Court concluded, inter alia, that the Plaintiffs were likely to succeed on the merits of certain claims in that: 1) the Director Defendants, through their chairman and vice chairman, acted as a group to acquire certain shares and voting power to solidify their control of the IFSB Board; acquired a beneficial ownership of said shares and voting power, which constituted nearly 10% of the Bank's outstanding shares, and; violated § 13(d) of the Exchange Act by failing to file the required Schedule 13D (see Memorandum Opinion at 28-31 [Dkt.#50]); 2) sent proxy solicitations containing multiple false and misleading material statements which led to election of the Management Nominees in violation of § 14(a) of the Exchange Act (see Memorandum Opinion at 34-44 [Dkt.#50]); and 3) violated § 45 of Robert's Rules by unilaterally allocating proxies after the polls closed (see Memorandum Opinion at 48-52 [Dkt.#50]).

15. On January 12, 2007, IFSB, through counsel, sent letters each of the Cross-Defendants demanding reimbursement of the sums advanced by IFSB on their respective

behalves in this litigation. Notwithstanding said demands, the Cross-Defendants have failed to reimburse IFSB any sums pursuant to the terms of their agreements.

## COUNT I
### (Breach of Contract)

16. Cross-Plaintiff, IFSB adopts and incorporates the preceding paragraphs as if fully set forth herein.

17. Pursuant to the Jordan Request, the Wilmot Request and the Batties Request, the Co-Defendants each agreed to "repay the Bank any amounts so paid on my behalf by the Bank if it is later determined that I am not entitled to indemnification with respect to the litigation under 12 C.F.R. § 121 [sic]." (See Exhibits 1-3).

18. Subsequent to the execution of the Jordan Request, the Wilmot Request and the Batties Request, IFSB advanced $649,614.00 in attorneys' fees and other related litigations expenses and costs on behalf of Ms. Jordan, Mr. Wilmot and Mr. Batties in defense of the action filed by Plaintiffs.

19. Based upon the numerous findings of fact and conclusions of law against the Cross-Defendants in this Court's Memorandum Opinion, the Cross-Defendants will not be entitled to indemnification with respect to this litigation pursuant to 12 C.F.R. § 545.121.

20. IFSB has made demand on the Cross-Defendants for payment of all sums due and owing to IFSB, and the Cross-Defendants have failed to reimburse IFSB pursuant to the terms of the Jordan Request, the Wilmot Request and the Batties Request, which constitutes a material breach of contract.

21. As a result of said breach of contract, IFSB has suffered damages in the amount of $649,614.00, which constitutes the attorneys' fees and other related litigations expenses and costs incurred on behalf of Ms. Jordan in defense of the action filed by Plaintiffs.

WHEREFORE, Defendant/Counter-Plaintiff, Independence Federal Savings Bank, demands judgment against Defendants/Counter-Defendants, Carolyn D. Jordan, David Wilmot and Thomas L. Batties, jointly and severally, in the amount of Six Hundred Forty-Nine Thousand Six Hundred Fourteen Dollars ($649,614.00), plus interest, costs, and for such other and further relief as this Court deems proper.

## COUNT II
**(Unjust Enrichment-Ms. Jordan)**

22. Cross-Plaintiff, IFSB adopts and incorporates the preceding paragraphs as if fully set forth herein.

23. IFSB conferred a benefit upon Ms. Jordan by advancing $649,614.00 in attorneys' fees and other related litigations expenses and costs on behalf of her in defense of the action filed by Plaintiffs.

24. Ms. Jordan knew that IFSB was conferring this benefit upon her by virtue of the Jordan Request which she executed.

25. It would be improper and inequitable for Ms. Jordan to retain the benefits conferred by IFSB if she is not entitled to indemnification with respect to this litigation pursuant to 12 C.F.R. § 545.121.

WHEREFORE, Defendant/Counter-Plaintiff, Independence Federal Savings Bank, demands judgment against Defendant/Counter-Defendant, Carolyn D. Jordan in the amount of Six Hundred Forty-Nine Thousand Six Hundred Fourteen Dollars ($649,614.00), plus interest, costs, and for such other and further relief as this Court deems proper.

## COUNT III
**(Unjust Enrichment-Mr. Wilmot)**

26.   Cross-Plaintiff, IFSB adopts and incorporates the preceding paragraphs as if fully set forth herein.

27.   IFSB conferred a benefit upon Mr. Wilmot by advancing $649,614.00 in attorneys' fees and other related litigations expenses and costs on his behalf in defense of the action filed by Plaintiffs.

28.   Mr. Wilmot knew that IFSB was conferring this benefit upon him by virtue of the Wilmot Request which he executed.

29.   It would be improper and inequitable for Mr. Wilmot to retain the benefits conferred by IFSB if he is not entitled to indemnification with respect to this litigation pursuant to 12 C.F.R. § 545.121.

WHEREFORE, Defendant/Counter-Plaintiff, Independence Federal Savings Bank, demands judgment against Defendant/Counter-Defendant, David Wilmot in the amount of Six Hundred Forty-Nine Thousand Six Hundred Fourteen Dollars ($649,614.00), plus interest, costs, and for such other and further relief as this Court deems proper.

## COUNT IV
**(Unjust Enrichment-Mr. Batties)**

30.   Cross-Plaintiff, IFSB adopts and incorporates the preceding paragraphs as if fully set forth herein.

31.   IFSB conferred a benefit upon Mr. Batties by advancing $649,614.00 in attorneys' fees and other related litigations expenses and costs on his behalf in defense of the action filed by Plaintiffs.

32.    Mr. Batties knew that IFSB was conferring this benefit upon him by virtue of the Batties Request which he executed.

33.    It would be improper and inequitable for Mr. Batties to retain the benefits conferred by IFSB if he is not entitled to indemnification with respect to this litigation pursuant to 12 C.F.R. § 545.121.

WHEREFORE, Defendant/Counter-Plaintiff, Independence Federal Savings Bank, demands judgment against Defendant/Counter-Defendant, Thomas L. Batties in the amount of Six Hundred Forty-Nine Thousand Six Hundred Fourteen Dollars ($649,614.00), plus interest, costs, and for such other and further relief as this Court deems proper.

Respectfully Submitted,

MILES & STOCKBRIDGE P.C.

/s/ G. Vann Canada, Jr.
_____
G. VANN CANADA, JR. (D.C. Bar #366414)
JAMES A. SULLIVAN, JR. (D.C. Bar #475145)
11 North Washington Street
Suite 700
Rockville, Maryland 20850
Telephone: (301) 762-1600
Fax:  (301) 762-0363
Attorneys for Defendant/Cross-Plaintiff,
Independence Federal Savings Bank