UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MORTON A. BENDER, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | C. A. No. 1:06cv00092 |
| ) | Honorable Rosemary M. Collyer |
| CAROLYN D. JORDON, et al., ) | |
| ) | |
| Defendants. ) | |
| _____) | |

### INDEPENDENCE FEDERAL SAVINGS BANK'S
### REPLY MEMORANDUM OF POINTS AND AUTHORITIES
### IN SUPPORT OF MOTION TO MODIFY PRELIMINARY INJUNCTION

Defendant, Independence Federal Savings Bank ("IFSB"), by its undersigned counsel in reply to Plaintiff's Memorandum of Points and Authorities in Opposition to IFSB's Motion to Modify Preliminary Injunction, responds as follows:

PRELIMINARY STATEMENT:

By Memorandum Opinion [Dkt.#50] and separate Order [Dkt.#51] both dated July 21, 2006, this Court enjoined the Board of Directors and management of IFSB from disseminating proxy materials and holding a shareholders' meeting until "further order of this Court."[1] On February 15, 2007, IFSB filed a motion to modify the preliminary injunction citing several compelling reasons for modification [Dkt#77]. The Plaintiffs, Morton A. Bender and Grace Bender ("Bender") have filed a memorandum opposing IFSB's motion on the basis that the relief sought is too broad and that Bender has no objection to a "conditional" modification [Dkt#80].[2] Moreover, Bender seeks "intervention" on the part of this Court to determine the "kind of

---

[1] Memorandum Opinion, p. 60 and accompanying Order.
[2] Bender's Opposition Memorandum, p. 1.

modified relief [that] might be appropriate."[3]    IFSB agrees that such intervention by the Court is required to fashion conditions to preserve the integrity of the Court's prior Order of July 21, 2006 and at the same time, afford appropriate relief to IFSB.

ARGUMENT:

> IFSB Has No Objection To A Limited Modification Of The Preliminary Injunction.

Bender expresses concern regarding the "broad relief" requested by IFSB.[4]  As Bender properly notes, however, IFSB has no objection to the Court imposing "safeguards" to prevent any corruption of the dissemination of proxy materials and the conduct of a meeting of the shareholders.  In addition, IFSB has no objection to the Court barring participation of the "Individual Defendants" and other persons, as identified by Bender in the opposition memorandum, in all or any portion of the proxy dissemination process and a shareholders' meeting.  The relief sought by IFSB by way of its motion is not intended to interfere with or impede the ultimate relief sought by Bender but, instead, is for the purpose of permitting the Bank to comply with directives issued by the Office of Thrift Supervision and resume conducting its corporate affairs in an orderly manner.

> The Remaining Individual Defendants Have Stated Under Oath That They Do Not Intend To Participate In The Dissemination Of Proxy Materials And Any Future Meeting Of Shareholders.

On January 5, 2007, the three remaining Individual Defendants, Carolyn D. Jordon, David Wilmot and Thomas L. Batties, filed a Motion to Dismiss Plaintiffs' First Amended Complaint for Mootness and Memorandum of Points and Authorities in Support [Dkt#73]. In support of this motion, each of the remaining Individual Defendants submitted an affidavit chronicling the events related to their participation in the affairs of IFSB and, in substance,

---

[3] Id. at p. 1, n. 1.
[4] Id. at p. 4.

Client Documents:4821-3618-8417v1|18823-000000|2/22/2007        2

indicating that they were no longer associated with IFSB.[5] Further, these Individual Defendants averred that they did not intend to participate in the affairs of IFSB as shareholders or otherwise in the future. Consequently, it appears that the remaining Individual Defendants cannot object to an order of this Court barring their participation in the affairs of IFSB.

CONCLUSION:

IFSB urges this Court to fashion an order to modify the existing injunction to permit the Board of Directors and management to disseminate proxy materials for the election of directors and to conduct a meeting of the shareholders in conformity with its By-Laws as well as applicable laws and regulations. Such modified order should contain those conditions and restrictions as this Court deems appropriate.

                                     Respectfully Submitted.

                                     MILES & STOCKBRIDGE P.C.

                                     /s/ G. Vann Canada, Jr.
                                     _____
                                     G. VANN CANADA, JR. (D.C. Bar #366414)
                                     JAMES A. SULLIVAN, JR. (D.C. Bar #475145)
                                     11 North Washington Street
                                     Suite 700
                                     Rockville, Maryland 20850
                                     Telephone: (301) 762-1600
                                     Fax: (301) 762-0363
                                     Attorneys for Defendant,
                                     Independence Federal Savings Bank

---

[5] This observation on the part of IFSB is not to be construed as an effort to support or oppose the Individual Defendants' motion to dismiss for mootness. IFSB is not so presumptive as to suggest how this Court should decide the pending motion but, rather is making this observation in support of its motion to modify the preliminary injunction to permit it to conduct its corporate affairs.