IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MORTON A. BENDER, et al. <br><br> Plaintiff, <br><br> vs. <br><br> CAROLYN D. JORDAN, et al. <br><br> Defendant. | Civil Action No. 1:06cv00092 |

**Defendants' Memorandum of Points and Authorities in Opposition to IFSB's Motion For Leave to Amend Pleadings to State Cross-Claims out of Time**

Defendants Carolyn D. Jordan, David Wilmot, and Thomas L. Batties ("Defendants") oppose Independence Federal Savings Bank's ("IFSB" or the "Bank") Motion For Leave to Amend Pleadings to State Cross-Claims out of Time (the "Motion") on the grounds that the claims which the Bank seeks to assert are not ripe and, therefore, this court lacks subject matter jurisdiction to consider those claims.

**Relevant Factual and Procedural Background**

"The claims set forth in IFSB's proposed Cross-Claim seek the reimbursement of attorneys' fees and related litigation expenses which were incurred by IFSB on behalf of Cross-Defendants pursuant to the provisions of 12 C.F.R. § 545.121, in defense of the claims brought by Plaintiffs against Cross-Defendants in the present action..." (Motion[1], p. 2, ¶ 9) The following facts and procedural background are relevant to the Bank's attempt to invoke the provisions of 12 C.F.R. § 545.121 by filing a Cross-Claim against Defendants.

---

[1] References to the "Motion" are to the brief made a part of the Bank's Motion for Leave to Amend Pleadings to State Cross-Claim Out-Of-Time. (Document No. 78) (References to "Document No." are to the docket numbers of documents contained in the Court's file.)

137974v1

1.  On January 20, 2006, Plaintiffs filed suit and named Thomas Batties, Carolyn Jordan, David Wilmot, Eugene Youngentob, Michael Cobb, William Fitzgerald, IV, and IFSB as Defendants. Messrs. Jordan, Wilmot, Youngentob, Cobb and Fitzgerald were members of the IFSB board ("Director Defendants") and Mr. Batties was the President and C.E.O. of the Bank ("Defendant Batties"). *See* Verified Complaint (Document 1).

2.  In their Original Complaint, Plaintiffs asserted six causes of action and sought both preliminary and permanent injunctive relief and money damages. Five of the six counts were against the individual defendants. Count VI was asserted only against the Bank and sought a Declaratory Judgment that IFSB be restrained from Indemnifying the Defendants for Costs and Attorneys fees for this action.

3.  Plaintiffs affirmatively stated that the Bank was merely a nominal defendant.[2] (Motion, p. 1, ¶ 2) Nonetheless, Plaintiffs sought to assert Court VI on their own behalf and not derivatively for the benefit of the Bank.

4.  Defendants, Carolyn D. Jordan, David Wilmot, and Thomas L. Batties as well as and the other individual defendants entered into agreements with the Bank titled "Request for Advancement of Expenses for Claims Against an Officer or Director" (the "Requests). Pursuant those Requests, the Bank authorized the advancement of attorney's fees and other related litigation costs and expenses on behalf of Defendants in accordance with 12 C.F.R. § 545.121 (the "Regulation"). (Motion, pp. 1-2, ¶ 4)

5.  Pursuant to those Requests, each of the individual Directors agreed that they would "repay the Bank any amount so paid on my behalf by the Bank if it is later determined that I am not entitled to indemnification with respect to the litigation under 12 C.F.R. § 121[sic], and I represent that I have sufficient assets to repay my fair share of such amounts." (Motion, p.

---

[2]  See February 9, 2006 Hearing, at Lines 4:9-16.

2, ¶ 5) Pursuant to those undertakings, and in conformity with 12 C.F.R. § 545.121 (e), the Bank properly advanced legal fees and expenses on behalf of the individual defendants.

6. In February 2006, the Bank (joined by Defendants) sought to dismiss Count VI of Plaintiffs' Original Complaint on the grounds that (a) the claim was not ripe and the Court thus lacked subject matter jurisdiction, and (b) Plaintiffs lacked standing to pursue the claim in any event. (Documents 24 and 25)

7. On April 21st, April 28th and May 4th, the Court heard testimony relating to Plaintiffs' Application for Preliminary Injunctive Relief. (*See*, Minute Entries on those dates)

8. On July 21, 2006 the Court entered its Order granting Preliminary Injunctive relief to Mr. Bender. In that Order, the Court granted in part and deferred in part Plaintiffs' Application for Preliminary Injunction, and enjoined the Defendants from disseminating proxy materials to shareholders and holding shareholders' meetings until further order of the Court. *See* July 21, 2006, Memorandum Opinion (Document 50), at p. 60; Order (Document 51). The Court also denied Defendants' other motion to dismiss, but deferred consideration of the Bank's Motion to dismiss count VI of Plaintiffs' Complaint. (Document 51).

9. At the time the lawsuit was filed, Ms. Jordan was the Chairman of the Board, Mr. Wilmot was the Vice-Chairman and the five individual Director Defendants constituted a majority of the Bank's nine member board of Directors. (*See* Jordan Affidavit, ¶ 4, and Wilmot Affidavit, ¶ 4, attached to Document No. 74). The other four members of the Board, Messrs. Isard, Hall, Deckelbaum and Wilson, constituted the "Bender Nominees" and supported Mr. Bender's agenda with regard to the Bank.[3] Subsequent to the Court's July 21, 2006 Order, all

---

[3] The Court recognized that there are no disinterested Directors and observed, "...you've sued everybody but Bender's nominees, right?" Mr. Bender's counsel agreed with the Court's observation. *See* February 9, 2006 Hearing Transcript, at Lines 17:24-18:4, a copy of which is attached as Exhibit A.

3

137974v1

five of the original Director Defendants resigned from the Board of Directors of the Bank. (*See* Document No. 74, ¶ 9 *et. seq.*)

10. On September 22, 2006, the Court granted leave to Plaintiffs to file their First Amended Complaint. All individual Defendants named in the Original Complaint and the Bank were once again named as Defendants in the First Amended Complaint. (*See* 9/22/06, Minute Entry)

11. In their First Amended Complaint, Plaintiffs assert four counts against the Director Defendants and the Bank, and seek only preliminary and permanent injunctive relief, not damages. (*See* First Amended Complaint (Document 68) The first three Counts are asserted only against Defendants. In Count VI, Plaintiffs seek Declaratory Relief from the Bank, precluding it from indemnifying the Defendants for costs and attorneys fees for this action. This is the same Count VI the Bank had previously moved to dismiss and which the Court had deferred considering.

12. Subsequent to the filing of their First Amended Complaint, Plaintiffs have dismissed their claims against 3 of the 6 original individual defendants. (*See* Document No. 74, ¶¶ 9, 11, and 12)

13. On January 5, 2007, Defendants filed their Motion to Dismiss Plaintiffs' First Amended Complaint for Mootness and Memorandum of Points and Authorities in Support. (Document No. 74) The Motion remains pending and briefing on that Motion will be completed on March 27, 2007. (*See* Court's Minute Entry Order of February 22, 2007).

14. On February 22, 2007, and on the Bank's motion, the Court entered an Order that modified the July 21, 2006 Preliminary Injunction (Document No. 51) and, in effect, allowed the Bank to proceed with its next annual meeting. (Document No. 82)

4

137974v1

15. There has been no final judgment, decree, or order in this matter which is not appealable or as to which the period for appeal has expired and no appeal taken. (*See* 12 C.F.R. § 545.121 (a) (iii))

16. The claims brought by Plaintiffs against the remaining Defendants in this matter have not been settled. It is unclear to these Defendants whether Plaintiffs' claims against the dismissed Defendants are or were the subject of written or verbal settlement agreements.

17. Based on an absence of any reference to such acts in the Bank's Motion, it can be inferred that there has been no effort by a majority of the disinterested directors of the Bank to determine whether, at the time of the events about which Plaintiffs complain, (a) the Defendants were acting in good faith within the scope of their authority or as they could reasonably have perceived it under the circumstances, and (b) for a purpose they reasonably could have believed under the circumstances was in the best interests of the Bank or its shareholders. (*See* 12 C.F.R. § 545.121 (c) (iii))

## **Argument**

### I.  **The Applicable Regulation**

Through its Motion, the Bank prematurely seeks to bring claims invoking the provisions of 12 C.F.R. § 545.121 (the "Regulation") to recover legal fees and expenses which it previously advanced to Defendants in connection with their defense of claims brought by Plaintiffs.

The Regulation is mandatory ("shall indemnify") and governs circumstances under which a Federal Savings Association such as the Bank must indemnify its officers and directors for claims such as those made by Plaintiffs in this case. (12 C.F.R. § 545.121 (a) and (b)).

The Regulation expressly provides for the advancement of legal fees and expenses relating to the defense of a lawsuit. (12 C.F.R. § 545.121 (e)) Relevant provisions of that section provide:

> (e) Payment of expenses. If a majority of the directors of a savings association concludes that, in connection with an action, any person ultimately may become entitled to indemnification under this section, the directors may authorize payment of reasonable costs and expenses, including reasonable attorneys' fees, arising from the defense or settlement of such action. Nothing in this paragraph (e) shall prevent the directors of a savings association from imposing such conditions on a payment of expenses as they deem warranted and in the interests of the savings association. Before making advance payment of expenses under this paragraph (e), the savings association shall obtain an agreement that the savings association will be repaid if the person on whose behalf payment is made is later determined not to be entitled to such indemnification.

The advances of legal fees and expenses incurred in connection with the defense of Plaintiffs' claims in this litigation were made pursuant to this provision.

The Regulation also expressly governs circumstances where, as here, the Bank has advanced legal expenses and costs on behalf of directors and officers and disputes arise as to whether such fees and expense should have been advanced. (12 C.F.R. § 545.121 (c)) That portion of the regulation provides as follows:

> (c) Requirements. Indemnification shall be made to such period under paragraph (b) of this section only if: (1) Final judgment on the merits is in his or her favor; or (2) In case of: (i) Settlement, (ii) Final judgment against him or her or, (iii) Final judgment in his or here favor, other than on the merits, if a majority of the disinterested directors of the savings association determine that he or she was acting in good faith within the scope of his or her employment or authority as he or she could reasonable have perceived it under the circumstances and for a purpose he or she could reasonably have believed under the circumstances was in the best interests of the savings association or its members. (12 C.F.R. § 545.121 (c))

6

137974v1

The same section provides added protection to Bank shareholders by requiring regulatory approval of indemnification, stating:

> However, no indemnification shall be made unless the association gives the Office at least 60 days' notice of its intention to make such indemnification. Such notice shall state the facts on which the action arose, the terms of any settlement, and any disposition of the action by a court. Such notice, a copy thereof, and a certified copy of the resolution containing the required determination by the board of directors shall be sent to the Regional Director, who shall promptly acknowledge receipt thereof. The notice period shall run from the date of such receipt. No such indemnification shall be made if the OTS advises the association in writing, within such notice period, of his or her objection thereto. (12 C.F.R. § 545.121 (c))[4]

## II. The Standard for Constitutional Ripeness and Subject Matter Jurisdiction

"A claim is not ripe for adjudication if it rests upon contingent future events that may not occur as anticipated, or indeed may not occur at all." *Texas v. United States*, 523 U.S. 296, 300 (1998) (citations omitted). The test for determining ripeness requires a court to consider (1) "the fitness of the issues for judicial decision," and (2) "the hardship to the parties of withholding court consideration." *Abbott Laboratories v. Gardner*, 387 U.S. 136, 149 (1967). To determine the fitness of the issues for judicial decision and the hardship to the parties, the Court must consider "(1) whether delayed review would cause hardship to the plaintiffs; (2) whether judicial intervention would inappropriately interfere with further administrative action; and (3) whether the courts would benefit from further factual development of the issues presented." *Ohio Forestry Ass'n, Inc. v.. Sierra Club*, 523 U.S. 726, 733 (1998).

If the matter before the court is not ripe for adjudication, the court lacks subject matter jurisdiction because there is no Article III "case or controversy". *Nat'l Treasury Employees*

---

[4] It is worth noting that the determination by the board of directors is characterized as "required." This is logical in that the regulation is designed to protect both directors and officers as well as banks and their shareholders.

7

137974v1

*Union v. United States*, 101 F.3d 1423, 1427 (D.C.Cir.1996) (citing *Allen v. Wright*, 468 U.S. 737, 750 (1984)).

### III. The Requirements of the Regulation Have Not Been Met

The issues which the Bank seeks to present in its cross-claims are not ripe because there has been no final disposition of this matter, the regulation has not been triggered, and the regulatory requirements have not been met.

#### A. There Has Been No Final Judgment on The Merits, Or Otherwise, And No Settlement

As set forth above, there has been no final disposition of this case. (Factual Background, ¶ 14) Similarly, there has been no settlement of the claims brought against Defendants by Plaintiff in this matter. Defendants motion to dismiss the case is currently pending, but not yet fully briefed. (Factual Background, ¶ 12) If the Court grants that motion, the case will be disposed of, but not before. In responding to Defendants motion, Plaintiffs argue vigorously that the case is not moot and should not be dismissed. In either event, it is evident that the case has yet to be finally resolved. Thus, the provisions of the Regulations have not been triggered.

#### B. Absent Disposition of the Case, the Regulation is Not Triggered

In its supporting memorandum, the Bank incorrectly asserts that "the Court made numerous findings of fact and conclusions of law against the Defendants which will preclude them from being entitled to indemnification with respect to his litigation pursuant to 12 C.F.R. § 545.121."

The undisputed facts make it plain that the provisions of the Regulation allowing the Bank to recover fees and expenses previously advanced have not been met.

First, there has been no final disposition of the case, either on the merits or otherwise. The Regulation specifically anticipates that the resolution of the matter for which indemnification is sought may be in the context of an adverse judgment or on grounds other than on the merits. (12 C.F.R. § 545.121 (c) (iii) (referencing "Final judgment in his or her favor other than on the merits")) Thus, even if an adverse final judgment were to be entered against Defendants, it does not preclude indemnification if the requirements of the Regulation are otherwise met. In opposing Defendants' motion to dismiss, and contrary to the Bank's position in seeking leave to amend, Plaintiffs apparently argue that a disposition after a full trial on the merits is necessary to the invocation of the Regulation. It is not, and the Regulation clearly anticipates as much. Dismissal of Plaintiffs claims as moot is but one example of how a case could be disposed of on the merits, or otherwise, without the need for a full trial and yet still fall under the Regulation.[5]

Second, the Bank is now controlled exclusively by Board members nominated or supported by Mr. Bender. As the Court rightly observed, there are no disinterested directors. (Factual Background, ¶ 9, n. 3) Yet, the provisions of the Regulation specifically require a vote by a majority of the disinterested directors of the Bank on the issue of whether the Defendants were acting in good faith and in what they thought were the best interests of the Bank. At present, that vote simply cannot occur.

The Court's Order of February 22, 2007 and prompt action by the existing Board of Directors of the Bank can remedy this road-block. New, and potentially disinterested, directors will be elected to the Board at the upcoming Annual Meeting of Shareholders. Those new

---

[5] Altered circumstances, brought on by the practical realities of continuing to litigate this matter in light of the Court's July 21 Order, and the Plaintiffs' filing of their First Amended Complaint laid the predicate for the pending motion to dismiss. No amount of argument to the contrary by Plaintiffs can erase the fact that their claims are now moot.

directors will fill the five positions left vacant by the resignation of the five Director Defendants. At that point and not before, and if the case has been finally disposed of, the disinterested directors are authorized by the Regulation to vote on the issue of indemnification. (12 C.F.R. § 545.121 (c) (iii))

Third, the absence of any assertion to the contrary by the Bank reasonably suggests that the Board has not endeavored to take the vote *required* by the Regulation. (*See* Factual Background, ¶ 17) (12 C.F.R. § 545.121 (c)) Of course, given the absence of disinterested directors, the Bank's current board cannot take the required vote. This fact alone precludes the Bank from invoking the Regulation, renders the proposed cross-claims not-ripe, and precludes this court from exercising subject matter jurisdiction.

### C. The Motion to Dismiss Count VI of Plaintiffs' Original and First Amended Complaint Should be Granted

The Bank's pending Motion makes it abundantly clear that the Bank's Motion to Dismiss Count VI of Plaintiffs' Original and First Amended Complaint should now be granted. (*See* Documents No. 24 and 25) The Bank originally made its motion on the grounds that (a) Plaintiffs' claims were not ripe, and (b) Plaintiffs' lacked standing to assert those claims. As has been demonstrated above, and for many of the same reasons originally raised by the Bank in its motion to dismiss Count VI, those claims are still not ripe. In addition, the Bank's attempt to assert the same rights in its own name as Plaintiffs attempted to assert as their own claims in Count VI unambiguously demonstrates that Plaintiffs lack, and have always lacked, standing to assert those claims. As a consequence, Defendants respectfully suggest that the Court should now take up the motion which it deferred in its July 21, 2006 Order and dismiss Count VI of the Original and First Amended Complaints.

## Conclusion

In effect the Bank is asking the Bank to abrogate the protection provided to Defendants by the Regulation. The request is made notwithstanding the fact that the regulatory procedure is described as mandatory. The Court should decline the Bank's invitation and deny the Motion

For all of the foregoing reasons, Defendants respectfully suggests that the Bank's Motion For Leave to Amend Pleadings to State Cross-Claims out of Time should be denied.

Respectfully submitted,

February 26, 2007

SHOOK, HARDY & BACON, LLP

_____/s/_____
Peter E. Strand
Carlos E. Provencio
Christine S. Hudson
Hamilton Square
600 14th Street, N.W.
Suite 800
Washington, DC 20005
Phone: 202-783-8400
Fax: 202-783-4211

Attorneys for the Individual Defendants

137974v1

11

## CERTIFICATE OF SERVICE

I hereby certify that on the 26th day of February, 2007, a true and complete copy of the forgoing **DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO IFSB'S MOTION FOR LEAVE TO AMEND PLEADINGS TO STATE CROSS-CLAIMS OUT OF TIME** was sent electronically to the following:

> Dale A. Cooter, Esquire
> Cooter, Mangold, Tompert and Wayson, L.L.P.
> 5301 Wisconsin Ave, NW
> Suite 500
> Washington, D.C. 20015
> T: (202)537-0700
> F: (202)364-3664
> *Attorneys for Plaintiffs*
>
> G. Vann Canada, Jr.
> Miles & Stockbridge P.C.
> 11 North Washington Street
> Suite 700
> Rockville, Maryland 20850
> T: (301) 762-1600
> F: (301) 762-0363
> *Attorneys for Defendant,*
> *Independence Federal Savings Bank*

                                                          /s/
                                      Attorneys for the Appellants

137974v1