IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| MORTON A. BENDER, et al. ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> CAROLYN D. JORDAN, et al. ) <br> ) <br> Defendant. ) <br> ) | Civil Action No. 1:06cv00092 |

**Supplemental Reply in Support of Defendants' Motion to Dismiss Plaintiffs'
First Amended Complaint for Mootness**

Defendants Carolyn D. Jordan, David Wilmot, and Thomas L. Batties ("Defendants") have filed a motion to Dismiss Plaintiffs' First Amended Complaint for Mootness and Memorandum of Points and Authorities in Support. (Doc. No. 74) (the "Motion"). Defendants respectfully submit this Supplemental Reply in support of their Motion and in Opposition to Morton and Grace Benders' Memorandum of Points and Authorities in Response to Defendants' Supplemental Memorandum in Support of Defendants' Motion to Dismiss Plaintiffs' First Amended Complaint for Mootness. (Doc. No. 86) (the "Response").

**Argument**

I. **Plaintiffs' Claims Seeking Neutralization of Shares are Moot**

Plaintiffs' raise two arguments that their claims seeking to neutralize shares are not moot. Both fail.

A. **Fed. R. Civ. P. 12(b)(7) Does Not Apply Here**

Apparently conceding that their effort to neutralize shares which Defendants no longer own is moot, Plaintiffs' incorrectly argue that the Motion is nothing more than a disguised Fed.

- 1 -

138578v2

R. Civ. P. 12(b)(7) motion based on Plaintiffs failure to join certain third parties (the "Third Parties").

### 1. **Defendants Are Not Making a Rule 12(b)(7) Motion**

The fundamental flaw in Plaintiffs' argument is their assumption that, "If Defendants mean to make an argument under Federal Rule of Civil Procedure 12(b)(7) . . . then they should bring an appropriate motion . . . " In fact, Defendants do not seek to bring a Fed. R. Civ. P. 12(b)(7) motion. Moreover, they do not need to make such a motion in the context of this case. Plaintiffs have not pointed to any case where claims that were otherwise moot were revived by the absence of a necessary party. Similarly, Plaintiffs have cited to no authority where a motion to dismiss for mootness was denied on the grounds that a necessary party had not been joined. In any event, the requirements for a well taken Rule 12(b)(7) motion are absent from this case.

### 2. **Rules 12(b)(7) and 19 Do Not Apply Here**

Rule 12(b)(7) provides that a party may assert the failure to join a party under Rule 19 as a defense.[1] Thus, a motion pursuant to that Rule, as well as Plaintiffs' argument, hinge on the application of Rule 19 to the facts of this case.

Neither of the factual predicates for the application of Rule 19(a) are present here.[2] First, Rule 19(a)(1) applies only if complete relief among those *already* parties cannot be accorded in the absence of joinder of a third party. In support of their Motion, Defendants have made extensive arguments that Plaintiffs already have all of the relief which they seek in their First

---

[1] Hereafter, reference to Rules 12(b)(7), 19, 65(d) and 11 of the Federal Rules of Civil Procedures will be to Rule 19, etc.

[2] Defendants implied assertion that the Third Parties are necessary under Rule 19 comes more than a year after their Original Complaint naming the Third Parties, and only after other briefing is complete. The timing seems rather suspect.

- 2 -

138578v2

Amended Complaint.[3]  Logically, if Plaintiffs already have all of the relief which they seek from these Defendants, there is no existing inability for Plaintiffs to obtain complete relief from Defendants, and there is no need to join additional parties.  This reasoning comports with opinions finding, "The plaintiffs have obtained everything that they could recover by a judgment of this Court in their favor, and their challenge is therefore moot." *Montana Shooting Sports Assn., Inc. v. Norton*, 355 F.Supp.2d 19, 20 (D.D.C. 2004); *See also Hall v. CIA*, 437 F.3d 94, 99 (D.C.Cir. 2006).

Second, Rule 19(b)(2) applies only if (i) the person sought to be joined claims an interest relating to the subject of the action and failure to join that person will impede the ability to protect that interest, or (ii) the failure to join a party will create a substantial risk that the existing parties will face double, multiple or inconsistent obligations.   Plaintiffs have supplied no evidence or logic to support an argument that the Third Parties identified in their First Amended Complaint have an interest in the subject matter of this litigation.  The subject matter of this litigation can be discerned from Plaintiffs' pleadings.  In sum, Plaintiffs complain of Defendants allegedly wrongful conduct directed at Mr. Bender leading up to and during the 2005 Annual Meeting of Shareholders, and seek to reverse the outcome of that meeting.[4]   Importantly, Mr. Bender expressly disavowed seeking relief for or on behalf of other shareholders, including the Third Parties.

Given the record, the only argument Plaintiffs can make is that the Third Parties may need and want to preserve their voting rights through this litigation.  Such an argument incorrectly presumes that the Court has the Constitutional power to adjudicate rights of parties not before it.  *Hatahley v. U.S.,* 351 U.S. 173 (1956); *see also* FEDERAL PRACTICE AND

---

[3]  Defendants will not reiterate those arguments here.  Rather, they direct the Court's attention to the Motion (Doc. No. 74) and Reply Memorandum (Doc. No. 76).

[4]  *See* Reply Memorandum, pp. 2-6 (Doc. No. 76)

- 3 -

138578v2

PROCEDURE, WRIGHT, CHARLES ALAN, § 2956.  The argument then boot straps that flawed reasoning into a Rule 19(a)(2)(i) "interest".  There simply is no cognizable Rule 19(a)(2)(i) interest that the Third Parties have in the subject matter of this case -- Defendants' alleged personal attacks on Mr. Bender.

The second prong of Rule 19(a)(2) is also inapplicable.  That clause seeks to insure that the existing parties to the lawsuit will not be exposed to inconsistent results.  Plaintiffs face no such risk.  As the court in *Ervin and Assoc., Inc. v. Dunlap*, 33 F.Supp. 1, 13 (D.D.C. 1997) observed, "However, the contract recipients [third parties] have no part in resolving the constitutional and statutory dispute about the government's treatment of Ervin [the plaintiff] and their joinder now would not relieve the government of any risk of incurring multiple obligations.  Nor does the failure to join them now create any impediment to their potential later recovery in separate lawsuits."  Plaintiffs have not and cannot point to any risk that they will face multiple obligations or lose any right if the Third Parties are not joined.  Given the reasoning of *Ervin Associates,* this clause does not come into play in this case.

Plaintiffs rely on *Ervin Associates* and other cases for the proposition that, in response to a Rule 12(b)(7) motion, leave to amend is granted when absent parties can be joined.  (Response, pp. 3 – 4)  Plaintiffs fail to place this law in the proper context.  Leave to amend is necessary only if the provisions of Rule 19(a)(1) or (2) apply.  As demonstrated above, Rule 19(a) does not apply, and thus Plaintiffs' case law is inapposite.

        3.    **Courts Decide Issues of Mootness Based on the Parties Before Them**

Plaintiffs' Rule 12(b)(7) argument also overlooks a fundamental tenant of the law relating to mootness – courts decide issues of mootness based on the litigants in the case before them.  *DeFunis v. Odegaard,* 416 U.S. 312, 316 (1974) ("The starting point for analysis is the familiar

proposition that 'federal courts are without power to decide questions that cannot affect he rights of litigants in the case before them'.") (citing *North Carolina v. Rice,* 404 U.S. 244, 246 (1971)); *Hall v. CIA*, 437 F.3d 94, 99 (D.D.C. 2006) ("The rule against deciding moot cases forbids federal courts from rendering advisory opinions or 'decide[ing] questions that cannot affect the rights of litigants in the case before them.'") (citing *Pharmachemie B.V. v. Barr Laboratories, Inc.*, 276 F.3d 627 (D.C.Cir.2002)).  The Third Parties are not litigants in the case currently before this court.  Plaintiffs have cited to no case law and provided no logic to suggest that this Court should part ways with this long established precedent and adopt a new approach.

B.     **Rule 65(d) Does Not Save Plaintiffs' Claims from Being Moot**

Plaintiffs reliance on Rule 65(d) is misplaced.  Rule 65(d) provides, in pertinent part, that,

> "Every order granting an injunction and every restraining order shall set forth the reasons for its issuance; shall be specific in terms; shall describe in reasonable detail, and not by reference to the complaint or other document, the act or acts sought to be restrained; and is binding only upon the parties to the action, their officers, agents, servants, employees, and attorneys, and upon those persons in active concert or participation with them who receive actual notices of the order by personal service or otherwise".

Plaintiffs' arguments misread the well-established purpose of the Rule.  Interpreting the operative language of present Rule 65(d), the Supreme Court stated, "In essence it is that defendants may not mollify a decree by carrying out prohibited acts through aiders and abettors, although they were not parties to the original proceeding".  *Regal Knitwear Co. v. NLRB*, 324 U.S. 9, 14 (1945).   Simply put, Rule 65(d) prohibits a party from doing something indirectly which it is enjoined from doing directly.  The intent is to render it impossible for an enjoined party to evade an injunction by acting through instrumentalities.  *See Regal Knitwear Co.* 324 U.S. at 14.

138578v2

Seen in light of the Supreme Court's interpretation of the Rule 65(d), it is apparent that the Rule does not revive Plaintiffs' moot claims, and has no application to the facts of this case. Defendants are no longer shareholders, members of the Bank's Board of Directors, or officers of the Bank. They cannot repeat the alleged wrongful conduct and thus cannot be aided and abetted in doing so. To the extent that other parties violate the provisions of Rule 13(d) (15 U.S.C. § 78m(d)), such violations are the result of an independent duty under that rule and are independent of any alleged past wrongdoing by Defendants. In any event, the effect of Defendants' alleged wrongful conduct no longer presents a risk to the electoral process.[5]

Finally, Plaintiffs cite to no case law holding or even suggesting that Rule 65(d) will revive otherwise moot claims. The absence of such law is a powerful suggestion that Plaintiffs' Rule 65(d) argument lacks merit.

II.     **Plaintiffs' Request for Attorneys' Fees Does Not Create a Case or Controversy**

    A.     **Plaintiffs Concede This Point**

In their Response, Plaintiffs' concede that their request for attorneys' fees does not create a case or controversy, by saying, "Bender has not argued, and does not intend to argue, that the attorneys fees request, standing alone, would keep the merits of the case alive." The discussion should end there.

However, Plaintiffs devote the remainder of their Response to arguing why they believe they are entitled to attorneys' fees pursuant to Rule 11 as applied by 15 U.S.C. §78u-4(c) (the Private Securities Litigation Reform Act). Defendants have no desire either to burden the court

---

[5] In *Vestcom Int'l, Inc. v. Chopra,* 114 F.Supp.2d 292, 299-300 (D.N.J. 2000), The court found that a 13(d) claim was moot. The court observed that the parties themselves would convey the necessary information to the shareholders and that the "several months" that had passed since the alleged 13D violation meant that any material information had "long since been disseminated." In that case, defendants filed a 13D. Here, no filing is necessary since Defendants own no share and are no longer associated with the Bank.

138578v2

with additional briefing or prolong this matter in any way. They offer the following brief response to Plaintiffs' arguments in the hope that the issues raised by Plaintiffs can be promptly disposed of.

The applicable legal standards for Rule 11 are clear. "The mere fact that a claim ultimately proves unavailing, without more, cannot support the imposition of Rule 11 sanctions." *Gorman v. Coogan*, 2004 WL 2713095 *1 (D. Maine 2004) (*citing Protective Life Ins. Co. v. Dignity Viatical Settlement Partners, L.P.*, 171 F.3d 52, 58 (1st Cir. 1999)). "It is now clear that the central purpose of Rule 11 is to deter baseless filings in district court and thus, consistent with the Rules Enabling Act's grant of authority, streamline the administration and procedure of the federal courts. Rule 11 imposes a duty on attorneys to certify that they have conducted a reasonable inquiry and have determined that any papers filed with the court are well grounded in fact, legally tenable, and 'not interposed for any improper purpose.'" *Cooter & Gell v. Hartmax Corp.*, 496 U.S. 384, 393 (1990) (*citing* Advisory Committee Note on Rule 11, 28 U.S.C. App., p. 576). "The rule applies only to assertions contained in papers filed with or submitted to the court. . . . However, a litigant's obligations with respect to the contents of these papers are not measured solely as of the time they are filed with or submitted to the court, but include reaffirming to the court and advocating positions contained in those pleadings and motions after learning that they cease to have any merit." *Gorman v. Coogan*, 2004 WL 2713095 at *20.

"An argument constitutes a frivolous legal position for the purposes of Rule 11 sanctions if, under and 'objective standard of reasonableness' it is clear….that there is not chance of success and no reasonable argument to extend, modify or reverse the law at it stands." *Simon DeBartolo Group, L.P. v. The Richard E. Jacobs Group, Inc.,* 985 F. Supp. 427, 431 (S.D.N.Y. 1997), *aff'd in part, rev'd in part on other grounds,* 186 F.3d 157 (2d Cir. 1999) (*citing Morley*

*v. Ciba-Ceigy Corp.,* 66 F.3d 21, 25 (2d Cir. 1995)). "Rule 11 sanctions for frivolous claims 'are very serious, and courts should not impose them lightly.'" *Simon DeBartolo Group, L.P. v. The Richard E. Jacobs Group, Inc.,* 985 F. Supp. at 431 (*citing Macmillan, Inc. v. American Express Company,* 125 F.R.D. 71, 79 (S.D.N.Y. 1989)). Thus, all doubts are to be resolved in favor of the signer of the document that is the basis for Rule 11 sanctions. *Gorman v. Coogan*, 2004 WL 2713095 at *18.

In denying a request for Rule 11 sanctions including these same parties, this Court found the filing was not so frivolous that is was "patently clear" that it "had absolutely no chance of success under the existing precedents and [that] no reasonable argument [could] be advanced to extend, modify or reverse the law as it stands." *Independence Federal Savings Bank v. Bender*, 230 F.R.D. 11, 16 (D.D.C. 2005)

Finally, "The PSLRA thus does not in any way purport to alter the substantive standards for finding a violation of Rule 11, but functions merely to reduce courts' discretion in choosing whether to conduct the Rule 11 inquiry at all and whether and how to sanction a party once a violation is found." *Simon DeBartolo Group, L.P. v. Richard E. Jacobs Group, Inc.*, 186 F.3d 157, 167 (2d Cir. 1999).

Against this backdrop, it is evident that the four written submissions by defendants related to this case (Motion to Dismiss, Opposition to Application for Preliminary Injunction, Notice of Appeal, and Motion to Dismiss (Mootness)) were not frivolous. It is equally clear that:

- Rule 11 relates only to written submissions.
- Defendants did not bring the suit, but were required to respond to the allegations made by Plaintiffs.

- Defendants were not obligated to consent to a preliminary injunction and decline to testify based solely on Mr. Bender's allegations. *See Independence Federal Savings Bank v. Bender*, 230 F.R.D. 11, 16 (D.D.C. 2005)

- Nothing in Rule 11 precludes a defendant from giving testimony to the best of that person's ability.

- No case law supports the conclusion that testimony which the court finds non-credible is a Rule 11 violation.

- Nothing in Rule 11 requires counsel for counsel to pre-judge the case and deny a defendant the right to give testimony he or she believes to be true.

As the Court observed the last time these parties pursued Rule 11 sanctions, "Again, this has been a hard fight for control of the Bank. Advocacy on both sides has occasionally risen to the boiling point, although the lawyers are to be commended for their civility in the midst of heavy battle. Each side marshaled such legal arguments as it could bring to bear, without much success. Nether side deserves sanctions under Rule 11." This time, Defendants lost the battle and Mr. Bender now has control of the Bank. But, Rule 11 sanctions are not merited.

## Conclusion

It is time for this case to end. Defendants respectfully request that the Court enter an order dismissing Plaintiffs' claims as moot and finding that an award of Rule 11 sanctions is not justified, and enter final judgment accordingly.

Respectfully submitted,

March 27, 2007

SHOOK, HARDY & BACON, LLP

_/s/_____

138578v2

- 10 -

    Peter E. Strand
    Carlos E. Provencio
    Christine S. Hudson
    Hamilton Square
    600 14th Street, N.W.
    Suite 800
    Washington, DC 20005
    Phone: 202-783-8400
    Fax: 202-783-4211

    Attorneys for the Individual Defendants

## CERTIFICATE OF SERVICE

I hereby certify that on the 27th day of March, 2007, a true and complete copy of the forgoing **Supplemental Reply in Support of Defendants' Motion to Dismiss Plaintiffs' First Amended Complaint for Mootness** was sent electronically to the following:

>Dale A. Cooter, Esquire
>Cooter, Mangold, Tompert and Wayson, L.L.P.
>5301 Wisconsin Ave, NW
>Suite 500
>Washington, D.C.  20015
>T: (202)537-0700
>F: (202)364-3664
>*Attorneys for Plaintiffs*

_____/s/_____
Attorneys for the Appellants

138578v2