UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MORTON A. BENDER, et al.,        ) | |
| ) | |
| Plaintiffs,    ) | |
| ) | C.A. No. 1:06cv00092 |
| v.               ) | Honorable Rosemary M. Collyer |
| ) | |
| CAROLYN D. JORDON, et al.      ) | |
| ) | |
| Defendants.    ) | |
| _____) | |
| ) | |
| INDEPENDENCE FEDERAL        ) | |
| SAVINGS BANK,          ) | |
| ) | |
| Cross-Plaintiff,   ) | |
| ) | |
| v.               ) | |
| ) | |
| CAROLYN D. JORDAN,       ) | |
| DAVID WILMOT, and        ) | |
| THOMAS L. BATTIES,       ) | |
| ) | |
| Cross-Defendants.   ) | |

**CROSS-DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF THEIR MOTION TO DISMISS CROSS-PLAINTIFF'S CROSS CLAIM PURSUANT TO FED. R. CIV. P. 12(b)(1)**

Defendants Carolyn D. Jordan, David Wilmot and Thomas L. Batties (hereinafter "Defendants") respectfully submit this Memorandum of Points and Authorities in Support of their Motion to Dismiss Cross-Plaintiff's Cross Claim pursuant to Fed. R. Civ. P. 12(b)(1) on the grounds that: (1) the claims asserted by the Cross-Plaintiff do not allege or raise any Federal question, nor do the claims arise under any Federal statute or regulation; (2) the Court never acquired supplemental jurisdiction over the Cross Claim; and (3) the claims are not ripe, in any event.

2493470v2

## Relevant Factual and Procedural Background

Cross-Plaintiff Independence Federal Savings Bank (the "Bank") alleges state law claims for breach of contract and unjust enrichment related to attorneys' fees and litigation expenses that where paid by the Bank on behalf of Defendants pursuant to the provisions of 12 C.F.R. §545.121(e). The Court lacks subject matter jurisdiction over the Bank's claims under 28 U.S.C. § 1331 and § 1367, and the Bank's claims are not ripe in any event. The following factual and procedural background is relevant to the Court's determination of subject matter jurisdiction.

1. On January 20, 2006, Morton A. Bender and Grace M. Bender ("Bender") filed suit (the "Bender Action") and named Defendants, Eugene Youngentob, Michael Cobb, William Fitzgerald, IV, and the Bank as defendants. *See* Verified Complaint (Dkt. 1).

2. Bender asserted six causes of action and sought both preliminary and permanent injunctive relief and money damages. Five of the six counts were against Defendants. Count VI was asserted only against the Bank and sought a declaratory judgment that the Bank be restrained from indemnifying the individual defendants for costs and attorneys fees related to the Bender Action. *See* Verified Complaint (Dkt. 1).

3. Bender affirmatively stated that the Bank was merely a nominal defendant in the Bender Action. *See* February 9, 2006 Hearing at 4:9-16.

4. In February 2006, subsequent to the filing of the Bender Action, each Defendant executed a "Request for Advancement of Expenses for Claims Against an Officer or Director" (the "Requests"). *See* Cross Claim, Exhibits 1-3. (Dkt. 89).

5. Pursuant to the Requests, the Bank authorized the advancement of attorney's fees and other related litigation costs and expenses on behalf of Defendants in accordance with 12

2493470v2

C.F.R. 545.121(e). These expenses were incurred by Defendants in defending against the Bender Action.

6. On or about February 22, 2006, the Bank moved to dismiss Count VI based on, among other things, lack of subject matter jurisdiction because the indemnification issue presented in Count VI was not ripe. *See* Bank's Motion to Dismiss Count VI (Dkt. 25).

7. On March 24, 2006, the Court held a hearing on the Bank's motion to dismiss Count VI.

8. On July 21, 2006, the Court entered a Memorandum Opinion and Order, which, among other things, deferred ruling on the Bank's motion to dismiss Count VI. *See* Memorandum Opinion and Order (Dkt. 50 and 51).

9. Upon leave of Court, Bender filed an amended complaint on September 22, 2006 (the "Amended Complaint"). Count VI of the Amended Complaint continued to seek a declaratory judgment that the Bank be restrained from indemnifying Defendants for costs and attorneys fees related to the Bender Action.[1] (Dkt. 68).

10. On October 2, 2006, the Court stayed the answer deadline of the Defendants and the Bank as to the Amended Complaint filed by Bender. *See* Minute Order 10/2/2006.

11. Subsequent to the filing of Bender's Amended Complaint the Defendants resigned their positions with the Bank and on its Board of Directors. The Board is now controlled by Bender's nominees. Additionally, to the extent the Defendants held stock in the Bank it was sold. *See* May 31, 2007 Memorandum Opinion (Dkt. 90).

12. On January 18, 2007, after obtaining leave from the Court, Defendants filed their motion to dismiss the Amended Complaint for lack of subject matter jurisdiction based on

---

[1] Individual defendants Eugene Youngentob, Michael Cobb and William Fitzgerald, IV were subsequently dismissed from the Bender Action by stipulation filed on September 26, 2006. (Dkt. 70).

3

2493470v2

mootness. *See* Defendants' Motion to Dismiss Plaintiffs' First Amended Complaint for Mootness (Dkt. 74).

13. Nearly a month later, on February 15, 2007, the Bank filed a motion for leave to assert a cross-claim against Defendants out-of-time. (Dkt. 78). The Bank had not previously filed an answer to Bender's Amended Complaint.

14. On March 23, 2007, the Office of Thrift Supervision granted the application of Bender and John S. Wilson to acquire up to 51% of the Bank's common stock. *See* Defs.' Supplemental Submission in Support of their Motion to Dismiss Pls. First Amended Complaint for Mootness at 1. (Dkt. 88).

15. On information and belief, on May 18, 2007, subsequent to the approval of change in control, the Bank held its annual meeting of shareholders and elected six new directors, all nominated by Bender. *See* Anita Huslin, *Takeover Completed at Historic Black Bank*, Washington Post, May 18, 2007, at D01.

16. On May 30, 2007, the Court granted the Bank's motion for leave to file a cross-claim against Defendants out-of-time. See Minute Order 5/30/2007. The Cross Claim asserts one count for breach of contract and three counts for unjust enrichment seeking reimbursement of funds paid for the Defendants' benefit pursuant to the Requests.

17. One day later, on May 31, 2007, the Court issued its Memorandum Opinion and Order granting Defendants' motion to dismiss the Bender Action and dismissing the Bender Action in its entirety based on lack of subject matter jurisdiction. (Dkt. 90 and 91).

2493470v2

## Legal Standard for Motion to Dismiss Under 12(b)(1)

Federal Rule of Civil Procedure 12(b)(1) imposes on the Court "an affirmative obligation to insure that it is acting within the scope of its jurisdictional authority." *Jones v. Ashcroft*, 321 F. Supp. 2d 1, 5 (D.D.C. 2004). This Court has held that,

> Pursuant to [Rule] 12(b)(1), the plaintiff bears the burden of proving by a preponderance of the evidence that the Court possesses jurisdiction over [its] claims. *See Fitts v. Fed. Nat'l Mortgage Ass'n*, 44 F. Supp. 2d 317, 30 (D.D.C. 1999), *aff'd* 236 F.3d 1 (D.C.Cir. 2001); *Gustave-Schmidt v. Chao*, 226 F.Supp. 2d 191, 195 (D.D.C. 2002). In reviewing a motion to dismiss under Rule 12(b)(1), the Court must accept the allegations in the complaint as true and draw all reasonable inferences in the plaintiff's favor. These allegations, however, "'will bear closer scrutiny in resolving a 12(b)(1) motion' than in resolving a 12(b)(6) motion for failure to state a claim." *Grand Lodge of Fraternal Order of Police v. Ashcroft*, 185 F. Supp. 2d 9, 13-14 (D.D.C. 2001) (quoting 5A Charles Allen Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1350 (2d ed. 1987)). The Court may consider information outside the pleadings to determine its jurisdiction. *See Lipsman v. Sec'y of Army*, 257 F. Supp. 2d 3, 6 (D.D.C. 2003).

*Cummings v. District of Columbia*, No. 04-1426, 2006 WL 1126811, *2 (D.D.C. March 31, 2006) (unpublished) (Copy attached hereto as Exhibit A). If the matter before the court is not ripe for adjudication, the court lacks subject matter jurisdiction because there is no Article III "case or controversy". *National Treasury Employees Union v. United States*, 101 F.3d 1423, 1427 (D.C. Cir. 1996) (citing *Allen v. Wright*, 468 U.S. 737, 750 (1984)).

2493470v2

## Argument

I. **No Independent Basis for Subject Matter Jurisdiction Under 28 U.S.C. § 1331**

    A.    **Standard for Determining Federal Subject Matter Jurisdiction.**

The district courts of the United States are "courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, . . ." *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994). Section 1331 provides that, "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." A case "aris[es] under" federal law within the meaning of § 1331 if, "a well-pleaded complaint establish[es] either that federal law creates the cause of action or that plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Franchise Tax Bd. of Cal. v. Constr. Laborers Vacation Trust for Southern Cal.*, 463 U.S. 1, 27-28 (1983); *see also School for the Arts In Learning Public Charter School v. Johnson*, No. 02-1722, 2006 WL 1000337, *3 (D.D.C. April 13, 2006) (unpublished) (Copy attached hereto as Exhibit B); *Cummings v. District of Columbia*, No. 04-1426, 2006 WL 1126811, *2 (D.D.C. March 31, 2006) (unpublished) (Copy attached hereto as Exhibit A). Furthermore, "[j]urisdiction may not be sustained on a theory the plaintiff has not advanced." *Merrell Dow Pharmaceuticals Inc. v. Thompson*, 478 U.S. 804, 810 n.4 (1986).

    B.    **The Bank's Claims Do Not Arise Under Federal Law.**

As the Bank's Cross Claim alleges claims for breach of contract and unjust enrichment, it is clear from the face of the pleading that the Bank has not pled a cause of action created by federal law. Thus, the focus of Defendants' argument is on whether the claims pled arise under federal law. The only federal law the Bank references in its Cross Claim is 12 C.F.R. § 545.121 (the "Regulation"). While the Regulation authorizes indemnification of directors, officers and

employees of Federal Savings Associations, the Bank's reimbursement claims, as pled, do not "necessarily depend[] on resolution of a substantial question" under the Regulation as required to establish subject matter jurisdiction.

The Supreme Court reviewed facts similar to those at hand in *Empire Healthcare Assurance, Inc. v. McVeigh*, 126 S.Ct. 2121 (2006) and *Merrell Dow Pharmaceuticals Inc. v. Thompson*, 478 U.S. 804 (1986). In *Empire*, a health insurance carrier for federal employees brought an action in federal court against an insured for reimbursement of benefits paid. The claim was based on a duty created by contract between the insurer and the Federal Office of Personnel Management and on the statement of benefits provided to the insured. *Empire*, 126 S.Ct. at 2127. The insured sought dismissal of the action based on lack of subject matter jurisdiction under § 1331. In affirming the lower court's decision to dismiss the case, the Supreme Court held that federal law was not a necessary element of the claim for relief. *Cf. Grable & Sons Metal Products, Inc. v. Darue Engineering & Manufacturing*, 545 U.S. 308 (2005) (finding that quiet title action necessarily raised a stated federal issue as to whether the Internal Revenue Service had properly provided statutory notice of seizure to the land owner). "Here, the reimbursement claim was triggered, not by the action of any federal department, agency, or service but by the settlement of a personal-injury action launched in state court and the bottom-line practical issue is the share of settlement properly payable to Empire." *Empire*, 126 S.Ct. at 2137 (internal citation omitted). The court found that the possible federal interest in the claim did not warrant turning the insurer's contract-derived claim for reimbursement into a "federal case." *Id.*

In *Merrell Dow*, various claims were filed in state court against the drug manufacturer for birth defects allegedly caused by one of its drugs. 478 U.S. 804 (1986). Plaintiff asserted

violations of the Federal Food, Drug and Cosmetics Act in support of the state law tort claims. The manufacturer sought to remove the case to federal court on the basis that some of the claims arose under federal law. In affirming the lower court's decision that removal was improper, the Supreme Court relied on the "long-settled understanding that the mere presence of a federal issue in a state cause of action does not automatically confer federal-question jurisdiction." *Id.* at 813 (citations omitted). "We simply conclude that the congressional determination that there should be no federal remedy for the violation of this statute is tantamount to a congressional conclusion that the presence of a claimed violation of the statute as an element of a state cause of action is insufficiently 'substantial' to confer federal-question jurisdiction." *Id.* at 814.

Another analysis of the "arising under" issue may be found in *Grable & Sons Metal Products, Inc. v. Darue Engineering & Manufacturing*, 545 U.S. 308 (2005). In *Grable*, the Supreme Court determined jurisdiction based on whether the, "state-law claim necessarily raise[d] a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities." *Id.* at 314. *Grable* involved a quiet title action that was removed to federal court because the heart of the dispute concerned the notice the Internal Revenue Service provided before it seized plaintiff's property. *Id.* at 311. The Supreme Court found that "[t]he meaning of the federal tax provision is an important issue of federal law that sensibly belongs in a federal court. The government has a strong interest in the 'prompt and certain collection of delinquent taxes.'" *Id.* at 315 (citation omitted). The controversy surrounding the construction and effect of the federal notice statute was an essential part of the plaintiff's claim and was "sufficiently real and substantial" to establish federal jurisdiction. *Id.* at 315-316.

2493470v2

Applying the principles of *Empire, Merrell Dow* and *Grable* to the Bank's Cross Claim, it is apparent that the breach of contract and unjust enrichment claims which the Bank has pled do not "necessarily" depend on resolution of a substantial question of federal law such that they arise under federal law. First, federal law is not a necessary element of the Bank's state law claims for breach of contract and unjust enrichment even though the Requests are contemplated by the Regulation. There is no need to make a "federal case" out of what is plainly a claim for reimbursement based on contract and equitable theories.

Second, the Regulation by its terms does not create a federal procedural remedy. Congress' apparent decision not to create a federal remedy for the pursuit of the claims contemplated by the Regulation is evidence that the issues related to reimbursement are insufficiently substantial to confer federal-question jurisdiction.

Third, unlike *Grable,* no controversy has been alleged by the Bank as to the construction and effect of the Regulation as it bears on the breach of contract and unjust enrichment claims. Although Defendants argue in Section III below that the Bank's claims are not ripe pursuant to the requirements set forth in the Regulation, that defense does not bring the Bank's claims within the Court's jurisdiction. *See Holmes Group, Inc. v. Vornado Air Circulation Sys., Inc.*, 535 U.S. 826, 831 (2002) (finding that federal jurisdiction must be based on plaintiff's properly pleaded complaint, not on allegations or defenses in the defendant's answer); *Merrell Dow Pharmaceuticals Inc. v. Thompson*, 478 U.S. 804, 808 (1986) (quoting *Louisville & Nashville R. Co. v. Mottley,* 211 U.S. 149 (1908) ("[a] defense that raises a federal question is inadequate to confer federal jurisdiction."). As pled, the interpretation of the Regulation is not an integral part of the Bank's breach of contract and unjust enrichment claims, and thus, there is no substantial question of federal law that would allow this Court to assert jurisdiction over the same.

Based on the foregoing, it is clear that there is no independent basis for subject matter jurisdiction under 28 U.S.C. § 1331. Federal law does not create the alleged causes of action, and the Bank's claim for reimbursement does not necessarily depend on a resolution of a substantial question of federal law.

## II.     No Supplemental Jurisdiction Under 28 U.S.C. § 1367

### A.     Supplemental Jurisdiction Under § 1367(a) is Predicated on Original Jurisdiction.

In order for the Court to exercise supplemental jurisdiction over the Bank's breach of contract and unjust enrichment claims, it must have jurisdiction over the claims alleged in the Bender Amended Complaint. Section 1367(a) provides that, "in any civil action *in which the district courts have original jurisdiction*, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within the original jurisdiction that they form part of the same case or controversy . . ." (emphasis added). However, "the dismissal of the original suit or of a counterclaim therein for lack of subject matter jurisdiction will require the court also to dismiss the cross-claim, unless that claim is supported by an independent basis of federal jurisdiction." 6 Charles Allen Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1443 (2d ed.1990). *See Saksenasingh v. Secretary of Education*, 126 F.3d 347, 351 (D.C. Cir. 1997) (finding that, "[i]f [the district court] dismissed the underlying claim on jurisdictional grounds, then it could not exercise supplemental jurisdiction."); *Adelman v. UAL, Inc.*, 932 F. Supp. 331, 332 (D.D.C. 1996) (district court dismissed plaintiff's state law claims upon dismissal of alleged federal claims for lack of subject matter jurisdiction); *see also Herman Family Revocable Trust v. Teddy Bear*, 254 F.3d 802, 805 (9th Cir. 2001) (finding that where there is no underlying original federal subject matter jurisdiction, the court has no authority to adjudicate supplemental claims under § 1367).

10

2493470v2

**B.     At The Time The Cross Claim Was Filed, The Court's Subject Matter Jurisdiction Over the Bender Action Was At Issue and Was Subsequently Found Lacking.**

In response to the September 22, 2006 Bender Amended Complaint, on February 15, 2007 Defendants filed their motion to dismiss for lack of subject matter jurisdiction based on mootness. This challenge to the Court's jurisdiction was timely and appropriate given new developments in the case since the Bender Action was originally filed, including: (1) Bender's voluntary dismissal of certain claims through the filing of the Amended Complaint; and (2) changes in the composition of the Bank's Board of Directors and in the ownership interests in the Bank. On May 31, 2007, the Court granted Defendants' motion to dismiss the Amended Complaint and dismissed the Bender Action in its entirety based on lack of subject matter jurisdiction. At the time the Cross Claim was deemed filed, May 30, 2007, the Court had not yet determined its jurisdiction over Bender's Amended Complaint. However, because the Bender Action was dismissed due to lack of subject matter jurisdiction, supplemental jurisdiction could not apply. Therefore, the Court's jurisdiction over the Bank's claims cannot be based on §1367.

Furthermore, even if this Court finds that the dismissal of the Bender Action does not eliminate supplemental jurisdiction over the Cross Claim, the Bank's state law breach of contract and unjust enrichment claims do not relate to those alleged by Bender such that they form the same "case or controversy". The Bank acknowledges that Defendants signed the Requests after the Bender Action was filed. (Dkt. 89). Thus, objectively, the potential liability created by the Requests arose after the claims at issue in the Bender Action. *See American Nat'l Bank & Trust Co. of Chicago v. Bailey*, 750 F.2d 577, 581 (7th Cir. 1984) (finding contract claim on which cross-claim was based did not arise out of the same transaction or occurrence as original action

11

"given that the immediate source of the cross-claim was a contract made *after* the original suit; we should be cautious about using elastic and ill-defined notions of ancillary jurisdiction — a concept not mentioned in Article III — to expand our jurisdiction.") (emphasis in original).

### C. The Court Does Not Have Discretion to Retain the Cross Claim Under §1367(c)(3).

As outlined above, because the Court determined that it no longer has subject matter jurisdiction over the original action, it must dismiss any claims over which it has only supplemental jurisdiction. The Court has no discretion. *See Brown v. Gino Morena Enter.*, 44 F.Supp. 2d 41, 51 (D.D.C. 1999) (recognizing that district court must have independent basis for exercising federal jurisdiction before asserting supplemental jurisdiction over related claims) (citing *Women Prisoners of the District of Columbia Dep't of Corrections v. District of Columbia*, 93 F.3d 910, 920 (D.C. Cir. 1996) .[2]

The case at hand does not present the issue addressed by §1367(c)(3). Section 1367(c)(3) provides that "district courts may decline to exercise supplemental jurisdiction over a claim under subjection (a) if – the district court has dismissed all claims over which it has original jurisdiction." The plain language of the statute makes clear that original jurisdiction must be established before supplemental jurisdiction can attach. Thus, § 1367(c) allows discretion only when the underlying dismissal of the federal claim was *not* based on lack of subject matter

---

[2] *See also Herman Family Revocable Trust v. Teddy Bear*, 254 F.3d 802, 806 (9th Cir. 2001) ("This requirement that the supplemental state-law claims be dismissed where the district court had no underlying original jurisdiction must be distinguished from the district court's discretionary authority to retain jurisdiction over state-law claims where it has dismissed on the merits federal claims over which it did have original jurisdiction. Pursuant to the supplemental jurisdiction statute, when a district court dismisses on the merits a federal claim over which it had original jurisdiction, it may then decline to exercise supplemental jurisdiction over the remaining state claims, subject to the factors set forth in § 1367(c)(1)-(4)."); 16 MOORE'S FEDERAL PRACTICE § 106.66[1], "[I]f the federal claim [is] dismissed for lack of subject matter jurisdiction, a district court has no discretion to retain the supplemental claims for adjudication."

2493470v2

jurisdiction. Again, because this Court found that it lacked subject matter jurisdiction over the Bender Action when it dismissed those claims, it cannot consider the Bank's claims under §1367 supplemental jurisdiction.

### III.   Court Lacks Subject Matter Jurisdiction Over Claims Because They Are Not Ripe.

In the event the Court finds that the Bank's claims arise under federal law, or that the dismissal of the Bender Action did not eliminate possible supplemental jurisdiction over the same, the Court nonetheless still lacks subject matter jurisdiction as the Bank's claims are not ripe pursuant to the Regulation and the terms of the Requests.

#### A.   The Standard for Constitutional Ripeness and Subject Matter Jurisdiction.

"A claim is not ripe for adjudication if it rests upon contingent future events that may not occur as anticipated, or indeed may not occur at all." *Texas v. United States*, 523 U.S. 296, 300 (1998) (citations omitted). If the matter before the court is not ripe for adjudication, the court lacks subject matter jurisdiction because there is no Article III "case or controversy". *Nat'l Treasury Employees Union v. United States*, 101 F.3d 1423, 1427 (D.C.Cir.1996) (citing *Allen v. Wright*, 468 U.S. 737, 750 (1984)).

#### B.   Claim for Reimbursement is Contingent on Bank Resolution.

The Bank was authorized to indemnify the Defendants for their attorney fees' and related litigation expenses for the Bender Action under the Regulation, 12 C.F.R. § 545.121(e). The Regulation expressly provides for the advancement of legal fees and expenses relating to the defense of a lawsuit. (12 C.F.R. § 545.121 (e)). Relevant provisions of that section provide:

> (e) Payment of expenses. If a majority of the directors of a savings association concludes that, in connection with an action, any person ultimately may become entitled to indemnification under this section, the directors may authorize payment of reasonable costs and expenses, including reasonable attorneys' fees, arising from the defense or settlement of such action.

2493470v2

> Nothing in this paragraph (e) shall prevent the directors of a savings association from imposing such conditions on a payment of expenses as they deem warranted and in the interests of the savings association. Before making advance payment of expenses under this paragraph (e), the savings association shall obtain an agreement that the savings association will be repaid if the person on whose behalf payment is made is later determined not to be entitled to such indemnification.

The Regulation also expressly governs circumstances where, as here, the Bank has advanced legal expenses and costs on behalf of directors and officers and disputes arise as to whether such fees and expense should have been advanced. (12 C.F.R. § 545.121 (c)). That portion of the Regulation provides as follows:

> (c) Requirements. Indemnification shall be made to such period under paragraph (b) of this section only if: (1) Final judgment on the merits is in his or her favor; or (2) In case of: (i) Settlement, (ii) Final judgment against him or her or, (iii) Final judgment in his or her favor, other than on the merits, if a majority of the disinterested directors of the savings association determine that he or she was acting in good faith within the scope of his or her employment or authority as he or she could reasonable have perceived it under the circumstances and for a purpose he or she could reasonably have believed under the circumstances was in the best interests of the savings association or its members. (12 C.F.R. § 545.121 (c)).

Based on this provision, a majority of the disinterested directors of the Bank is required to determine whether indemnification is appropriate, and if not, it may then seek reimbursement.

C.   **The Prerequisites for Reimbursement Have Not Been Met.**

As set forth above, the provisions of the Regulation specifically require a vote by a majority of the disinterested directors of the Bank on the issue of whether the Defendants were acting in good faith and in what they thought were the best interests of the Bank. (12 C.F.R. § 545.121 (c)). The absence of any assertion by the Bank with regard to any such vote, reasonably suggests that the Board has not endeavored to take the vote *required* by the Regulation.

14

2493470v2

Additionally, as the Bank is now controlled exclusively by Board members nominated or supported by Bender, there is a question as to which members of the Board can and cannot vote. Based on these facts the Bank's claims are not-ripe, and the Court is precluded from exercising subject matter jurisdiction.

## Conclusion

Based on the foregoing arguments, Defendants respectfully request that the Court enter an order dismissing the Bank's Cross Claim based on lack of subjection matter jurisdiction.

Respectfully submitted,

June 19, 2007

SHOOK, HARDY & BACON, LLP


/s/ Peter E. Strand
Peter E. Strand
Hamilton Square
600 14th Street, N.W.
Suite 800
Washington, DC 20005
Phone: 202-783-8400
Fax: 202-783-4211

Attorneys for Cross-Defendants

2493470v2

## CERTIFICATE OF SERVICE

I hereby certify that on the 19th day of June, 2007, a true and complete copy of the forgoing **Cross-Defendants' Memorandum of Points and Authorities in Support of Their Motion to Dismiss Cross-Plaintiff's Cross Claim Pursuant to Fed. R. Civ. P. 12(b)(1)** was sent electronically to the following:

>G. Vann Canada, Jr.
>Miles & Stockbridge P.C.
>11 North Washington Street, Suite 700
>Rockville, Maryland 20850
>T: (301) 762-1600
>F: (301) 762-0363
>*Attorneys for Cross-Plaintiff*

>/s/ Peter E. Strand
>Attorney for Cross-Defendants

2493470v2