# EXHIBIT A



Not Reported in F.Supp.2d

Page 1

Not Reported in F.Supp.2d, 2006 WL 1126811 (D.D.C.)

**(Cite as: 2006 WL 1126811 (D.D.C.))**

▷
Only the Westlaw citation is currently available.

United States District Court,
District of Columbia.
Ida CUMMINGS, et al., Plaintiffs,
v.
DISTRICT OF COLUMBIA, et al., Defendants.
**Civil Action No. 04-1426 (RMC).**

March 31, 2006.
Olekanma Arnnette Ekekwe, Law Office of Iolekanma A. Ekekwe, Washington, DC, for Plaintiff Ida Cummings Mother and Next Friend of the Minor Child J.C.

Veronica A. Porter, Office of Attorney General for the District of Columbia, Washington, DC, for Defendant Government of the District of Columbia.

*MEMORANDUM OPINION*

ROSEMARY M. COLLYER, District Judge.

*1 Ida Cummings believes that her child, J.C., is entitled to special education services under the Individuals With Disabilities Education Act ("IDEA"), 20 U.S.C. § 1400 *et seq* (2000). District of Columbia Public Schools ("DCPS") do not think that J.C. qualifies for special education, but do agree that she should be taught under a 504 Plan under the Rehabilitation Act of 1973, 29 U.S.C. § 794 (2000). Ms. Cummings sues the District of Columbia and DCPS to obtain special educational services for J.C. Defendants have moved to dismiss her amended complaint, which Ms. Cummings opposes. The Court finds that it does not have jurisdiction over Ms. Cummings's IDEA allegations because she did not timely file her appeal. It cannot determine the status of J.C.'s 504 Plan on the record as it stands and will retain jurisdiction over that claim.

I. STATUTORY BACKGROUND
The IDEA was revised to its current form in 1997. Congress expressly identified the purpose of the Act within the language of the statute:
to ensure that all children with disabilities have available to them a free appropriate public education [ ("FAPE") ] that emphasizes special education and related services designed to meet their unique needs and prepare them for further education, employment, and independent living; to ensure that the rights of children with disabilities and parents of such children are protected; and ... to assess, and ensure the effectiveness of, efforts to educate children with disabilities.
20 U.S.C. §§ 1400(d)(1)(A), (d)(1)(B), (d)(4). Under IDEA, States, including the District of Columbia, are required to "establish 'policies and procedures to ensure' " that FAPE is made available to all disabled children within every school district. *Branham v. Gov't of the District of Columbia,* 427 F.3d 7, 8-9 (D.C.Cir.2005); *see Reid v. District of Columbia,* 401 F.3d 516 (D.C.Cir.2005); 20 U.S.C. § 1412(a)(1)(A). A "child with a disability" is defined as a child "with mental retardation, hearing impairments [ ], speech or language impairments, visual impairments [ ], serious emotional disturbance [ ], orthopedic impairments, autism, ... other health impairments, or specific learning disabilities; and who, by reason thereof, needs special education and related services." 20 U.S.C. § 1401(3)(A). "Once such children are identified, a 'team' including the child's parents and select teachers, as well as a representative of the local educational agency with knowledge about the school's resources and curriculum, develops an 'individualized education program,' or 'IEP,' for the child." *Reid,* 401 F.3d at 519 (citing 20 U.S.C. §§ 1412(a)(4), 1414(d)).

Section 504 of the Rehabilitation Act of 1973 provides that no individual with a disability shall be discriminated against under any program or activity

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d                                                                                                  Page 2

Not Reported in F.Supp.2d, 2006 WL 1126811 (D.D.C.)

**(Cite as: 2006 WL 1126811 (D.D.C.))**

receiving federal financial assistance. 29 U.S.C. § 794; see *Toyota Motor Mfg., Ky., Inc. v. Williams,* 534 U.S. 184, 195 (2002); *Bragdon v. Abbott,* 524 U.S. 624, 632 (1998); *Olmstead v. L.C.,* 527 U.S. 581, 599 (1991). This, of course, includes public schools in the District of Columbia receiving federal financial assistance.

## II. LEGAL STANDARDS
### A. Jurisdiction

*2 Pursuant to 28 U.S.C. § 1331(a), the "district courts should have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." For purposes of this statute, a claim "arises under" federal law in "those cases in which a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Franchise Tax Bd. v. Laborers Vacation Trust Co.,* 463 U.S. 1, 27-28 (1983); *Quarles v. Colo. Sec. Agency, Inc.,* 843 F.2d 557, 558 (D.C.Cir.1988) .

### B. Motion to Dismiss

Pursuant to Federal Rule of Civil Procedure 12(b)(1), the plaintiff bears the burden of proving by a preponderance of the evidence that the Court possesses jurisdiction over her claims. *See Fitts v. Fed. Nat'l Mortgage Ass'n,* 44 F.Supp.2d 317, 320 (D.D.C.1999), *aff'd* 236 F.3d 1 (D.C.Cir.2001); *Gustave-Schmidt v. Chao,* 226 F.Supp.2d 191, 195 (D.D.C.2002). In reviewing a motion to dismiss under Rule 12(b)(1), the Court must accept the allegations in the complaint as true and draw all reasonable inferences in the plaintiff's favor. These allegations, however, " 'will bear closer scrutiny in resolving a 12(b)(1) motion' than in resolving a 12(b)(6) motion for failure to state a claim." *Grand Lodge of Fraternal Order of Police v. Ashcroft,* 185 F.Supp.2d 9, 13-14 (D.D.C.2001) (quoting 5A Charles Allen Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1350 (2d ed.1987)). The Court may consider information outside the pleadings to determine its jurisdiction. *See Lipsman v. Sec'y of Army,* 257 F.Supp.2d 3, 6 (D.D.C.2003).

## III. ANALYSIS

The District of Columbia moves to dismiss the amended complaint for lack of jurisdiction because Ms. Cummings did not timely appeal any of the Hearing Officer's Determinations ("HODs") of which she now complains. It does not address Ms. Cummings' complaint that DCPS has failed to fulfill its obligations under a Settlement Agreement between the parties dated May 7, 2004. The Court agrees that Ms. Cummings did not appeal the HODs on a timely basis and that it is without jurisdiction to review them. This impediment does not prevent Ms. Cummings' efforts to enforce the Settlement Agreement which is a special kind of contract between her, on behalf of J.C., and DCPS. However, neither party has presented the Court with sufficient information to rule on the alleged breach of the Settlement Agreement. Therefore, D.C.'s motion to dismiss will be granted in part and denied in part. Ms. Cummings's Motion for Summary Judgment will be denied as moot.

Clearly, Ms. Cummings believes that J.C. is disabled within the meaning and coverage of IDEA and DCPS does not. This disagreement permeates the record. However, in a HOD issued on March 28, 2003, a hearing officer found that DCPS did not deny J.C. a FAPE in part because of her high test scores and above average grades. A.R. at 83-84. Ms. Cummings did not appeal this HOD within thirty days. Nonetheless, DCPS agreed to evaluate J.C. further in the spring of 2003 and a second administrative due process hearing was held on June 27, 2003. In a HOD issued on July 8, 2003, the hearing officer again determined that there was no denial of a FAPE. A.R. at 20-21. Ms. Cummings did not appeal this decision within thirty days. A third administrative due process hearing was held on October 30, 2003. This time, in a HOD issued on November 17, 2003, the hearing officer ordered DCPS to complete additional tests on J.C. and to then determine whether she was eligible for special education and related services. Ms. Cummings did not appeal this HOD within thirty days. When DCPS completed the tests and a multi-disciplinary team again decided that J.C. was not eligible for special education, Ms. Cummings applied for a fourth due process hearing. Prior to the fourth

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d                                                                 Page 3

Not Reported in F.Supp.2d, 2006 WL 1126811 (D.D.C.)

**(Cite as: 2006 WL 1126811 (D.D.C.))**

hearing, the parties reached a Settlement Agreement whereby Ms. Cummings withdrew all of the claims she had advanced on behalf of J.C. and DCPS agreed to implement a 504 Plan for J.C. within ten days. [FN1] Ms. Cummings complains that this did not happen.

> FN1. Section 504 of the Rehabilitation Act of 1973, as amended, requires that reasonable accommodations be made to ensure that students with disabilities have access to the same services as students without disabilities. *See* 29 U.S.C. § 794. A special education classification is not a prerequisite to eligibility for a 504 Plan.

*3 The complaint in this case was filed on August 20, 2004, nine months after the November 17, 2003 HOD and even later after the preceding HODs on July 8 and March 28, 2003. Each HOD informed Ms. Cummings and J.C. that "[a]ppeals on legal grounds may be made to a court of competent jurisdiction within 30 days of the rendering of this decision." A.R. at 84, 22 & 5. This time constraint is made mandatory by IDEA, which provides:

> The party bringing the action shall have 90 days from the date of the decision of the hearing officer to bring such an action or, *if the State has an explicit time limitation for bringing such action under this part [IDEA], in such time as the State law allows.*

20 U.S.C. § 1415(i)(2)(B) (emphasis added). For these purposes, the District of Columbia is considered a State, and its requirement that parties appeal an HOD within thirty days is controlling. Inasmuch as Ms. Cummings and J.C. clearly did not timely appeal any of the HODs in question, the Court is without jurisdiction to review them.

Despite her arguments here, Ms. Cummings agreed in the Settlement Agreement that a 504 Plan, without an IEP, would be sufficient for J.C. Until and unless J.C.'s circumstances change, she and Ms. Cummings are bound by that agreement. [FN2] Of course, DCPS is also bound. Because the parties concentrated entirely in their briefs on whether J.C. received a FAPE and is entitled to school placement based on a need for special education, neither party addressed her claim--advanced in the complaint--of a Section 504 entitlement under the Rehabilitation Act and the Settlement Agreement.

> FN2. Defendants state that J.C. "is an intelligent, well-adjusted female who happens to suffer from epilepsy. Her medical condition has not resulted in mental retardation, a serious emotion[al] disturbance, or any of the maladies enumerated in [IDEA]. The Stanford 9 tests place her above average level in several subject areas. The speech and language evaluation and occupational therapy evaluation indicate that such therapy is contraindicated. She has been evaluated and found ineligible for special education services. As such, she does not fall within the purview of IDEA." Defendants' Motion to Dismiss Amended Complaint at 8.

The Court will dismiss the complaint insofar as it is based on IDEA for lack of jurisdiction. It directs the parties to file a joint status report in ten (10) days, detailing the status of J.C.'s 504 Plan from May 7, 2004 to the present. A separate order accompanies this memorandum opinion.

Not Reported in F.Supp.2d, 2006 WL 1126811 (D.D.C.)

END OF DOCUMENT

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.