

**Office of Thrift Supervision**
Department of the Treasury

*Regional Director, Southeast*

1475 Peachtree Street, N.E., Atlanta, GA 30309 • Telephone: (404) 888-5619
P.O. Box 105217, Atlanta, GA 30348-5217 • Fax: (404) 888-5634

**VIA OVERNIGHT COURIER AND**
**FACSIMILE 202.452.8454**

August 4, 2006

OTS No. 07173

Board of Directors
c/o Acting CEO E. Leroy Morris
Independence Federal Savings Bank
1229 Connecticut Avenue, N. W.
Washington, D. C. 20036

Re:   Morton A. Bender, et al. v. Carolyn D. Jordan, et al.
      Advancement of Legal Expenses

Members of the Board:

On January 18, 2006, the above-identified litigation was filed by Independence Federal Savings Bank's (Independence or Bank) largest shareholder, Morton A. Bender, against the Bank and five of its Directors, as well as its then Acting President and Chief Executive Officer (Director Defendants). Shortly thereafter, on January 24, 2006, the Bank's counsel, John R. Hall of Muldoon Murphy and Aguggia, LLP, discussed at length the implication of the litigation pursuant to 12 C.F.R. § 545.121(e) (the Regulation) with Regional Counsel Karen K. Bruton. Specifically, they discussed advancement of legal expenses by Independence for the Director Defendants. On January 30, 2006, Regional Counsel Bruton provided Mr. Hall a copy of the December 2, 1992 legal opinion by then Office of Thrift Supervision (OTS) Chief Counsel Harris Weinstein (1992 Opinion) interpreting the Regulation. Their discussion of the 1992 Opinion specifically focused on the language indicating that "[i]t would be an abuse of discretion for directors to provide an advance for expenses unless they first concluded on the basis of full disclosure of all facts by the prospective indemnitee that the prospective indemnitee is clearly more likely than not to succeed in the underlying matter and ample security exists to assure repayment in the absence of ultimate success in the underlying matter."

On February 15, 2006, the Board of Directors (Board), by a vote of five to four, adopted a Resolution authorizing advancement of legal expenses on behalf of the Director Defendants, in accordance with the requirements of the Regulation. Under cover letter dated March 17, 2006, then Vice President, Counsel and Corporate Secretary Sheila R. Finlayson provided this Office copies of the Request for Advancement of Expenses for Claims Against an Officer or Director executed by each of the Director Defendants (Advancement Requests). Each of the

**EXHIBIT**
2

Board of Directors
Independence FSB, Washington, D.C. (07173)
August 4, 2006
Page 2

Advancement Requests contain identical two sentence declarations in which the individual requests advancement of reasonable expenses and costs for their defense in this case and each agrees that he/she "will repay the Bank any amounts so paid on my behalf by the Bank if it is later determined that I am not entitled to indemnification with respect to the litigation under 12 C.F.R. § 545.121, and I represent that I have sufficient assets to repay my fair share of such amounts."

On July 21, 2006, United States District Judge Rosemary M. Collyer issued an Order denying the Director Defendants' various Motions to Dismiss and granting the Plaintiff's requests for Preliminary Injunction in three of the four requested areas (the Order). The Order is accompanied by a sixty (60) page Memorandum Opinion in which Judge Collyer makes numerous findings of fact and conclusions of law, most if not all of which are against the Director Defendants. Judge Collyer concludes several times that there is "a substantial likelihood that Mr. Bender will succeed on the merits" of his allegations.

Since November 4, 2003, Independence has been deemed to be in "troubled condition," as defined at 12 C.F.R. § 563.555 and discussed in Sections 310 and 330 of the OTS Thrift Activities Handbook. Further, on June 23, 2006, the Bank entered into a lengthy Cease and Desist Order with the OTS. Under these circumstances, and taking into consideration the weight of the findings in the Order against the Director Defendants, I have determined that it would be unsafe and unsound to permit Independence to continue to advance unsecured legal and related expenses on behalf of the Director Defendants in connection with this litigation.

The Board must immediately take steps to obtain collateral from each of the Director Defendants sufficient to ensure the reimbursement of the Bank for all legal and related expenses incurred to date, as well as sufficient to support any additional advances to cover expenses in the future for both any appeals and the three week trial now scheduled to begin November 8, 2006. The collateral must be readily marketable and/or, in the case of real estate, have a valid appraised value. In addition, each Director Defendant must be able to document both the value and their authority to pledge any proposed security. Further, the Bank's security interest in the collateral must be supported by appropriate legally binding documentation between each Director Defendant and Independence. Before being accepted by the Board, all proposed collateral and any related documentation must be approved by the OTS.

Within five (5) days of your receipt of this letter, please provide Assistant Regional Director Robert Mitchell copies of all legal and related expenses on behalf of the Director Defendants incurred to date for which the Bank has been billed. Please provide copies of any additional billings for services rendered through close of business today, Friday, August 4, 2006, as soon as those are received. Until such time as sufficient collateral to cover already incurred expenses has been received and approved by OTS and the Board, no additional advancement of legal expenses

Board of Directors
Independence FSB, Washington, D.C. (07173)
August 4, 2006
Page 3

should be permitted. The Board should provide OTS an estimate of future legal expenses, as well as sufficient collateral to support the advancement of those expenses, prior to advancing any additional legal expenses.

    If you have questions regarding this letter and/or restrictions set forth herein, please contact Assistant Regional Director Robert A. Mitchell at 404.888.8478, Review Examiner William T. Simpson at 404.888.8593, or me at the above-indicated number.

Sincerely,

John E. Ryan
Regional Director

cc:    Carolyn D. Jordan, Chairman of the Board
       David W. Wilmot, Vice Chairman of the Board
       Michael J. Cobb, Director
       Nelson Deckelbaum, Director
       William B. Fitzgerald, IV, Director
       Elliott S. Hall, Director
       Robert B. Isard, Director
       John S. Wilson, Jr., Director
       Eugene K. Youngentob, Director
       John R. Hall, Esq.
          Via Facsimile 202.966.9409