# EXHIBIT A

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

**MORTON A. BENDER, et al.,**

**Plaintiffs,**

**v.**

**CAROLYN D. JORDAN, et al.,**

**Defendants.**

**C.A. No. 1:06cv00092**
**Honorable Rosemary M. Collyer**

**DECLARATION OF DALE A. COOTER**

I, Dale A. Cooter, declare and state as follows:

1. I am over the age of 18 and am competent to testify to the matters contained herein.

2. I am counsel of record for the Plaintiffs Morton A. Bender and Grace Bender in this litigation.

3. I graduated from the Georgetown University Law Center in May 1975. I am a member in good standing of the following bars:

a. District of Columbia Court of Appeals (admitted 5/13/76);

b. Maryland Court of Appeals (admitted 12/75);

c. Virginia Supreme Court (admitted 12/84);

d. Supreme Court of the United States (admitted 1979);

e. United States Court of Appeals for the District of Columbia Circuit (admitted 11/5/76);

f. United States Court of Appeals for the Third Circuit (admitted 6/84);

g. United States Court of Appeals for the Fourth Circuit (admitted 11/3/76);

h. United States Court of Appeals for the Fifth Circuit (admitted 11/94);

i. United States Court of Appeals for the Sixth Circuit (admitted 11/10/87);

j. United States Court of Appeals for the Ninth Circuit (admitted 12/10/93);

k. United States Court of Appeals for the Eleventh Circuit (admitted 1/30/06);

l. United States Court of Appeals for the Federal Circuit (admitted 10/12/06)

m. United States District Court for the District of Columbia (admitted 10/4/76);

n. United States District Court for the District of Maryland (admitted 9/17/76);

o. United States District Court for the Eastern District of Virginia (5/1/87);

p. United States District Court for the Western District of Virginia (1/22/99);

q. United States District Court for the Eastern District of Michigan (8/18/99); and

r. United States Court of Federal Claims (4/20/98).

4. Donna Mangold graduated from the Georgetown University Law Center in 1981.

Ms. Mangold is a member in good standing of the following bars:

a. District of Columbia Court of Appeals (admitted 12/18/81);

b. Maryland Court of Appeals (admitted 6/86);

c. Supreme Court of the United States (admitted 2/20/90);

d. United States Court of Appeals for the Fourth Circuit (admitted 12/8/94);

e. United States Court of Appeals for the Ninth Circuit (admitted 12/20/93);

f. United States District Court for the District of Maryland (admitted 7/20/90); and

g. United States District Court for the District of Columbia (admitted 5/3/82).

5. Donna S. Mangold has been my partner since 1986, having joined the law firm of Cooter & Gell in 1984. Prior to joining Cooter & Gell, she was employed by the Washington, D.C. office of Morgan, Lewis & Bockius as a litigation associate.

6. James E. Tompert graduated from the University of Michigan in 1981. Mr. Tompert is a member in good standing of the following bars:

a. District of Columbia Court of Appeals (admitted 1981);

b. Maryland Court of Appeals (admitted 1985);

c. Supreme Court of Virginia (admitted 1986);

d. Supreme Court of the United States (admitted 1991)

e. United States Court of Appeals for the Federal Circuit (admitted 1995)

f. United States Court of Appeals for the District of Columbia Circuit (admitted 1982);

g. United States Court of Appeals for the Fourth Circuit (admitted 1988)

h. United States Court of Appeals for the Fifth Circuit (admitted 1995);

i. United States Court of Claims (admitted 2000);

j. United States District Court for the District of Columbia (admitted 1982);

k. United States District Court for the District of Maryland (admitted 1986);

l. United States District Court for the Eastern District of Virginia (admitted 1990);

m. United States District Court for the Western District of Virginia (admitted 1999); and

n. United States District Court for the Eastern District of Michigan (admitted 2000).

7. Mr. Tompert has been my partner since 1986, having joined the law firm of Cooter &

Gell in 1984. Prior to joining Cooter & Gell, Mr. Tompert was an associate at Baker & Hostetler.

8. Karen S. Karas graduated from Georgetown University Law Center in 1985. Karen S. Karas was admitted to practice in the State of Illinois in 1985, in the District of Columbia in 1988, and in Maryland in 1994. She is a member in good standing of the Illinois, District of Columbia and Maryland Bars and the United States District Courts for Maryland and the District of Columbia.

9. Ms. Karas joined Cooter & Gell in 1987, and has been my partner since 1991, except for October 1993 to November 1996 during which time she was with the General Counsel's Office of the Washington Metropolitan Transit Authority.

10. Adam Pignatelli graduated from American University Law School in 2005. Mr. Pignatelli was admitted to practice in the Commonwealth of Massachusetts in 2005, in the Commonwealth of Virginia in 2006, the District of Columbia in2006 and in the United States District Court for the Northern District of Florida in 2006. He is a member in good standing in the Massachusetts, Virginia and District of Columbia bars. Mr. Pignatelli joined Cooter, Mangold, Tompert & Karas, LLP ("CMTK") in 2005 as an associate.

11. Mary Madigan-Cassidy graduated from Washington & Lee University School of Law in 1985. She was admitted to practice in the Commonwealth of Virginia in 1985 and in the District of Columbia in 1987. She is a member in good standing of the Virginia and District of Columbia bars. Ms. Madigan - Cassidy is also admitted to the United States District Court for the District of Columbia and the United States Courts of Appeal for the District of Columbia Circuit, the Federal Circuit and the Fourth Circuit.

12.Ms. Madigan-Cassidy was an associate (1985-1990) and then a partner (1991-1992) with Cooter & Gell. She then joined Collier Shannon Rill & Scott as an associate in 1993, later becoming of counsel. Ms. Madigan-Cassidy was with Collier Shannon until she left in 2000.

13. Since approximately 2006, Ms. Madigan-Cassidy has served as a contract lawyer for CMTK. She works for the firm as an independent contractor on a project basis.

14. Jon Paul Robbins is a partner with McLaughlin & Stern LLP ("M&S") in New York, New York. Mr. Robbins graduated from Cornell Law School in 1973. He was admitted to the bar of New York in 1974 and is a member of the bars of the United States District Court for the Southern and Eastern Districts of New York (admitted 1984), and of the United States Court of Appeals for the Second Circuit (admitted 1975). After graduating from law school, Mr. Robbins joined Seward & Kissel in New York City where he practiced for five years. Mr. Robbins left Seward & Kissel to found Nitkin Alkalay Handler and Robbins in 1979. Nitkin Alkalay merged with M&S in 1992.

15. Mr. Robbins was retained by the Plaintiffs in March 2006 to file an action in the United States District Court for the Southern District of New York in connection with our efforts on Plaintiffs' behalf to subpoena Harold Doley to appear for a deposition.

16. As a result of the denials by Defendants Carolyn Jordan, Thomas Batties and David Wilmot (the "Main Individual Defendants"), the Plaintiffs incurred legal fees and other expenses in refuting those denials.

17. Attached as Exhibits B and C to the Plaintiffs' Motion for Sanctions is a true and correct copy of the billing statements of CMTK and of M&S, respectively.

18. The hourly rates charged as reflected on Exhibit B were appropriate based on the experience of each attorney involved, and consistent with similar rates charged by attorneys of similar experience, which I have reviewed in other cases, in the context of requests for attorneys fees.

19. In 2003 and in 2007, respectively, the Circuit Courts for Baltimore County and Montgomery County both found the rates charged by CMTK to be reasonable and commensurate with the experience of CMTK's attorneys. In Gimbel v. Estate of Howard L. Chertkof, No. 02-013408 (Circuit Court, Baltimore County, Maryland, Nov. 2003), Judge John F. Fader II commented that while "there is often a difference between what an attorney can charge to the client it represents as opposed to what it is able to fee-shift to another party,""[i]n this case I believe the fee-shift is reasonable and in accord with what attorneys of the competence and experience of Cooter-Mangold would charge." Memorandum and Judgment at 9-10. At the time of Judge Fader's ruling, my hourly rate was $450. More recently, in Ghadry v. Ghadry, No. 22314-V (Circuit Court, Montgomery County, Maryland), Judge DeLawrence Beard ruled on January 18, 2007 on a motion to require parties to pay their opponent's attorneys' fees as a result of bad faith litigation. Like Gimbel, Ghadry was a case in which the moving parties sought to recover from their adversaries the fees they paid to their attorneys. Citing Rule 1.5 of the Maryland Rules of Professional Conduct (listing eight factors should be considered in calculating the reasonableness of a fee), Judge Beard was satisfied that the hourly rates charged by the individuals attorneys of CMTK who represented the movants in that case were reasonable. Specifically, he found that my $600.00 hourly rate was reasonable, as well as the $475.00 hourly rate for Ms. Mangold and Ms. Karas, and the $225.00 hourly rate for Mr. Pignatelli. Although

Mr. Tompert had not billed any time to the Ghadry matter that was the subject of the motion for fees, his hourly rate has at all times relevant to this matter been the same as Ms. Mangold's.

20. The hourly rates reflected on the CMTK billing statements are as follows: (1) my rates were (a) $500.00 February 2006 through May 2006, and (b) $600.00 June 2006 through present; (2) Ms. Mangold's and Mr. Tompert's rates were (a) $400.00 February 2006 through May 2006, and (b) $475.00 June 2006 through present; (3) Ms. Karas's rates were (a) $375.00 February 2006 through May 2006, and (b) $475.00 June 2006 through present; (4) Mr. Pignatelli's rates were (a) $200.00 February 2006 through May 2006, (b) $225.00 June 2006 through February 2007, and (c) $260.00 from March 2007 through present; (5) Ms. Madigan-Cassidy's hourly rate for all services performed was $300.00. The rates for our paralegals were $60.00 and $90.00 per hour.

21. The fee of $3,750 which M&S charged for Mr. Robbins' time in connection with filing the New York case and obtaining the order allowing alternative service on Mr. Doley was reasonable, as were the $156.00 in expenses incurred.

22. As reflected on the CMTK billing statements, the Plaintiffs also incurred $98,691.68 in reasonable and necessary expenses, including messenger charges, Westlaw charges, photocopy and optical scanning charges, parking fees, postage and UPS charges, deposition and hearing transcript and appearance charges, and process server fees. There is an additional $719.00 in special process server fees not captured by the billing statements, for a total of $99,410.68 in CMTK expenses.

23. In addition to the expenses identified above in Paragraphs 21 and 22, Plaintiffs incurred $9,880.00 to retain the services of Marilyn A. Lashner, Ph.D. to review and analyze

documents to assist Plaintiffs in proving the involvement of the Main Individual Defendants in the drafting and creation of the Committee Letter and the McPhail/Douglas letter. A true and correct copy of Dr. Lashner's invoices is attached to Plaintiffs' Motion as Exhibit D.

24. In summary, Plaintiffs incurred the following fees and expenses after February 15, 2006, the date Defendants filed their Answers denying most of Plaintiffs' allegations:

| | |
|---|---|
| CMTK Attorneys fees: | $1,093,092.50 |
| CMTK Paralegal fees: | $ 5,290.20 |
| CMTK Expenses: | $ 109,290.68[1] |
| M&S Attorneys fees: | $ 3,750.00 |
| M&S Expenses: | $ 156.00 |
| Total: | $1,211,579.38 |

25. The foregoing fees and expenses were reasonable and necessary.

Executed under the penalty of perjury of the District of Columbia on the 10th day of July, 2007.

Dale A. Cooter

[1] The total expenses includes Dr. Lashner's charges of $9,880.00.