UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MORTON A. BENDER, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | C.A. No. 1:06cv00092 |
| v. ) | Honorable Rosemary M. Collyer |
| ) | |
| CAROLYN D. JORDON, et al. ) | |
| ) | |
| Defendants. ) | |
| ) | |
| INDEPENDENCE FEDERAL ) | |
| SAVINGS BANK, ) | |
| ) | |
| Cross-Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| CAROLYN D. JORDAN, ) | |
| DAVID WILMOT, and ) | |
| THOMAS L. BATTIES, ) | |
| ) | |
| Cross-Defendants. ) | |

**CROSS-DEFENDANTS' REPLY IN SUPPORT OF THEIR MOTION TO DISMISS
CROSS-PLAINTIFF'S CROSS CLAIM PURSUANT TO FED. R. CIV. P. 12(b)(1)**

Cross-Defendants Carolyn D. Jordan, David Wilmot and Thomas L. Batties (hereinafter "Defendants") respectfully submit this Reply in Support of Their Motion to Dismiss Cross-Plaintiff's Cross Claim Pursuant to Fed. R. Civ. P. 12(b)(1):

I.  **Cross-Plaintiff Admits that Its Claims Are Not Ripe, and, Thus, the Court Does Not Have Subject Matter Jurisdiction to Hear the Cross Claim.**

As set forth in Defendants' Motion to Dismiss, "[a] claim is not ripe for adjudication if it rests upon contingent future events that may not occur as anticipated, or indeed may not occur at all." *Texas v. United States*, 523 U.S. 296, 300 (1998) (citations omitted). If the matter before the court is not ripe for adjudication, the court lacks subject matter jurisdiction because there is

2538426v2

no Article III "case or controversy". *Nat'l Treasury Employees Union v. United States*, 101 F.3d 1423, 1427 (D.C. Cir. 1996) (citing *Allen v. Wright*, 468 U.S. 737, 750 (1984)).

Both parties point out that 12 C.F.R. § 545.121 (the "Regulation") provides that indemnification shall be made, when the final judgment is in favor of the director/officer other than on the merits, if the majority of the disinterested directors determine that the director/officer is entitled to indemnification and the Office of Thrift Supervision ("OTS") agrees. 12 C.F.R. §545.121(c)(2)(iii). Conversely, the board of directors could also make the determination that indemnification is not warranted. The Court's final judgment dismissing the claims against the Defendants in the underlying action was entered on May 31, 2007. Thus, the Bank's board of directors must now vote on whether the Defendants may be indemnified. If a majority of the disinterested members of the board of directors approves the indemnification, the matter must then be submitted to the OTS. However, the Bank does not allege that this required vote has occurred.

It is on this point that the Bank admits its reimbursement claim is not ripe. It argues that, "this Court must decide, in the first instance, whether the Cross-Defendants are entitled to indemnification under 12 C.F.R. § 545.121, ***before*** it can reach a decision as to whether or not Cross-Defendants breached [the agreement]." Cross-Plaintiff's Memorandum of Points and Authorities in Opposition to Cross-Defendants' Motion to Dismiss, p.10-11 (emphasis added) (Dkt. # 95).[1] The Bank states that it intends to file a motion for summary judgment on that issue. *Id.* However, the Bank has not pled a claim for declaratory relief as to whether it is in

---

[1]  What the Bank asserts in its Opposition to Defendants' Motion to Dismiss is fundamentally different from what it alleges in its Cross Claim. There, the matter is pled as a simple breach of contract, collection matter. Contrary to what the Bank now claims, the Cross Claim makes no reference to any need for the Court to review or interpret the Regulation.

2

compliance with the Regulation such that the issue is properly before the Court. As the required vote has not been taken, a claim for declaratory relief is also not ripe.

Additionally, the "Request for Advancement of Expenses for Claims Against an Officer or Director" (the "Requests") signed by each Defendant clearly provides that a determination as to indemnification must be made, pursuant to the Regulation, *before* the director/officer is obligated to repay the funds advanced for litigation costs.

> "Under the Regulation, I hereby agree that I will repay the Bank any amounts so paid on my behalf by the Bank if it is later determined that I am not entitled to indemnification with respect to the litigation under 12 C.F.R. § 121[sic], . . . ."

Cross-Plaintiff's Cross Claim, Exhibits 1, 2 and 3. (Dkt. # 89). The Court did not address the issue of whether the Defendants were entitled to indemnification in either its May 31, 2007 Memorandum Opinion and Order or its July 21, 2006 Memorandum Opinion and Order. (Dkt. # 50, 51, 90 and 91). Indeed, that issue was not even before the Court. In any event, it would not be appropriate for the Court to make such a finding. The Regulation provides that the OTS must review and approve the board's decision to indemnify. Contrary to the Bank's argument, the triggering factor is not the Court's final judgment, but rather a vote by the Bank's board of directors subsequent to the resolution of the case. Because the Bank has not alleged that it's board of directors has taken the necessary step of voting on the issue of indemnification as required by the Regulation, its claims for reimbursement are simply not ripe and the Cross Claim should be dismissed.

II.     **The Bank's Claims, As Pled, Do Not Arise Under Federal Law, and, Thus, the Court Lacks Subject Matter Jurisdiction.**

Even if the Court determines that the Bank's claims are ripe, the Court lacks subject matter jurisdiction. The Bank cannot have it both ways: it cannot allege in its pleading that its contractual and equitable reimbursement claims are ripe and ready for summary adjudication,

3

2538426v2

while simultaneously asserting that its claim for reimbursement raises a substantial federal question as to the interpretation of the Regulation such that it arises under federal law.

### A.   Cross-Plaintiff's Preemption Argument Is Overbroad.

The fundamental question in determining "arising under" jurisdiction is whether the "complaint establish[es] . . . that plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Franchise Tax Bd. of Cal. v. Constr. Laborers Vacation Trust for Southern Cal.*, 463 U.S. 1, 27-28 (1983); *see also Grable & Sons Metal Products, Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 314 (2005) (restating the test as whether the "state-law claim necessarily raise[d] a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities.").

The Bank argues that its common law causes of action must arise under federal law because the regulations promulgated by the OTS, including the Regulation at issue, are the exclusive authority for Federal savings associations and preempt state law to the contrary. Relying on this proposition, the Bank argues that its breach of contract and unjust enrichment claims necessarily involve a substantial question of federal law such that the Court has subject matter jurisdiction.

The Bank overreaches with its argument. As pled, the Bank's Cross Claim is simply one for contractual and equitable reimbursement, i.e. debt collection. Surely, the Bank is not arguing that any time a Federal Savings Association pursues collection of a debt it is a matter relating to the "safety and soundness" of the bank, which is regulated by the OTS, and the action raises a federal question. The Bank is not suing to enforce the Regulation, rather, it has brought suit for reimbursement based on written agreements with the Defendants. The mere reference to a

federal statute or regulation does not confer federal subject matter jurisdiction. *Merrell Dow Pharmaceuticals Inc. v. Thompson,* 478 U.S. 804 (1986). The Regulation does not preempt state court jurisdiction over the issue in dispute.

      **B.**    ***Empire* Supports a Finding that the Court Lacks Subject Matter Jurisdiction.**

In *Empire,* the Federal Employees Health Benefits Act of 1959 ("FEHBA") authorized the Office of Personnel Management ("OPM") to negotiate and regulate health-benefit plans for federal employees. *Empire Healthchoice Assurance, Inc. v. McVeigh,* 126 S. Ct. 2121, 2126 (2006). The OPM negotiated a contract with Blue Cross Blue Shield ("BCBS"), as authorized by FEHBA, which required that BCBS seek reimbursement for amounts paid for medical care of employees. *Id.* Although authorization for the contract that created the obligation to seek reimbursement was set forth in FEHBA, the Supreme Court found that the reimbursement claim did not arise under federal law, but rather could be determined by the state court. *Id.* at 2137.

Contrary to the Bank's argument, the *Empire* facts are on point with those before Court. If there is a basis for the Bank to recover, the Regulation does not create a right of recovery, the Requests do. The Bank has not sued to enforce the Regulation, but instead has sued for reimbursement pursuant to the terms of the Requests. Thus, even though the Requests were "authorized" by the Regulation, the breach of contract and equitable claims alleged by the Bank do not arise under federal law. As pled, the Bank's claims do not create a substantial federal question.

      **C.**    **The *AT&T* Case Cited by Cross-Plaintiff is Inapposite to the Case at Hand.**

While the Supreme Court's decision in *Empire* is dispositive, the Utah District Court opinion on which the Bank relies is inapposite. In *AT&T Communications v. Qwest Corporation,* No. 206CV00783, 2007 WL 518537 (D. Utah Feb. 13, 2007), AT&T filed breach

5

2538426v2

of contract claims in state court and Qwest removed the case to federal court alleging that the claims arose under federal law. AT&T sought to remand the case back to state court as no federal claim was asserted in its complaint. In denying AT&T's motion for remand, the court relied, in part, on *Grable* in determining whether AT&T's contract claims arose under federal law: "federal jurisdiction demands not only a contested federal issue, but a substantial one, indicating a serious federal interest in claiming the advantages thought to be inherent in a federal forum." *AT&T Communications*, 2007 WL 518537 at *2 (quoting *Grable*, 125 S. Ct. at 2367). As pled, the Bank's Cross-Claims fail to show the requisite "substantial" federal interest. There is simply no regulatory interpretation required by the Cross-Claims. Thus, not only is there no "substantial" federal interest, there is no interest at all in these common law claims.

AT&T alleged that Qwest breached their interconnection agreement and, as part of the breach, violated the Federal Telecommunications Act of 1996 (the "Act"). The Act requires telephone companies to negotiate interconnection agreements and also requires that the governing state commission approve the final agreement between the parties. Additionally, the Act imposes certain duties on telecommunications companies to facilitate the interconnection of networks and ensure fairness. AT&T's breach of contract claim relied heavily on Qwest's failure to comply with rights and duties established by the Act. *Id.* at *2-3.

The court found that resolution of the contract dispute necessarily depended on the application and interpretation of the Act and, thus, the claims arose under federal law such that the court had subject matter jurisdiction. *Id.* at *4. "[T]his is not a case of federal law simply being referenced in a contract. Rather, the Federal Act governs not only the establishment of the agreements at issue, but in particular (1) when such agreements must be made public to other competitors through filing . . . and (2) when competitors may or may not have access to the same

2538426v2

terms as their competitors . . ." *Id.* at FN5 (citation omitted). In its Cross-Claims, the Bank makes no claim that Defendants have failed to comply with any requirement set forth in the Regulation.

For the case at hand, the Requests create the claim for reimbursement, not the Regulation. Defendants do not have any obligation under the Regulation. Thus, *AT&T* is inapposite to the issues presented to the Court in Defendants' Motion to Dismiss and should not be relied on as a basis for finding subject matter jurisdiction.

Based on the foregoing arguments, it is clear that the claims asserted by the Bank in the Cross Claim do not arise under federal law and Defendants respectfully suggest that this Court lacks subject matter jurisdiction.

### III. Conclusion

Based on the foregoing arguments, Defendants respectfully request that the Court enter an order dismissing the Bank's Cross Claim based on lack of subject matter jurisdiction.

Respectfully submitted,

July 11, 2007

SHOOK, HARDY & BACON, LLP

_/s/ Peter E. Strand_
Peter E. Strand
Hamilton Square
600 14th Street, N.W.
Suite 800
Washington, DC 20005
Phone: 202-783-8400
Fax: 202-783-4211

Attorneys for Cross-Defendants

2538426v2

## CERTIFICATE OF SERVICE

I hereby certify that on the 11th day of July, 2007, a true and complete copy of the forgoing **Cross-Defendants' Reply in Support of Their Motion to Dismiss Cross-Plaintiff's Cross Claim Pursuant to Fed. R. Civ. P. 12(b)(1)** was sent electronically to the following:

G. Vann Canada, Jr.
Miles & Stockbridge P.C.
11 North Washington Street, Suite 700
Rockville, Maryland 20850
T: (301) 762-1600
F: (301) 762-0363
*Attorneys for Cross-Plaintiff*

/s/ Peter E. Strand
Attorney for Cross-Defendants

2538426v2