UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MORTON A. BENDER, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | C.A. No. 1:06cv00092 |
| v. ) | Honorable Rosemary M. Collyer |
| ) | |
| CAROLYN D. JORDON, et al. ) | |
| ) | |
| Defendants. ) | |
| ) | |

**DEFENDANTS' MEMORANDUM IN OPPOSITION TO
PLAINTIFFS' MOTION FOR STATUTORY ATTORNEYS FEES AND COSTS**

Defendants Carolyn D. Jordan, David Wilmot and Thomas L. Batties (hereinafter "Defendants") respectfully submit this Memorandum in Opposition to Plaintiffs' Motion for Statutory Attorneys Fees and Costs (The "Motion"). Pursuant to the Private Securities Litigation Reform Act ("PSLRA") (15 U.S.C. § 78u-4(c)), Plaintiffs seek to recover $571,851.06[1] for attorney fees and costs incurred in litigating the action against Defendants.[2] Defendants respectfully requests that the Court deny Plaintiffs' motion for the following reasons:

1. The purpose of the PSLRA is not to punish defendants for presenting a defense, but to reduce the filing of meritless securities lawsuits by plaintiffs;

---

[1] Plaintiffs' counsel filed a Second Declaration of Dale A. Cooter in Support of Plaintiffs' Motion for Statutory Attorneys Fees and Costs Against Defendants Jordan, Wilmot and Batties on Friday, July 20, 2007 at 4:42 pm which corrected an error resulting in the overstatement of counsel fees and costs set forth in the firm's initial affidavit in support of the motion by more than $600,000. The amount originally requested was $1,211,579.38.

[2] Plaintiffs do not seek fees and costs incurred prior to the date Defendants filed their Answers, February 15, 2006. (Dkt. # 9-14). Plaintiffs claims were dismissed on May 31, 2007. Memorandum and Opinion and Order. (Dkt. #90 and 91). Apparently, Plaintiffs seek every item of fees and/or expenses allegedly incurred from February 15, 2006 through May 31, 2007.

2. Defendants' Answers to the allegations in the Original Complaint which Plaintiffs challenge in their Motion are objectively reasonable, and thus, comply with Rule 11; and

3. Plaintiffs' Motion overstates the amount of fees available under the applicable rules and is clearly overreaching.

I.    **Mandatory Review of Rule 11 Compliance Under The PSLRA**

Defendants agree with Plaintiffs that the PSLRA provides that in any final adjudication of a securities case, "the court shall include in the record specific findings regarding compliance by each party and each attorney representing any party with each requirement under Rule 11(b) of the Federal rules of Civil Procedure . . ."[3]  However, based on the legislative history and plain language of the PSLRA, it is clear that attorneys' fees and costs are unwarranted in this case, and Plaintiffs' request is far greater than any sanction contemplated or authorized by Rule 11 and by the statute.

A.    **The PSLRA Is Focused on Curbing Plaintiffs' Strike Suits, Not Denying the Right to a Defense**

The purpose of the PSLRA is to prevent plaintiffs from filing frivolous strike suits – not to deprive defendants an opportunity to be heard in their own defense.  The legislative history for the PSLRA recites Congress' desire to cure "abusive securities litigation" and "meritless securities lawsuits",  Joint House-Senate Conference Report, H.R. Conf. Rep. No. 104-369, at 39 (1995), *reprinted in* 1995 U.S.C.C.A.N. 679, 730, 738,[4] and "the unwillingness of courts to

---

[3]    Plaintiffs waited for more than 30 days before filing what, in essence, is a Rule 59 motion to amend the Court's May 31, 2007 Order.  Thus, the motion may well be out of time. Rather than debate the procedural technicalities, Defendants will address the substance of the motion.

[4]    "The Conference Committee recognizes the need to reduce significantly the filing of meritless securities lawsuits without hindering the ability of victims of fraud to pursue legitimate claims.   The Conference Committee seeks to solve this problem by

2

impose sanctions even when [Rule 11] is violated," S.Rep. No. 104-98, at 13 (1995), *reprinted in* 1995 U.S.C.C.A.N. 679, 692.  *See also Lander v. Hartford Life & Annuity Ins. Co.*, 251 F.3d 101, 107 (2d Cir. 2001) (The PSLRA "was intended to prevent 'strike suits' - meritless class actions that allege fraud in the sale of securities.  Because of the expense of defending such suits, issuers were often forced to settle, regardless of the merits of the action.") (internal citations omitted); *In re Silicon Graphics Sec. Litig.*, 183 F.3d 970, 973 (9th Cir. 1999) ("Congress enacted the PSLRA to deter opportunistic private plaintiffs from filing abusive securities fraud claims, in part, by raising the pleading standards for private securities fraud plaintiffs.").  Although the PSLRA includes responsive pleadings in its sanctions provisions, the crux of the statute is to prevent frivolous lawsuits.  Nowhere does the legislative history identify concerns about defenses as a primary target of the legislation.

### B. Plaintiffs Misconstrue the Requirements and Remedies Under the PSLRA

The PSLRA mandates that the Court conduct a review of the any complaint, responsive pleading, or dispositive motion filed in the case for Rule 11 compliance.  The relevant portion of the statute provides:

> (c)(1) "Mandatory review by court:  In any private action arising under this chapter, upon final adjudication of the action, the court shall include in the record specific findings regarding compliance by each party and each attorney representing any party with each requirement under Rule 11(b) of the Federal rules of Civil Procedure as to any complaint, responsive pleading, or dispositive motion."

15 U.S.C. § 78u-4(c)(1).  The Court's review of the parties' pleadings is based on an objective standard of reasonableness. *Lucas v. Spellings*, 408 F. Supp. 2d 8, 10 (D.D.C. 2006) ("[W]hen a Rule 11 proceeding is commenced by motion filed by one of the parties, the courts have, without

---

strengthening the application of Rule 11 of the Federal Rules of Civil Procedure in private securities actions." Joint House-Senate Conference Report, H.R. Conf. Rep. No. 104-369, at 39-40.

3

exception, held counsel to an objective standard of reasonableness.") (citations omitted). The PSLRA does not provide an independent standard for reviewing Rule 11 compliance in securities litigation. *Independence Federal Savings Bank v. Bender*, 230 F.R.D. 11, 17 (D.D.C. 2005) (citing *Gurary v. Winehouse*, 235 F. 3d 792, 797, for the proposition that the "PSLRA does not alter substantive standards but circumscribes judicial discretion to conduct the Rule 11 analysis and in imposing sanctions").

After conducting its review, should the Court find that the parties acted in violation of Rule 11, the PSLRA provides:

> (c)(2) "Mandatory sanctions: If the court makes a finding under paragraph (1) that a party or attorney violated any requirement of Rule 11(b) of the Federal Rules of Civil Procedure as to any complaint, responsive pleading, or dispositive motion, the court shall impose sanctions on such party or attorney in accordance with Rule 11 of the Federal Rules of Civil Procedure. Prior to making a finding that any party or attorney has violated Rule 11 of the Federal Rules of Civil Procedure, the court shall give such party or attorney notice and an opportunity to respond."

15 U.S.C. § 78u-4(c)(2).

The PSLRA further provides a presumption that the appropriate sanctions to award when a meritless complaint is filed are the opposing party's attorneys' fees and costs. 15 U.S.C. § 78u-4(c)(3). However, given that the primary purpose of the statute is to deter the *filing* of meritless securities lawsuits, the statute provides different sanctions based on the pleading involved. Subsection (c)(3)(A)(i), addresses responsive pleadings and dispositive motions. It provides:

> (3) "Presumption in favor of attorney fees and costs (A) In general – Subject to subparagraphs (B) and (C), for purposes of paragraph (2), the court shall adopt a presumption that the appropriate sanction – (i) for failure of any **responsive pleading or dispositive motion** to comply with any requirement of Rule 11(b) of the Federal Rules of Civil Procedure is an award to the opposing party of the reasonable attorneys' fess and other expenses incurred as a **direct result of the violation.**

4

15 U.S.C. § 78u-4(c)(3)(A)(i) (emphasis added).  In contrast, when the pleading at issue is the complaint, the PSLRA applies a different standard and sanction.  Subsection (c)(3)(A)(ii) provides:

> (ii) "for **substantial failure** of any **complaint** to comply with any requirement of Rule 11(b) of the Federal Rules of Civil Procedure is an award to the opposing party of the reasonable attorneys' fees and other expenses **incurred in the action**."

15 U.S.C. § 78u-4(c)(3)(A)(ii) (emphasis added).

Thus, the Plaintiffs motion is flawed from the outset.  Rather than seeking fees and expenses incurred as a *direct result* of an alleged Rule 11 violation,  Plaintiffs appear to seek every penny expended in any way in connection with this matter from February 15, 2006 through May 31, 2007.  Plaintiffs seek their attorney fees and costs for the entire action, even though the denials complained of are in Defendants' Answers - responsive pleadings.  Based on the plain language of the statute, even if Defendants violated Rule 11 in their responsive pleadings, which they expressly deny, the sanction requested by Plaintiffs is far beyond that contemplated by the PSLRA.

**II.     Defendants Complied With Rule 11(b)**

    **A.     Plaintiffs Misconstrue the Relevant Provisions of Rule 11(b)**

Plaintiffs' argue that certain statements in Defendants' Answers violated Rule 11(b)(3) and (4).  Rule 11(b)(3) and (4) provide as follows:

> "By presenting to the court (whether by signing, filing, submitting, or later advocating) a pleading, written motion, or other paper, at attorney or unrepresented party is certifying that to the best of the person's knowledge, information and belief, formed after an inquiry reasonable under the circumstances,  -

> (3)  the allegations and other factual contentions have evidentiary support or, if specifically so identified, are likely to have evidentiary support after reasonable opportunity for further investigation or discovery; and
>
> (4)  the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonable based on lack of information or belief."

Plaintiffs' Motion is predicated on denials made by Defendants in their Answers, some of which were later rejected by the Court. The answers upon which Plaintiffs focus are denials regarding certain letters; denials regarding events related to Jeffrey Thompson; and denials regarding the purchase of Doley shares. Plaintiffs do not assert any Rule 11 violations based on affirmative allegations or factual contentions made by Defendants. Thus, based on the issues presented in Plaintiffs' Motion, Rule 11(b)(3) is not relevant here, and the question before the Court is whether Defendants' Answers complied with Rule 11(b)(4).

### B.  Defendants' Right to Present A Defense

Logically, Rule 11 must be balanced against a defendant's right to present a defense and hold the plaintiff to the necessary burden of proof on her claims. It does not require a defendant to pre-judge her claims, nor does it impose on a defendant the obligation to speculate as to how the available evidence will be interpreted by the finder of fact. This Court has recognized this tension in evaluating motions for sanctions under Rule 11. "Rule 11 is not meant to chill advocacy or in any way stymie the freedom to litigate creatively and vigorously; rather, it provides standards that a district court may use to determine when 'the line between the creative and vigorous representation, on the one hand, and frivolousness and harassment, on the other, is crossed.'" *Independence Federal Savings Bank v. Bender*, 230 F.R.D. 11, 18 n. 8 (D.D.C. 2005) quoting *Trout v. Garrett*, 780 F. Supp. 1396, 1429 (D.D.C. 1991). Indeed, the Supreme Court has cautioned that Rule 11 "must be read in light of concerns that it will spawn satellite litigation and chill vigorous advocacy." *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 393 (1990). *See*

*also Crawford v. Deutsche Bank AG,* 271 F. Supp. 2d 829, 824 (E.D.Va. 2003) ("Rule 11 was not intended to penalize a party whose interpretation of the evidence is eventually proven wrong; the question is whether there was a reasonable basis for the interpretation initially . . .").

Because of the undeniable right of a defendant to have her day in court, it is not surprising that counsel for Defendants has been able to locate only a few reported federal cases which address Rule 11(b)(4) violations and no cases which address that provision in the context of the PSLRA.[5]

In *Epcon Gas Systems, Inc. v. Bauer Compressors, Inc.*, 243 F. Supp. 2d 729 (E.D. Mich. 2003), the court evaluated Rule 11(b)(4) in the context of a patent infringement case. The court denied plaintiff's motion for sanctions and found that, "[a]s for defendant's assertion that it did not infringe, it is simply its defense to an infringement lawsuit. Plaintiffs are not entitled to sanctions for defendant's presentation of a defense." *Id.* at 742. Clearly, this holding is directly on point with the allegations raised by Plaintiffs as to Defendants' Answers.

In *Divane v. Krull Electric Co., Inc.,* 200 F.3d 1020, 1029 (7th Cir. 1999), the court found the amount of sanctions assessed against defendant excessive, but upheld the determination that there was no reasonable basis for defendant's denials of certain allegations in the complaint and that defendant's refusal to make certain admissions was "patently unreasonable". In *Divane*, the defendant failed to admit facts that it had previously admitted in a prior case with the same plaintiff. *Id.* Additionally, the defendant's denials in its answer were inconsistent with certain factual allegations asserted in its counterclaim. *Id.* Lastly, Defendant also claimed it had no

---

[5] Counsel for Defendants conducted on-line research for any Rule 11 cases under the PSLRA in which the pleadings filed by the defendant were challenged and found only two, *Hartmarx Corp. v. Abboud*, 326 F.3d 862 (7th Cir. 2003) and *Pro Bono Investments, Inc. v. Gerry,* No. 03 Civ 4347, 2005 WL 2429767, *6 (S.D.N.Y., September 30, 2005). However, in both cases the pleading at issue was the defendant's counterclaim, an affirmative pleading, and the court either determined that no Rule 11 violation had occurred or that the claim was not ripe. The Westlaw search parameter used by counsel was – "PSLRA" and attorney /s fee and "Rule 11".

knowledge of certain deposition testimony, of which it had a copy, "because its transcript of the testimony could have been inaccurate." *Id.* Clearly, these responses rise to the level of abuse Rule 11(b)(4) was designed to prevent. However, as demonstrated in Section C and Exhibit A discussed below, the facts of *Divane* are decidedly different from those currently before the Court.

### C. The Denials At Issue Are Objectively Reasonable

Plaintiffs depict Defendants' Answers as misleading and inappropriate. However, a direct comparison between the allegations in Plaintiffs' original Complaint and Defendants' responses tells a far different story. For ease of reference, each of the allegations and the corresponding answers upon which Plaintiffs rely in making their Motion are attached as Exhibit A. Far from forming the grounds for a Rule 11 motion, the Answers are entirely appropriate and are founded on one or more of the following rationale:

- Where specific documents are referenced, the existence of those documents is admitted. (*See, e.g.* ¶ 14)[6]

- Where specific documents are quoted, the existence of the document and the quotation, if accurate, are admitted. (*See, e.g.* ¶ 22)

- Where documents are paraphrased, the paraphrase is denied. (*See, e.g.* ¶ 19) The documents themselves are the best evidence of what the documents say.

- Where inflammatory language is used, the allegations are denied. (*See, e.g.* ¶ 56) ("intended to mislead")

- Where allegations are made about the intent or actions of persons other than the answering party, and the answering party lacked first hand knowledge of the allegation, the allegations are denied. (*See, e.g.* ¶ 27, 28, 29, 31, 57)

- Where the allegation is entirely correct, the allegation is admitted. (*See, e.g.* ¶ 21, 22)

---

[6] Paragraphs are listed by way of example, and are not intended to be an exhaustive list. Defendants also note that Plaintiffs have included references to at least one paragraph relating to claims for damages which Plaintiffs voluntarily dismissed. (*See, e.g.* ¶ 65)

8

     • Where Defendants believe the allegation was incorrect (and they testified to that effect in their defense both in their depositions and at the hearing), the allegation is denied. (*See, e.g.* ¶ 14, 24, 32, 47)

     • Where statutory language is paraphrased, the allegation is denied. (*See, e.g.* ¶ 51, 52) The language of the statute, not an advocate's paraphrase, is the best evidence of what the statue requires.

     • Where the allegation gives a list of allegedly false or misleading statements, with which Defendants disagree, and further includes the language, "*by way of partial example only*" the allegation is incomplete and ambiguous and therefore denied. (*See, e.g.* ¶ 55, 59)

As can be readily seen from Exhibit A, the responses contained in the Answers upon which Plaintiffs predicate their Motion are objectively reasonable. Also, contrary to what Plaintiffs infer, the Court did not make specific findings of fact as to all of the allegations relied on by Plaintiffs in their Motion. In any event, as the Court has previously taken pains to point out, those findings which the Court did make were "preliminary."

     **D.**     **Other Pleadings Filed by Defendant Comply With Rule 11**

Plaintiffs' Motion does not assert Rule 11 violations as to Defendants' dispositive motions or the motion to dismiss on which Defendants ultimately prevailed. Yet, Plaintiffs apparently seek their fees incurred in responding to those motions. Given the broad scope of the Court's review under the PSLRA, it is worth noting that the positions taken in those motions are also objectively reasonable. In particular, the pleadings related to Defendants Motion to Dismiss Plaintiffs' First Amended Complaint for Mootness (Dkt. #74) are clearly not in violation of Rule 11, as the Court ruled in favor of Defendants on the arguments presented. Memorandum and Opinion and Order (Dkt. #90 and 91). *See Hartmarx Corp. v. Abboud,* 326 F.3d 862 (7th Cir. 2003) (finding that defendant's motion for mootness was correct, and "accordingly it cannot serve as a basis for the imposition of Rule 11 sanctions.").

### III. Even If The Court Determines Defendants Failed to Comply With Rule 11, Defendants Request The Right To Be Heard And Offer Evidence

Defendants respectfully request that, should the Court conclude that grounds exist for an award pursuant to Rule 11, they be given an opportunity to respond to the amount and reasonableness of the fees which Plaintiffs seek. Defendants make this request for two reasons.

#### A. Defendants Require Additional Time to Analyze and Respond to the Large Volume of Material Purporting to Support Plaintiffs' Request

As the basis for their request, Plaintiffs submitted attorneys' fee statements covering 16 months and, they allege, totaling more than $500,000 (Exhibit B to Plaintiffs' Motion). Cumulatively, the statements which Plaintiffs submitted contain several hundred separate entries. Within the brief time period allotted for responding to the Motion, 11 days, Defendants have been unable to complete an exhaustive analysis of the statements. Some of the issues of note, however, include the following:

- Initially, Plaintiffs' counsel submitted an affidavit which overstated the amount of fees and expenses by more than $600,000. This glaring error created initial confusion about the basis for Plaintiffs' Motion. Are there substantial errors in the current request?

- As set forth above, Plaintiffs seek fees related to motions which they lost, including the Bank's motion to amend the preliminary injunction, Plaintiffs' motion for summary affirmance, and Defendants motion to dismiss the case as moot.

- In numerous instances, Plaintiffs seek fees for the attendance of two senior attorneys at a deposition.

- Plaintiffs seek fees for what appear to be numerous telephone calls to the Office of Thrift Supervision (Ms. Bruton). These calls have no apparent relationship to this matter.

- Plaintiffs seek expenses for an expert witness that they voluntarily decided not to call at the hearing on their application for preliminary injunctive relief.

- Plaintiffs seek fees for their efforts to obtain the appearance of Mr. Doley at his deposition. Mr. Doley is not subject to the direction or control of any of the Defendants.

If necessary, Defendants will require additional time to analyze the fees requested and identify the fees, if any, directly related to any alleged Rule 11 violation.

**B.     Defendants Require Additional Time to Identify, Analyze and Respond to All of the Errors in Plaintiffs' Request and Related Documentation**

The limited analysis which Defendants have completed to date indicates that the fees which Plaintiffs seek are misstated and beyond what is contemplated under the PSLRA and Rule 11.

**1.     Plaintiffs' Calculation of Attorney Fees Is Overstated[7]**

In evaluating a claim for attorney fees under the PSLRA, the court in *Morris v. Wachovia Securities, Inc.*, 448 F.3d 268, 283 (4th Cir. 2006), held that evidence of fees should comply with the following:

> "First, the applicant must make every effort to submit time records which specifically allocate the time spent on each claim. Second, those records should attempt to specifically describe the work which the fee applicant allocated to unsuccessful claims so as to assist the district court in determining the reasonableness of the fee request. In establishing these guidelines, we recognize that some claims may have such a common core of facts and legal theories so as to prevent any allocation of the fees to the applicant's separate claims. However, we hereby admonish all parties that a blind adherence to this argument runs the risk of incurring a complete denial of fees."

(citation omitted) (relying on factors employed in determining attorney fee awards under Civil Rights Attorney's Fees Awards Act). The Court further stated that Wachovia had a duty to present proper documentation of its fee request and it failed to do so. *Id.* at 283.

> "Put another way, the [PSLRA]'s requirement that the district court adopt a presumption that the fee amount attributable to a Rule 11(b) violation is the correct sanction does *not* excuse the sanctions proponent's failure to establish that amount. 'A party seeking attorneys' fees must present a request from which the correct amount may be computed with reasonable dispatch. The failure to do this

---

[7]    Given the errors in the affidavit filed in support of Plaintiffs' Motion, Defendants are concerned that there may be other misstatements and inaccuracies in the documentation presented.

11

> justifies a rejection of the request.'  *In re Cent. Ice Cream Co.,* 836 F.2d 1068, 1074 (7th Cir. 1987)."

*Id.* at 283-284.

### 2. Plaintiffs' Motion Seeks An Inappropriate Amount of Sanctions

As discussed in Section I.B. above, Plaintiffs seek fees and costs incurred for the entire action even though the majority of their fees and costs are not the direct result of the alleged Rule 11 violation by Defendants. Plaintiffs' request even covers fees related to pleadings on which they were not successful and pleadings filed after Plaintiffs voluntarily amended their Complaint. The fees awarded as a Rule 11 sanction must be as a *direct* result of the improper pleading. 15 U.S.C. § 78u-4(c)(3)(A)(i); *Divane v. Krull Electric Co., Inc.,* 200 F.3d at 1031. The fees should not include time and costs for activities that the Plaintiffs would have incurred in any event to prove their claims. *Divane*, 200 F.3d at 1031.

Given the foregoing, should the Court conclude that a Rule 11 violation occurred, Defendants respectfully request that they be given an opportunity to more fully investigate, analyze and respond to the amount and reasonableness of Plaintiffs' request for attorneys' fees and expenses.

## IV. Conclusion

Based on the foregoing arguments, Defendants respectfully request that the Court deny Plaintiffs' Motion for Statutory Attorneys Fees and Costs. In the alternative, Defendants request additional time in which to respond to the Plaintiffs' badly flawed fee application.

Respectfully submitted,

12

July 23, 2007                                       SHOOK, HARDY & BACON, LLP


      */s/* Peter E. Strand
Peter E. Strand
Hamilton Square
600 14th Street, N.W.
Suite 800
Washington, DC 20005
Phone: 202-783-8400
Fax: 202-783-4211

Attorneys for Defendants

**CERTIFICATE OF SERVICE**

I hereby certify that on the 23th day of July, 2007, a true and complete copy of the forgoing Defendants' Memorandum in Opposition to Plaintiffs' Motion for Statutory Attorneys Fees and Costs was sent electronically to the following:

> G. Vann Canada, Jr.
> Miles & Stockbridge P.C.
> 11 North Washington Street, Suite 700
> Rockville, MD 20850
> *Attorneys for Cross-Plaintiff*
>
> Dale A. Cooter
> Cooter, Mangold, Tompert
>      & Karas, LLP
> 5301 Wisconsin Avenue, N.W.
> Suite 500
> Washington, D.C. 20015
> *Attorneys for Plaintiff*

                                                /s/ Peter E. Strand
                                                Attorney for Defendants