UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **MORTON A. BENDER, et al.,**   ) | |
| ) | |
| **Plaintiffs,**   ) | |
| ) | |
| v.   ) | |
| ) | C.A. No. 1:06cv00092 |
| **CAROLYN D. JORDAN, et al.,**   ) | Honorable Rosemary M. Collyer |
| ) | |
| **Defendants.**   ) | |
| ) | |

**PLAINTIFFS' REPLY IN FURTHER SUPPORT OF THEIR MOTION FOR
STATUTORY ATTORNEYS FEES AND COSTS
AGAINST DEFENDANTS JORDAN, WILMOT AND BATTIES**

Plaintiffs, Morton and Grace Bender, by and through their undersigned counsel, hereby reply to Defendants' Opposition to Plaintiffs' Motion for Statutory Attorneys Fees and Costs Against Defendants Jordan, Wilmot and Batties, pursuant to the Private Securities Litigation Reform Act (15 U.S.C. §78u-4(c)) (the "PSLRA") as follows:

**INTRODUCTION**

In their Motion, Plaintiffs have requested the Court to conduct its mandatory review, pursuant to the PSLRA, to determine whether the Answers of Defendants Carolyn Jordan, David Wilmot and Thomas Batties (the "Defendants"), to the Plaintiffs' Complaint satisfied Rule 11. Plaintiffs argue in their Motion that the wholesale denials in those Answers - denials of the substantive allegations of the Complaint – were unwarranted and that sanctions should be imposed. In their Opposition to the Motion, the Defendants contend that sanctions should not be awarded. The opposition argues that (1) that majority of the denials were reasonable; (2) that other pleadings filed by Defendants complied with Rule 11; and (3) that the fees requested by the

Plaintiffs are unreasonable.[1]  The Plaintiffs respectfully request the Court to reject these arguments and to grant their Motion.

## ARGUMENT

**I.    THE DENIALS WERE UNREASONABLE**

The Defendants argue that they were entitled to present a defense to the Plaintiffs' claims and that their denials of the allegations in Plaintiffs' complaint are not sanctionable. In support, the Defendants cite to two cases, <u>Epcon Gas Systems, Inc. v. Bauer Compressors, Inc.</u>, 243 F.Supp. 2d 729 (E.D. 2003) and <u>Divane v. Krull Electric Co., Inc.</u>, 200 F.3d 1020 (7th Cir. 1999).  In <u>Epcon Gas</u>, a patent infringement case, the defendant contended in its answer that it had not infringed plaintiff's patent.  The Court denied the plaintiff's request for Rule 11 sanctions because the defendant's assertion of non-infringement was its defense to the lawsuit. 200 F.3d at 742.  <u>Epcon</u> is distinguishable because the plaintiff in that case did not challenge the appropriateness of the defendant's denials to specific factual allegations.  It is one thing for a defendant to assert as a defense that its conduct does not constitute infringement; it is another for a defendant to deny a specific factual allegation when he knows those allegations should be admitted, as happened here.  The instant case is more like <u>Divane v. Krull Electric Co., Inc.</u>, 200

---

[1] The Defendants also argue that the primary focus of the PSLRA is on claims not on defenses.  The Benders do not disagree that PSLRA was primarily targeted at abusive lawsuits and claims, but as Defendants acknowledge, the PSLRA does include responsive pleadings in its sanctions provisions. <u>See</u> Defendants' Memorandum in Opposition to Plaintiffs' Motion for Statutory Attorneys Fees and Costs ("Defs. Memo.").  Accordingly, it is appropriate that the Court undertake this review as requested by the Plaintiffs.  The Defendants also suggest, in footnote 3 of their Memo that if it is considered as a Rule 59 motion, the Plaintiffs' Motion may be out of time.  As the Plaintiffs noted in their opening brief, they are not even required to file a motion for sanctions because the Court is obligated to undertake the review.  There is nothing in the PSLRA or in the Court's rules that require that a motion be filed or that it be filed within any prescribed time period.

S:\WPDOCS\BENDER\INDEPENDENCE BANK - VARIOUS MATTERS\Case Re 10-05 Mtg Irregularities (2005)\Pleadings\Motion for Sanctions - REPLY TO OPPOSITION.wpd

2

F.3d 1020 (7th Cir. 1999), the second case cited by the Defendants. In Divane, the Court affirmed the trial court's award of sanctions to plaintiff where a defendant had unreasonably denied factual allegations in the plaintiff's complaint. 200 F.3d at 1029. One of the examples was that the defendant denied having knowledge of deposition testimony, even though it had the deposition transcript, and explained the denial by asserting that the transcript could have been inaccurate. Id. The Court found that the defendant's "refusal to make certain admissions was patently unreasonable." Here, as explained in the Benders' opening brief, the Defendants denied specific factual allegations going to the heart of this litigation. The Court has already determined that the testimony of these Defendants was, in large part, not credible. In their Opposition, as to those allegations, the Defendants assert that they denied certain allegations because, for example, they "believed the allegation was incorrect." See Oppos. at 9. The record in this case amply demonstrates that those denials were unreasonable. The Defendants now seek to justify some of their denials by asserting that they denied allegations paraphrasing documents and statutes because the documents and statutes are themselves the best evidence of their content. See Oppos. at 8-9. In the Answers, however, the denials do not make this assertion; they are denials without such explanations. In any event, the paraphrasing was accurate and the allegations should not have been denied.

      The denials of the Defendants exceed merely "having their day in court" as argued by the Defendants at pages 6-7 of their Opposition. The denials cannot be excused as the Defendants' "interpretation of evidence" or "creative" "vigorous advocacy." See Oppos. at 6-7. The Defendants were intimately involved in the Save the Committee Letter, the McPhail/Douglas letter, and the Doley/Thompson share transactions, yet their Answers suggest that they had no

S:\WPDOCS\BENDER\INDEPENDENCE BANK - VARIOUS MATTERS\Case Re 10-05 Mtge Irregularities (2005)\Pleadings\Motion for Sanctions - REPLY TO OPPOSITION.wpd

3

knowledge of, or involvement in, any of these. The denials were unreasonable and the Defendants should be sanctioned for making the denials.

## II.     THE DEFENDANTS' OTHER FILINGS ARE ALSO SANCTIONALBE

The Defendants argue that their Motion to Dismiss the Plaintiffs' First Amended Complaint could not have violated Rule 11 because the Court granted the Defendants' Motion and dismissed the Complaint. The Court's granting of that Motion, however, does not exonerate the Defendants. The PSLRA authorizes sanctions for may be awarded for fees and expenses incurred as a direct result of the violation. The Plaintiffs submit that it was the Defendants' unreasonable denial of the factual allegations of the Complaint that necessitated most of what followed. Had the Defendants been forthright in their Answers to the Complaint, this case may well have been appropriate for summary resolution at an early stage.

## III.    THE FEES AND EXPENSES ARE ADEQUATELY DOCUMENTED

The Defendants request that they be given additional time to respond to the amount and reasonableness of the fees and expenses to be awarded should the Court determine that sanctions should be entered because of the large volume of material submitted by the Plaintiffs. The Plaintiffs would not object to a reasonable amount of time for the Defendants to respond in more detail to the fees and expenses requested if the Plaintiffs are afforded an opportunity to reply.

Although the Defendants have requested additional time, they have also noted some general areas of disagreement with regard to the fees and expenses sought by Plaintiffs. Regarding the admitted computational error which was made in Dale Cooter's first Declaration, the Defendants suggest that there may be other "substantial errors." The error was, as stated in Mr. Cooter's second Declaration, a computational error for which Plaintiffs' counsel has already

S:\WPDOCS\BENDER\INDEPENDENCE BANK - VARIOUS MATTERS\Case Re 10-05 Mtg. Irregularities (2005)\Pleadings\Motion for Sanctions - REPLY TO OPPOSITION.wpd

4

apologized.  The Defendants also object to fees and expenses for certain categories such as motions which the Plaintiffs did not win, telephone calls to the Office of Thrift Supervision, expenses for a non-testifying witness, and expenses for efforts incurred in obtaining Mr. Doley's deposition appearance.  As Plaintiffs have noted, however, this litigation would have been substantially streamlined had the Defendants not denied the allegations which have been discussed.

The Defendants, at page 11 of their Opposition, quote from <u>Morris v. Wachovia Securities, Inc.</u>, 448 F.3d 268, 283-284 (4th Cir. 2006) to set forth the documentary support that must accompany a request for sanctions.  The Defendants do not argue, however, that the Plaintiffs have failed to submit the proper documentation, other than to once again note that there was a miscalculation in Mr. Cooter's first Declaration.  The Plaintiffs submit that the documentation they submitted is sufficient under <u>Morris</u>.  In addition to Mr. Cooter's Declarations, the Plaintiffs have submitted copies of its actual billing statements.  Each billing statement describes the services performed; identifies the attorney or paralegal performing the service; states the billing rate; and states the amount of time spent.  Each billing statement also describes the expenses incurred each month.  These documents adequately support the Plaintiffs' request for fees and expenses.

The Defendants also argue that the Plaintiffs are not entitled to reimbursement for fees and expenses for "activities that the Plaintiffs would have incurred in any event to prove their claims."  Yes, it was the Plaintiffs' burden to establish their claims, but that does not justify the unreasonable denials interposed by the Defendants.  There is a difference between Plaintiffs' burden in proving its claims and Plaintiffs being forced to disprove the Defendants' unwarranted

S:\WPDOCS\BENDER\INDEPENDENCE BANK - VARIOUS MATTERS\Case Re 10-05 Mtge Irregularities (2005)\Pleadings\Motion for Sanctions - REPLY TO OPPOSITION.wpd

5

factual denials. This litigation was far more expensive for Plaintiffs because of those denials and Defendants, not Plaintiffs should have to pay for it.

## CONCLUSION

For the foregoing reasons, the Plaintiffs respectfully request the Court to grant their Motion for review and sanctions pursuant to 15 U.S.C. Section 78u-4(c)(1).

                              Respectfully submitted,

                              COOTER, MANGOLD, TOMPERT
                               & KARAS, L.L.P.

                                   /s/
                              Dale A. Cooter, Bar #277454
                              Donna S. Mangold, Bar #358851
                              5301 Wisconsin Avenue, N.W.
                              Suite 500
                              Washington, D.C. 20015
                              (202)537-0700
                              efiling@cootermangold.com
                              *Attorneys for Defendants*
                              *Morton A. Bender and Grace M. Bender*

S:\WPDOCS\BENDER\INDEPENDENCE BANK - VARIOUS MATTERS\Case Re 10-05 Mtg Irregularities (2005)\Pleadings\Motion for Sanctions - REPLY TO OPPOSITION.wpd

6

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing PLAINTIFFS' REPLY IN FURTHER SUPPORT OF THEIR MOTION FOR STATUTORY ATTORNEYS FEES AND COSTS AGAINST DEFENDANTS JORDAN, WILMOT AND BATTIES was sent electronically via the Court's ECF system on the 2nd day of August 2007, to:

>Peter Strand
>Shook, Hardy & Bacon, L.L.P.
>Hamilton Square
>600 14th Street, N.W.
>Suite 800
>Washington, D.C. 20005-2004
>pstrand@shb.com

>Vann Canada
>James Andrew Sullivan ,Jr.
>Miles & Stockbridge
>11 North Washington Street
>Suite 700
>Rockville MD 20850
>vcanada@milesstockbddge.com
>jsullivan@milesstockbridge.com

>Haig V. Kalbian
>Brawner Building
>888 17th Street NW
>Suite 1000
>Washington DC 20006
>hkalbian@kalbianhagerty.com

                                      /s/
                                Dale A. Cooter