UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MORTON A. BENDER, et al., ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> CAROLYN D. JORDON, et al., ) <br> ) <br> Defendants. ) <br>  ) <br> ) <br> INDEPENDENCE FEDERAL SAVINGS ) <br> BANK, ) <br> ) <br> Cross-Plaintiff ) <br> ) <br> v. ) <br> ) <br> CAROLYN D. JORDAN, et al. ) <br> ) <br> Cross-Defendants. ) | C. A. No. 1:06cv00092 <br> Honorable Rosemary M. Collyer |

### AFFIDAVIT OF ROBERT B. ISARD
### IN SUPPORT OF IN SUPPORT OF CROSS-PLAINTIFF, INDEPENDENCE FEDERAL SAVINGS BANK'S MOTION FOR SUMMARY JUDGMENT

Robert B. Isard, being first duly sworn, deposes as follows:

1. I am over eighteen (18) years of age and am competent to testify to the matters stated herein.

2. I am the Vice Chairman of the Board of Independence Federal Savings Bank and have personal knowledge of the facts set forth herein.

3. IFSB is a federal stock savings association subject to the regulations of the Office of Thrift Supervision ("OTS").

4.Cross-Defendant, Carolyn D. Jordan ("Ms. Jordan") is the former Chairman of the Board of Directors of IFSB, who was removed as Chairman of the Board on August 16, 2006 and subsequently resigned from the Board of Directors on or about January 4, 2007.

5.Cross-Defendant, David Wilmot ("Mr. Wilmot") is the former Vice-Chairman of the Board of Directors of IFSB, who was removed as Vice-Chairman of the Board on August 16, 2006 and subsequently resigned from the Board of Directors on or about January 4, 2007.

6.Cross-Defendant, Thomas L. Batties ("Mr. Batties") is the former acting President and CEO of IFSB, who resigned from his positions as acting President and CEO on or about June 30, 2006. Batties subsequently entered into a contract with IFSB to serve in an advisory role which expired on or about December 30, 2006.

7.On February 15, 2006, the Board of Directors of IFSB, by a vote of five to four adopted a Resolution authorizing the advancement of legal expenses incurred by the Director Defendants in this litigation in accordance with the requirements of the Office of Thrift Supervision ("OTS") Regulation 12 C.F.R. § 545.121.[1]

8.On or about February 20, 2006, Ms. Jordan entered into an agreement with IFSB titled "Request for Advancement of Expenses for Claims Against an Officer or Director" (the "Jordan Request"). A true and correct copy of the Jordan Request is attached hereto and incorporated herein as **Exhibit 1**.

9.On or about February 28, 2006, Mr. Wilmot entered into an agreement with IFSB titled "Request for Advancement of Expenses for Claims Against an Officer or Director" (the "Wilmot Request"). A true and correct copy of the Wilmot Request is attached hereto and incorporated herein as **Exhibit 2**.

---

[1] The decision to advance payments to the Cross Defendants pursuant to § 545.121(e) was made by the Board of Directors at the early stages of this litigation when the Individual Defendants, including those who have since been dismissed from this case, comprised a majority of the Board and voted in favor of the advancement of said expenses.

10. On or about February 28, 2006, Mr. Batties entered into an agreement with IFSB titled "Request for Advancement of Expenses for Claims Against an Officer or Director" (the "Batties Request"). A true and correct copy of the Batties Request is attached hereto and incorporated herein as **Exhibit 3**.

11. On August 4, 2006, John E. Ryan, Regional Director of the Office of Thrift Supervision ("OTS"), sent a letter to the "Board of Directors c/o Acting CEO E. Leroy Morris" of IFSB. A true and correct copy of the August 4, 2006, OTS Letter is attached hereto as **Exhibit 4**.

12. On August 18, 2006, E. Leroy Morris, the Interim President and CEO of the Bank sent a letter to the Director Defendants advising them that:

> Pursuant to the letter received from John Ryan, Regional Director, Office of Thrift Supervision ("OTS") dated August 4, 2006, which you have already been apprised, the Board of Directors, in order to comply with this letter, adopted a resolution on August 16, 2006, which, in part, directed me to take immediate steps to obtain collateral sufficient to ensure reimbursement to the Bank for advanced legal fees and expenses incurred by the firm of Shook Hardy and Bacon
>
> The amount to be collateralized per "Director Defendant" and Mr. Batties, as of 6/30/06, is **One Hundred Eight Thousand, Two Hundred Sixty-Nine Dollars and no cents ($108,269.00)**
>
> The Bank expects tender immediately. Should you have any questions about tender, the method of collateralization, instruments to be executed or this letter generally, please contact me as soon as possible[.]

A true and correct copy of the referenced August 18, 2006, letter is attached hereto as **Exhibit 5**.

13. On October 13, 2006, Mr. Morris sent a letter to Mr. Ryan of the OTS advising Mr. Ryan that IFSB had "not received any form of collateralization in hand as of the above date. A true and correct copy of the August 4, 2006, OTS Letter is attached hereto as **Exhibit 6**.

14. On November 16, 2006, IFSB through counsel sent letters to each of the Cross-Defendants advising them that:

> [a]s of August 18, 2006, the amount advanced by the Bank on behalf of each director Defendant was $108,269.00 as indicated by a letter to the Director Defendants dated August 18, 2006. It is now imperative that immediate steps be taken by each Director Defendant to comply with the mandate contained in the letter from Mr. Ryan. To that end, please contact the undersigned upon receipt of this letter to discuss the amount and form of collateral that you intend to furnish so that the tasks contemplated by Mr. Ryan might be accomplished in an orderly and efficient manner.

True and correct copies of the referenced November 16, 2006, letters are attached collectively hereto as **Exhibit 7**.

15. On January 12, 2007, IFSB through counsel sent letters to each of the Cross-Defendants advising them that:

> With the appeal no longer pending, the matter will be remanded to the District Court for final disposition of the claims asserted by the Benders. With the dismissal of the appeal, there is no longer any possibility that the findings of fact and conclusions of law made by the District Court in its Memorandum Opinion of July 21, 2006 will be disturbed. Further, the terms and provisions of the Request for Advancement of Expenses for Claims Against an Officer or Director, which you signed for the benefit of the Bank, become operative. Simply stated, it is now appropriate for you to repay $108,269.00 to the Bank for sums advanced by the Bank on your behalf in the litigation referenced above. To that end, we respectfully request that you or your counsel contact the undersigned at your first convenient opportunity so that we might make arrangements for you to make such repayment.

A true and correct copies of the referenced January 12, 2006, letters are attached hereto as **Exhibit 8**.

16. The Cross-Defendants subsequently failed to repay any of the sums advanced as demanded by IFSB.

17. On June 20, 2007, the Board of Directors of IFSB issued a Resolution which stated as follows:

> RESOLVED, that based upon the findings of the Court [in] the Memorandum Opinion dated July 21, 2006 in the case styled Morton A. Bender, et al. v. Carolyn D. Jordan, et al., identified as Civil Action No. 1:06-cv-00092-RMC, United States District Court for the District of Columbia, that Carolyn D. Jordan, David Wilmot and Thomas L Batties were not entitled to indemnity from the Bank for expenses incurred and should be required to immediately repay such advanced moneys; and be it further
>
> RESOLVED, that the Bank shall take all reasonable and necessary actions to obtain judgments against, and collect such advanced moneys from, Carolyn D. Jordan, David Wilmot and Thomas L. Batties.

A true and correct copy of the referenced June 20, 2007 Resolution is attached hereto as **Exhibit 9**.

18. IFSB has advanced the total sum of $649,614.39 for legal fees and related costs to the Director Defendants in the present litigation which, to date, has not been repaid to Independence Federal Savings Bank. True and correct copies of the check stubs reflecting the advancement of legal fees in the amount of $649,614.39 are collectively attached hereto as **Exhibit 10**.

I HEREBY CERTIFY UNDER THE PENALTY OF PERJURY AND UPON PERSONAL KNOWLEDGE THAT THE FACTS AND MATTERS CONTAINED IN THE FOREGOING AFFIDAVIT ARE TRUE.

12/13/07
Date

Robert B. Isard, Vice Chairman of the Board
Independent Federal Savings Bank