# MILES & STOCKBRIDGE P.C.

G. Vann Canada, Jr.
(301) 517-4805
vcanada@milesstockbridge.com

November 16, 2006

Ms. Carolyn D. Jordan
702 Leightonwood Lane
Silver Spring, Maryland 20910

Re:  *Morton A. Bender, et al. v. Carolyn D. Jordan*, Case No. 1:06CV00092
United States District Court for the District of Columbia

Dear Ms. Jordan:

This firm has been retained to represent the interests of Independence Federal Savings Bank regarding the directive issued by John E. Ryan, Regional Director of the Office of Thrift Supervision contained in a letter to the Board of Directors of the Bank dated August 4, 2006. In that letter, Mr. Ryan explained that he had determined that it was ". . . unsound and unsafe to permit Independence to continue to advance unsecured legal and related expenses on behalf of the Director Defendants in connection with this litigation." Further, Mr. Ryan instructed that in light of the order entered by the District Court dated July 21, 2006, the Board is to take immediate steps to obtain collateral from the Director Defendants sufficient in amount and quality to reimburse the Bank for all legal and related expenses incurred prior to his letter together with any such expenses as the Bank may incur subsequently.

As you will recall, the Board of Directors adopted a resolution at a meeting convened on February 15, 2006 whereby, in substance, the Bank agreed to indemnify the Director Defendants against legal fees and related expenses incurred in the litigation referenced above. As a condition of such indemnity, however, each Director Defendant was required to execute a written agreement promising to repay any costs and expenses advanced on behalf of the Director Defendants if it was later determined that indemnification of the Director Defendants was not appropriate. In fact, all six of the Director Defendants did execute the required repayment agreements.

As of August 18, 2006, the amount advanced by the Bank on behalf of each director Defendant was $108,269.00 as indicated by a letter to the Director Defendants dated August 18, 2006. It is

EXHIBIT 7

MILES & STOCKBRIDGE P.C.

Ms. Carolyn D. Jordan
November 16, 2006
Page 2

now imperative that immediate steps be taken by each Director Defendant to comply with the mandate contained in the letter from Mr. Ryan. To that end, please contact the undersigned upon receipt of this letter to discuss the amount and form of collateral that you intend to furnish so that the tasks contemplated by Mr. Ryan's letter might be accomplished in an orderly and efficient manner.

Very truly yours,

G. Vann Canada, Jr.

GVC/kj

cc:   E. Leroy Morris, Interim President/CEO

# MILES & STOCKBRIDGE P.C.

G. Vann Canada, Jr.
(301) 517-4805
vcanada@milesstockbridge.com

November 16, 2006

Mr. David Wilmot
1653 Kalmia Road, N.W.
Washington, DC 20015

Re:   *Morton A. Bender, et al. v. Carolyn D. Jordan*, Case No. 1:06CV00092
      United States District Court for the District of Columbia

Dear Mr. Wilmot:

This firm has been retained to represent the interests of Independence Federal Savings Bank regarding the directive issued by John E. Ryan, Regional Director of the Office of Thrift Supervision contained in a letter to the Board of Directors of the Bank dated August 4, 2006. In that letter, Mr. Ryan explained that he had determined that it was ". . . unsound and unsafe to permit Independence to continue to advance unsecured legal and related expenses on behalf of the Director Defendants in connection with this litigation." Further, Mr. Ryan instructed that in light of the order entered by the District Court dated July 21, 2006, the Board is to take immediate steps to obtain collateral from the Director Defendants sufficient in amount and quality to reimburse the Bank for all legal and related expenses incurred prior to his letter together with any such expenses as the Bank may incur subsequently.

As you will recall, the Board of Directors adopted a resolution at a meeting convened on February 15, 2006 whereby, in substance, the Bank agreed to indemnify the Director Defendants against legal fees and related expenses incurred in the litigation referenced above. As a condition of such indemnity, however, each Director Defendant was required to execute a written agreement promising to repay any costs and expenses advanced on behalf of the Director Defendants if it was later determined that indemnification of the Director Defendants was not appropriate. In fact, all six of the Director Defendants did execute the required repayment agreements.

As of August 18, 2006, the amount advanced by the Bank on behalf of each director Defendant was $108,269.00 as indicated by a letter to the Director Defendants dated August 18, 2006. It is

MILES & STOCKBRIDGE P.C.

Mr. David Wilmot
November 16, 2006
Page 2

now imperative that immediate steps be taken by each Director Defendant to comply with the mandate contained in the letter from Mr. Ryan. To that end, please contact the undersigned upon receipt of this letter to discuss the amount and form of collateral that you intend to furnish so that the tasks contemplated by Mr. Ryan's letter might be accomplished in an orderly and efficient manner.

Very truly yours,

G. Vann Canada, Jr.

GVC:kj

cc:   E. Leroy Morris, Interim President/CEO

# MILES & STOCKBRIDGE P.C.

G. Vann Canada, Jr.
(301) 517-4805
vcanada@milesstockbridge.com

November 16, 2006

Mr. Thomas L. Batties
1452 Primrose Road
Washington, DC 20012-1224

Re:  *Morton A. Bender, et al. v. Carolyn D. Jordan*, Case No. 1:06CV00092
     United States District Court for the District of Columbia

Dear Mr. Batties:

This firm has been retained to represent the interests of Independence Federal Savings Bank regarding the directive issued by John E. Ryan, Regional Director of the Office of Thrift Supervision contained in a letter to the Board of Directors of the Bank dated August 4, 2006. In that letter, Mr. Ryan explained that he had determined that it was ". . . unsound and unsafe to permit Independence to continue to advance unsecured legal and related expenses on behalf of the Director Defendants in connection with this litigation." Further, Mr. Ryan instructed that in light of the order entered by the District Court dated July 21, 2006, the Board is to take immediate steps to obtain collateral from the Director Defendants sufficient in amount and quality to reimburse the Bank for all legal and related expenses incurred prior to his letter together with any such expenses as the Bank may incur subsequently.

As you will recall, the Board of Directors adopted a resolution at a meeting convened on February 15, 2006 whereby, in substance, the Bank agreed to indemnify the Director Defendants against legal fees and related expenses incurred in the litigation referenced above. As a condition of such indemnity, however, each Director Defendant was required to execute a written agreement promising to repay any costs and expenses advanced on behalf of the Director Defendants if it was later determined that indemnification of the Director Defendants was not appropriate. In fact, all six of the Director Defendants did execute the required repayment agreements.

As of August 18, 2006, the amount advanced by the Bank on behalf of each director Defendant was $108,269.00 as indicated by a letter to the Director Defendants dated August 18, 2006. It is

MILES & STOCKBRIDGE P.C.

Mr. Thomas L. Batties
November 16, 2006
Page 2

now imperative that immediate steps be taken by each Director Defendant to comply with the mandate contained in the letter from Mr. Ryan. To that end, please contact the undersigned upon receipt of this letter to discuss the amount and form of collateral that you intend to furnish so that the tasks contemplated by Mr. Ryan's letter might be accomplished in an orderly and efficient manner.

Very truly yours,

G. Vann Canada, Jr.

GVC:kj

cc:   E. Leroy Morris, Interim President/CEO