# MILES & STOCKBRIDGE P.C.

G. Vann Canada, Jr.
(301) 517-4805
vcanada@milesstockbridge.com

January 12, 2007

Carolyn D. Jordan
1702 Leightonwood Lane
Silver Spring, Maryland 20910

Re:   *Morton A. Bender, et al. v. Carolyn D. Jordan, et al.*, Case No. 1:06cv0092
      United States District Court for the District of Columbia

Dear Ms. Jordan:

By virtue of previous correspondence, you were advised that Independence Federal Savings Bank had advanced substantial sums to defray costs incurred by each of the six parties named as "Defendant Directors" in the litigation referenced above. You were also advised that by directive dated August 4, 2006, John E. Ryan, Regional Director of the Office of Thrift Supervision, indicated that in light of the decision rendered by the United States District Court in the matter referenced above on July 21, 2006, the Bank should insist upon the Defendant Directors posting collateral for all past and future advances made pursuant to the resolution adopted by the Board of Directors on February 15, 2006. As Mr. Ryan observed, the Court made "numerous findings of fact and conclusions of law, most if not all of which are against the Defendant Directors." The Defendant Directors then noted an appeal from the decision of the District Court which is no longer operative as a result of voluntary dismissal by the Benders or dismissal of the appeal by the remaining Defendant Directors.

With the appeal no longer pending, the matter will be remanded to the District Court for final disposition of the claims asserted by the Benders. With the dismissal of the appeal, there is no longer any possibility that the findings of fact and conclusions of law made by the District Court in its Memorandum Opinion of July 21, 2006 will be disturbed. Further, the terms and provisions of the Request for Advancement of Expenses for Claims Against an Officer or Director, which you signed for the benefit of the Bank, become operative. Simply stated, it is now appropriate for you to repay $108,269.00 to the Bank for sums advanced by the Bank on your behalf in the litigation referenced above. To that end, we respectfully request that you or

**EXHIBIT 8**

11 N. Washington Street, Suite 700, Rockville, MD 20850 • 301.762.1600 • Fax: 301.762.0363 • www.milesstock...

Baltimore, MD • Cambridge, MD • Columbia, MD • Easton, MD • Frederick, MD • McLean, VA • Towson,

MILES & STOCKBRIDGE P.C.

Carolyn D. Jordan
January 12, 2007
Page 2

your counsel contact the undersigned at your first convenient opportunity so that we might make arrangements for you to make such repayment.

In anticipation of your prompt attention to this matter, we remain

Very truly yours,

G. Vann Canada, Jr.

GVC:kj

cc: E. LeRoy Morris, Acting President

# MILES & STOCKBRIDGE P.C.

G. Vann Canada, Jr.
(301) 517-4805
vcanada@milesstockbridge.com

January 12, 2007

Mr. Thomas L. Batties
1452 Primrose Road
Washington, DC 20012-1224

Re:  *Morton A. Bender, et al. v. Carolyn D. Jordan, et al.*, Case No. 1:06cv0092
     United States District Court for the District of Columbia

Dear Mr. Batties:

By virtue of previous correspondence, you were advised that Independence Federal Savings Bank had advanced substantial sums to defray costs incurred by each of the six parties named as "Defendant Directors" in the litigation referenced above. You were also advised that by directive dated August 4, 2006, John E. Ryan, Regional Director of the Office of Thrift Supervision, indicated that in light of the decision rendered by the United States District Court in the matter referenced above on July 21, 2006, the Bank should insist upon the Defendant Directors posting collateral for all past and future advances made pursuant to the resolution adopted by the Board of Directors on February 15, 2006. As Mr. Ryan observed, the Court made "numerous findings of fact and conclusions of law, most if not all of which are against the Defendant Directors." The Defendant Directors then noted an appeal from the decision of the District Court which is no longer operative as a result of voluntary dismissal by the Benders or dismissal of the appeal by the remaining Defendant Directors.

With the appeal no longer pending, the matter will be remanded to the District Court for final disposition of the claims asserted by the Benders. With the dismissal of the appeal, there is no longer any possibility that the findings of fact and conclusions of law made by the District Court in its Memorandum Opinion of July 21, 2006 will be disturbed. Further, the terms and provisions of the Request for Advancement of Expenses for Claims Against an Officer or Director, which you signed for the benefit of the Bank, become operative. Simply stated, it is now appropriate for you to repay $108,269.00 to the Bank for sums advanced by the Bank on your behalf in the litigation referenced above. To that end, we respectfully request that you or

MILES & STOCKBRIDGE P.C.

Mr. Thomas L. Batties
January 12, 2007
Page 2

your counsel contact the undersigned at your first convenient opportunity so that we might make arrangements for you to make such repayment.

In anticipation of your prompt attention to this matter, we remain

Very truly yours,

G. Vann Canada, Jr.

GVC:kj

cc:    E. LeRoy Morris, Acting President

# MILES & STOCKBRIDGE P.C.

G. Vann Canada, Jr.
(301) 517-4805
vcanada@milesstockbridge.com

January 12, 2007

Mr. David Wilmot
1653 Kalmia road, NW
Washington, DC 20015

Re: *Morton A. Bender, et al. v. Carolyn D. Jordan, et al.*, Case No. 1:06cv0092
    United States District Court for the District of Columbia

Dear Mr. Wilmot:

By virtue of previous correspondence, you were advised that Independence Federal Savings Bank had advanced substantial sums to defray costs incurred by each of the six parties named as "Defendant Directors" in the litigation referenced above. You were also advised that by directive dated August 4, 2006, John E. Ryan, Regional Director of the Office of Thrift Supervision, indicated that in light of the decision rendered by the United States District Court in the matter referenced above on July 21, 2006, the Bank should insist upon the Defendant Directors posting collateral for all past and future advances made pursuant to the resolution adopted by the Board of Directors on February 15, 2006. As Mr. Ryan observed, the Court made "numerous findings of fact and conclusions of law, most if not all of which are against the Defendant Directors." The Defendant Directors then noted an appeal from the decision of the District Court which is no longer operative as a result of voluntary dismissal by the Benders or dismissal of the appeal by the remaining Defendant Directors.

With the appeal no longer pending, the matter will be remanded to the District Court for final disposition of the claims asserted by the Benders. With the dismissal of the appeal, there is no longer any possibility that the findings of fact and conclusions of law made by the District Court in its Memorandum Opinion of July 21, 2006 will be disturbed. Further, the terms and provisions of the Request for Advancement of Expenses for Claims Against an Officer or Director, which you signed for the benefit of the Bank, become operative. Simply stated, it is now appropriate for you to repay $108,269.00 to the Bank for sums advanced by the Bank on your behalf in the litigation referenced above. To that end, we respectfully request that you or

MILES & STOCKBRIDGE P.C.

Mr. David Wilmot
January 12, 2007
Page 2

your counsel contact the undersigned at your first convenient opportunity so that we might make arrangements for you to make such repayment.

In anticipation of your prompt attention to this matter, we remain

Very truly yours,

G. Vann Canada, Jr.

GVC:kj

cc:   E. LeRoy Morris, Acting President

MILES & STOCKBRIDGE P.C.