UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MORTON A. BENDER, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | C.A. No. 1:06cv00092 |
| v. ) | Honorable Rosemary M. Collyer |
| ) | |
| CAROLYN D. JORDON, et al. ) | |
| ) | |
| Defendants. ) | |
| _____) | |
| ) | |
| INDEPENDENCE FEDERAL ) | |
| SAVINGS BANK, ) | |
| ) | |
| Cross-Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| CAROLYN D. JORDAN, ) | |
| DAVID WILMOT, and ) | |
| THOMAS L. BATTIES, ) | |
| ) | |
| Cross-Defendants. ) | |

**CROSS-DEFENDANTS' UNOPPOSED MOTION FOR EXTENSION OF TIME TO
(1) FILE A RESPONSIVE PLEADING TO CROSS-PLAINTIFF'S CROSS CLAIM AND
(2) RESPOND TO CROSS-PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

Cross-Defendants Carolyn D. Jordan, David Wilmot and Thomas L. Batties (hereinafter "Cross-Defendants") respectfully submit their Unpossed Motion for Extension of Time to (1) File a Responsive Pleading to Cross-Plaintiff's Cross Claim (Dkt 89), and (2) Respond to Cross-Plaintiff's Motion for Summary Judgment (Dkt 104), and respectfully state as follows:

1.  Cross-Plaintiff filed its Cross Claim on or about May 30, 2007. (Dkt. 89) On or about June 19, 2007, Cross-Defendants timely filed a Motion to Dismiss the Cross Claim Pursuant to Fed. R. Civ. P. 12(b)(1). (Dkt. 92) The Court denied Cross-Defendants' motion to dismiss on December 6, 2007. (Dkt. 102 and 103)

2.      Cross-Defendants' responsive pleading to the Cross Claim is currently due on or before December 20, 2007.

3.      Cross-Plaintiff filed its Motion for Summary Judgment (the "Motion") on or about December 13, 2007. (Dkt. 104)

4.      Cross-Defendants' response to the Motion is currently due on or before December 28, 2007.

5.      The allegations in the Cross-Claim and the Motion raise issues which create a conflict for Cross-Defendants' counsel and necessitate counsel's withdrawal from these proceedings. Without conceding liability, the relevant concerns are based on the following:

    a.      On January 18, 2006 Plaintiff Morton A. Bender and his wife filed suit and named six individuals as defendants. The defendants named by Mr. Bender included five members of the Board of Directors of the Cross-Defendant, Independence Federal Savings Bank (the "Bank"), as well as the Bank President (the six "Original Defendants"). The three Cross-Defendants who make this motion were among the Original Defendants. When the suit was filed, the five board-member defendants constituted a majority of the Bank's Board.

    b.      The Original Defendants engaged Shook, Hardy & Bacon LLP as counsel to represent each of them in the defense of Mr. Bender's claims. From January through August 2006, the Bank advanced attorneys fees and expenses incurred by the Original Defendants in connection with the defense of the Bender claims. During that time, bills were submitted to the Bank in the aggregate for all six of the Original Defendants. The Bank ultimately advanced fees and expenses totaling nearly $650,000 on behalf of all six Original Defendants.

    c.      As the Court noted in her recent Memorandum Opinion (Dkt. 102, p. 2), "After the Court's July 2006 opinion granted a preliminary injunction in Mr. Bender's favor, the

previous majority members resigned their positions from the Board, leaving only Ms. Jordan and Mr. Wilmot.  The new majority of the Board favored Mr. Bender . . ."  Claims against the three Original Defendants who resigned from the Board were subsequently dismissed by Mr. Bender.[1]

        d.      The Bank, now under Mr. Bender's control, seeks to recover the entire amount of fees and expenses advanced to all six of the Original Defendants from the three remaining Cross-Defendants.  However, the amounts at issue were disbursed for the benefit of all six Original Defendant, including the three Original Defendants who were dismissed from the original action brought by Mr. Bender.

        e.      In responding to Cross-Plaintiff's claims and motion for summary judgment, Cross-Defendants may undertake some or all of the following actions, each of which presents a conflict for counsel:

        (1)  Discovery and testimony may be required from the three Original Defendants who Mr. Bender dismissed;

        (2)  Claims or third-party claims may be made against the three Original Defendants who Mr. Bender dismissed;

        (3)  Discovery and testimony may be required from Cross-Defendants' counsel.

6.      Counsel for Cross-Defendants intends to file a motion for leave to withdraw.  Two of the Cross-Defendants have already consented to the withdrawal and counsel is meeting with other Cross-Defendant in the near future to discuss that consent as well.

7.      Cross-Defendants should be allowed sufficient time in which to retain counsel to represent them in connection with the Cross Claim and Motion.  Given this extended history of

---

[1] The other three Original Defendants represented by counsel were Michael Cobb, William Fitzgerald IV and Eugene Youngentob.  *See* Stipulation for Dismissal Without Prejudice Pursuant to Rule 41(a)(1)(ii).  (Dkt. 70)

144472v1

this case, a reasonable and sufficient amount of time to retain counsel would be fifteen (15) days in which to file and answer, and thirty (30) days in which to respond to the notice for Summary Judgment.

8. Counsel for Cross-Defendants has conferred with counsel for Cross-Plaintiff in reference to the extension requested herein and the conflict outlined above. Counsel for Cross-Plaintiff has agreed to a fifteen (15) day extension (from the current due date) for Cross-Defendants to file an answer, to the Cross Claim. Cross-Plaintiff has further agreed to give Cross-Defendants thirty (30) days from the date their answer is filed to file a response to the Motion.

WHEREFORE, Cross-Defendants respectfully request a fifteen (15) day extension of time, to January 4, 2008, to file an answer to the Cross Claim and an additional thirty (30) days from the date an answer is filed to file a response to Cross-Plaintiff's Motion for Summary Judgment.

Respectfully submitted,

December 20, 2007

SHOOK, HARDY & BACON, LLP

_/s/ Peter E. Strand_
Peter E. Strand
Hamilton Square
600 14th Street, N.W.
Suite 800
Washington, DC 20005
Phone: 202-783-8400
Fax: 202-783-4211

Attorneys for Cross-Defendants

144472v1

## CERTIFICATE OF CONFERENCE

      Counsel for Cross-Defendants has conferred with counsel for Cross-Plaintiff in reference to the extension requested herein and the conflict outlined above. Counsel for Cross-Plaintiff has agreed to a fifteen (15) day extension (from the current due date) for Cross-Defendants to file an answer to the Cross Claim. Cross-Plaintiff has further agreed to give Cross-Defendants thirty (30) days from the date their answer is filed to file a response to the Motion.

                                                              /s/ Peter E. Strand
                                                              Attorney for Cross-Defendants

**CERTIFICATE OF SERVICE**

I hereby certify that on the 20th day of December, 2007, a true and complete copy of the forgoing **Cross-Defendants' Motion for Extension of Time to (1) File a Responsive Pleading to Cross-Plaintiff's Cross Claim and (2) Respond to Cross-Plaintiff's Motion for Summary Judgment** was sent electronically to the following:

> G. Vann Canada, Jr.
> Miles & Stockbridge P.C.
> 11 North Washington Street, Suite 700
> Rockville, Maryland 20850
> T: (301) 762-1600
> F: (301) 762-0363
> *Attorneys for Cross-Plaintiff*

        /s/ Peter E. Strand
        Attorney for Cross-Defendants