UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MORTON BENDER, et al.,            )<br>                                                       )<br>            Plaintiffs            )<br>                                                       )<br>vs.                                                )<br>                                                       )<br>CAROLYN D. JORDAN, et al.,   )<br>                                                       )<br>            Defendants.           )<br>                                                       )<br>_____)<br>                                                       )<br>INDEPENDENCE FEDERAL       )<br>SAVINGS BANK,                        )<br>                                                       )<br>            Cross-Plaintiff,          )<br>                                                       )<br>vs.                                                )<br>                                                       )<br>CAROLYN D. JORDAN, et al.,   )<br>                                                       )<br>            Cross-Defendants.    )<br>_____)<br>                                                       )<br>CAROLYN D. JORDAN, et al.,   )<br>                                                       )<br>            Third-party Plaintiffs, )<br>                                                       )<br>vs.                                                )<br>                                                       )<br>MICHAEL J. COBB                   )<br>7816 Morningside Drive, NW     )<br>Washington, D.C. 20012, and    )<br>                                                       )<br>WILLIAM B. FITZGERALD, IV )<br>3128 Quesada Street, NW        )<br>Washington, D.C. 20015, and    )<br>                                                       )<br>EUGENE K. YOUNGENTOB     )<br>10401 Strathmore Park Court, Unit 401  )<br>Bethesda, MD 20852,              )<br>            Third-party Defendants. ) | Civil Action No. 06-92 (RMC) |

## ANSWER OF CROSS-DEFENDANTS TO CROSS-CLAIM AND THIRD PARTY CLAIM OF CROSS-DEFENDANTS TO CROSS-CLAIM

Come now Cross-Defendants Carolyn D. Jordan, David Wilmot, and Thomas L. Batties (hereinafter "Cross-Defendants"), by and through undersigned counsel, to hereby submit their response to the Cross-Claim filed herein by Cross-Plaintiff Independence Federal Savings Bank (hereinafter "Cross-Plaintiff" or "IFSB") as follows:

## ANSWER TO CROSS-CLAIM

For their answer to the to the above-captioned Cross-Claim, Cross-Defendants state as follows:

1. Cross-Defendants admit the allegations of paragraph 1 of the Cross-Claim.
2. Cross-Defendants admit the allegations of paragraph 2 of the Cross-Claim.
3. Cross-Defendants admit the allegations of paragraph 3 of the Cross-Claim.
4. Cross-Defendants admit the allegations of paragraph 4 of the Cross-Claim.
5. Cross-Defendants admit the allegations of paragraph 5 of the Cross-Claim.
6. Cross-Defendants admit the allegations of paragraph 6 of the Cross-Claim.
7. Cross-Defendants admit the allegations of paragraph 7 of the Cross-Claim.
8. Cross-Defendants admit the allegations of paragraph 8 of the Cross-Claim.
9. Cross-Defendants admit the allegations of paragraph 9 of the Cross-Claim.
10. Cross-Defendants admit the allegations of paragraph 10 of the Cross-Claim.
11. Cross-Defendants admit the allegations of paragraph 11 of the Cross-Claim.
12. Cross-Defendants deny the allegations of paragraph 12, of the Cross-Claim.
13. Cross-Defendants admit the allegations of paragraph 13 of the Cross-Claim.

14. This Court's Memorandum Opinion of July 21, 2006 speaks for itself, the allegations of paragraph 14 of the Cross-Claim therefore require no response. To the extent that a response is required, Cross-Defendants deny the allegations of paragraph 14 of the Cross-Claim.

15. Cross-Defendants deny the allegations of paragraph 15 of the Cross-Claim.

16. Cross-Defendants admit or deny the allegations of paragraph 16 of the Cross-Claim as previously stated herein.

17. Cross-Defendants admit the allegations of paragraph 17 of the Cross-Claim.

18. Cross-Defendants deny the allegations of paragraph 18 of the Cross-Claim.

19. Cross-Defendants deny the allegations of paragraph 19 of the Cross-Claim.

20. Cross-Defendants deny the allegations of paragraph 20 of the Cross-Claim.

21. Cross-Defendants deny the allegations of paragraph 21 of the Cross-Claim.

22. Cross-Defendants admit or deny the allegations of paragraph 22 of the Cross-Claim as previously stated herein.

23. Cross-Defendant Jordan denies the allegations of paragraph 23 of the Cross-Claim.

24. Cross-Defendants deny the allegations of paragraph 24 of the Cross-Claim.

25. Cross-Defendants deny the allegations of paragraph 25 of the Cross-Claim.

26. Cross-Defendants admit or deny the allegations of paragraph 26 of the Cross-Claim as previously stated herein.

27. Cross-Defendants deny the allegations of paragraph 27 of the Cross-Claim.

28. Cross-Defendants deny the allegations of paragraph 28 of the Cross-Claim.

29. Cross-Defendants deny the allegations of paragraph 29 of the Cross-Claim.

30. Cross-Defendants admit or deny the allegations of paragraph 30 of the Cross-Claim as previously stated herein.

31. Cross-Defendants deny the allegations of paragraph 31 of the Cross-Claim.

32. Cross-Defendants deny the allegations of paragraph 32 of the Cross-Claim.

33. Cross-Defendants deny the allegations of paragraph 33 of the Cross-Claim.

WHEREFORE, Cross-Defendants respectfully request that the Cross-Claim be dismissed with prejudice.

## THIRD PARTY COMPLAINT

Come now, Defendants/Cross-Defendants/Third-party Plaintiffs Carolyn D. Jordan, David Wilmot, and Thomas L. Batties (hereinafter "Third party Plaintiffs"), to bring this Third Party Complaint against Michael J. Cobb, William B. Fitzgerald, IV, and Eugene K. Youngentob (hereinafter "Third-party Defendants").

1. This Court has jurisdiction of this matter pursuant to 28 U.S.C. section 1331 and/or 28 U.S.C. section 1367.

## THE PARTIES

2. Third-party Plaintiff Carolyn D. Jordan is the former Chairman of the Board of Directors of Independence Federal Savings Bank ("IFSB"), a federal stock savings association located in the District of Columbia.

3. Third-party Plaintiff David Wilmot is the former Vice Chairman of the Board of Directors of IFSB.

4

4.  Third-party Plaintiff Thomas L. Batties is the former acting President and CEO of IFSB.

5.  Third-party Defendant Michael J. Cobb is a former member of the Board of Directors of IFSB.

6.  Third-party Defendant William B. Fitzgerald, IV is a former member of the Board of Directors of IFSB.

7.  Third-party Defendant Eugene K. Youngentob is a former member of the Board of Directors of IFSB.

## Count I (Indemnification/Contribution)

8.  IFSB has filed a Cross-Claim against Third-party Plaintiffs seeking reimbursement of attorneys fees and related litigation expenses alleged to have been incurred by IFSB, pursuant to 12 C.F.R. section 545.121, in defense of claims brought by Plaintiffs against Third-party Plaintiffs.

9.  Plaintiffs, in the underlying action, sued Third-party Plaintiffs and Third party Defendants seeking injunctive and other relief.

10. On or about February 20, 2006, each of the Third-party Plaintiffs and each of the Third-party Defendants entered into separate agreements with IFSB titled "Request for Advancement of Expenses for Claims Against an Officer or Director" under which IFSB advanced legal fees and expenses associated with the defense of each of the Third-party Plaintiffs and each of the Third-party Defendants against the underlying lawsuit that had been filed against all of them by Plaintiffs, and under which each of the Third-party Plaintiffs and each of the

5

      Third-party Defendants agreed to repay IFSB "...if it is later determined that I am not entitled to indemnification ...".

11. In its Cross-Claim, IFSB alleges that the July 21, 2006 Memorandum Opinion of this Court establishes that the Third-party Plaintiffs (and Cross-Claim Defendants) are not entitled to indemnification.

12. In its Cross-Claim, IFSB alleges that it has advanced $649,614.00 in attorneys fees and other related litigation expenses on behalf of each of the Third-party Plaintiffs, and demands payment of said amount from each of the Third-party Plaintiffs jointly and severally.

13. If IFSB demonstrates that the Third-party Plaintiff are not entitled to indemnification and that IFSB is entitled to the amount claimed in the Cross-Claim from the Third-party Plaintiffs, then IFSB also will have demonstrated that the Third-party Defendants are not entitled to indemnification and have incurred the same joint and several liability for repayment of the amount advanced by IFSB.

14. In that event, Third-party Plaintiffs would be entitled to indemnification and/or contribution from Third-party Defendants for any amount that of the Cross-Claim demand that is awarded to IFSB.

WHEREFORE, Third-party Plaintiffs respectfully make their claim for indemnification and/or contribution against Third-party Defendants for all amounts found due and owing to IFSB from Third-party Plaintiffs, or in such amount as determined by this Court, plus interest, costs, and attorneys fees.

Respectfully submitted,

/s/ Frederick D. Cooke, Jr.

---

Frederick D. Cooke, Jr., D.C. Bar No. 164608

Rubin, Winston, Diercks, Harris & Cooke, LLP
1155 Connecticut Avenue, NW, Suite 600
Washington, D.C. 20036

202 861 0870
202 429 0657 (facsimile)
fcooke@rwdhc.com

Counsel for Cross-Defendants/Third-party Plaintiffs