UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| MORTON BENDER, et al., | ) | |
| Plaintiffs | ) | |
| vs. | ) | |
| CAROLYN D. JORDAN, et al., | ) | Civil Action No. 06-92 (RMC) |
| Defendants. | ) | |
| INDEPENDENCE FEDERAL SAVINGS BANK, | ) | |
| Cross-Plaintiff, | ) | |
| vs. | ) | |
| CAROLYN D. JORDAN, et al., | ) | |
| Cross-Defendants. | ) | |
| CAROLYN D. JORDAN, et al., | ) | |
| Third-party Plaintiffs, | ) | |
| vs. | ) | |
| MICHAEL J. COBB, et al., | ) | |
| Third-party Defendants. | ) | |

**OPPOSITION OF CROSS-DEFENDANTS TO CROSS-CLAIM PLAINTIFF'S
MOTION FOR SUMMARY JUDGMENT**

Come now Cross-Defendants Carolyn D. Jordan, David Wilmot, and Thomas L. Batties (hereinafter "Cross-Defendants"), by and through undersigned counsel, to hereby submit their

opposition to the motion for summary judgment filed herein ("Motion") by Cross-Plaintiff Independence Federal Savings Bank (hereinafter "Cross-Plaintiff" or "IFSB") as follows:

### Background

Cross-Defendants were either members of the Board of Directors or the Acting President of Independence Federal Savings Bank during a period before and after Mr. Morton A. Bender sued IFSB, six of its Directors, and Cross-Defendant Batties. Mr. Bender has been an active and vociferous critic of IFSB's management since at least 2003 and has sought to gain control of IFSB (which he now has achieved). A majority of the members of the IFSB Board (to include Cross-Defendants) resisted Mr. Bender's efforts.

In the underlying lawsuit, Mr. Bender sued those members of the IFSB Board that he did not control, i.e. chairman Carolyn D. Jordan, vice chairman David W. Wilmot, board members Michael J. Cobb, William B. Fitzgerald, IV and Eugene K. Youngentob, and former Acting President Thomas L. Batties. Pursuant to regulations issued by the Office of Thrift Supervision ("OTS"), these IFSB Board members and Mr. Batties obtained an agreement from IFSB for the advancement of legal fees and expenses associated with their defense against the lawsuit that had been filed against them by Mr. Bender. As required by the OTS regulations, the agreement required, inter alia, that each of the IFSB Board members and Mr. Batties repay the advances if it were later determined that they were not entitled to indemnification. After this Court issued a preliminary injunction in favor of Mr. Bender, OTS directed IFSB to obtain collateral from each of the Cross-Defendants to ensure reimbursement of legal fees and expenses that had been paid to that point, and to cease advancing further legal fees and expenses until OTS approved the collateral.

As a consequence of this Court's July 2006 Order granting a preliminary injunction in favor of Mr. Bender, IFSB Board members Cobb, Fitzgerald, and Youngentob voluntarily resigned as members of the IFSB Board. Subsequently (on October 2, 2006), this Court approved the Stipulation of Dismissal (without prejudice) filed by Mr. Bender as to Messrs. Cobb, Fitzgerald, and Youngentob. Cross-Defendants Jordan and Wilmot were removed (by the then-IFSB directors loyal to Mr. Bender) as chairman and vice chairman respectively of the IFSB Board on August 16, 2006, and they both resigned from the IFSB Board on or about January 4, 2007.

Now that the Board of Directors of IFSB is controlled by persons loyal to Mr. Bender, IFSB (which was a nominal defendant in the lawsuit originally filed by Mr. Bender) has filed the instant Cross-Claim in which it seeks repayment of the full amount of the attorneys fees and other litigation expenses and costs ( some $649,614.00) that are alleged to have been expended by IFSB on behalf of Cross-Defendants. In the Cross-Claim, IFSB alleges that Cross-Defendants are jointly and severally liable for this amount on claims of breach of contract and unjust enrichment. Cross-Plaintiff seeks summary judgment with respect to these claims, and Cross-Defendants oppose the request for summary relief.

## Argument

### Summary Judgment Standard.

Fed. R. Civ. P. 56( c) provides that summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file together with the affidavits, if any, show that there is no genuine issue as to any material fact, <u>and</u> that the moving party is entitled to judgment as a matter of law." <u>Id</u>. Summary judgement should be granted when considering all

reasonable inferences in a light most favorable to the opposing party, no reasonable juror could find for the opposing party under the applicable burden of proof. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). Differently put, the party moving for summary judgement has the burden of proving (1) that there is no genuine issue of material fact, and (2) that the moving party is entitled to a judgement as a matter of law. See, Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). Plaintiffs' Motion fails to do either, and should be denied

### 12 C.F.R. section 545.121 Does Not Require Reimbursement by Cross-Defendants.

Cross-Plaintiff argues that "Because it is undisputed the Cross-Defendants did not receive a final judgment on the merits in their favor, clearly it has been determined that they are not entitled to indemnification as a matter of law." Motion at 13 [emphasis in the original]. This argument is derived from an incorrect reading of section 545.121 and the relevant case law interpreting section 545.121.

In Harris v. Resolution Trust Corporation, 939 F.2d 926, 928 (11th Cir. 1991), the United States Circuit Court of Appeals for the Eleventh Circuit used the terms "mandatory indemnification" and "permissive indemnification" in its interpretation of sections 545.121( c)(1) and 545.12 ( c)(2) respectively. Those terms and the logic of the Harris decision have been used by most courts in subsequent interpretations of section 545.121. The court in Harris determined that section 545.121( c)(1) required indemnification only where final judgment on the merits in favor of the director had been rendered in an action. That court also determined that section 545.121 ( c)(2) provided for permissive indemnification when the result of the litigation was less favorable, and upon approval of a majority of the disinterested directors (and after notice to OTS).

4

It is important to note that there has been no "final judgment on the merits" rendered in this matter either in favor of or against the Cross-Defendants. See Harris, 939 F.2d at 928. This Court's Order of July 2006 issued a preliminary injunction in favor of Mr. Bender. A preliminary injunction, however, is not an adjudication on the merits, and is not a final judgment. See, Amoco Prod. Co. v.. Village of Gambrell, 480 U.S. 531, 546 n.12 (1987); Thomas v. Powell, 345 U.S. App. D.C. 398, 247 F.3d 260, 267 (D.C. Cir. 2001); Int'l. Assn. of Machinist + Aero. Workers v. 2 Nat'l. Mediation Bd., 374 F. Supp. 2d 135, 137 (D. D. C 2005). See also 13 James Wm. Moore, et al, Moore's Federal Practice section 65.04 (3d ed. 2004). It is also important to note that the August 4, 2006 letter from OTS Regional Director John E. Ryan (Motion at Exhibit 4) does not make a determination that there has been a final judgment on the merits against Cross-Defendants, or that Cross-Defendants are not entitled to indemnification. Mr. Ryan's letter does not demand or suggest that IFSB demand reimbursement from Cross-Defendants. There simply has been no final judgment, nor a finding that Cross-Defendants are not entitled to reimbursement as a matter of law by this Court, or as required by 12 C. F. R section 545.121.

As conceded by Cross-Plaintiff in its Motion, IFSB can only reimburse Cross-Defendants for legal fees and costs pursuant to 12 C. F. R. section 545.121 and its particular procedures. Similarly, Cross-Plaintiff can only demand reimbursement from Cross-Defendants where Cross-Plaintiff has met the requirements of 12 C. F. R. section 545.121, i.e. where there is a final judgment against Cross-Defendants, and where a majority of the disinterested directors of IFSB have determined that Cross-Defendants were not acting in good faith, within the scope of their employment or authority as they reasonably perceived it, or for a purpose that they could

reasonably have believed under the circumstances was in the best interests of IFSB or its members. The Motion wholly fails to present any facts that would support a finding that a final judgment has been entered against Cross-Defendants, and that a majority of the disinterested IFSB Board members have determined that Cross-Defendants were not acting in good faith, within the scope of their authority as they reasonably perceived it under the circumstances, or for a purpose that they could have reasonably believed under the circumstances was in the best interests of IFSB or its members. Such facts are required by section 545.121, and without such facts Cross-Plaintiff cannot establish that it is entitled to judgment as a matter of law.

While it has yet to make any factual determination in this regard, the Bender controlled IFSB Board has an obligation to act in good faith when making such a determination and whether to approve reimbursement of Cross-Defendants' legal fees and expenses. A majority of the disinterested directors of the IFSB Board have a fiduciary responsibility to determine whether Cross-Defendants were acting in good faith, within the scope of their authority as they reasonably perceived it under the circumstances, or for a purpose they could reasonably have believed under the circumstances was in the best interests of IFSB or its members. See Resolution Trust Corporation v. Nicholson, et al., 1991 U.S. Dist. LEXIS 21143, September 5, 1991. The Motion fails to offer any facts that would support a finding that the majority of the disinterested directors of the IFSB Board made any findings with respect to whether Cross-Defendants were acting in good faith, within the scope of their authority as they reasonably perceived it, or for a purpose they could reasonably have believed under the circumstances was in the best interests of IFSB or its members. Additionally, the Motion fails to provide any facts that would support a finding that a majority of the disinterested directors of the IFSB Board were, in fact, acting in good faith.

Given the long and acrimonious struggle for control of IFSB that has been waged by Mr. Bender against Cross-Defendants, it is critical that the question of good faith on the part of truly disinterested members of the IFSB Board be examined by this Court. That cannot be done through the Motion. Cross-Defendants respectfully submit that the bona fides of any decision by a majority of the disinterested directors of the IFSB Board must be tested by this Court through a factual inquiry that will involve the weighing the testimony and not through summary disposition.

### Cross-Plaintiff Has Failed to Establish That Cross-Defendants Are Jointly and Severally Liable.

In its Cross-Claim and Motion, Cross-Plaintiff request judgment in its favor in the amount of $649,614.39 jointly and severally as to the Cross-Defendants. The Motion concedes that each of the Cross-Defendants signed separate agreements in which each Cross-Defendant accepted advancement of legal fees and expenses from IFSB in exchange for a promise to "...repay the Bank any amounts paid on my behalf by the Bank if it is later determined that I am not entitled to indemnification ..." Statement of Material Facts at paragraphs 7, 8, and 9. Nowhere in the Motion, however, is there any fact that would support a finding that $649,614.39 was the amount paid on behalf of any Cross-Defendant individually by the Bank. In fact, the $649,614.39 is acknowledged by Cross-Plaintiff to have been expended on behalf of six individuals and not just Cross-Defendants. See, the August 18, 2006 letter from Mr. E. Leroy Morris, Interim President and CEO to Cross-Defendants and Messrs. Cobb, Fitzgerald, and Youngentob (Exhibit 5 to the Affidavit of Robert B. Isard) which identifies the amount to be collateralized per "Director Defendant" to be $108,269. This amount is approximately 1/6th of

7

the $649,614.39 that is now claimed as being due jointly and severally from the Cross-Defendants alone.

The fact that Cross-Plaintiff acknowledges that the amount claimed in the Cross-Claim was expended on behalf of six persons, but that the demand for reimbursement has been made only against Cross-Defendants (with no explanation of the differentiation) raises again the question of whether Cross-Plaintiff's demand for reimbursement against Cross-Defendants has been made in good faith as required by section 545.121 and the relevant case law.

Additionally, the Motion offers no legal argument to support the claim that Cross-Defendants are jointly and severally liable for the full amount expended by IFSB as a result of separate promises made to IFSB by each of the Cross-Defendants. That omission might be because the law of the District of Columbia does not support such an argument. The separate contractual obligations that may have been undertaken by each of the Cross-Defendants individually in no way constitute a joint undertaking, or a joint obligation to IFSB. Again, unless and until Cross-Plaintiff establishes that it is entitled to judgment as a matter of law, it is not entitled to summary judgement.

### Cross-Plaintiff Fails to Make Any Allocation of Legal Fees and Expenses.

As noted above, Cross-Plaintiff acknowledges that IFSB paid legal fees and expenses in the agregate of $649,614.39 for all six defendants named in the Bender lawsuit, i.e. Messrs. Cobb, Fitzgerald, Youngentob, and Cross-Defendants. IFSB paid legal fees and expenses through July 2006, the date of this Court's Order issuing injunctive relief in favor of Mr. Bender. IFSB paid no legal fees and expenses on behalf of Messrs. Cobb, Fitzgerald, Youngetob, or Cross-Defendants after July, 2006. In its July 2006 Order, this Court found all six defendants

equally responsible for the alleged wrongful conduct.

The resignations of Messrs. Cobb, Fitzgerald, and Youngentob from the IFSB Board shifted the Board majority to persons loyal to Mr. Bender. In October 206, Mr. Bender voluntarily and without explanation dismissed Messrs. Cobb, Fitzgerald, and Youngentob from the underlying lawsuit. In the Fall of 2007, Mr. Bender voluntarily dismissed all damage claims of the underlying lawsuit. Subsequently, this Court dismissed the remaining claims of the underlying lawsuit as moot.

Mr. Bender's original lawsuit against the six defendants included 49 claims that were defended on behalf of Messrs. Cobb, Fitzgerald, Youngentob, and Cross-Defendants for $649,614.39. However, Mr. Bender has only "prevailed" on 18 of those claims (or 37%) where this Court entered a preliminary injunction. With respect to the remaining claims, Mr. Bender voluntarily dismissed 24 of his claims against three directors; Mr. Bender voluntarily dropped 13 of the claims originally filed upon filing his Amended Complaint; and this Court dismissed the remaining 12 claims as moot. Notwithstanding the fact that Mr. Bender has prevailed on only 37% of the claims he originally filed, he seeks (through IFSB) seeks reimbursement for 100% of the amounts expended on behalf of six persons only from Cross-Defendants. Clearly, there should be some allocation of the legal fees and expenses not only among the six persons for whom the amounts were actually expended, but also with some regard to the fact that Mr. Bender did not prevail with respect to all of the claims that were defended on behalf the six former IFSB directors and its former employee. Again, the Motion fails to provide any facts that would support a finding that Cross-Plaintiff is entitled to recover the amount claimed as a matter of law.

9

## Conclusion

In order for Cross-Plaintiff to prevail in its Motion, Cross-Plaintiff must establish that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. For the foregoing reasons, Cross-Defendants respectfully submit that Cross-Plaintiff has failed to meet its burden on both counts as required by Fed. R. Civ. P. 56 ( c), and that the Motion should be denied.

Respectfully submitted,

/s/ Frederick D. Cooke, Jr.

---

Frederick D. Cooke, Jr., D.C. Bar No. 164608

Rubin, Winston, Diercks, Harris & Cooke, LLP
1155 Connecticut Avenue, NW, Suite 600
Washington, D.C. 20036

202 861 0870
202 429 0657 (facsimile)
fcooke@rwdhc.com

Counsel for Cross-Defendants/Third-party Plaintiffs

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MORTON BENDER, et al., ) | |
| ) | |
| Plaintiffs ) | |
| ) | |
| vs. ) | |
| ) | |
| CAROLYN D. JORDAN, et al., ) | Civil Action No. 06-92 (RMC) |
| ) | |
| Defendants. ) | |
| ) | |
| ─────────────────── ) | |
| ) | |
| INDEPENDENCE FEDERAL ) | |
| SAVINGS BANK, ) | |
| ) | |
| Cross-Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| CAROLYN D. JORDAN, et al., ) | |
| ) | |
| Cross-Defendants. ) | |
| ) | |
| ─────────────────── ) | |
| ) | |
| CAROLYN D. JORDAN, et al., ) | |
| ) | |
| Third-party Plaintiffs, ) | |
| ) | |
| vs. ) | |
| ) | |
| MICHAEL J. COBB, et al., ) | |
| ) | |
| ) | |
| Third-party Defendants. ) | |

**CROSS-DEFENDANTS' STATEMENT OF DISPUTED FACTS IN OPPOSITION TO
CROSS-PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

Cross-Defendants Carolyn D. Jordan, David W. Wilmot, and Thomas L. Batties ("Cross-Defendants"), by and through undersigned counsel, pursuant to Fed. R. Civ. P. 56 and Local Civil Rule 7(h) hereby submits their Statement of Disputed Facts as follows:

1. This Court's Order of July 21, 2006 is not a final judgment on the merits as required by 12 C.F. R. section 545.121.

2. 12 C.F. R. section 545.121 permits reimbursement by IFSB of legal fees and expenses advanced on behalf of Cross-Defendants.

3. A majority of the disinterested members of the Board of IFSB have failed to make a determination that Cross-Defendants were not acting in good faith, within the scope of their authority as they reasonably perceived it under the circumstances, or for a purpose that they could have reasonably believed under the circumstances was in the best interest of IFSB or its members.

4. A majority of the disinterested members of the Board of IFSB acted in good faith in demanding reimbursement from Cross-Defendants and not all of the persons on whose behalf advances of legal fees and expenses had been made by IFSB.

5. The alleged individual contractural obligation of each Cross-Defendant does not constitute a joint undertaking or a joint obligation of Cross-Defendants.

6. Mr. Bender "prevailed" on only 18 of the 49 claims of his lawsuit and, therefore, IFSB is not entitled to recover 100% of the legal fees and expenses associated with the defense of Cross-Defendants with respect to the claims on which Mr. Bender did prevail.

7. Neither this Court, nor OTS has made any finding that Cross-Defendants are not entitled to reimbursement as a matter of law as required by 12 C.F. R. section 545.121.

Respectfully submitted,

/s/ Frederick D. Cooke, Jr.

---

Frederick D. Cooke, Jr., D.C. Bar No. 164608

Rubin, Winston, Diercks, Harris & Cooke, LLP
1155 Connecticut Avenue, NW, Suite 600
Washington, D.C. 20036

202 861 0870
202 429 0657 (facsimile)
fcooke@rwdhc.com

Counsel for Cross-Defendants/Third-party Plaintiffs

3

## CERTIFICATE OF SERVICE

I, Frederick D. Cooke, Jr, do hereby certify that on February 11, 2008, that a copy of the foregoing Cross-Defendant's Opposition to Cross-Plaintiff's Motion for Summary Judgment was caused to be served electronically to:

> G. Vann Canada, Jr., Esq.
> Miles & Stockbridge, P.C.
> 11 North Washington Stret
> Suite 700
> Rockville, MD 20850

/s/ Frederick D. Cooke, Jr.
_____
Frederick D. Cooke, Jr.