UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **MORTON A. BENDER, et al.,** | ) |
| Plaintiffs, | ) |
| v. | ) C. A. No. 1:06cv00092 |
| | ) Honorable Rosemary M. Collyer |
| **CAROLYN D. JORDON, et al.,** | ) |
| Defendants. | ) |
| | ) |
| **INDEPENDENCE FEDERAL SAVINGS BANK,** | ) |
| Cross-Plaintiff | ) |
| v. | ) |
| **CAROLYN D. JORDAN, et al.** | ) |
| Cross-Defendants. | ) |

**REPLY MEMORANDUM IN SUPPORT OF MOTION
FOR SUMMARY JUDGMENT BY
CROSS-PLAINTIFF, INDEPENDENCE FEDERAL SAVINGS BANK**

**COMES NOW** the Cross-Plaintiff, Independence Federal Savings Bank ("IFSB" or the "Bank"), by and through its undersigned counsel, pursuant to Fed. R. Civ. P. Rule 56 and LCvR 7(d), and files this Reply Memorandum in Support of its Motion for Summary Judgment and for grounds in support thereof state as follows:

I.   **INTRODUCTION**

Cross-Defendants, Carolyn D. Jordan, David Wilmot, and Thomas L. Batties (the "Cross-Defendants") advance several arguments in Opposition to IFSB's Motion for Summary Judgment. Cross-Defendants maintain that IFSB is only entitled to demand reimbursement of the legal expenses and costs advanced pursuant to the Agreements where there has been a final judgment against the Cross-Defendants <u>and</u> a determination by the disinterested directors of IFSB that Cross-Defendants were not acting in good faith. Cross-Defendants further assert that IFSB has failed to establish that Cross-Defendants are jointly and severally liable to IFSB for the entire legal expense as a matter of law. Lastly, Cross-Defendants maintain that Cross-Plaintiffs have failed to allocate the legal expenses with regard to the fact that "Mr. Bender did not prevail with respect to all of the claims that were defended on behalf [of] the six for IFSB directors and its former employee."

Cross-Defendants' arguments are unsupported by the express language of the Regulation and the Agreements they executed pursuant to the Regulation to obtain the advancement of legal fees and costs from IFSB. Contrary to the Cross-Defendants' arguments, summary judgment in favor of IFSB is appropriate as set forth in more detail below.

II.  **ARGUMENT**

   **A. IFSB's claim for reimbursement of monies advanced pursuant to the Agreements is not contingent upon either a judgment against Cross-Defendants or a finding of bad faith by a majority of the disinterested directors of IFSB.**

Under the express language of the Agreements, reimbursement of the amounts advanced is only contingent upon Cross-Defendants' <u>entitlement</u> to indemnification, *vel non*, under the Regulation. Under the clear and unambiguous language of the Regulation, Cross-Defendants were only <u>entitled</u> to indemnification [pursuant to (c)(1)] had they won this case on the merits.

Because it is undisputed that Cross-Defendants did not win this case on the merits--the inquiry ends—Cross-Defendants are not <u>entitled</u> to indemnification as a matter of law, and are, thus, obligated pursuant to the express terms of their Agreements to reimburse IFSB.

Cross-Defendants erroneously construe the Regulation to require both a final judgment <u>against</u> Cross-Defendants <u>and</u> a determination by the majority of the disinterested directors of IFSB that Cross-Defendants were not acting in good faith. Neither of these conditions is supported by the express language of the Regulation or the Agreements. Cross-Defendants' erroneous reading of the Regulation constitutes the same unsuccessful argument that they made in their Motion to Dismiss [Dkt.#92]. In denying their Motion to Dismiss, this Court correctly stated:

> "Section (c)(2) allows a savings association to forego demanding repayment from a director to whom advances for litigation expenses were made if there is a final judgment in her favor other than on the merits and a majority of the disinterested directors make the requisite findings. **A person is <u>entitled to indemnification only if she has received a final judgment on the merits in her favor under (c)(1)</u>. <u>However, a person who is not entitled to indemnification may be granted permissive indemnification under the circumstances of (c)(2). This latter provision has nothing to do with, and does not limit, the Bank's right to demand that Defendants repay the monies advanced on their behalf</u>**."

(See Dkt.#102 at 12) (emphasis supplied).

Thus, although the Regulation <u>permits</u> the Bank to indemnify under (c)(2), if the majority of the disinterested directors make a finding of good faith notwithstanding a decision that is anything less than a favorable judgment on the merits, such as a dismissal that is not on the merits (as in the present case), nothing in the Regulation or the Agreements require IFSB to

make a determination that Cross-Defendants were not acting in good faith to obtain reimbursement of the monies advanced by IFSB pursuant to the Agreements.

Cross-Defendants' argument that the IFSB Board of Directors owed "a fiduciary responsibility to determine whether Cross-Defendants were acting in good faith, within the scope of their authority as they reasonably perceived it under the circumstances, or for a purpose they could reasonably have believed under the circumstances was in the best interests of IFSB or its members" is simply wrong. Again, the language of (c)(2) is permissive, not mandatory, and no such duty arises. Although under some circumstances, a bank may choose to exercise its right to indemnify notwithstanding an outcome that is anything less than a favorable judgment on the merits, a bank is not required to do so, particularly when the Court, as in this case, has already made findings of fact that contradict any notions of good faith.[1]

IFSB had absolutely no obligation to make a determination that contradicted the express findings of this Court. To the contrary, the current Directors of IFSB had every right to adopt a Resolution, by a unanimous vote, providing that the Cross-Defendants "were not entitled to indemnity from the Bank for expenses incurred and should be required to immediately repay such advanced moneys." (See Motion for Summary Judgment, Exhibit 11).

**B.     Cross-Defendants' obligation to pay attorneys' fees was joint and several.**

Cross-Defendants maintain that IFSB has failed to establish as a matter of law that they should be held jointly and severally liable for the full amount of attorneys' fees expended on

---

[1] On July 21, 2006, this Court entered a Memorandum Opinion [Dkt.#50] and Order [Dkt.#51]. In its Memorandum Opinion, the Court concluded, inter alia, that the Plaintiffs were likely to succeed on the merits of certain claims in that: 1) the Director Defendants, through their chairman and vice chairman, acted as a group to acquire certain shares and voting power to solidify their control of the IFSB Board; acquired a beneficial ownership of said shares and voting power, which constituted nearly 10% of the Bank's outstanding shares, and; violated § 13(d) of the Exchange Act by failing to file the required Schedule 13D; 2) sent proxy solicitations containing multiple false and misleading material statements which led to election of the Management Nominees in violation of § 14(a) of the Exchange Act; and 3) violated § 45 of Robert's Rules by unilaterally allocating proxies after the polls closed. Id.

behalf of all six (6) original defendants (the "Director Defendants"). While it is undisputed that each of the Director Defendants executed a separate Agreement, each of the Agreements is identical and imposes the exact same obligations in all respects, i.e. to repay <u>the legal fees advanced by IFSB on their behalf</u>.

Cross-Defendants would have this Court believe that, at best, only a fraction of the legal fees was advanced by IFSB on behalf of each individual defendant. There is no dispute, however, that the six individual defendants were jointly represented by <u>one</u> firm which mounted the <u>same</u> defense on behalf of each of them as is clearly reflected in the pleadings, motions and other papers filed on their behalf in this case. There is no evidence to suggest that the attorneys' fees and expenses incurred by the Director Defendants would have been any different depending upon the number of individual defendants being represented. Furthermore, there is no evidence to suggest that the attorneys' fees charged can be particularly apportioned to any one of the six individuals. Under these circumstances, it is undisputed that the <u>total</u> amount of legal fees was advanced on behalf of <u>each</u> of the Director Defendants; consequently, <u>each</u> of the Director Defendants is responsible for the repayment of the <u>full</u> amount.

The fact that IFSB may have sought collateralization from each of the individuals as to only one-sixth of the total amount of fees and expenses advanced by IFSB does not change the analysis that they are jointly and severally responsible for the whole amount. There is no question that none of the Director Defendants posted any collateral sufficient to guarantee the reimbursement of the fees advanced, and IFSB should not be limited from seeking the full amount of damages from each of the Cross-Defendants by virtue of its prior unsuccessful attempts to obtain collateralization. Under the circumstances of this case, IFSB can choose to seek reimbursement of the full amount of fees and expenses advanced from any or all of the

Director Defendants. In turn, Cross-Defendants are free to assert whatever rights they may have against the other Director Defendants, which they have done by virtue of their Third-Party Claim against the remaining Director Defendants seeking indemnification and/or contribution.

### C. IFSB need not make an allocation of the fees and expenses based upon the number of Director Defendants or based upon a percentage of "success" of Mr. Bender's claims.

For the same reasons argued above--that each of the Director Defendants is responsible for the full amount of the legal expenses and fees advanced by IFSB--the advanced fees and expenses need not be allocated among the six (6) Director Defendants. Furthermore, the advanced fees and expenses need not be allocated based upon the "success" of the claims filed by Mr. Bender.

Once again, Cross-Defendants are attempting to impose language into the Regulation and the Agreements which simply does not exist. Contrary to Cross-Defendants' arguments, their <u>entitlement</u> to indemnification is not contingent upon the percentage of success of Mr. Bender's claims. The only relevant inquiry is whether the Cross-Defendants, themselves, were successful in obtaining a judgment in their favor on the merits, because that is the only circumstance under which they would be <u>entitled</u> to indemnification. Again, there is no dispute that Cross-Defendants did not obtain a judgment in their favor on the merits. Certainly, the fact that Mr. Bender may have dismissed other defendants <u>without prejudice</u> or amended his Complaint to reduce the number of claims asserted does not constitute a judgment on the merits in favor of the Cross-Defendants. Neither the Regulation nor the Agreements in any way limit IFSB's right to demand reimbursement of the <u>full</u> amount of legal fees and expenses advanced when it has been determined, as a matter of law, that Cross-Defendants are not entitled to indemnification.

### III.     CONCLUSION

For the reasons set forth above, Independence Federal Savings Bank, respectfully requests an Order from this Court granting this Motion for Summary Judgment and entering judgment in its favor on its Cross-claim in the amount of $649,614.39 jointly and severally as to all Cross-Defendants and any further relief which this Court deems appropriate.

Respectfully Submitted,

MILES & STOCKBRIDGE P.C.

/s/ G. Vann Canada, Jr.
/s/ James A. Sullivan, Jr.
_____
G. VANN CANADA, JR. (D.C. Bar #366414)
JAMES A. SULLIVAN, JR. (D.C. Bar #475145)
11 North Washington Street
Suite 700
Rockville, Maryland 20850
Telephone: (301) 762-1600
Fax:  (301) 762-0363
Attorneys for Cross-Plaintiff,
Independence Federal Savings Bank