UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MORTON A. BENDER, *et al.* | ) |
| Plaintiffs, | ) |
| v. | ) Civil Action No. 06-92 (RMC) |
| CAROLYN D. JORDAN, *et al.* | ) |
| Defendants, | ) |
| INDEPENDENCE FEDERAL SAVINGS BANK | ) |
| Cross Plaintiff, | ) |
| v. | ) |
| CAROLYN D. JORDAN, *et al.* | ) |
| Cross Defendants, | ) |
| CAROLYN D. JORDAN, *et al.* | ) |
| Third Party Plaintiffs, | ) |
| v. | ) |
| MICHAEL J. COBB, *et al.* | ) |
| Third Party Defendants, | ) |

MEMORANDUM OPINION

Carolyn D. Jordan and David Wilmot are the former Chair and Vice-Chair, respectively, of the Board of Directors of Independence Federal Savings Bank ("IFSB" or "the

Bank"). Thomas L. Batties is the former acting President and Chief Executive Officer. They were all sued in early 2006, along with former directors Michael J. Cobb, William B. Fitzgerald IV, and Eugene K. Youngentob, and the Bank itself as a nominal defendant. The Bank paid the legal fees for the defense and each director and Mr. Batties promised to repay if it were later determined that s/he was not entitled to indemnification. After deciding that Ms. Jordan and Messrs. Wilmot and Batties were not so entitled, the Bank sued them as Third-Party Defendants to recover the monies expended. This Court held that the two directors and former president are severally liable to repay the Bank. *See* Aug. 11, 2008, Mem. Op. & Order [Dkt ## 112 & 113].

Now, as Third-Party Plaintiffs, Ms. Jordan and Messrs. Wilmot and Batties sue Third-Party Defendants Messrs. Cobb, Fitzgerald and Youngentob, seeking indemnification and/or contribution towards the outstanding liability. The Third-Party Defendants move to dismiss.

### I. BACKGROUND

This lawsuit is part of a much larger dispute concerning the future of IFSB between a majority of its Board and dissident shareholders Morton and Grace Bender. *See* Civ. Action Nos. 03-865, 03-2485, 04-736, and 05-1787. This fifth decision will not recount all the facts and the Court refers a reader to its previous decisions. *See, e.g.,* Dkt. # 112. Suffice to say that in early 2006, Mr. Bender filed a shareholder derivative suit, challenging the handling of a contested election for seats on the IFSB Board and the related shareholders' meeting in October 2005.

Upon suit, the directors and President/CEO (collectively, "Director Defendants") sought indemnification from the Bank. Pursuant to regulations of the Office of Thrift Supervision ("OTS"), which regulates savings and loan institutions, each of the Director Defendants executed the following promise:

> Pursuant to Regulations of the Office of Thrift Supervision (the "OTS") governing advancement of expenses to directors and officers of a federal savings association, 12 C.F.R. § 545.121(e), (the "Regulation"), with respect to claims brought against a director or officer arising from service as a director or officer of a federal savings association, I hereby request that Independence Federal Savings Bank (the "Bank") pay reasonable expenses and costs that have been or will be incurred in the defense or settlement of the litigation styled as Morton A. Bender, et al. v. Carolyn D. Jordan, et al. Under the Regulation, I hereby agree that I will repay the Bank any amounts so paid on my behalf by the Bank if it is later determined that I am not entitled to indemnification with respect to the litigation under 12 C.F.R. § 121, and I represent that I have sufficient assets to repay my fair share of such amounts.

See IFSB's Cross-Cl., Exs. 1-3 [Dkt. # 89].

This Court entered a preliminary injunction in favor of Mr. Bender in July 2006 and issued a Memorandum Opinion in which the Court made specific findings concerning the actions of Ms. Jordan and Messrs. Wilmot and Batties that supported the legal conclusion that Mr. Bender was likely to succeed on the merits of his allegations that those defendants had violated the securities laws and the Bank's bylaws. The Court made no findings concerning any actions by Messrs. Cobb, Fitzgerald or Youngentob. Thereafter, Mr. Bender voluntarily dismissed Messrs. Cobb, Fitzgerald and Youngentob, who had almost immediately resigned from the IFSB Board. He filed a First Amended Complaint against only Ms. Jordan and Messrs. Wilmot and Batties in September 2006.[1]

Although the Director Defendants filed an appeal to overturn the preliminary injunction, they withdrew it on January 2007, immediately before briefs were due in the court of appeals. Ms. Jordan and Mr. Wilmot resigned from the Board and Mr. Batties' relationship with the Bank ceased at the end of 2007.

---

[1] The First Amended Complaint was eventually dismissed as moot by Order dated May 31, 2007. See Dkt. # 91.

In the meantime, on May 30, 2007, the Bank, a nominal defendant in the derivative action, filed a cross-claim against Ms. Jordan and Messrs. Wilmot and Batties as Cross-Defendants, seeking repayment of the legal fees expended for their defense. After the Board formally decided that none of the Cross-Defendants was entitled to indemnification, the Bank sought summary judgment. On August 11, 2008, the Court awarded the Bank $649,614.39. *See* Dkt. # 112. The Court found that each of the Cross-Defendants is severally liable for one-third of the total amount of the fees:

> All six original defendants were jointly represented by one firm which mounted the same defense on behalf of each of them. The Court's findings after the preliminary injunction hearing, however, did not include Messrs. Cobb, Fitzgerald, or Youngentob as active transgressors of the securities laws or bylaws. They were subsequently dismissed from the suit. Thus, but for the actions of Ms. Jordan and Messrs. Wilmot and Batties, IFSB would not have violated the securities laws, Mr. Bender would not have filed a successful shareholder derivative action against IFSB, and IFSB therefore would not have advanced funds for legal expenses to any of the Director Defendants or Mr. Batties. . . . And because all six original defendants were represented jointly by one law firm and because that firm mounted the same defense for all of them, the entire amount of the legal fees that the firm accrued is properly attributable to those who were fairly responsible for the expenses – the three Cross-Defendants. The fair share of the legal fees for which each of the three Cross-Defendants is severally liable is equal to one-third of $649,614.39 – the total sum of the attorneys' fees and expenses accumulated in defense of Mr. Bender's lawsuit. Consequently, each Cross-Defendant [Ms. Jordan, Mr. Wilmot, Mr. Batties] is liable severally, not jointly, for $216,538.13 plus interest thereon from June 20, 2007 through the day of payment in full by [each].

Aug. 11, 2008, Mem. Op. [Dkt. # 112] at 18-19.

In January 2008, prior to the Court's disposition of IFSB's cross-claim, Ms. Jordan and Messrs. Wilmot and Batties sued Messrs. Cobb, Fitzgerald and Youngentob as Third-Party

Defendants.  However, the Complaint was not served until September 2008.  The Third-Party Complaint contains a single count seeking indemnification or contribution from the Third-Party Defendants.  It alleges that IFSB demanded repayment from Ms. Jordan and Messrs. Wilmot and Batties but that, if IFSB were entitled to receive repayment from them, it was also entitled to receive repayment from Messrs. Cobb, Fitzgerald and Youngentob.  *See* Third-Party Compl. [Dkt. # 107], ¶¶ 11-13.  The Third-Party Complaint concluded, "In that event, Third-Party Plaintiffs would be entitled to indemnification and/or contribution from Third-Party Defendants for any amount that of that [sic] Cross-Claim demand that is awarded to IFSB."  *Id.* ¶ 14.

## II. LEGAL STANDARDS

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) challenges the adequacy of a complaint on its face, testing whether a plaintiff has properly stated a claim upon which relief can be granted.  Federal Rule of Civil Procedure 8(a) requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a).  Although a complaint does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  Rule 8(a) requires a "showing" and not just a blanket assertion of a right to relief.  *Id.* at n.3.

In deciding a Rule 12(b)(6) motion, the Court may consider only "the facts alleged in the complaint, documents attached as exhibits or incorporated by reference in the complaint, and matters about which the Court may take judicial notice."  *Gustave-Schmidt v. Chao*, 226 F. Supp. 2d 191, 196 (D.D.C. 2002) (internal citation omitted).  A court must treat the complaint's factual

allegations as true, "even if doubtful in fact," *Twombly*, 550 U.S. at 555, and must draw all reasonable inferences in the plaintiff's favor. *Macharia v. United States*, 334 F.3d 61, 64, 67 (D.C. Cir. 2003). Even so, the facts alleged "must be enough to raise a right to relief above the speculative level," *Twombly*, 550 U.S. at 555, and the court need not accept as true inferences unsupported by facts set out in the complaint or legal conclusions cast as factual allegations. *Browning v. Clinton*, 292 F.3d 235, 242 (D.C. Cir. 2002). "A court may dismiss a complaint on the ground that it fails to state a claim upon which relief can be granted if, assuming the alleged facts to be true and drawing all inferences in the plaintiff's favor, it appears that the plaintiff can prove no facts 'consistent with the allegations in the complaint' to support the alleged violation." *Brown v. Paulson*, 541 F. Supp. 2d 379, 383 (D.D.C. 2008) (internal citations omitted).

### III. ANALYSIS

The Third-Party Plaintiffs take the position that five directors and the President/CEO were sued by Mr. Bender and, therefore, all six Director Defendants should be liable for the monies advanced by IFSB in the defense. There are a number of problems with this argument, not least of which is that it has already been rejected by this Court and that the Board of Directors of the Bank found *only* the three Third-Party Plaintiffs ineligible for indemnification. Therefore, the Third-Party Plaintiffs cannot show that they are entitled to relief, and the Complaint must be dismissed.

First, Plaintiffs argue in their briefs that the Court must examine the retainer agreements between the law firm that mounted the defense and the Director Defendants, as well as other alleged facts – but none of these is part of their Complaint. When deciding a motion to dismiss under Rule 12(b)(6), the Court may consider only "the facts alleged in the complaint, documents attached as exhibits or incorporated by reference in the complaint, and matters about which the Court

may take judicial notice." *Gustave-Schmidt*, 226 F. Supp. at 196 (citation omitted). Plaintiffs cannot enlarge the allegations of their Complaint by arguments made in an opposition to a motion to dismiss.

Second, even if the Court could consider documents and allegations not included in the Complaint, the retainer agreements here are irrelevant to the contracts between the Director Defendants and the Bank. Pursuant to those agreements, each Director Defendant promised to repay the Bank "any amounts so paid on my behalf if it is later determined that I am not entitled to indemnification with respect to the litigation" with Mr. Bender. IFSB's Cross-Cl., Exs. 1-3 [Dkt. # 89]. The evidence presented at the hearing on the preliminary injunction implicated Ms. Jordan and Messrs. Wilmot and Batties but not any of the Third-Party Defendants, who were thereafter voluntarily dismissed. The Third-Party Plaintiffs voluntarily withdrew their appeal of the preliminary injunction, which means that the only fact record is the one made at the preliminary hearing. On that basis, presumably, the Bank's Board of Directors determined that the Third-Party Plaintiffs here were not eligible for indemnification. The Board made no similar determination as to Messrs. Cobb, Fitzgerald or Youngentob. There is, thus, no basis for a claim for repayment from the Third-Party Defendants, by either the Bank itself or by these Third-Party Plaintiffs, for contribution.

Without a prior agreement that the directors would indemnify each other, there is no legal basis for the Third-Party Plaintiffs to claim indemnification from the Third-Party Defendants. Their claim can only be the alternative that is pled, for contribution to resolve an allegedly common debt. However, this claim is defective for want of a necessary pre-condition: a determination by the Board that the Third-Party Defendants are not entitled to indemnification. It is also contrary to the

facts as far as the preliminary record revealed them: the actors who violated the securities laws and the Bank's bylaws were the Third-Party Plaintiffs and no others. Thus, Third-Party Plaintiffs have failed to demonstrate that they are entitled to relief based on the facts alleged. *See, e.g., Jones v. Schramm*, 436 F.2d 899, 901 (D.C. Cir. 1970) ("If the [fact-finder] determines on the facts that [a] second alleged tortfeasor was not negligent, that codefendant has been authoritatively adjudged not a tortfeasor and is not liable in contribution.").

Finally, this claim is also precluded by the Court's earlier decisions. In opposing the Bank's efforts to obtain repayment from them, the Third-Party Plaintiffs made the same arguments they make now about shared liability among all the Director Defendants and the Court rejected them.[2] While the Third-Party Defendants here were not parties to that case, so that *res judicata* does not apply, the issues have nonetheless been decided and cannot be relitigated. Third-Party Plaintiffs are, therefore, unable to demonstrate that they are entitled to relief under the facts presented here.

## IV. CONCLUSION

For the reasons set forth above, the Court concludes that the Third-Party Plaintiffs have not shown that the facts alleged in the Third-Party Complaint entitle them to relief. The

---

[2] "The Cross-Defendants argue that 'there should be some allocation of the legal fees and expenses . . . among the six persons for whom the amounts were actually expended.' . . . . Because Messrs. Cobb, Fitzgerald and Youngentob were not found to be actively involved [in any wrongdoing] by the Court, it was not unreasonable for the current Board to decide that their 'fair share' of the legal fees and expenses was $0.00. And because all six original defendants were represented jointly by one law firm and because that firm mounted the same defense for all of them, the entire amount of the legal fees that the firm accrued is properly attributable to those who were 'fair[ly]' responsible for the expenses – the three Cross-Defendants." August 11, 2008, Mem. Op. [Dkt. # 112] at 18 -19.

Third-Party Defendants' motion to dismiss [Dkt. # 118] will be granted. A memorializing order accompanies this memorandum opinion.

Date:  May 5, 2009                                                    /s/
                                                              ROSEMARY M. COLLYER
                                                              United States District Judge